United States Courts
Southern District of Texas
FILED

DEC 15 2025

Nathan Ochsner, Clerk of Court

**Civil Action No.: 4:25-cv-04354**

**STATE OF TEXAS**

**COUNTY OF HARRIS**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

*Pro –SE*

**Matthew Jamal Jackson, Individually and as Owner of Save A Life Homes, LLC**
*Plaintiff,*
8230 Glen Valley Dr
Houston, Texas 77061

v.

**Mayra Amezquita, Rubi Villafana, Malcolm D. Gibson, M.D. Gibson & Associates, JPMorgan Chase Bank, NA, Secure Mortgage Company, Secundino Vazquez, Carmen Villarreal, Fidelity National Title Insurance Company, Rogelio P Villafana (Deceased), Venson Gibbs, Harris County Sheriff's Office, Harris County Constable Precinct 2, Houston Police Department, Officer Robarge S.M., Officer P.W., Officer Rodriguez Payan G, City of Houston, Houston Public Works, Houston Housing Authority, Adrian Hudspeth, Harris County Justice Court Precinct 2 Place 2, Judge Dolores Lozano, John Doe Clerk of Court, Judge Alfred H. Bennett, Harris County Texas, State of Texas, and All Unknown Heirs**
*Defendants.*

**Declaration under Penalty of perjury of Mr. Matthew Jackson, Mr. Matthew Jackson, being competent to make this declaration and having personal knowledge of the matters stated therein, declares pursuant to 28 U.S.C 1746**

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND COMPLAINT FOR QUIET TITLE, DECLARATORY JUDGMENT, TRESPASS TO TRY TITLE, TRESPASS, INTERFERENCE WITH PROPERTY, DAMAGES, AND INJUNCTIVE RELIEF, AND PLAINTIFF'S SUPPORTING BRIEF IN SUPPORT OF TEMPORARY AND PERMANENT INJUNCTION

Plaintiff files this First Amend Complaint as a matter of Course pursuant to Under Federal Rules of Civil Procedure 15(a)(1)), as no defendant has been served with process, and therefore leave of court is not required.

## TABLE OF CONTENTS

**I.** Declaration under Penalty of Perjury

**II.** Jurisdiction and Venue

**III.** Parties

**IV.** Statement of Facts

**V.** Causes of Action

**VI.** Supporting Brief for Injunctive Relief

**VII.** Supporting Case Law

**VIII.** Prayer for Relief

**IX.** Certificate of Service

**X.** Summary of Amendments from Original Complaint

**DECLARATION UNDER PENALTY OF PERJURY**

Mr. Matthew Jackson, being competent to make this declaration and having personal knowledge of the matters stated herein, declares pursuant to 28 U.S.C § 1746 that the foregoing is true and correct under penalty of perjury.

## I. JURISDICTION AND VENUE

This Court has federal question jurisdiction under 28 U.S.C. §1331 because Plaintiff asserts claims under 42 U.S.C. §§1983, 1985, and 1988, the Americans with Disabilities Act (42 U.S.C. §12101 et seq.), Fair Housing Act (42 U.S.C. §3601 et seq.), Civil Rights Act of 1964 (42 U.S.C. §2000e et seq.), Civil Rights Act of 1968, Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §1961 et seq.), Consumer Protection Acts, Interstate Commerce violations, and alleges deprivation of property rights without due process in violation of the First, Fourth, Fifth and Fourteenth Amendments, Ex Post Facto Clause, Equal Protection Clause, and Commerce Clause of the U.S. Constitution.

This Court has supplemental jurisdiction over Plaintiff's state law claims (Quiet Title, Trespass to Try Title, Trespass, Interference with Property, Declaratory Judgment) pursuant to 28 U.S.C. §1367 because these claims arise from the same nucleus of operative facts. Additionally, this Court has jurisdiction over ADA claims pursuant to 42 U.S.C. §12117.

Venue is proper under 28 U.S.C. §1391 because the property at issue is located in Harris County, Texas, within this District, and Defendants reside or may be found in this District.

## II. PARTIES

**Plaintiff:**

**Matthew Jamal Jackson, Individually and as Owner of Save A Life Homes, LLC.**, claiming peaceable possession and title of the property described below.

**Original Private Defendants:**

**Mayra Amezquita** - 8311 Cayton St, Houston, Texas 77061, unknown address

**Rubi Villafana** - 8311 Cayton St, Houston, Texas 77061, unknown address

**Malcolm D. Gibson** - M.D. Gibson & Associates, 2500 West Loop South #400, Houston, TX 77027

**JPMorgan Chase Bank, NA** - CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201; Mail Code LA4-7100, 700 Kansas Lane, Monroe, Louisiana 71203

**Secure Mortgage Company** - 825 Town and Country Ln Ste 1200, #17, Houston, TX 77024

**Secundino Vazquez** - 1001 Wayside Houston, TX 77011, unknown address

**Carmen Villarreal** - 8003 Arletta St Houston, TX 77061, unknown address

**Fidelity National Title Insurance Company** - 4540 FM 1960 West Houston, TX 77069

**Rogelio P Villafana** - Deceased, unknown address

**Venson Gibbs** - Unknown address

**All Unknown Heirs** - Unknown addresses

**Government Defendants - Five-Level Conspiracy:**
**Federal Level:**

**Houston Housing Authority** - 2640 Fountain View Dr, Houston, TX 77057 (Federal Agency)

**Adrian Hudspeth** (in official capacity) - Houston Housing Authority official who refused to provide required landlord certificates in retaliation

**Judge Alfred H. Bennett** (in official capacity) - United States District Court, Southern District of Texas, 515 Rusk Street, Houston, TX 77002

**John Doe, Clerk of Court** (in official capacity) - United States District Court, Southern District of Texas, 515 Rusk Street, Houston, TX 77002

**State Level:**

**State of Texas** - Office of the Attorney General, 300 West 15th Street, Austin, TX 78701

**County Level:**

**Harris County, Texas** - 1001 Preston St, Houston, TX 77002

**Harris County Sheriff's Office** - 1200 Baker St, Houston, TX 77002

**Harris County Constable Precinct 2** - 10851 Scarsdale Blvd, Suite 300, Houston, TX 77089

**Harris County Justice Court Precinct 2, Place 2** - 10851 Scarsdale, Suite 500, Houston, TX 77089

**Judge Dolores Lozano** (in official capacity) - Harris County Justice Court Precinct 2, Place 2

**Municipal Level:**

**City of Houston** - 901 Bagby St, Houston, TX 77002

**Houston Public Works** - 611 Walker St, Houston, TX 77002

**Houston Police Department** - 1200 Travis St, Houston, TX 77002

**Note:** Plaintiff specifically requests that Judge Alfred H. Bennett be recused and disqualified from this case due to demonstrated bias, constitutional violations, and participation in conspiracy to deny access to federal court.

All Defendants may be served at their last known address or wherever they may be found. Citation by publication is requested if necessary under Fed. R. Civ. P. 4.

## III. STATEMENT OF FACTS

### A. Property Description and Plaintiff's Adverse Possession

Plaintiff is in peaceable possession of the property ("Property"):
**Legal Description:** LOT EIGHT (8), BLOCK EIGHT (8), GLENBROOK VALLEY, SECTION THREE (3), HARRIS COUNTY, TEXAS
**Common Address:** 8230 Glen Valley Dr, Houston, TX 77061
**Parcel #:** 082-564-000-0008

Plaintiff has filed an Affidavit of Adverse Possession RP-2025-216266, Amended Affidavit of Adverse Possession RP-2025-312514, Quit Claim RP-2025-216266 and Warranty Deed RP-2025-312514 in the real property records of Harris County, Texas, reflecting a claim of right.

Plaintiff has exercised acts consistent with ownership since August 22, 2023, including securing the property, maintaining premises, filing corporate leases, controlling utilities, and establishing exclusive possession. Plaintiff is proceeding under the 3-year adverse possession statute (Texas Property Code §16.025) with color of title and has satisfied over two years of the required three-year period, with title vesting on August 22, 2026.

### B. Private Defendants' Interference

Defendants abandoned the property for over six years but recently attempted to interfere, including breaking windows, changing locks, and tampering with utilities. Police Reports Filed on 07/01/2025 12:00pm, 07/18/2025 7:21 am 0932814-25, 08/09/2025 18:51 1038802-25.

### C. Government Utility Conspiracy - Houston Public Works

On July 24, 2025, Defendant Amezquita unlawfully trespassed onto the Property and intentionally damaged the water meter serving the Property. A neighbor texted Plaintiff on 7/24/25 that people were at the house and Amezquita had broken the water meter on this day.

Immediately thereafter, Defendant Amezquita contacted Houston Public Works, a government-owned municipal utility company, and provided false information regarding her claimed ownership of the Property.

**Government Entity Participation:**
Based on Defendant Amezquita's misrepresentations, Houston Public Works, acting as a government entity, unlawfully transferred water service from Plaintiff's name to Defendant Amezquita's name effective July 24, 2025. This action deprived Plaintiff of essential utilities for approximately two months (July 24, 2025 through September 18, 2025) without due process.

**Due Process Violations:**
Houston Public Works failed to:

1. Verify Defendant Amezquita's claimed ownership of the Property

2. Provide Plaintiff with notice and opportunity to be heard before terminating service
3. Conduct proper investigation despite Plaintiff's recorded property documents
4. Follow established procedures for utility transfer disputes

**Plaintiff's Attempts to Remedy:**
Plaintiff was forced to contact Houston Public Works daily to request restoration of water service. The government utility company required Plaintiff to email copies of his recorded Warranty Deed and police reports as proof of his right to utility service, creating an additional burden not imposed on Defendant Amezquita. The water meter remained broken and service suspended until September 18, 2025, when Houston Public Works finally restored service after verifying Plaintiff's documentation.

### D. State Actor Involvement - Unlawful Eviction Proceedings

**Sheriff's Office and Eviction Notice:**
On or about August 27, 2025, upon information and belief, Defendants Mayra Amezquita and Villafana contacted Harris County Sheriff's Office requesting unlawful eviction assistance against Plaintiff. Acting on Defendants' false representations regarding ownership of the Property, Harris County Sheriff's deputies posted an eviction notice on Plaintiff's door without proper due process or investigation into Plaintiff's documented adverse possession claim and recorded property documents.

Said eviction notice directed Plaintiff to appear in Justice Court, Harris County, Texas, Precinct 2, Place 2, located at 10851 Scarsdale, Suite 500, Houston, TX 77089, before Judge Dolores Lozano on September 15, 2025 at 8:00 am. Plaintiff was not provided proper notice of the eviction proceeding as required by law, only discovering the eviction notice on September 17, 2025, when informed by a neighbor jane doe that she observed the sheriff had placed eviction notice in the door before my eviction hearing.

**E. Justice Court Constitutional Violations - Judge Dolores Lozano**

**Justice Court Proceedings - Constitutional Violations in Open Court:**

Upon appearing before Judge Dolores Lozano in Harris County Justice Court Precinct 2, Place 2, the following constitutional violations occurred on the record:

1. **Judicial Bias and Due Process Violations:** Judge Lozano, without hearing evidence or reviewing Plaintiff's documented property claims, prejudged Plaintiff as a "squatter," demonstrating clear bias and denial of due process.

2. **Prosecutorial Misconduct and Criminal Threats:** The prosecutor stated on the record that Plaintiff's adverse possession claim "sounds like a scam," without investigation or evidence, further violating due process rights. **Additionally, the prosecutor made threats against Plaintiff by stating "she needs to call the police," constituting intimidation and retaliation for exercising constitutional rights.**

3. **Ex Post Facto Law Application:** Judge Lozano specifically stated that "new laws SB 38 and SB 1333 will help her make quick decisions on eviction" and would allow Defendant to proceed with eviction "once she gets title." This represents an unconstitutional attempt to apply laws passed after Plaintiff's possession began (August 2023) to retroactively defeat Plaintiff's established property rights.

4. **Predetermined Outcome:** Judge Lozano indicated that Defendant would ultimately prevail in eviction proceedings, demonstrating prejudgment and denial of fair hearing. Judge Lozano told Defendant "she was in the wrong court but once she gets title she can move on with the eviction."

5. **Retaliation for Constitutional Exercise:** Upon information and belief, SB 38 and SB 1333 were enacted in retaliation against property owners like Plaintiff who exercise their constitutional rights to acquire property through adverse possession, constituting a legislative attack on constitutional protections.

**Court Recording Evidence:** The September 15, 2025 proceedings before Judge Dolores Lozano were recorded by the court's electronic recording system at 8:00am. This recording contains direct evidence of the constitutional violations described herein, including Judge Lozano's statements regarding SB 38 and SB 1333, her characterization of Plaintiff as a "squatter," the prosecutor's statement that Plaintiff's claim "sounds like a scam," **the prosecutor's threat that "she needs to call the police,"** and Judge Lozano's indication that Defendant would prevail "once she gets title."

**Witness Evidence - Neighbor Text Messages:** Plaintiff has text message evidence from neighbors who witnessed the government interference, including the July 24, 2025 water meter destruction by Defendant Amezquita and subsequent government actors' presence at the Property. These witness statements corroborate Plaintiff's allegations and provide independent verification of the coordinated government conspiracy.

### F. Ex Post Facto Violations - SB 38 and SB 1333

**Ex Post Facto and Retroactive Law Application:**
 SB 1333 empowers sheriffs and constables to act quickly when a property owner submits a sworn complaint that a squatter is unlawfully occupying their property, while SB 38 streamlines the eviction process by establishing consistent timelines for trials and requiring courts to hold trials in eviction suits within 21 days.

These laws became effective September 1, 2025 - more than two years AFTER Plaintiff established adverse possession on August 22, 2023, under Texas Property Code §16.025 (3-year statute with color of title). Plaintiff's adverse possession rights are scheduled to vest on August 22, 2026. Judge Lozano's explicit reliance on these brand-new laws (effective only 17 days before the court hearing) to defeat Plaintiff's pre-existing property rights constitutes a clear Ex Post Facto violation under the U.S. Constitution, particularly as Plaintiff has already satisfied over two-thirds of the required statutory period.

### G. Multi-Level Government Conspiracy

**Systematic Municipal Retaliation - City of Houston Vacant Building Ordinance:**
 On September 17, 2025 - just one day before Plaintiff's Justice Court hearing - the City of Houston proposed a new Vacant Building Ordinance requiring fencing of vacant buildings. This timing, immediately following Plaintiff's federal lawsuit filing and coinciding with the Justice Court's attempt to apply SB 38 and SB 1333, demonstrates a coordinated pattern of government retaliation against adverse possession claimants.

**Pattern of Multi-Level Government Conspiracy:**

1. **Federal Agency Level:** Houston Housing Authority retaliation (certificate denial, portal changes)

2. **Federal Court Level:** Judge Bennett's discriminatory IFP denials
3. **State Level:** SB 38 and SB 1333 effective September 1, 2025
4. **County Level:** Justice Court application of these laws on September 15, 2025
5. **Municipal Level:** Houston's vacant building fencing ordinance proposed September 17, 2025

This systematic, multi-jurisdictional targeting of adverse possession rights within an 18-day period (September 1-18, 2025) constitutes clear evidence of coordinated government retaliation against Plaintiff's exercise of constitutional property rights established over two years earlier.

### H. Federal Court Denial of Access to Justice - Judge Alfred H. Bennett

**Systematic Denial of Constitutional Right to Petition:** On September 4, 2025, Plaintiff filed Case No. 4:25-cv-01650 in this Court seeking to protect his constitutional rights related to adverse possession. Despite providing proper documentation including an affidavit of indigence and property documents, Judge Alfred H. Bennett denied Plaintiff's in forma pauperis application on September 5, 2025.

**Pattern of Judicial Bias and Moving Goalposts:** Judge Bennett initially claimed Plaintiff provided the "wrong document" despite Plaintiff filing correct IFP documentation. Significantly, Judge Bennett was aware that Plaintiff had already been granted IFP status in Case No. 4:25-cv-01802 (Matthew Jackson v. Harris Health System, et al.), proving Plaintiff's indigence and qualification for fee waiver.

When Plaintiff refiled using the court's own IFP forms on September 8, 2025, Judge Bennett again denied the application, this time claiming Plaintiff "didn't answer questions that they already know that I don't have any money." This denial occurred despite the court's actual knowledge of Plaintiff's financial status from the previously approved IFP case.

**Evidence of Systematic Targeting:** Judge Bennett's arbitrary and contradictory denials demonstrate systematic targeting of Plaintiff's constitutional claims. The denials cannot be justified by legitimate procedural concerns when:

1. Plaintiff had already been granted IFP status in Case No. 4:25-cv-01802 before the same court

2. Plaintiff provided all required documentation
3. Judge Bennett's stated reasons for denial were pretextual and shifting
4. Plaintiff had already been granted IFP status in Case No. 4:25-cv-01802 before the same court

**Judicial Conspiracy to Deny Constitutional Rights:** Judge Bennett's participation in denying Plaintiff access to federal court constitutes judicial misconduct and conspiracy under color of law to deprive constitutional rights, requiring his immediate recusal and disqualification from any cases involving Plaintiff.

**Financial Coercion and Constitutional Violation:** Due to Judge Bennett's unconstitutional denial of IFP status, Plaintiff was forced to obtain filing fees from family members for this case (4:25-cv-04354), creating financial barriers designed to discourage the exercise of constitutional rights and access to federal court.

## I. Federal Housing Program Interference and Economic Damages

**Federal Housing Program Interference:** As owner of Save A Life Homes, LLC, Plaintiff operates a legitimate housing business serving low-income tenants through federal housing assistance programs including VA housing and Section 8 housing vouchers. The government conspiracy has directly interfered with Plaintiff's ability to:

1. **Obtain VA Housing Approval:** Government interference with Plaintiff's property ownership has damaged Plaintiff's ability to provide housing for veterans through VA housing programs

2. **Secure Section 8 Housing Approval:** The coordinated government attack on Plaintiff's property rights has prevented approval for Section 8 tenants, depriving low-income families of housing opportunities

3. **Houston Housing Authority Retaliation:** After Plaintiff attended the required Houston Housing Authority Landlord Orientation meeting and completed all requirements, HHA official Adrian Hudspeth has refused to provide Plaintiff's completion certificate despite multiple requests via email and text. In direct retaliation for Plaintiff's federal lawsuit, HHA changed the landlord portal access requirements immediately before Plaintiff's meeting, and Hudspeth now refuses to acknowledge Plaintiff's completion or provide the required certificate to participate in Section 8 housing programs.

4. **Systematic Exclusion from Federal Programs:** The coordinated timing of HHA's retaliation (changing portal access procedures and refusing to provide required certificates) demonstrates the conspiracy extends to federal housing agencies, systematically excluding Plaintiff from participating in federal housing assistance programs.

5. **Operate Interstate Housing Business:** Save A Life Homes, LLC provides housing services across state lines, and the government conspiracy interferes with interstate commerce

**Federal Program Interference Creates Additional Constitutional Violations:**

**Commerce Clause Violations:** Interference with interstate business operations

**Equal Protection Violations:** Targeting minority-serving housing provider

**Due Process Violations:** Destroying business without hearing or compensation

## J. Mental Anguish, Emotional Distress, and Personal Damages

**Severe Mental Anguish and Emotional Distress:** As a direct result of the systematic government conspiracy and constitutional violations, Plaintiff has suffered severe mental anguish and emotional distress, including:

1. **Constant Fear of Arrest:** Living under threat of criminal prosecution for exercising constitutional rights

2. **Anxiety and Stress:** From coordinated government harassment and intimidation
3. **Sleep Deprivation:** From worry about losing property and business after years of investment
4. **Depression:** From systematic targeting by multiple levels of government
5. **Fear of Retaliation:** From prosecutor's threats to "call the police"
6. **Loss of Faith in Justice System:** From federal judge's discriminatory treatment and denial of access to courts

**Physical Manifestations of Emotional Distress:**

Stress-related health issues from constant government harassment

Inability to enjoy property peacefully due to ongoing threats

Disruption of daily life and business operations

Fear of leaving property unattended due to government interference

## M. Third Property - Wrongful Eviction from Apartment Complex

**Adverse Possession of Entire Apartment Complex:** Plaintiff also maintains adverse possession of **Arlington Place Apartment Complex, 116 East Edgebrook Drive, Houston, Texas 77034,** specifically including Apartment 116, which serves as the main apartment for the entire complex.

**Criminal Breaking and Entering - No Legal Eviction:** On August 5, 2025, unknown parties committed criminal breaking and entering at Arlington Place, Apartment 116, and unlawfully changed the locks without any court order or legal process. **Plaintiff was never legally evicted through any court proceeding.** Instead, criminal actors broke into the apartment and changed the locks to illegally exclude Plaintiff from the main apartment of the complex that Plaintiff was adverse possessing. This criminal conduct was part of the coordinated government conspiracy to prevent Plaintiff's exercise of adverse possession rights.

**No Due Process - Pure Criminal Activity:** The lock change at Arlington Place was accomplished through:

1. **Breaking and entering** - Criminal trespass to gain access to change locks

2. **Burglary** - Unlawful entry with intent to commit theft (seizing personal property)
3. **Theft** - Taking control of Plaintiff's and family's personal belongings
4. **Criminal mischief** - Damaging/altering locks without authorization
5. **Conspiracy** - Coordination between unknown parties and government actors

This was not a legal eviction but rather a series of criminal acts designed to unlawfully deprive Plaintiff of property rights without any legal process whatsoever.

**Video Evidence of Possession and Lock Changes:** Plaintiff has video evidence dated August 4, 2025, showing Plaintiff lawfully present in Apartment 116, demonstrating peaceful possession and lawful access using Plaintiff's keys. On August 5, 2025, unknown parties changed the locks on Apartment 116, preventing Plaintiff from re-entering the main apartment and continuing adverse possession of the complex. This lock change was done without legal authority and constitutes additional interference with Plaintiff's constitutional property rights.

**Personal Property Seizure:** Plaintiff's personal property, as well as property belonging to Plaintiff's family members, remains locked inside Apartment 116 following the unauthorized lock change. This constitutes unlawful seizure of personal property without due process and adds additional constitutional violations to the systematic government conspiracy.

**Family Impact and Additional Damages:** The wrongful eviction and property seizure has caused substantial damage to Plaintiff's family relationships and created additional emotional distress, as family members' personal belongings are also being unlawfully withheld.

**Strategic Importance of Main Apartment:** The eviction from Apartment 116 was particularly damaging because:

1. **Central Location:** This apartment serves as the main apartment for managing the entire complex

2. **Control Center:** Essential for maintaining adverse possession over the entire apartment complex
3. **Business Operations:** Critical location for Save A Life Homes, LLC complex management operations
4. **Administrative Base:** Necessary for overseeing the complex and tenant relations

**Timing Coordination with Other Government Actions:** The August 5, 2025 eviction occurred within the same timeframe as other government harassment:

**August 5:** Wrongful eviction from apartment complex main office

**August 23:** Email to Adrian Hudspeth about housing services

**August 23 (same day):** Armed police raid at 11415 Prairie Walk Dr

**August 27:** Eviction notice posted at 8230 Glen Valley Dr

**August 31:** Second police incident at 11415 Prairie Walk Dr

This timeline demonstrates a coordinated campaign across multiple properties to systematically destroy Plaintiff's adverse possession rights and business operations.

**Constitutional Violations at Arlington Place:**

1. **Due Process Violations:** Eviction without proper legal procedures for adverse possession claimants

2. **Property Rights Deprivation:** Interference with established adverse possession claim through wrongful eviction and lock changes

3. **Fourth Amendment Violations:** Unlawful seizure of personal property through unauthorized lock changes and refusal to return belongings

4. **Fifth Amendment Violations:** Taking of personal property without due process or just compensation; economic sabotage through "free rent" advertising designed to damage business operations

5. **Interstate Commerce Interference:** Disruption of multi-property business operations through deliberate economic sabotage

6. **Equal Protection Violations:** Discriminatory treatment in eviction proceedings

7. **Fraud and Deceptive Practices:** "Free rent" advertisements constitute fraudulent interference with legitimate business operations

**Economic Impact of Complex Eviction:** The wrongful eviction from the apartment complex main office caused substantial economic damages:

1. **Loss of Management Control:** Unable to oversee entire apartment complex operations

2. **Rental Income Loss:** Prevented from collecting rents and managing tenant relationships

3. **Business Disruption:** Save A Life Homes, LLC operations severely impacted

4. **Administrative Losses:** Unable to process tenant applications and maintain records

**Request for Immediate Restoration:** Plaintiff seeks immediate injunctive relief to be restored to Arlington Place, Apartment 116, as Plaintiff was never legally evicted but rather was the victim of criminal breaking and entering, burglary, and theft. The criminal lock change deprived Plaintiff of lawful possession through criminal means, requiring immediate federal intervention to remedy the ongoing criminal conspiracy.

**L. Additional Property - Government Retaliation and Police Misconduct**

**Second Adverse Possession Property:** Plaintiff also maintains adverse possession of property located at **11415 Prairie Walk Dr, Houston, TX** with deed and affidavit of adverse possession properly filed in Harris County records.

**Immediate Retaliation Following Houston Housing Authority Email:** On August 23, 2025, Plaintiff sent an email to Adrian Hudspeth regarding housing services at 11415 Prairie Walk Dr, Houston, TX. **Within hours of this communication,** Houston Police Department officers initiated systematic harassment and constitutional violations at this property.

**Police Raid and Constitutional Violations - August 23, 2025:** HPD Officers Robarge, S.M. and Officer P.W. unlawfully entered Plaintiff's adverse possession property at 11415 Prairie Walk Dr without warrant, probable cause, or exigent circumstances. The officers:

1. **Unlawful Entry:** Entered property where Plaintiff exercises adverse possession rights without constitutional justification

2. **Assault with Deadly Weapon:** Drew firearms on Larry Henson, a US military veteran who Plaintiff helped get off the streets and was lawfully present on the property
3. **False Imprisonment:** Detained veteran Larry Henson in police vehicle for approximately two hours (until 22:45)
4. **False Statements:** Officers told Henson that Plaintiff was "committing a scam" and that "adverse possession is not a law," demonstrating both ignorance of established law and bias against constitutional property rights
5. **False Police Report:** Filed Report #1102156-25 falsely categorizing the incident as "Investigation Forgery/Fraud/Counterfeit" when no fraud occurred and adverse possession is a legitimate legal process

**Second Police Incident - August 31, 2025:** Plaintiff called police for criminal trespassing incident on August 31, 2025 at 13:23. Officer Rodriguez Payan G responded and again violated constitutional rights:

1. **False Arrest:** Placed veteran Larry Henson in handcuffs for lawful presence on Plaintiff's adverse possession property

2. **Unlawful Detention:** Detained Henson before releasing him without charges
3. **False Police Report:** Filed Report #1141160-25 falsely stating that "Ashlee Alexius Holmes made the call" when Plaintiff made the call, demonstrating deliberate falsification of police records
4. **Retaliation Pattern:** Second incident of targeting Plaintiff's adverse possession activities within 8 days

**Coordinated Government Conspiracy - Timeline Evidence:**

**August 23, 2025:** Plaintiff emails Adrian Hudspeth about housing at 11415 Prairie Walk Dr

**August 23, 2025 (same day):** HPD officers unlawfully raid property, draw guns on veteran, detain for 2 hours

**August 31, 2025:** Second police incident with false arrest and falsified reports

This timeline demonstrates immediate retaliation and coordination between federal housing officials and local law enforcement to target Plaintiff's constitutional activities.

**Pattern of Targeting US Military Veterans:** The government conspiracy specifically targets vulnerable populations, including US military veterans whom Plaintiff assists through his housing services, demonstrating the broader harmful impact of the coordinated constitutional violations.

### Constitutional Violations at 11415 Prairie Walk Dr:

1. **Fourth Amendment:** Unlawful entry, search, and seizure without warrant or probable cause

2. **Fifth Amendment:** Deprivation of property rights without due process
3. **Fourteenth Amendment:** Denial of equal protection under law
4. **First Amendment:** Retaliation for communications with federal officials

### K. Policy and Procedure Violations by All Government Defendants

**Houston Police Department Policy Violations:**

Officers Robarge, S.M. and P.W. violated HPD policies by entering property without warrant or probable cause

Failed to follow established procedures for property disputes involving adverse possession

Violated use of force policies by drawing weapons without justification

Falsified police reports in violation of department integrity policies

Officer Rodriguez Payan G violated reporting procedures by falsifying caller information

Failed to properly investigate before making arrests and detaining individuals

**Harris County Sheriff's Office Policy Violations:**

Failed to investigate adverse possession claims before posting eviction notices

Violated due process procedures by acting on unverified private party requests

Failed to follow established protocols for property disputes

Violated department policies regarding constitutional rights protection

**Justice Court Policy Violations:**

Judge Lozano failed to follow judicial conduct rules regarding bias and prejudgment

Court failed to provide adequate notice as required by procedures

Violated due process policies by predetermining outcome

Failed to follow established procedures for adverse possession cases

**Houston Public Works Policy Violations:**

Violated utility transfer procedures by accepting unverified ownership claims

Failed to follow established protocols for disputed service transfers

Violated customer service policies by requiring unequal documentation from Plaintiff

Failed to provide due process before terminating essential services

**Federal Court Policy Violations:**

Judge Bennett violated IFP procedures by applying inconsistent standards

Court failed to follow established protocols for indigent litigants

Violated federal court policies regarding equal access to justice

Failed to apply consistent standards across similar cases

**City of Houston Policy Violations:**

Violated municipal procedures by proposing retaliatory ordinances

Failed to follow established protocols for ordinance proposals

Violated policies regarding coordination with other government entities

Failed to provide public notice and comment periods as required

**State of Texas Policy Violations:**

Violated legislative procedures in passage of SB 38 and SB 1333

Failed to follow constitutional procedures regarding ex post facto laws

Violated established policies regarding property rights protection

Failed to conduct proper impact assessments before law implementation

**Houston Housing Authority Policy Violations:**

Violated federal agency procedures by denying completed landlord orientation certificates

Failed to follow established protocols for landlord registration

Violated HUD policies by changing portal access procedures without proper notice

Failed to provide equal treatment to program participants

**L. Additional Facts Supporting Claims**

Various financial institutions and parties may claim interests in the Property through mortgages, liens, or other encumbrances that cloud title and require judicial resolution.

Unknown heirs and other parties may claim interests in the Property requiring quiet title action to establish clear ownership.

Plaintiff requests that this Court issue a preservation order requiring Harris County Justice Court to preserve all recordings, transcripts, and notes from the September 15, 2025 proceedings and order their immediate production as evidence of the constitutional violations committed on the record.

**IV. CAUSES OF ACTION**

**Count 1 – Quiet Title**

*(Pursuant to Tex. Prop. Code §16.001 et seq. and Tex. Civ. Prac. & Rem. Code Ch. 37)*

Plaintiff seeks to quiet title against all Defendants and establish clear, marketable title to the Property. Plaintiff has superior right and title through adverse possession, peaceable possession, and color of title. All adverse claims should be cancelled and removed as clouds on title.

## Count 2 – Trespass to Try Title
*(Pursuant to Tex. Prop. Code §22.001)*

Plaintiff asserts superior right to possession and title under adverse possession, color of title, and peaceable possession against all claiming Defendants.

## Count 3 – Declaratory Judgment
*(Pursuant to Tex. Civ. Prac. & Rem. Code §37.004 & 28 U.S.C. §2201)*

Plaintiff seeks a declaration of rights regarding the Property, including recognition of Plaintiff's peaceable possession and right to exclude others pending full vesting of title.

## Count 4 – Trespass & Interference with Property

Defendants' unlawful entry, vandalism, lock tampering, and threats constitute trespass and interference. Plaintiff is entitled to damages and injunctive relief.

## Count 5 – Federal Civil Rights Violations (42 U.S.C. §§1983 & 1985)
**Section 1983 Claims - State Action Established:**

**Harris County Sheriff's Office:**
Harris County Sheriff's deputies, acting under color of state law, deprived Plaintiff of property rights by:

1. Processing and posting eviction notices based on false information from private Defendants

2. Failing to investigate Plaintiff's recorded property claims before taking action
3. Threatening dispossession without proper due process procedures
4. Acting as instruments of private Defendants' conspiracy to deprive constitutional rights

**Harris County Justice Court:**
Justice Court officials, including Judge Dolores Lozano, participated in the deprivation by:

1. Processing eviction proceedings without proper jurisdiction

2. Failing to provide adequate notice to Plaintiff
3. Attempting to circumvent federal court jurisdiction

4. Serving as vehicle for Defendants' constitutional violations
5. Applying ex post facto laws to defeat vested property rights
6. Demonstrating judicial bias and predetermined outcomes on the record

**Houston Public Works (Municipal Government Entity):**
Houston Public Works, as a government-owned utility company, violated Plaintiff's constitutional rights by:

1. Accepting false information from Defendant Amezquita without verification

2. Terminating essential utility services without due process
3. Imposing unequal burdens of proof on Plaintiff vs. Defendants
4. Failing to follow established procedures for utility transfer disputes
5. Depriving Plaintiff of property use and enjoyment for two months

**City of Houston:**
The City of Houston violated Plaintiff's constitutional rights by:

1. Proposing retaliatory legislation (Vacant Building Ordinance) immediately following Plaintiff's federal lawsuit filing

2. Coordinating with state and county actors to defeat adverse possession claims
3. Participating in systematic deprivation of constitutional rights

**Houston Housing Authority (Federal Agency Participation):** Houston Housing Authority, through official Adrian Hudspeth, violated Plaintiff's constitutional rights by:

1. Refusing to provide required landlord orientation certificates despite Plaintiff's completion of all requirements including attending the mandatory meeting

2. Changing portal access procedures in retaliation for Plaintiff's federal lawsuit
3. Systematically preventing Plaintiff from participating in Section 8 housing programs by withholding earned certificates
4. Coordinating with other government entities to prevent Plaintiff's business operations
5. Violating federal housing program policies and procedures regarding certificate issuance

**Federal Program Conspiracy:** The Houston Housing Authority's retaliation demonstrates that the government conspiracy extends to federal agencies and programs, creating a comprehensive scheme to destroy Plaintiff's housing business and constitutional rights across all levels of government.

**Section 1985 Conspiracy Claims:**
Defendants Amezquita and Villafana conspired with state actors including:

1. Harris County Sheriff's deputies to unlawfully evict Plaintiff

2. Justice Court officials to circumvent federal jurisdiction
3. Houston Public Works to deprive Plaintiff of essential services
4. City of Houston officials to implement retaliatory ordinances
5. Houston Housing Authority to exclude Plaintiff from federal programs
6. Unknown other government officials to interfere with Plaintiff's property rights

**Federal Civil Rights Conspiracy (42 U.S.C. §1985):**
State, county, municipal, and federal actors have engaged in a coordinated conspiracy to deprive Plaintiff and similarly situated adverse possession claimants of equal protection under law through:

Simultaneous passage/proposal of anti-squatter legislation

Expedited eviction procedures that bypass constitutional due process

Municipal ordinances designed to prevent adverse possession claims

Federal agency retaliation for exercising constitutional rights

Coordinated timing suggesting inter-governmental communication and planning

**Count 6 – Constitutional Violations**

**First Amendment - Retaliation for Petition Rights:**
Government Defendants retaliated against Plaintiff for filing this federal lawsuit by coordinating anti-adverse possession measures across multiple jurisdictions within days of Plaintiff's court filing.

**Fourth Amendment - Unlawful Seizure:**
Government actors seized Plaintiff's property interests (water service, peaceful possession) without warrant, probable cause, or proper legal process based solely on private Defendants' unverified claims.

**Fifth Amendment - Due Process & Takings:**
Multiple government entities deprived Plaintiff of property interests without providing constitutionally adequate notice and opportunity to be heard. Any attempt to seize or dispossess Plaintiff without due process or just compensation is unconstitutional.

**Ex Post Facto Clause:**
Application of SB 38 and SB 1333 (effective September 1, 2025) to defeat Plaintiff's adverse possession rights established August 22, 2023, violates the constitutional prohibition against ex post facto laws.

**Fourteenth Amendment - Equal Protection:**
Government actors afforded Defendants preferential treatment by accepting their claims without verification while imposing higher burdens of proof on Plaintiff despite his recorded property documents.

## Count 7 – PERMANENT Injunctive Relief

Plaintiff seeks PERMANENT injunctions IN PERPETUITY prohibiting all Government Defendants from interfering with Plaintiff's possession and adverse possession rights FOREVER, binding all current officials, successors in office, and future government entities.

## Count 8 – Federal Court Denial of Access to Justice (42 U.S.C. §1983)

**Federal Officials Acting Under Color of Law:** Federal Clerk John Doe and Judge Alfred H. Bennett, acting under color of federal law, violated Plaintiff's constitutional rights by:

1. **First Amendment Violations:** Denying Plaintiff's right to petition federal court for redress of grievances through arbitrary and capricious denial of in forma pauperis status in Case No. 4:25-cv-01650

2. **Due Process Violations:** Creating artificial barriers and applying inconsistent standards despite court's knowledge of Plaintiff's indigence from previously approved IFP case (4:25-cv-01802)
3. **Equal Protection Violations:** Applying IFP requirements in discriminatory manner, denying Plaintiff the same access granted in his other federal case
4. **Conspiracy Under Color of Law:** Coordinating to deny federal court access as part of broader government conspiracy to prevent constitutional review

**Specific Evidence of Judge Bennett's Bias:**

September 5, 2025: Denied IFP claiming "wrong document" despite proper filing

September 8, 2025: Denied IFP claiming unanswered questions despite court's knowledge of Plaintiff's financial status

Pattern of shifting, pretextual reasons for denial

Discrimination against Plaintiff not applied to other IFP applicants

Knowledge of Plaintiff's approved IFP status in Case 4:25-cv-01802

**Judicial Bias Requiring Mandatory Recusal:** Judge Bennett's demonstrated bias and participation in constitutional violations creates appearance of impropriety and actual bias requiring immediate recusal under 28 U.S.C. §455. Judge Bennett cannot fairly adjudicate claims against government conspiracy when he participated in that very conspiracy.

## Count 9 – Interference with Federal Housing Programs and Interstate Commerce

**Commerce Clause Violations:** Government Defendants have unlawfully interfered with Plaintiff's interstate business operations through Save A Life Homes, LLC, which provides housing services across state lines and participates in federal housing programs including VA housing and Section 8 housing assistance.

**Specific Economic Damages:**

1. **Loss of VA Housing Approvals:** Government interference with property title has damaged Plaintiff's ability to provide housing for veterans through VA housing programs

2. **Section 8 Housing Prevention:** Unable to participate in Section 8 programs due to Adrian Hudspeth's refusal to provide earned landlord orientation certificate, preventing Plaintiff from serving low-income tenants and generating legitimate business income

3. **Interstate Business Interference:** Multi-state housing operations disrupted by coordinated government attack on property rights and business credentials

4. **Federal Program Exclusion:** Systematic targeting through certificate denial has damaged Plaintiff's ability to participate in federal housing assistance programs despite completing all requirements

## Count 10 – Intentional Infliction of Emotional Distress and Mental Anguish

**Extreme and Outrageous Government Conduct:** Government Defendants' coordinated conspiracy constitutes extreme and outrageous conduct that exceeds all bounds of decency and is utterly intolerable in a civilized community.

**Severe Emotional Distress:** As a direct result of Defendants' conduct, Plaintiff has suffered severe mental anguish and emotional distress including:

1. Constant fear of arrest and criminal prosecution for exercising constitutional rights

2. Anxiety and stress from systematic government harassment and intimidation
3. Sleep deprivation and depression from coordinated targeting
4. Fear of retaliation following prosecutor's threat to "call the police"
5. Loss of faith in the justice system from federal court discrimination
6. Physical manifestations of stress affecting health and daily life

**Causation:** Plaintiff's emotional distress is directly caused by Defendants' systematic constitutional violations and coordinated conspiracy to deprive property rights.

## Count 11 – Policy and Procedure Violations Under Color of Law

**Systematic Violations of Government Policies:** All Government Defendants violated their own established policies and procedures while acting under color of law, including:

**Federal Court Violations:**

Inconsistent application of IFP standards

Violation of equal access to justice policies

Discriminatory treatment of constitutional claims

**Federal Agency Violations:**

Houston Housing Authority policy violations regarding landlord certification

Federal program administration policy failures

Discriminatory treatment of program participants

**State and Local Government Violations:**

Due process procedure violations

Property dispute protocol failures

Constitutional rights protection policy failures

Coordination policy violations between government entities

**Municipal Utility Violations:**

Service transfer procedure violations

Due process policy failures

Unequal documentation requirement violations

**Count 12 – Americans with Disabilities Act Violations (42 U.S.C. §12101 et seq.)**

**ADA Title II - Public Services Discrimination:** Government Defendants violated the Americans with Disabilities Act by discriminating against Plaintiff on the basis of disability in the provision of public services, including:

1. **Law Enforcement Services:** Police officers provided different and inferior service to Plaintiff based on disability, including failure to properly investigate crimes against Plaintiff while providing preferential treatment to others

2. **Court Services:** Federal and state courts denied Plaintiff equal access to judicial services based on disability, including discriminatory IFP denials and biased proceedings

3. **Federal Program Access:** Houston Housing Authority discriminated against Plaintiff in federal housing programs based on disability by denying earned certificates and changing portal access procedures

4. **Municipal Services:** City of Houston and Houston Public Works provided inferior utility and municipal services based on disability discrimination

**ADA Title III - Public Accommodations:** Private defendants coordinating with government actors violated ADA public accommodation requirements by denying Plaintiff equal access to housing and business accommodations based on disability.

**Reasonable Accommodations Denied:** Government Defendants failed to provide reasonable accommodations for Plaintiff's disabilities in:

Court proceedings and legal processes

Police interactions and investigations

Federal program participation

Municipal service delivery

Property dispute resolution

**Count 13 – Fair Housing Act Violations (42 U.S.C. §3601 et seq.)**

**Housing Discrimination Based on Protected Characteristics:** Defendants violated the Fair Housing Act by discriminating against Plaintiff in housing services, including:

1. **Discriminatory Eviction Practices:** Criminal breaking and entering at Arlington Place apartment complex targeted Plaintiff based on protected class status

2. **Interference with Housing Business:** Systematic targeting of Save A Life Homes, LLC housing operations based on discriminatory animus

3. **Federal Program Discrimination:** Houston Housing Authority's refusal to provide earned certificates constitutes housing program discrimination

4. **Advertising Violations:** "Free rent" signs designed to undermine Plaintiff's legitimate housing business operations

**Count 14 – RICO Violations (18 U.S.C. §1961 et seq.)**

**Racketeering Enterprise:** Government Defendants constitute a racketeering enterprise engaged in a pattern of racketeering activity, including:

1. **Wire Fraud:** Electronic communications to coordinate conspiracy across government levels

2. **Mail Fraud:** Use of government mail systems to further conspiracy
3. **Extortion:** Threatening arrest and prosecution to coerce abandonment of property rights
4. **Conspiracy:** Coordinated criminal activity across federal, state, county, and municipal levels

**Pattern of Racketeering Activity:** The five-level government conspiracy demonstrates a continuing pattern of criminal activity affecting interstate commerce through destruction of Plaintiff's multi-state housing business operations.

### Count 15 – Civil Rights Act of 1964 Violations (42 U.S.C. §2000e et seq.)

**Discrimination in Public Accommodations and Services:** Government and private Defendants discriminated against Plaintiff in violation of the Civil Rights Act of 1964 by:

1. **Public Service Discrimination:** Denial of equal police protection and court access

2. **Government Service Bias:** Discriminatory treatment by federal agencies and courts
3. **Interstate Commerce Interference:** Targeting Plaintiff's multi-state business operations
4. **Coordinated Discrimination:** Pattern of bias across all levels of government

### Count 16 – Consumer Protection Act Violations

**Deceptive Trade Practices:** Defendants engaged in deceptive and unfair trade practices, including:

1. **False Advertising:** "Free rent" signs constitute deceptive business practices

2. **Unfair Competition:** Interference with legitimate business operations
3. **Consumer Fraud:** Misrepresentation of property ownership and rental availability
4. **Interstate Commerce Violations:** Fraudulent practices affecting multi-state business

### Count 17 – Thirteenth Amendment Violations (Involuntary Servitude)

**Economic Servitude:** Government conspiracy forces Plaintiff into economic servitude by:

1. **Forced Labor:** Requiring daily calls to government agencies without compensation

2. **Economic Coercion:** Forcing payment for services that should be provided equally
3. **Involuntary Servitude:** Compelling Plaintiff to work for government benefit without pay
4. **Debt Bondage:** Creating artificial financial burdens to maintain property rights

### Count 18 – Interstate Commerce Clause Violations

**Interference with Interstate Business:** Government Defendants violated the Commerce Clause by:

1. **Interstate Business Disruption:** Save A Life Homes, LLC operates across state lines

2. **Federal Program Interference:** Blocking participation in interstate housing programs
3. **Economic Warfare:** Coordinated attack on interstate commerce operations
4. **Trade Restraint:** Illegal restraint on interstate housing business activities

These policy violations constitute additional evidence of the systematic conspiracy and demonstrate Defendants' willful disregard for established constitutional protections.

## Count 19 – Retaliation

*(42 U.S.C. § 1983; First and Fourteenth Amendments; Fair Housing Act, 42 U.S.C. § 3617; Americans with Disabilities Act, 42 U.S.C. § 12203)*

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

2. Plaintiff engaged in **protected activities**, including:

Recording affidavits of adverse possession and maintaining open and continuous possession of real property (Glen Valley, Prairie Walk, Arlington Place);

Filing federal lawsuits to assert constitutional and statutory rights;

Requesting participation in federal housing programs, completing orientation, and communicating with Houston Housing Authority officials;

Petitioning government agencies for redress of grievances and reporting unlawful interference.

3. After Plaintiff engaged in these protected activities, **Defendants and their agents engaged in adverse actions** that would deter a reasonable person from continuing such activities, including:

Cutting utilities without notice, damaging water meters, and transferring service away from Plaintiff;

Entering Plaintiff's residence without warrant or court order, drawing firearms, detaining Plaintiff, and falsifying police reports;

Posting eviction notices and pursuing removal proceedings without lawful service or jurisdiction;

Criminal lock changes and denial of access to personal property;

Withholding certificates and benefits under housing programs;

Publicly labeling Plaintiff a "squatter" and declaring his claims a "scam" in open court;

Applying new laws and ordinances retroactively to undermine Plaintiff's rights.

4. A **causal link** exists between Plaintiff's protected activity and Defendants' adverse actions. The retaliatory conduct occurred **in close temporal proximity** to Plaintiff's exercise of rights and was accompanied by direct statements evidencing retaliatory motive (e.g., the prosecutor's statement that Plaintiff's claims were "a scam" and threats to "call the police").

5. Defendants' actions constitute **retaliation** in violation of:

The **First Amendment**, by punishing Plaintiff for petitioning the government and asserting property rights (*see Lozman v. City of Riviera Beach*, 585 U.S. ___ (2018));

The **Fourteenth Amendment**, by depriving Plaintiff of property and liberty interests through retaliatory actions without due process (*see Wilkie v. Robbins*, 551 U.S. 537 (2007));

The **Fair Housing Act**, which prohibits retaliation or interference with the exercise of housing rights, 42 U.S.C. § 3617 (*see Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519 (2015));

The **ADA**, which prohibits retaliation against individuals for asserting rights under the statute, 42 U.S.C. § 12203 (*see University of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013) (but-for causation standard)).

6.  As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered loss of housing stability, denial of utilities and services, emotional distress, reputational harm, and ongoing risk of unlawful dispossession.

7.  Plaintiff is entitled to declaratory relief, injunctive relief, compensatory damages, and attorney's fees pursuant to 42 U.S.C. § 1988.

## V. PLAINTIFF'S SUPPORTING BRIEF IN SUPPORT OF TEMPORARY AND PERMANENT INJUNCTION

### I. Declaration

"I, Matthew Jamal Jackson, declare pursuant to 28 U.S.C. §1746 that the foregoing is true and correct under penalty of perjury."

### II. Legal Standard for Injunctive Relief

Courts consider:

Likelihood of success on the merits

Irreparable harm if injunction not granted

Balance of harms

Public interest

*Winter v. NRDC*, 555 U.S. 7 (2008).

### III. Likelihood of Success on the Merits

**Adverse Possession Requirements Met:** Plaintiff meets all elements of adverse possession under Texas Property Code §16.025 (3-year statute with color of title): open, notorious, hostile, exclusive, continuous possession since August 22, 2023, with title scheduled to vest on August 22, 2026. Plaintiff has already satisfied over two-thirds of the required statutory period.

**Clear Constitutional Violations:** Plaintiff has established clear constitutional violations by multiple government entities across all five levels:

1.  **Ex Post Facto violations** with documented timeline

2.  **Due Process violations** in Justice Court proceedings with recorded evidence
3.  **Equal Protection violations** in federal court IFP denials
4.  **First Amendment retaliation** for filing federal lawsuit
5.  **Multi-jurisdictional conspiracy** across all levels of government including federal agencies
6.  **Federal agency retaliation** through Houston Housing Authority

7. **Criminal threats** by prosecutor on court record

## IV. Constitutional Rights Violated

**First Amendment:** Protection of petition rights and retaliation for exercising constitutional rights

**Fourth Amendment:** Protection from unlawful trespass and seizure

**Fifth Amendment:** Due process before deprivation of property; prohibition on ex post facto laws

**Fourteenth Amendment:** Equal protection and state action violations **Commerce Clause:** Protection of interstate business operations

## V. Irreparable Harm From Government Action

Without federal injunctive relief, Plaintiff faces ongoing constitutional violations including:

1. Further unlawful arrests, prosecutions, and eviction attempts by law enforcement agencies nationwide for exercising constitutional adverse possession rights

2. Continued government interference with utilities and essential services on adverse possession properties
3. Warrantless searches and seizures of properties where Plaintiff is exercising adverse possession rights
4. Misuse of expedited eviction procedures to circumvent constitutional due process
5. Deprivation of property rights through coordinated government/private conspiracy across multiple jurisdictions
6. Application of unconstitutional ex post facto laws to defeat established adverse possession rights
7. Systematic targeting and harassment for exercising constitutional property acquisition rights
8. Exclusion from federal housing programs through agency retaliation
9. Destruction of interstate business operations through coordinated government interference

State remedies are inadequate because state actors across multiple jurisdictions, including federal agencies, are themselves participants in the constitutional violations. Only federal court intervention with nationwide scope can protect Plaintiff's constitutional rights from this systematic, multi-jurisdictional conspiracy.

**Legislative Retaliation for Exercise of Constitutional Rights:**

The concentrated timing of these government actions across all levels - including federal agency retaliation - all occurring within weeks of Plaintiff's federal lawsuit filing demonstrates systematic retaliation for Plaintiff's exercise of First Amendment petition rights and Fifth/Fourteenth Amendment property rights, requiring federal intervention to protect constitutional liberties from coordinated state action.

## VI. SUPPORTING CASE LAW

**Federal Supreme Court Cases:**

*Sharon v. Tucker*, 144 U.S. 533 (1892) - Establishing principles of adverse possession and title by possession

*Root v. Woolworth*, 150 U.S. 401 (1893) - Adverse possession requirements and color of title

*United States v. Causby*, 328 U.S. 256 (1946) - Property rights and exclusive possession

*Wilkins v. U.S.*, 598 U.S. 152 (2023) - Modern application of property rights protection

*Mennonite Bd. of Missions v. Adams*, 462 U.S. 791 (1983) - Due process requirements for property deprivation

*Fuentes v. Shevin*, 407 U.S. 67 (1972) - Pre-deprivation due process protections

*United States v. James Daniel Good Real Property*, 510 U.S. 43 (1993) - Constitutional protections for real property

*Winter v. NRDC*, 555 U.S. 7 (2008) - Injunctive relief standards

*Dombrowski v. Pfister*, 380 U.S. 479 (1965) - Federal courts must protect constitutional rights from state interference

*Ex parte Young*, 209 U.S. 123 (1908) - Federal courts can enjoin state officials violating Constitution

*Elrod v. Burns*, 427 U.S. 347 (1976) - Loss of First Amendment freedoms constitutes irreparable injury

**Texas Supreme Court and Court of Appeals Cases:**

*Texaco, Inc. v. Wolfe*, 601 S.W.2d 737 (Tex. Civ. App.—Houston [1st Dist.] 1980) - Adverse possession elements

*Brumley v. McDuff*, 616 S.W.2d 826 (Tex. Civ. App.—Houston [14th Dist.] 1981) - Peaceable possession rights

*Byrd v. Hunt*, 392 S.W.2d 208 (Tex. 1965) - Title by adverse possession *Rogers v. Ricane Enterprises*, 772 S.W.2d 76 (Tex. 1989) - Property rights and possession

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

**State Law Relief:**

1. Quiet title and award clear, marketable title to the Property to Plaintiff, free and clear of all adverse claims

2. Award possession of the Property to Plaintiff with exclusive right of occupancy
3. Cancel and remove as clouds on title all adverse claims, liens, mortgages, and encumbrances asserted by Defendants
4. Award damages, costs, and attorney's fees as allowed by law
5. Award statutory damages under Texas Penal Code §§30.05 (Trespass), 28.03 (Criminal Mischief), and 28.03(b) (Interference with Utilities)

**Federal Constitutional Relief:**

6. Declare Plaintiff's rights under federal and state law as superior to all Defendants

7. **Issue PERMANENT INJUNCTIONS IN PERPETUITY prohibiting Government Defendants and all law enforcement agencies nationwide FOREVER from:**

**Arresting, detaining, or criminally prosecuting Plaintiff for adverse possession activities on any property in the United States where Plaintiff is exercising lawful adverse possession rights, including but not limited to 8230 Glen Valley Dr, 11415 Prairie Walk Dr, and Arlington Place Apartment Complex at 116 East Edgebrook Drive, Houston, TX**

**Evicting or removing Plaintiff from any property where Plaintiff exercises lawful adverse possession rights without constitutional due process**

**ORDER IMMEDIATE RESTORATION of Plaintiff to Arlington Place, Apartment 116, East Edgebrook Drive, Houston, TX 77034, including restoration of access through lock replacement or key provision, and immediate return of all personal property belonging to Plaintiff and family members, to continue adverse possession of the apartment complex**

**Interfering with Plaintiff's management and operation of apartment complexes under adverse possession**

Entering, searching, or seizing any property anywhere in the United States that Plaintiff is adverse possessing without proper judicial warrant based on probable cause and specific evidence of criminal activity unrelated to adverse possession

Drawing weapons, using force, or threatening individuals lawfully present on properties where Plaintiff exercises adverse possession rights

Processing eviction requests regarding any properties subject to Plaintiff's adverse possession claims without constitutional due process

Applying expedited eviction procedures (including but not limited to Texas SB 38 and SB 1333 or similar laws in any state) to any of Plaintiff's adverse possession claims

Interfering with Plaintiff's utility services, mail delivery, or other essential services on any property where Plaintiff is exercising adverse possession rights

Retaliating against Plaintiff for exercising constitutional petition rights or adverse possession rights on any property nationwide

Coordinating with private parties to circumvent Plaintiff's constitutional due process rights on any adverse possession property

Excluding Plaintiff from federal housing programs or changing program requirements in retaliation for exercising constitutional rights

Posting "free rent" or other deceptive advertisements designed to undermine Plaintiff's adverse possession claims or interfere with legitimate property management

Changing locks or otherwise preventing access to properties where Plaintiff exercises lawful adverse possession rights

Filing false police reports or falsifying official records regarding Plaintiff's adverse possession activities

Said injunctions shall remain in effect permanently and bind all successors in office, future legislation, and any government entities created hereafter

8. Award compensatory and punitive damages against Government Defendants under 42 U.S.C. §1983 for constitutional violations

9. Award attorney's fees and costs pursuant to 42 U.S.C. § 1988 for vindication of federal civil rights

10. Issue declaratory judgment that application of SB 38 and SB 1333 to pre-existing adverse possession claims violates the Ex Post Facto Clause

11. Issue declaratory judgment that coordinated government action to defeat adverse possession rights violates Equal Protection Clause

**Declaratory Judgment Relief:**

12. **Issue Nationwide Declaratory Judgment that:**

**Plaintiff has the constitutional right to exercise adverse possession on any property in the United States in accordance with applicable state laws**

**Law enforcement agencies nationwide cannot arrest or prosecute individuals solely for exercising lawful adverse possession rights**

**Government entities cannot apply expedited eviction procedures to defeat established adverse possession claims without due process**

**Federal agencies cannot exclude participants from federal programs in retaliation for exercising constitutional rights**

**Plaintiff's adverse possession activities on any property constitute protected constitutional conduct under the Fifth and Fourteenth Amendments**

Plaintiff is the current peaceable possessor of the Houston Property with superior title

Plaintiff has the right to remain in possession pending completion of the 3-year adverse possession period (vesting August 22, 2026) and resolution of title claims

All Defendants and persons claiming through them have no lawful right to interfere with any of Plaintiff's adverse possession activities nationwide

Any eviction, seizure, arrest, or interference with Plaintiff's adverse possession activities absent court order and due process would violate Plaintiff's constitutional rights

All adverse claims to any property subject to Plaintiff's adverse possession are invalid pending completion of statutory periods

Government Defendants' coordinated actions constitute systematic constitutional violations requiring federal intervention and nationwide protection

**Federal Court Relief:**

13. **Issue Order requiring mandatory recusal and disqualification of Judge Alfred H. Bennett from this case and all future cases involving Plaintiff due to demonstrated bias, constitutional violations, and participation in conspiracy to deny access to federal court**

14. **Issue Order reassigning this case to a different federal judge who has not participated in violations of Plaintiff's constitutional rights**
15. Award additional damages under 42 U.S.C. §1983 against Judge Alfred H. Bennett for federal court denial of access to justice
16. **Issue Preservation Order requiring Harris County Justice Court to preserve all recordings, transcripts, and notes from September 18, 2025 proceedings and order immediate production to Plaintiff**

**Enhanced Damages:**

17. **Award substantial compensatory damages for:**

**Mental anguish and emotional distress** from systematic government harassment

**Lost business income** from interference with VA housing and Section 8 approvals

**Economic damages** from utility service deprivation and property interference

**Interference with interstate commerce** through Save A Life Homes, LLC operations

**Violation of federal housing program participation rights**

**Exclusion from federal programs** through Houston Housing Authority retaliation

18. **Award punitive damages** against all Government Defendants for willful, malicious, and coordinated constitutional violations across all levels of government including federal agencies

19. **Award enhanced damages** for policy and procedure violations committed under color of law

20. **Award treble damages** for the unprecedented five-level government conspiracy spanning federal agencies, federal courts, state government, county government, and municipal government

21. Grant such other legal or equitable relief the Court deems proper

### Retaliation-Specific Relief

Because each of the adverse actions described herein were taken in retaliation for Plaintiff's protected activities — including but not limited to recording affidavits of possession, filing federal lawsuits, asserting Fair Housing rights, and seeking participation in federal housing programs — Plaintiff respectfully requests that this Court also:

1. **Declare** that Defendants' conduct constitutes unlawful retaliation under the U.S. Constitution, 42 U.S.C. §§ 1983 & 1985, the Fair Housing Act, and the Americans with Disabilities Act.

2. **Enjoin Defendants** from taking any further retaliatory actions against Plaintiff, including but not limited to:

   Utility shutoffs, Warrantless property entries, Lock changes or constructive evictions, Posting or processing eviction notices without due process, Denying Plaintiff access to federal housing programs, Proposing or enforcing retaliatory ordinances or policies targeted at Plaintiff.

3. **Order preservation of evidence** relating to retaliatory motive, including recordings of Justice Court proceedings, internal emails and communications among city, county, and state officials, and records of policy or ordinance drafting.

4. **Award compensatory damages** for the emotional distress, economic harm, and loss of business opportunities caused by retaliatory actions.

5. **Award punitive damages** to deter Defendants and similarly situated government actors from engaging in retaliation against individuals exercising constitutional and statutory rights.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 12, 2025

**Respectfully submitted,**

**Matthew Jamal Jackson**
Individually & as Owner of Save A Life Homes, LLC
8230 Glen Valley Dr
Houston, TX 77061
Email: savealifehomes06@gmail.com
Phone: 646-588-9376
*Pro Se Plaintiff*

## VIII. CERTIFICATE OF SERVICE

I certify that a true and correct copy of this First Amended Complaint has been served upon all Defendants in accordance with the Federal Rules of Civil Procedure.

**Matthew Jamal Jackson**

## IX. SUMMARY OF AMENDMENTS FROM ORIGINAL COMPLAINT

Pursuant to Fed. R. Civ. P. 15, Plaintiff submits this First Amended Complaint adding the following material facts and claims that have developed since the original filing:

**New Defendants Added:**

1. **Judge Dolores Lozano** - Harris County Justice Court judge who committed constitutional violations on the record

2. **Judge Alfred H. Bennett** - Federal judge who denied constitutional access to federal court
3. **John Doe, Clerk of Court** - Federal court clerk who participated in access denial
4. **Houston Housing Authority** - Federal agency that retaliated by denying landlord certificates
5. **Adrian Hudspeth** - HHA official who refused to provide required certificates and changed portal access procedures
6. **Harris County Justice Court Precinct 2, Place 2** - Court entity that processed unconstitutional eviction
7. **Harris County, Texas** - County government entity
8. **State of Texas** - State government entity

**New Facts and Evidence:**

1. **Court Recording Evidence** - September 18, 2025 Justice Court proceedings recorded with constitutional violations and prosecutor's criminal threats

2. **Federal Court IFP Discrimination** - Judge Bennett's documented bias in Cases 4:25-cv-01802 (approved) vs. 4:25-cv-01650 (denied)
3. **Federal Agency Conspiracy** - Houston Housing Authority retaliation through certificate denial and portal access changes
4. **Houston Housing Authority Retaliation** - Adrian Hudspeth's refusal to provide landlord certificates and portal access changes in direct retaliation for federal lawsuit filing
5. **Multi-Level Government Conspiracy Timeline** - 18-day coordinated attack across federal, state, county, municipal, and federal agency levels
6. **Houston Public Works Utility Conspiracy** - Government entity acting on false information without due process
7. **Ex Post Facto Timeline** - Precise dates showing retroactive application of SB 38/1333 to defeat vested rights
8. **Witness Evidence** - Neighbor text messages corroborating government interference

9. **Mental Anguish Documentation** - Severe emotional distress from systematic government harassment
10. **Federal Housing Program Interference** - VA housing and Section 8 program exclusion through coordinated government action

**New Legal Claims:**

1. **Federal Court Access Denial (§1983)** - Constitutional violations by federal judge and clerk

2. **Federal Agency Conspiracy (§1983/§1985)** - Houston Housing Authority participation in constitutional violations
3. **Multi-Jurisdictional Conspiracy (§1985)** - Coordinated government action across all five levels including federal agencies.
4. **Interstate Commerce Interference** - Violation of Commerce Clause through business disruption
5. **Intentional Infliction of Emotional Distress** - Severe mental anguish from government harassment
6. **Policy and Procedure Violations** - Systematic violation of government policies under color of law
7. **Federal Housing Program Interference** - Constitutional violations through federal program exclusion
8. **Constructive Eviction** - Forced displacement through criminal activity and government harassment
9. **Breach of Covenant of Quiet Enjoyment** - Violation of fundamental residential possession rights
10. **Nationwide Injunctive Relief** - Protection for adverse possession activities in all 50 states forever
11. **Mandatory Judicial Recusal** - Removal of biased federal judge
12. **Evidence Preservation Orders** - Protection of smoking gun court recordings

**Enhanced Relief Requested:**

1. **Nationwide constitutional protection** for all adverse possession activities forever

2. **Mandatory recusal** of Judge Alfred H. Bennett
3. **Preservation orders** for court recordings and government communications
4. **Enhanced damages** for five-level government conspiracy including federal agencies
5. **Precedent-setting relief** protecting constitutional property acquisition rights
6. **Permanent injunctions in perpetuity** binding all current and future government officials
7. **Federal agency accountability** for constitutional violations and retaliation
8. **Interstate commerce protection** for business operations
9. **Mental anguish damages** for systematic government harassment
10. **Treble damages** for the unprecedented scope of government conspiracy

**The five-level government conspiracy includes:**

**Federal Agency Level:** Houston Housing Authority + Adrian Hudspeth

**Federal Court Level:** Judge Bennett + Court Clerk

**State Level:** Texas + SB 38/1333

**County Level:** Sheriff + Justice Court + Judge Lozano

**Municipal Level:** Houston + Houston Public Works

**This unprecedented coordination across all levels of American government to violate one individual's constitutional rights demonstrates the need for immediate and permanent federal intervention to protect constitutional liberties from systematic government abuse.**

**REQUIRED ATTACHMENTS FOR FILING**

**A. Civil Cover Sheet (Form JS 44)**

      **Nature of Suit:** 440 - Civil Rights: Other

      **Jurisdiction:** Federal Question

      **Cause of Action:** 42 U.S.C. §§1983, 1985 - Civil Rights

**B. Supporting Documents to Attach:**

1. **Affidavit of Adverse Possession RP-2025-216266**

2. **Amended Affidavit of Adverse Possession RP-2025-312514**
3. **Quit Claim RP-2025-216266**
4. **Warranty Deed RP-2025-312514**
5. **Police Reports:**

      07/01/2025 12:00pm

      07/18/2025 7:21am - Report #0932814-25

      08/09/2025 18:51 - Report #1038802-25

6. **Neighbor Text Messages** - Screenshots showing witness accounts of government interference and water meter destruction

7. **Houston Public Works Communications** - Emails and documentation of utility interference
8. **IFP Denial Orders from Judge Bennett:**

      Case 4:25-cv-01650 denial dated 09/05/2025

      Second denial dated 09/08/2025

9. **IFP Approval from Case 4:25-cv-01802** - Proof of approved status

10. **Houston Housing Authority Landlord Orientation Emails** - Evidence of completed meeting and Hudspeth's refusal to provide earned certificate

11. **Communications with Adrian Hudspeth** - Text messages and emails showing retaliation, refusal to respond, and denial of earned certificate
12. **Houston Housing Authority Portal Screenshots** - Evidence of changed access procedures designed to prevent program participation
13. **Meeting Attendance Documentation** - Proof of completed landlord orientation requirements
14. **Save A Life Homes, LLC Corporate Documents** - Business formation and interstate operations
15. **Photographs of "Free Rent" Signs** - Evidence of bad faith conduct and economic sabotage at Arlington Place

16. **Video Evidence from Arlington Place:**

   August 4, 2025: Video showing Plaintiff lawfully present in Apartment 116 with key access

   Evidence of peaceful possession and lawful occupancy before wrongful eviction

19. **Arlington Place Eviction Documentation** - Evidence of wrongful eviction from apartment complex main apartment on August 5, 2025

20. **Personal Property Inventory** - Documentation of Plaintiff's and family members' property seized through unauthorized lock changes
21. **Adverse Possession Documentation for Arlington Place** - Deed and affidavit of adverse possession for apartment complex
22. **Complex Management Records** - Documentation of Plaintiff's operation of Arlington Place apartment complex (currently seized inside locked apartment - to be produced upon restoration of access through injunctive relief)
23. **Police Reports from 11415 Prairie Walk Dr:**
24. **Police Reports from 11415 Prairie Walk Dr:**

   Report #1102156-25 (August 23, 2025) - False "Investigation Forgery/Fraud/Counterfeit" report

   Report #1141160-25 (August 31, 2025) - Falsified criminal trespassing report with wrong caller information

25. **Email to Adrian Hudspeth (August 23, 2025)** - Evidence of communication immediately preceding police retaliation

26. **Adverse Possession Documentation for 11415 Prairie Walk Dr** - Deed and affidavit of adverse possession filed in Harris County records

27. **Medical Records** - Documentation of stress-related health impacts (if available)