United States District Court
Southern District of Texas
**ENTERED**
February 24, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Matthew Jamal Jackson, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-25-4354 |
| | § | |
| Mayra Amezquita, et al., | § | |
| *Defendants.* | § | |

**MEMORANDUM AND RECOMMENDATION**

The court recommends that this case be **DISMISSED WITHOUT PREJUDICE** for failure to serve the Defendants.

Plaintiff Matthew Jamal Jackson filed his original complaint on September 12, 2025. ECF No. 1. On December 15, 2025, Plaintiff amended his complaint, ECF No. 6, and the court ordered Plaintiff to serve the Defendants by December 31, 2025, ECF No. 8. The court stated in its order that failure to comply "will result in a recommendation that this case be dismissed without prejudice for failure to serve the defendant." *Id.*

Plaintiff did not comply. There is no filing or other information on the docket indicating that Plaintiff attempted to serve Defendants. There is no filing or other information on the docket showing good cause for the failure.

Under the federal rules,

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The court ordered Plaintiff to serve Defendants by December 31, 2025. ECF No. 8. Plaintiff has not complied. Thus, pursuant to Rule 4(m), the court recommends that the case be **DISMISSED WITHOUT PREJUDICE** for failure to serve the Defendants. The conference set for March 5, 2026, at 11:00 a.m., is **CANCELED.**

The parties have fourteen days from service of this Memorandum and Recommendation to file objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

Signed at Houston, Texas, on February 24, 2026.

_____

Peter Bray
United States Magistrate Judge

2