

# CITY OF HOUSTON

Legal Department

**John Whitmire**

Mayor

Arturo G. Michel
City Attorney
Legal Department
P.O. Box 368
Houston, Texas 77001-0368
City Hall Annex
900 Bagby, 4th Floor

T. 832.393.6491
F. 832.393.6259
www.houstontx.gov

March 27, 2026

Honorable George C. Hanks, Jr.
United States District Judge
Southern District of Texas

Re:     Request for Pre-Motion Conference in *Matthew Jackson v Mayra Amezquita, et al*; Civil
        action No. 4:25-cv-04354; in the United States District Court for the Southern District of
        Texas – Houston Division

Dear Judge Hanks:

Defendants City of Houston and Houston Police Department seek to file a Rule 12 motion to dismiss all claims asserted against them and requests a pre-motion conference in accordance with the Court's motions practice procedures. Defendants have conferred with all parties who have appeared before the Court.

## A.  Nature of Suit

On September 12, 2025, in the United States District Court for the Southern District of Texas, "Plaintiff's Original Complaint and Complaint for Declaratory Judgment, Trespass to Try Title, Trespass, Interference with Property, Damages, and Injunctive Relief, and Plaintiff's Supporting Brief in Support of Temporary and Permanent Injunction" [Doc. #1] was filed. The identified Defendants were Mayra Amezquita and Rubi Villanfana.

On December 15, 2025, Plaintiff's First Amended Complaint and Complaint for Quiet Title, Declaratory Judgment, Trespass to Try Title, Trespass Interference with Property, Damages, and Injunctive Relief, and Plaintiff's Supporting Bried in support of Temporary and Permanent Injunction [Doc. #6] was filed. Plaintiff identified several new Defendants, including but not limited to City of Houston, Houston Police Department, Houston Public Works, and Houston Housing Authority Adrian Hudspeth.

Furthermore, on December 15, 2025, the Court entered an order, ordering Plaintiff to "properly serve the defendants and file proof of service on the court's docket" [Doc. #8], by December 31, 2025. Plaintiff was notified that "failure to [serve defendants] will result in a

recommendation that this case be dismissed without prejudice for failure to serve the defendant." [*Id*.].

On February 24, 2026, the Memorandum and Recommendation of the Magistrate Judge was entered. The Court recommended this case be dismissed without prejudice for failure to serve the Defendants. Plaintiff had fourteen days from date of service to file objections. [Doc. #9] Also on February 24, 2026, a summons in a civil action was issued for all defendants.

Plaintiff has not filed an objection to the Magistrate's Memorandum and Recommendations, and the time for filing an objection has expired.

**Statement of Facts**

In his Complaints, Plaintiff alleges that on August 22, 2023, he "exercised acts consistent with ownership "of the property located at 8230 Glen Valley Dr., Houston Tx 77061." Plaintiff alleges that from August 22, 2023, thru the filing of his Complaints in September 2025 and December 2025, his actions of "securing the property, maintaining [the] premises, filing corporate leases, controlling utilities and establishing exclusive possession" [Doc. #1 at pg. 2] and [Doc. #6 at pg. 6], established exclusive possession of the property.

Plaintiff also alleges that the property was abandoned for over six years but they recently attempted to interfere with his possessions, including breaking windows, changing locks, and tampering with utilities. [Doc. #1 at pg. 2] and [Doc. #6 at pg. 6] Plaintiff alleges that he "filed an Affidavit of Adverse Possession, Amended Affidavit of Adverse Possession, Quite Claim and Warranty Deed" in Harris County property records, reflecting his claim to the property. [*Id*.] Finally, Plaintiff alleges that on September 15, 2025, Defendant Amezquita attempted to have him evicted from the property but was informed that "she was in the wrong court but once she gets title she can move on with the eviction." [*Id*.] Plaintiff alleges that the county court judge made statements regarding SB 38 and SB 13333 characterizing Plaintiff as a squatter and indicated that Defendant Amezquita would prevail once she gets title. [*Id*.]

As it relates to Houston Public Works, Plaintiff alleges that Houston Public Works was involved in a "government utility Conspiracy" with Defendant Amezquita. Plaintiff alleges that sometime after July 24, 2025, Defendant Amezquita "contacted Houston Public Works, a government-owned municipal utility company, and provided false information regarding her claimed ownership of the Property." [Doc. #6 at pg. 6] Plaintiff further alleges that based upon the misrepresentations "Houston Public works, acting as a government entity, unlawfully transferred water service from Plaintiff's name to Defendant Amezquita's name effective July 25, 2025." [*Id*] Plaintiff claims that Houston Public Works violated his Due Process because it failed to: (1) verify Defendant Amezquita's claimed ownership pf the property; (2) provide Plaintiff with notice and opportunity to be heard before terminating service; (3) conduct proper investigation despite Plaintiff's recorded documents and (4) follow established procedures for utility transfer disputes." [*Id*.]

As it relates to Houston Housing Authority, Plaintiff claims that at some point he attended the required Houston Housing Authority Landlord Orientation and completed all requirements to

participate in Section 8 housing program. [*Id.* at pg. 11] Plaintiff alleges that despite completing the requirement, "Houston Housing Authority official Adrian Hudspeth refused to provide Plaintiff's completion certificate." [*Id.*] Plaintiff alleges that such actions were in direct retaliation of Plaintiff's federal lawsuit.

Plaintiff alleges that he also has adverse possession of another property, which is located at 11415 Prairie Walk, Houston, Tx, with deed and affidavit of adverse possession properly filed in Harris County records. [*Id.* 14] As it relates to the Houston Police Department, Plaintiff alleges that "on August 23, 2025, [within hours] after sending Adrian Hudspeth an email regarding 11415 Prairie Walk Dr., Houston, Tx, Houston Police Department initiate a [systematic harassment and constitutional violations this property." [*Id.* at 15]. He claims that on August 23, 2025, Officer S.M. Robarge, S.M. and Officer P.W, unlawfully entered Plaintiff's adverse possession property without a warrant, probable cause, or exigent circumstances, and committed assault with a deadly weapon and falsely imprisoning Larry Henson. He also claims to have called the police on the same day regarding a criminal trespassing incident. [*Id.*] For this incident, Plaintiff alleges his constitutional rights were violated by "(1) placing Larry Henson in handcuffs for lawful presence on Plaintiff's adverse possession property; (2) detaining Henson before releasing him without charges; (3) filed a false report stating that "Ashlee Alexius Holmes made the call, when Plaintiff made the call. Plaintiff concludes that these actions were the second incident of Houston Police Department targeting Plaintiff's adverse possession activities within 8 days." [*Id.*]

As it relates to the City of Houston, Plaintiff alleges that the City of Houston took part in a "multi-level government Conspiracy" with Houston Housing Authority, Federal Court Judge Bennett, State of Texas, and the Justice Court. [*Id.* at pg. 9] Plaintiff further alleges that on "September 17, 2025, just one day before [his eviction hearing] the City of Houston proposed a new Vacant Building Ordinance requiring fencing of vacant buildings." [*Id.*] Plaintiff alleges that the "timing [of this ordinance] immediately [followed] Plaintiff's federal lawsuit filing and coinciding with the Justice Court's attempt to apply of SB 38 and SB 1333, which became effective on September 1, 2025. [*Id.*]

The complaint seeks sweeping nationwide permanent injunctions binding all future officials and government entities "forever," declarations on adverse possession rights "anywhere in the United States," and punitive damages against government defendants. Plaintiff requests "PERMANENT INJUNCTIONS IN PERPETUITY" restricting arrests, evictions, utility actions, and enforcement of various laws nationwide, and seeks punitive damages against "Government Defendants." Such boundless remedies are legally unavailable against a municipality on these pleadings and underscore the nonjusticiable nature of much of the requested relief.

### B.  Agreement reached by the parties.

There are no agreements between the parties.

### C.  Basis for the anticipated motions

Both the City of Houston and Houston Police Department assert that Plaintiff's complaint against them should be dismissed for insufficient service of process. Plaintiff failed to comply with the Court's deadline to serve the Defendants.

City of Houston asserts that the Plaintiff has failed to state any claim for which relief can be granted against the City of Houston as the Plaintiff's pleading amounts to nothing more than conclusory allegations or unwarranted deduction of facts against City of Houston. Plaintiff has failed to identify a policy maker; failed to identify an unconstitutional official policy or custom of City of Houston that was the moving force or direct cause of his injuries. *Monell v. New York City Dept. of Social Svcs.*, 436 U.S. 658, 694 (1978). Rather, Plaintiff failed to identify an unconstitutional policy. Same pleading deficiencies hold true for Plaintiff's claims for failure to adequately train and supervise. In addition, Plaintiff has not alleged a pattern of similar instances in context of one of the largest cities and police department in the nation.

Finally, Houston Police Department would argue that it is a department within the City of Houston and lacks separate legal existence with the capacity to be sued. Additionally, Plaintiff's complaint does not state any negligence claim within the Tort Claims Act's limited waiver of immunity for alleged injuries caused by government's use of tangible property, motor vehicles, or motor driven equipment. Plaintiff's complaint falls within areas for which governmental immunity is expressly retained under Texas law. Finally, Plaintiff's complaint does not state any negligence claim within the Tort Claims Act's limited waiver of immunity for alleged injuries caused by government's use of tangible property, motor vehicles, or motor driven equipment. Plaintiff's complaint falls within areas for which governmental immunity is expressly retained under Texas law.

For the reasons stated above and in more detail in a Rule 12(b)(6) motion, Defendants request that the Court allow City of Houston and Houston Police Department to file its motion and dismiss Plaintiff's claims in its favor.

Sincerely,

*/s/ Michelle C. Taylor*
Michelle C. Taylor
Senior Assistant City Attorney
SBN: 24060889
FBN: 3773284
Michelle.Taylor2@houstontx.gov

**ATTORNEY FOR CITY OF HOUSTON**
**AND HOUSTON POLICE DEPARTMENT**