

Justin Sassaman
Assistant Attorney General
General Litigation Division

PHONE:            (737)-231-6206
FAX:              (512) 320-0667
EMAIL: justin.sassaman@oag.texas.gov

July 13, 2026

Honorable George C. Hanks, Jr.
United States District Judge
515 Rusk St., Room 11535
Houston, TX 77002

Re: *Matthew Jackson v. Mayra Amezquita, et al.,* Civil Action No. 4:25-cv-04354, in the U.S.D.C.,
     S.D. of Texas, Houston Division

Dear Judge Hanks:

By this letter, Defendant the State of Texas (the "State") is complying with Local Procedure 6(B) that states a pre-motion conference must be requested before filing a Rule 12 motion. The State intends to file a Rule 12(b)(1)-12(b)(6) Motion to Dismiss Plaintiff's claims against the State and would show the Court as follows:

Plaintiff, Matthew Jamal Jackson, filed his Original Complaint in this Court on September 12, 2025, and he named two defendants—Mayra Amezquita and Rubi Villafana. On December 15, 2025, Plaintiff filed his First Amended Complaint, which for the first time added the State of Texas as a defendant. Then, on June 23, 2026, the Office of Attorney General (OAG) received Summons by mail notifying the Office that a lawsuit had been filed against it. The Summons lists Matthew Jackson as the Plaintiff and the State of Texas/Office of Attorney General as the Defendant.

Other than the caption on the Summons, neither the State nor OAG are mentioned anywhere in the Complaint. It appears the State was served with either Plaintiff's Third or Fourth Amended Complaint, and there are no specific allegations against the State or OAG. In Plaintiff's Second Amended Complaint, however, he alleges the State "enacted retaliatory legislation (SB 38 and SB 1333) targeting adverse possession rights and applied them ex post facto." (Dkt. 38 at 10). Plaintiff went on to assert that the State is being sued "under Ex Parte Young." *Id*.

As the State understands it, Plaintiff's claims arise from a dispute over adverse possession of real property located in Harris County. Neither the State nor OAG have anything to do with Plaintiff's claims. The State intends to file a Rule 12(b)(1) Motion for two reasons: (1) the Plaintiff lacks Article III standing to sue the State because he does not allege a concrete and particularized injury that is traceable to either the State or OAG, and (2) the Eleventh Amendment bars Plaintiff's

claims against the State. The State also intends to file a Rule 12(b)(6) Motion because the Plaintiff fails to state a claim upon which relief can be granted. Plaintiff has a complete misunderstanding of the Ex Post Facto Clause and cannot sue the State for allegedly having violated that Clause.

The State does not believe that a pre-motion conference will help to resolve any of these issues. Plaintiff has already filed his Original Complaint and three separate amended complaints. If the Court were to allow Plaintiff to file another amended complaint, it would not do anything to cure the many deficiencies within. The State, however, will of course abide by any decision the Court makes regarding a pre-motion conference.

Respectfully,

/s/ Justin Sassaman
JUSTIN SASSMAN
Assistant Attorney General
General Litigation Division