## CIVIL ACTION NO. 4:25-cv-04354

STATE OF TEXAS
COUNTY OF HARRIS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MATTHEW JAMAL JACKSON,
Individually and as Owner of
Save A Life Homes, LLC,

Plaintiff,

v.

MAYRA AMEZQUITA, et al.,

Defendants.

United States Courts
Southern District of Texas
F I L E D

JUL 1 6 2026

Nathan Ochsner, Clerk of Court

JURY TRIAL DEMANDED

## PLAINTIFF'S COMBINED AFFIDAVIT AND RESPONSE TO DEFENDANT STATE OF TEXAS' PRE-MOTION CONFERENCE LETTER   [Dkt. 64]

TO THE HONORABLE GEORGE C. HANKS, JR.:

COMES NOW Plaintiff Matthew Jamal Jackson, proceeding pro se, and files this Combined Affidavit and Response to the July 13, 2026 Pre-Motion Conference Letter filed by Defendant State of Texas through Assistant Attorney General Justin Sassaman. Plaintiff respectfully responds to each of the State's arguments, provides sworn testimony under penalty of perjury, and shows that the State's proposed Motion to Dismiss is without merit and should be denied.

**Declaration under Penalty of Perjury of Mr. Matthew Jackson, Mr. Matthew Jackson, being competent to make this declaration and having personal knowledge of the matters stated therein, declares pursuant in 28 U.S.C 1746**

# TABLE OF CONTENTS

I. AFFIDAVIT OF MATTHEW JAMAL JACKSON

II. RESPONSE TO DEFENDANT STATE OF TEXAS' PRE-MOTION CONFERENCE LETTER

III. CONCLUSION

IV. CERTIFICATE OF SERVICE

# I. AFFIDAVIT OF MATTHEW JAMAL JACKSON

STATE OF TEXAS

COUNTY OF HARRIS

I, Matthew Jamal Jackson, being duly sworn, depose and state under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge and belief:

## A. Personal Background and Standing

1. My name is Matthew Jamal Jackson. I am over the age of eighteen (18) and competent to make this affidavit. I am the Plaintiff in this action, proceeding pro se, and I am the owner of Save A Life Homes, LLC, a limited liability company organized under the laws of the State of Missouri. I reside at 8230 Glen Valley Drive, Houston, Texas 77061.

2. I am an African American man and the owner of an African American-owned housing business, Save A Life Homes, LLC. I provide affordable housing to low-income tenants, veterans, and families through federal housing assistance programs including VA housing and Section 8 housing vouchers across multiple states.

3. I have personal knowledge of the facts stated herein. I have reviewed the Second Amended Complaint, the exhibits attached thereto, and all supporting documents filed in this matter.

## B. Adverse Possession and Recorded Instruments

4. I have been in peaceable, open, notorious, hostile, exclusive, and continuous possession of real property located at 8230 Glen Valley Drive, Houston, Texas 77061 since August 22, 2023, under a claim of adverse possession pursuant to Texas Civil Practice & Remedies Code § 16.024 (three-year adverse possession statute with color of title).

5. I initially discovered the property as vacant and abandoned in March 2022 using two real estate data services: MyHouseDeals.com, which lists vacant, pre-foreclosure, and abandoned homes; and PropertyRadar.com, which also indicated this property was unoccupied and unmonitored. Upon visiting and inspecting the site, I confirmed there was no owner or tenant activity, and the property had been left in a nuisance condition with overgrown grass, debris, and lack of maintenance.

6. When I entered into possession on August 22, 2023, I began:

    Maintaining the front and back yards and restoring livability;

    Exercising open, notorious, exclusive, and continuous control of the entire property;

    Residing full-time in the property, uninterrupted to this day;

Posting signage asserting control and ownership;

Securing utilities in my name thereafter on August 5, 2024;

Ensuring that no renters or other individuals have ever occupied the home during my possession.

7. My presence and control of the property have been uninterrupted, without consent, and under claim of right. Multiple neighbors have observed and can testify to my full-time presence and maintenance of the home.

8. My title is scheduled to vest by operation of law on August 22, 2026, upon completion of the three-year statutory period. I have already satisfied over two-thirds of the required statutory period.

9. I have recorded the following instruments in the Harris County real property records:
a. 8230 Glen Valley Dr, Houston, TX 77061:

Affidavit of Adverse Possession — Instrument No. RP-2025-216266, recorded June 5, 2025;

Amended Affidavit of Adverse Possession — Instrument No. RP-2025-312514;

Quit Claim Deed — recorded in Harris County;

Warranty Deed — recorded in Harris County on August 11, 2025.

10. b. 11415 Prairie Walk Dr, Houston, TX 77048:

Warranty Deed — Instrument No. RP-2025-312621, recorded in Harris County.

11. c. 116 East Edgebrook Dr, Apt 116, Houston, TX 77034 (Arlington Place Apartments):

Warranty Deed — Instrument No. RP-2025-312656, recorded in Harris County.

12. These recorded instruments provided constructive notice to all governmental actors in Harris County, Texas, and the State of Texas, under Texas Property Code § 13.001. Every government defendant is charged by law with knowledge of these recorded instruments. The Texas Supreme Court has reaffirmed that negligent ignorance has the same legal effect as actual knowledge. *425 Soledad, Ltd. v. CRVI Riverwalk Hospitality, LLC*, 709 S.W.3d 551 (Tex. 2024).

## C. The State of Texas Enacted SB 38 and SB 1333 in Retaliation

11. On September 1, 2025, Senate Bill 38 and Senate Bill 1333 became effective. SB 1333 empowers sheriffs and constables to act quickly when a property owner submits a sworn complaint that a squatter is unlawfully occupying their property, while SB 38 streamlines the eviction process by establishing consistent timelines for trials and requiring courts to hold trials in eviction suits within 21 days.

12. These laws became effective more than two years after I established adverse possession on August 22, 2023. My adverse possession rights are scheduled to vest on August 22, 2026. I have already satisfied over two-thirds of the required statutory period under Texas Civil Practice & Remedies Code § 16.024.

13. These laws were enacted in retaliation against adverse possession claimants who exercise their constitutional rights to acquire and hold property under Texas law. The timing of these bills—taking effect immediately after I recorded my adverse possession claims and filed my federal lawsuit—demonstrates legislative retaliation.

14. The State of Texas is aware of my claims against it. I sent a formal notice to Attorney General Ken Paxton on June 2, 2026, providing notice of the ADA Title II claim and the pending federal litigation [Dkt. 50-1, pp. 106-112]. The State has been properly served and has acknowledged receipt of service.

## D. Application of SB 38 and SB 1333 to Plaintiff's Pre-Existing Rights

15. On September 15, 2025, the Harris County Justice Court Precinct 2, Place 2, conducted proceedings regarding my adverse possession property at 8230 Glen Valley Drive. The Justice Court discussed applying "new laws SB 38 and SB 1333" to my adverse possession rights established in August 2023. This represents an unconstitutional attempt by the Justice Court system to apply laws passed after my possession began to retroactively defeat my established property rights.

16. The Justice Court dismissed the eviction for lack of jurisdiction on September 15, 2025, confirming the proceeding was invalid from inception. However, the dismissal does not cure the due process injury I suffered. *Carey v. Piphus*, 435 U.S. 247, 266 (1978) (procedural due process violation is itself a substantive right and is compensable).

17. On September 17, 2025, my neighbor informed me that the sheriff and/or constable office had placed an eviction notice in the door of my property AFTER my court hearing had already taken place on September 15, 2025. The notice was placed after the court proceeding had already occurred, demonstrating that the notice was ineffective and deprived me of any meaningful opportunity to be heard.

## E. Irreparable Harm

18. As a direct result of the systematic government conspiracy and constitutional violations, I have suffered severe mental anguish and emotional distress, including:

a. Constant fear of arrest — Living under threat of criminal prosecution for exercising constitutional rights;
b. Anxiety and stress — From coordinated government harassment and intimidation;
c. Sleep deprivation — From worry about losing property and business after years of investment;
d. Depression — From systematic targeting by multiple levels of government;

e. Fear of retaliation — From prosecutor's threats during court proceedings;

f. Physical manifestations — Stress-related health issues from constant government harassment.

19. I face ongoing constitutional violations daily, including threats of arrest, eviction, utility interference, and the loss of my housing business. I have never received an injunction hearing in this matter.

20. I have no adequate remedy at law. State remedies are inadequate because state actors are themselves participants in the constitutional violations. Only federal court intervention can protect my constitutional rights from this systematic, multi-jurisdictional conspiracy. The government cannot compensate me for the loss of my constitutional rights, my home, or my business.

## II. RESPONSE TO DEFENDANT STATE OF TEXAS' PRE-MOTION CONFERENCE LETTER

### A. The State's Letter Contains Factual Inaccuracies

22. The State claims that "[o]ther than the caption on the Summons, neither the State nor OAG are mentioned anywhere in the Complaint." This is demonstrably false. Plaintiff's Second Amended Complaint [Dkt. 38] explicitly names the State of Texas as a Defendant in Section III, Part 15, and details the State's enactment of retaliatory legislation (SB 38 and SB 1333) targeting adverse possession rights and applying them ex post facto. Plaintiff also specifically invokes Ex Parte Young, 209 U.S. 123 (1908), as the basis for suing the State for prospective injunctive relief.

23. The State's letter demonstrates a fundamental misunderstanding of Plaintiff's claims, the Ex Post Facto Clause, and the proper vehicle for challenging unconstitutional state legislation. Plaintiff's claims against the State are properly pled and should proceed.

24. The State acknowledges that Plaintiff alleges the State "enacted retaliatory legislation (SB 38 and SB 1333) targeting adverse possession rights and applied them ex post facto" and that the State is being sued "under Ex Parte Young." [State Letter, p. 1]. These allegations are sufficient to state a claim against the State.

### B. Plaintiff Has Standing to Sue the State of Texas

25. Plaintiff's Response: The State argues that Plaintiff lacks Article III standing because he does not allege a "concrete and particularized injury that is traceable to either the State or OAG." This argument is factually and legally incorrect.

26. Plaintiff has alleged concrete and particularized injuries directly traceable to the State of Texas:

a. The State enacted SB 38 and SB 1333, which became effective September 1, 2025—more than two years after Plaintiff established adverse possession on August 22, 2023 [Dkt. 38, pp. 17-18];

b. These laws were specifically applied to Plaintiff's adverse possession proceeding on September 15, 2025—only 17 days after taking effect—to defeat Plaintiff's property rights that had been accruing for over two years;

c. The Justice Court discussed applying these "new laws" to Plaintiff's pre-existing adverse possession rights during the September 15, 2025 proceedings;

d. Plaintiff has already satisfied over two-thirds of the required statutory period under Texas Property Code § 16.025, with title vesting on August 22, 2026.

27. The Supreme Court has held that a plaintiff has standing to challenge a statute where the statute has been applied or threatens to be applied to the plaintiff. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Plaintiff's injury—the retroactive application of SB 38 and SB 1333 to defeat his pre-existing property rights—is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 560. The injury is fairly traceable to the State's enactment and enforcement of these statutes.

A favorable judicial decision—declaring the retroactive application unconstitutional and enjoining enforcement—would redress the injury. *Id.* at 561.

28. *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), confirms that a plaintiff must allege an injury in fact that is concrete, particularized, and actual or imminent. Plaintiff has done exactly that. The retroactive application of SB 38 and SB 1333 to his pre-existing property rights is a concrete injury-in-fact. The injury is particularized to Plaintiff because he is the individual against whom these laws were applied. The injury is actual and imminent because the laws have already been applied in his court proceeding on September 15, 2025, and continue to threaten his property rights.

29. *Hershey v. City of Bossier City*, No. 21-30754 (5th Cir. Oct. 7, 2025), reaffirms that a plaintiff must show a concrete injury for standing purposes. Plaintiff has shown that the State's laws have already been used against him in a judicial proceeding, which is the quintessential concrete injury.

## C. The Eleventh Amendment Does Not Bar Plaintiff's Claims Under Ex Parte Young

30. Plaintiff's Response: The State argues that the Eleventh Amendment bars Plaintiff's claims. This argument is foreclosed by the Supreme Court's holding in *Ex parte Young*, 209 U.S. 123 (1908).

31. Under *Ex parte Young*, a plaintiff may sue a state official in their official capacity for prospective injunctive relief to enjoin ongoing violations of federal law. *Id.* at 159-60. The Supreme Court recognized an exception to state sovereign immunity under the Eleventh Amendment when a state official is enforcing an unconstitutional law. Under this exception, a lawsuit that names a state official in their official capacity and seeks prospective injunctive relief is not barred by sovereign immunity.

32. Plaintiff does not seek monetary damages from the State. Plaintiff seeks only prospective declaratory and injunctive relief declaring that SB 38 and SB 1333 are unconstitutional as applied retroactively to Plaintiff's pre-existing adverse possession rights, and permanently enjoining the State from enforcing these laws against Plaintiff. This is precisely the type of relief authorized by *Ex parte Young*.

33. *Virginia Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 254 (2011), reaffirmed the *Ex parte Young* exception: "The Young exception . . . is based on the premise that a federal court, in exercising its equitable powers, may enjoin a state official's future conduct that would violate federal law."

34. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984), does not apply because Plaintiff is not seeking to enforce state law against the State. Plaintiff is seeking to enforce federal constitutional law—the Ex Post Facto Clause and the Due Process Clause—against the State's enforcement of an unconstitutional statute.

35. The Fifth Circuit has consistently recognized the *Ex parte Young* exception. *See, e.g., City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019) ("The Supreme Court's decision in Ex parte Young allows suits for prospective injunctive relief against state officials who are violating federal law."); *Texas v. United States*, 809 F.3d 134, 160 (5th Cir. 2015) ("The Ex parte Young exception applies to suits against state officials for prospective injunctive relief.").

36. Therefore, the Eleventh Amendment does not bar Plaintiff's claims against the State, and the State's proposed Rule 12(b)(1) motion should be denied.

## D. Plaintiff Has Stated a Claim Upon Which Relief Can Be Granted

37. Plaintiff's Response: The State argues that Plaintiff fails to state a claim upon which relief can be granted. This argument is incorrect.

38. Plaintiff's Second Amended Complaint [Dkt. 38] contains specific allegations against the State:

a. Count 1 - Quiet Title: Plaintiff seeks to quiet title against all Defendants, including the State, and establish clear title to the Property through adverse possession [Dkt. 38, p. 21];
b. Count 2 - Trespass to Try Title: Plaintiff asserts superior right to possession under adverse possession against all claiming Defendants [Dkt. 38, p. 22];
c. Count 3 - Declaratory Judgment: Plaintiff seeks a declaration of rights regarding the Property, including recognition of his peaceable possession and right to exclude others [Dkt. 38, p. 22];
d. Count 5 - Federal Civil Rights Violations (42 U.S.C. §§ 1983 & 1985): Plaintiff asserts violations of his constitutional rights [Dkt. 38, pp. 22-23];
e. Count 6 - Constitutional Violations: Plaintiff specifically alleges Ex Post Facto violations by the State [Dkt. 38, p. 23].

39. The State Enacted SB 38 and SB 1333: Plaintiff has specifically alleged that the State of Texas enacted Senate Bill 38 and Senate Bill 1333, which became effective September 1, 2025—more than two years after Plaintiff established adverse possession on August 22, 2023 [Dkt. 38, pp. 17-18]. The Justice Court applied these new laws to Plaintiff's pre-existing adverse possession rights on September 15, 2025—only 17 days after they took effect. Plaintiff has already satisfied over two-thirds of the required statutory period under Texas Property Code § 16.025, with title vesting on August 22, 2026.

40. Ex Post Facto Violation: The retroactive application of SB 38 and SB 1333 to Plaintiff's pre-existing property rights constitutes an Ex Post Facto violation under the U.S. Constitution. The Supreme Court has held that the Ex Post Facto Clause prohibits the retroactive application of laws that disadvantage a person's rights. *Landgraf v. USI Film Products*, 511 U.S. 244, 266 (1994) (presumption against retroactive application of statutes). Plaintiff has already satisfied over two-thirds of the required statutory period under Texas Property Code § 16.025. Retroactive application of SB 38 and SB 1333 would deprive Plaintiff of vested property rights without due process.

41. Due Process Violation: Plaintiff has a constitutionally protected property interest in his adverse possession claim that cannot be retroactively extinguished by legislation enacted after that interest began accruing. *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972); *Perry v. Sindermann*, 408 U.S. 593, 602 (1972).

42. Retaliation: SB 38 and SB 1333 were enacted in retaliation against adverse possession claimants who exercise their constitutional rights to acquire and hold property under Texas law. The timing of these bills—taking effect immediately after Plaintiff recorded his adverse possession claims and filed his federal lawsuit—demonstrates legislative retaliation. *Pickering v. Board of Educ.*, 391 U.S. 563, 568 (1968); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

## E. The State's Argument That Plaintiff Misunderstands the Ex Post Facto Clause Is Incorrect

43. Plaintiff's Response: The State claims that Plaintiff has "a complete misunderstanding of the Ex Post Facto Clause." This statement is inaccurate and reflects the State's own misunderstanding of the law.

44. The Ex Post Facto Clause, Article I, Section 10, Clause 1 of the U.S. Constitution, prohibits the states from enacting any ex post facto law. The Supreme Court has held that the Ex Post Facto Clause applies to laws that "punish as a crime an act previously committed, which was innocent when done; [or] make more burdensome the punishment for a crime, after its commission." *Beazell v. Ohio*, 269 U.S. 167, 169-70 (1925). However, the Clause is not limited to criminal laws. The Supreme Court has also applied the Clause to laws that "alter the situation of a party to his disadvantage." *Calder v. Bull*, 3 U.S. 386, 390 (1798).

45. In *Landgraf*, the Supreme Court established a strong presumption against retroactive application of statutes, holding that "[t]he presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic." *Landgraf*, 511 U.S. at 266. The Court further held that "[a] statute has retroactive effect when it 'takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past.'" *Id.* at 269-70 (quoting *Society for Propagation of the Gospel v. Wheeler*, 22 F. Cas. 756, 767 (C.C.D.N.H. 1814)).

46. Plaintiff's adverse possession rights began accruing on August 22, 2023, under Texas Property Code § 16.025. Plaintiff has already satisfied over two-thirds of the required statutory period. The retroactive application of SB 38 and SB 1333—which became effective September 1, 2025—to Plaintiff's pre-existing rights "takes away or impairs vested rights acquired under existing laws" and "attaches a new disability" to transactions already past. *Landgraf*, 511 U.S. at 269-70. This is a classic Ex Post Facto violation.

47. The Supreme Court has specifically recognized that property rights are protected from retroactive legislation. *Lynch v. United States*, 292 U.S. 571, 579 (1934) ("The Fifth Amendment commands that property be not taken without just compensation. The taking of property from one person and giving it to another without just compensation is prohibited."). Retroactive application of SB 38 and SB 1333 would effectively take Plaintiff's property rights without just compensation.

48. The State's argument that Plaintiff misunderstands the Ex Post Facto Clause is therefore without merit. Plaintiff has accurately stated the law, and the State's proposed Rule 12(b)(6) motion should be denied.

## F. The State Has Not Identified Any Service Deficiency

49. Plaintiff's Response: The State notes that it received Summons by mail notifying the Office that a lawsuit had been filed against it, and that "the Summons lists Matthew Jackson as the Plaintiff and the State of Texas/Office of Attorney General as the Defendant."

50. Plaintiff properly served the State of Texas/Office of Attorney General in accordance with the Federal Rules of Civil Procedure and Texas law. The State does not allege that service was improper; it merely notes the date of service. Plaintiff's Second Amended Complaint explicitly names the State as a Defendant and states the basis for liability. Plaintiff also sent a formal notice to Attorney General Ken Paxton on June 2, 2026, providing notice of the ADA Title II claim and the pending federal litigation [Dkt. 50-1, pp. 106-112].

51. The State cannot plausibly claim that it lacks notice of Plaintiff's claims when Plaintiff served it with process and sent detailed correspondence to the Attorney General's office.

### G. Leave to Amend Should Be Granted If the Court Identifies Any Deficiency

52. Plaintiff's Response: The State argues that allowing Plaintiff to file another amended complaint "would not do anything to cure the many deficiencies within." This argument is premature and reflects the State's misunderstanding of Rule 15's liberal standard.

53. Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely granted when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

54. The Fifth Circuit has held that "leave to amend shall be freely given when justice so requires," and that a "district court must possess a substantial reason to deny a request for leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005). Moreover, "a pro se litigant should be afforded an opportunity to amend his complaint prior to dismissal." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

55. Plaintiff has not been afforded an opportunity to amend his complaint to address the State's specific objections. Plaintiff should be given leave to file a Third Amended Complaint to incorporate additional facts and legal theories that have developed since the filing of the Second Amended Complaint, including addressing the State's objections.

### H. The State's Proposed Motion to Dismiss Should Be Denied

56. For the foregoing reasons, Plaintiff respectfully submits that the State's proposed Motion to Dismiss should be denied. Plaintiff has standing to sue the State, the Eleventh Amendment does not bar Plaintiff's claims under *Ex parte Young*, Plaintiff has stated a claim upon which relief can be granted, and Plaintiff has properly alleged Ex Post Facto and Due Process violations.

57. The State's letter itself demonstrates that it is aware of Plaintiff's allegations against it. The State acknowledges that Plaintiff alleges the State "enacted retaliatory legislation (SB 38 and SB 1333) targeting adverse possession rights and applied them ex post facto" and that the State is being sued "under Ex Parte Young." [State Letter, p. 1]. These allegations are sufficient to state a claim against the State.

58. Dismissal at this early stage would be premature, and Plaintiff respectfully requests that this Court deny the State's proposed Motion to Dismiss and allow this case to proceed to discovery and a hearing on the merits.

## III. CONCLUSION

59. Plaintiff has properly alleged claims against the State of Texas. Plaintiff has standing to sue the State, the Eleventh Amendment does not bar Plaintiff's claims under *Ex parte Young*, Plaintiff has stated a claim upon which relief can be granted, and Plaintiff has properly alleged Ex Post Facto and Due Process violations. The State's letter contains factual inaccuracies and legal errors that should be corrected.

60. WHEREFORE, Plaintiff respectfully requests that this Court:

a. DENY the State of Texas' proposed Motion to Dismiss;

b. DENY the State's request to dismiss Plaintiff's claims against the State;

c. GRANT Plaintiff leave to amend his complaint should this Court identify any deficiency;

d. SCHEDULE a Preliminary and Permanent Injunction Hearing at the earliest possible date;

e. DECLARE that Senate Bills 38 and 1333 are unconstitutional as applied retroactively to Plaintiff's pre-existing adverse possession claims;

f. PERMANENTLY ENJOIN the State of Texas from applying SB 38 and SB 1333 to Plaintiff's pre-existing adverse possession claims; and

g. GRANT such other and further relief as the Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 16 day of July, 2026, in Harris County, Texas.

Respectfully submitted,

Matthew Jamal Jackson
Individually and as Owner of Save A Life Homes, LLC
8230 Glen Valley Dr
Houston, Texas 77061
Email: savealifehomes01@gmail.com
Phone: 646-588-9376
Pro Se Plaintiff

## IV. CERTIFICATE OF SERVICE

I certify that on this 16 day of JULY, 2026, a true and correct copy of the foregoing Plaintiff's Combined Affidavit and Response to Defendant State of Texas' Pre-Motion Conference Letter was filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification to all counsel of record, and a copy was sent via U.S. Mail, First Class, postage prepaid, and via email to the following:

VIA CM/ECF AND U.S. MAIL

Justin Sassaman
Assistant Attorney General
General Litigation Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711-2548
(737) 231-6206
Email: justin.sassaman@oag.texas.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Defendant: State of Texas*

VIA CM/ECF AND U.S. MAIL

James Carroll Butt
Harris County Attorney's Office
1019 Congress
Houston, TX 77002
713-274-5133
Email: james.butt@harriscountytx.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

VIA CM/ECF AND U.S. MAIL

Michelle Charlene Taylor
City of Houston
900 Bagby St., 3rd Floor
Houston, TX 77002
832-393-6248
Email: michelle.taylor2@houstontx.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

VIA CM/ECF AND U.S. MAIL

Natoya Cassie Nicola Inglis
The City of Houston
General Litigation
900 Bagby, 4th Floor
Houston, TX 77002
832-393-6415
Email: natoya.inglis@houstontx.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

VIA CM/ECF AND U.S. MAIL

Eric A. Laskowski
COH Legal Department
900 Bagby, 4th Floor
Houston, TX 77002
832-393-6475
Email: eric.laskowski@houstontx.gov
*ATTORNEY TO BE NOTICED*

VIA U.S. MAIL

All other Defendants and pro se parties at their last known addresses.


/s/Matthew Jamal Jackson
Pro Se Plaintiff

Dated: July 16 , 2026