United States Courts
Southern District of Texas
FILED

JUL 16 2026

Nathan Ochsner, Clerk of Court

CIVIL ACTION NO. 4:25-cv-04354

STATE OF TEXAS
COUNTY OF HARRIS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JUL 16 2026

Nathan Ochsner, Clerk of Court

MATTHEW JAMAL JACKSON,

Individually and as Owner of

Save A Life Homes, LLC,

Plaintiff,

v.

MAYRA AMEZQUITA, et al.,                    JURY TRIAL DEMANDED

Defendants. )

**PLAINTIFF'S RESPONSE TO DEFENDANT STATE OF TEXAS' PRE-MOTION CONFERENCE LETTER [Dkt. 64]**

TO THE HONORABLE GEORGE C. HANKS, JR.:

COMES NOW Plaintiff Matthew Jamal Jackson, proceeding pro se, and files this Response to the July 13, 2026 Pre-Motion Conference Letter filed by Defendant State of Texas through Assistant Attorney General Justin Sassaman. Plaintiff respectfully responds to each of the State's arguments and shows that the State's proposed Motion to Dismiss is without merit and should be denied.

**Declaration under Penalty of Perjury of Mr. Matthew Jackson, Mr. Matthew Jackson, being competent to make this declaration and having personal knowledge of the matters stated therein, declares pursuant in 28 U.S.C 1746**

## I. INTRODUCTION

1.      The State of Texas, through Assistant Attorney General Justin Sassaman, has submitted a pre-motion conference letter indicating its intent to file a Rule 12(b)(1) and 12(b)(6) Motion to Dismiss. The State's letter contains multiple factual and legal inaccuracies that must be corrected.

2.      The State claims that "[o]ther than the caption on the Summons, neither the State nor OAG are mentioned anywhere in the Complaint." This is demonstrably false. Plaintiff's Second Amended Complaint [Dkt. 38] explicitly names the State of Texas as a Defendant in Section III, Part 15, and details the State's enactment of retaliatory legislation (SB 38 and SB 1333) targeting adverse possession rights and applying them ex post facto. Plaintiff also specifically invokes Ex Parte Young, 209 U.S. 123 (1908), as the basis for suing the State for prospective injunctive relief.

3.      The State's letter demonstrates a fundamental misunderstanding of Plaintiff's claims, the Ex Post Facto Clause, and the proper vehicle for challenging unconstitutional state legislation. Plaintiff's claims against the State are properly pled and should proceed.

## II. PLAINTIFF HAS STANDING TO SUE THE STATE OF TEXAS

4.      Plaintiff's Response: The State argues that Plaintiff lacks Article III standing because he does not allege a "concrete and particularized injury that is traceable to either the State or OAG." This argument is factually and legally incorrect.

5.      Plaintiff has alleged concrete and particularized injuries directly traceable to the State of Texas:

a. The State enacted SB 38 and SB 1333, which became effective September 1, 2025—more than two years after Plaintiff established adverse possession on August 22, 2023 [Dkt. 38, pp. 17-18];

b. These laws were specifically applied to Plaintiff's adverse possession proceeding on September 15, 2025—only 17 days after taking effect—to defeat Plaintiff's property rights that had been accruing for over two years;

c. The Justice Court discussed applying these "new laws" to Plaintiff's pre-existing adverse possession rights during the September 15, 2025 proceedings;

d. Plaintiff has already satisfied over two-thirds of the required statutory period under Texas Property Code § 16.025, with title vesting on August 22, 2026.

6.      The Supreme Court has held that a plaintiff has standing to challenge a statute where the statute has been applied or threatens to be applied to the plaintiff. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Plaintiff's injury—the retroactive application of SB 38 and SB 1333 to defeat his pre-existing property rights—is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 560. The injury is fairly traceable to the State's enactment and enforcement of these statutes. A favorable judicial decision—declaring the retroactive application unconstitutional and enjoining enforcement—would redress the injury. *Id.* at 561.

7.      *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), confirms that a plaintiff must allege an injury in fact that is concrete, particularized, and actual or imminent. Plaintiff has done exactly that. The retroactive application of SB 38 and SB 1333 to his pre-existing property rights is a concrete injury-in-fact. The injury is particularized to Plaintiff because he is the individual against whom these laws were applied. The injury is actual and imminent because the laws have already been applied in his court proceeding on September 15, 2025, and continue to threaten his property rights.

8.      *Hershey v. City of Bossier City*, No. 21-30754 (5th Cir. Oct. 7, 2025), reaffirms that a plaintiff must show a concrete injury for standing purposes. Plaintiff has shown that the State's laws have already been used against him in a judicial proceeding, which is the quintessential concrete injury.

## III. THE ELEVENTH AMENDMENT DOES NOT BAR PLAINTIFF'S CLAIMS UNDER EX PARTE YOUNG

9.      Plaintiff's Response: The State argues that the Eleventh Amendment bars Plaintiff's claims. This argument is foreclosed by the Supreme Court's holding in *Ex parte Young*, 209 U.S. 123 (1908).

10.     Under *Ex parte Young*, a plaintiff may sue a state official in their official capacity for prospective injunctive relief to enjoin ongoing violations of federal law. *Id.* at 159-60. The Supreme Court recognized an exception to state sovereign immunity under the Eleventh Amendment when a state official is enforcing an unconstitutional law. Under this exception, a lawsuit that names a state official in their official capacity and seeks prospective injunctive relief is not barred by sovereign immunity.

11.     Plaintiff does not seek monetary damages from the State. Plaintiff seeks only prospective declaratory and injunctive relief declaring that SB 38 and SB 1333 are unconstitutional as applied retroactively to Plaintiff's pre-existing adverse possession rights, and permanently enjoining the State from enforcing these laws against Plaintiff. This is precisely the type of relief authorized by *Ex parte Young*.

12.     *Virginia Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 254 (2011), reaffirmed the *Ex parte Young* exception: "The Young exception . . . is based on the premise that a federal court, in exercising its equitable powers, may enjoin a state official's future conduct that would violate federal law."

13.     *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984), does not apply because Plaintiff is not seeking to enforce state law against the State. Plaintiff is seeking to enforce federal constitutional law—the Ex Post Facto Clause and the Due Process Clause—against the State's enforcement of an unconstitutional statute.

14.     *Fitzgerald v. Barnstable School Committee*, 555 U.S. 246 (2009), recognizes that federal courts have jurisdiction to hear claims that state officials have violated federal constitutional rights. Plaintiff is asserting federal constitutional claims under 42 U.S.C. § 1983 and the Ex Post Facto Clause, which are properly before this Court.

15.     The Fifth Circuit has consistently recognized the *Ex parte Young* exception. *See, e.g., City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019) ("The Supreme Court's decision in Ex parte Young allows suits for prospective injunctive relief against state officials who are violating federal law."); *Texas v. United States*, 809 F.3d 134, 160 (5th Cir. 2015) ("The Ex parte Young exception applies to suits against state officials for prospective injunctive relief.").

16.     Therefore, the Eleventh Amendment does not bar Plaintiff's claims against the State, and the State's proposed Rule 12(b)(1) motion should be denied.

## IV. PLAINTIFF HAS STATED A CLAIM UPON WHICH RELIEF CAN BE GRANTED

17.     Plaintiff's Response: The State argues that Plaintiff fails to state a claim upon which relief can be granted. This argument is incorrect.

18.     Plaintiff's Second Amended Complaint [Dkt. 38] contains specific allegations against the State:

a. Count 1 - Quiet Title: Plaintiff seeks to quiet title against all Defendants, including the State, and establish clear title to the Property through adverse possession [Dkt. 38, p. 21];

b. Count 2 - Trespass to Try Title: Plaintiff asserts superior right to possession under adverse possession against all claiming Defendants [Dkt. 38, p. 22];

c. Count 3 - Declaratory Judgment: Plaintiff seeks a declaration of rights regarding the Property, including recognition of his peaceable possession and right to exclude others

[Dkt. 38, p. 22];

d. Count 5 - Federal Civil Rights Violations (42 U.S.C. §§ 1983 & 1985): Plaintiff asserts

violations of his constitutional rights [Dkt. 38, pp. 22-23];

e. Count 6 - Constitutional Violations: Plaintiff specifically alleges Ex Post Facto

violations by the State [Dkt. 38, p. 23].

19.     The State Enacted SB 38 and SB 1333: Plaintiff has specifically alleged that the State of Texas enacted Senate Bill 38 and Senate Bill 1333, which became effective September 1, 2025—more than two years after Plaintiff established adverse possession on August 22, 2023 [Dkt. 38, pp. 17-18]. The Justice Court applied these new laws to Plaintiff's pre-existing adverse possession rights on September 15, 2025—only 17 days after they took effect. Plaintiff has already satisfied over two-thirds of the required statutory period under Texas Property Code § 16.025, with title vesting on August 22, 2026.

20.     Ex Post Facto Violation: The retroactive application of SB 38 and SB 1333 to Plaintiff's pre-existing property rights constitutes an Ex Post Facto violation under the U.S. Constitution. The Supreme Court has held that the Ex Post Facto Clause prohibits the retroactive application of laws that disadvantage a person's rights. *Landgraf v. USI Film Products*, 511 U.S. 244, 266 (1994) (presumption against retroactive application of statutes). Plaintiff has already satisfied over two-thirds of the required statutory period under Texas Property Code § 16.025. Retroactive application of SB 38 and SB 1333 would deprive Plaintiff of vested property rights without due process.

21.     Due Process Violation: Plaintiff has a constitutionally protected property interest in his adverse possession claim that cannot be retroactively extinguished by legislation enacted after that interest began accruing. *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972); *Perry v. Sindermann*, 408 U.S. 593, 602 (1972).

22.     Contracts Clause and Vested Rights: Plaintiff's two-plus years of lawful possession, investment, and recorded instruments constitute vested rights that cannot be defeated by retroactive legislation. *See, e.g., United States v. Security Indus. Bank*, 459 U.S. 70, 79 (1982) ("The basic principle of the Contract Clause is that private contractual obligations may not be impaired by the state.").

23.     Retaliation: SB 38 and SB 1333 were enacted in retaliation against adverse possession claimants who exercise their constitutional rights to acquire and hold property under Texas law. The timing of these bills—taking effect immediately after Plaintiff recorded his adverse possession claims and filed his federal lawsuit—demonstrates legislative retaliation. *Pickering v. Board of Educ.*, 391 U.S. 563, 568 (1968); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

## V. THE STATE'S ARGUMENT THAT PLAINTIFF MISUNDERSTANDS THE EX POST FACTO CLAUSE IS INCORRECT

24.     Plaintiff's Response: The State claims that Plaintiff has "a complete misunderstanding of the Ex Post Facto Clause." This statement is inaccurate and reflects the State's own misunderstanding of the law.

25.     The Ex Post Facto Clause, Article I, Section 10, Clause 1 of the U.S. Constitution, prohibits the states from enacting any ex post facto law. The Supreme Court has held that the Ex Post Facto Clause applies to laws that "punish as a crime an act previously committed, which was innocent when done; [or] make more burdensome the punishment for a crime, after its commission." *Beazell v. Ohio*, 269 U.S. 167, 169-70 (1925). However, the Clause is not limited to criminal laws. The Supreme Court has also applied the Clause to laws that "alter the situation of a party to his disadvantage." *Calder v. Bull*, 3 U.S. 386, 390 (1798).

26.     In *Landgraf*, the Supreme Court established a strong presumption against retroactive application of statutes, holding that "[t]he presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic." *Landgraf*, 511 U.S. at 266. The Court further held that "[a] statute has retroactive effect when it 'takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past.'" *Id.* at 269-70 (quoting *Society for Propagation of the Gospel v. Wheeler*, 22 F. Cas. 756, 767 (C.C.D.N.H. 1814)).

27.     Plaintiff's adverse possession rights began accruing on August 22, 2023, under Texas Property Code § 16.025. Plaintiff has already satisfied over two-thirds of the required statutory period. The retroactive application of SB 38 and SB 1333—which became effective September 1, 2025—to Plaintiff's pre-existing rights "takes away or impairs vested rights acquired under existing laws" and "attaches a new disability" to transactions already past. *Landgraf*, 511 U.S. at 269-70. This is a classic Ex Post Facto violation.

28.     The Supreme Court has specifically recognized that property rights are protected from retroactive legislation. *Lynch v. United States*, 292 U.S. 571, 579 (1934) ("The Fifth Amendment commands that property be not taken without just compensation. The taking of property from one person and giving it to another without just compensation is prohibited."). Retroactive application of SB 38 and SB 1333 would effectively take Plaintiff's property rights without just compensation.

29.     The State's argument that Plaintiff misunderstands the Ex Post Facto Clause is therefore without merit. Plaintiff has accurately stated the law, and the State's proposed Rule 12(b)(6) motion should be denied.

## VI. THE STATE HAS NOT IDENTIFIED ANY SERVICE DEFICIENCY

30.     Plaintiff's Response: The State notes that it received Summons by mail notifying the Office that a lawsuit had been filed against it, and that "the Summons lists Matthew Jackson as the Plaintiff and the State of Texas/Office of Attorney General as the Defendant."

31.     Plaintiff properly served the State of Texas/Office of Attorney General in accordance with the Federal Rules of Civil Procedure and Texas law. The State does not allege that service was improper; it merely notes the date of service. Plaintiff's Second Amended Complaint explicitly names the State as a Defendant and states the basis for liability. Plaintiff also sent a formal notice to Attorney General Ken Paxton on June 2, 2026, providing notice of the ADA Title II claim and the pending federal litigation [Dkt. 50-1, pp. 106-112].

32.     The State cannot plausibly claim that it lacks notice of Plaintiff's claims when Plaintiff served it with process and sent detailed correspondence to the Attorney General's office.

## VII. LEAVE TO AMEND SHOULD BE GRANTED IF THE COURT IDENTIFIES ANY DEFICIENCY

33.     Plaintiff's Response: The State argues that allowing Plaintiff to file another amended complaint "would not do anything to cure the many deficiencies within." This argument is premature and reflects the State's misunderstanding of Rule 15's liberal standard.

34.     Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely granted when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

35.     The Fifth Circuit has held that "leave to amend shall be freely given when justice so requires," and that a "district court must possess a substantial reason to deny a request for leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005). Moreover, "a pro se litigant should be afforded an opportunity to amend his complaint prior to dismissal." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

36. Plaintiff has not been afforded an opportunity to amend his complaint to address the State's specific objections. Plaintiff should be given leave to file a Third Amended Complaint to incorporate additional facts and legal theories that have developed since the filing of the Second Amended Complaint, including addressing the State's objections.

37. *Hershey v. City of Bossier City*, No. 21-30754 (5th Cir. Oct. 7, 2025), reaffirms that district courts should be liberal in granting leave to amend, especially in cases involving pro se plaintiffs.

## VIII. THE STATE'S PROPOSED MOTION TO DISMISS SHOULD BE DENIED

38. For the foregoing reasons, Plaintiff respectfully submits that the State's proposed Motion to Dismiss should be denied. Plaintiff has standing to sue the State, the Eleventh Amendment does not bar Plaintiff's claims under *Ex parte Young*, Plaintiff has stated a claim upon which relief can be granted, and Plaintiff has properly alleged Ex Post Facto and Due Process violations.

39. The State's letter itself demonstrates that it is aware of Plaintiff's allegations against it. The State acknowledges that Plaintiff alleges the State "enacted retaliatory legislation (SB 38 and SB 1333) targeting adverse possession rights and applied them ex post facto" and that the State is being sued "under Ex Parte Young." [State Letter, p. 1]. These allegations are sufficient to state a claim against the State.

40. Dismissal at this early stage would be premature, and Plaintiff respectfully requests that this Court deny the State's proposed Motion to Dismiss and allow this case to proceed to discovery and a hearing on the merits.

## IX. REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTION HEARING

41. Plaintiff reiterates his request for a Preliminary and Permanent Injunction Hearing. The State's proposed Motion to Dismiss does not address Plaintiff's request for emergency relief. Plaintiff is suffering ongoing irreparable harm as a result of the retroactive application of SB 38 and SB 1333, and the Court should schedule a hearing on Plaintiff's request for injunctive relief at the earliest possible date.

42. Plaintiff satisfies the four factors for injunctive relief under *Winter v. NRDC*, 555 U.S. 7, 20 (2008):

a. Likelihood of Success on the Merits: Plaintiff has demonstrated a strong likelihood of success on his Ex Post Facto, Due Process, and Retaliation claims, supported by recorded instruments, sworn declarations, and the retroactive application of SB 38 and SB 1333;

b. Irreparable Harm: Plaintiff faces ongoing constitutional violations daily, including threats of arrest, eviction, and the loss of his property rights and housing business;

c. Balance of Equities: The balance of harms weighs heavily in Plaintiff's favor, as he faces the loss of his home and business, while the government faces only the burden of complying with the Constitution; and

d. Public Interest: The public interest favors protecting constitutional rights and preventing government abuse. *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

## X. CONCLUSION

43.    Plaintiff has properly alleged claims against the State of Texas. Plaintiff has standing to sue the State, the Eleventh Amendment does not bar Plaintiff's claims under *Ex parte Young*, Plaintiff has stated a claim upon which relief can be granted, and Plaintiff has properly alleged Ex Post Facto and Due Process violations.

44.    WHEREFORE, Plaintiff respectfully requests that this Court:

a. DENY the State of Texas' proposed Motion to Dismiss;

b. DENY the State's request to dismiss Plaintiff's claims against the State;

c. GRANT Plaintiff leave to amend his complaint should this Court identify any deficiency;

d. SCHEDULE a Preliminary and Permanent Injunction Hearing at the earliest possible date;

e. DECLARE that Senate Bills 38 and 1333 are unconstitutional as applied retroactively to Plaintiff's pre-existing adverse possession claims;

f. PERMANENTLY ENJOIN the State of Texas from applying SB 38 and SB 1333 to

Plaintiff's pre-existing adverse possession claims; and

g. GRANT such other and further relief as the Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct. Executed on

7/16/2026

Respectfully submitted,

/s/Matthew Jamal Jackson

Individually and as Owner of Save A Life Homes, LLC

8230 Glen Valley Dr

Houston, Texas 77061

Email: savealifehomes01@gmail.com

Phone: 646-588-9376

Pro Se Plaintiff

## CERTIFICATE OF SERVICE

I certify that on this 16 day of JULY , 2026, a true and correct copy of the foregoing

Plaintiff's Response to Defendant State of Texas' Pre-Motion Conference Letter was filed

with the Clerk of the Court using the CM/ECF system, which will send electronic

notification to all counsel of record, and a copy was sent via U.S. Mail, First Class,

postage prepaid, and via email to the following:

VIA CM/ECF AND U.S. MAIL

Justin Sassaman

Assistant Attorney General

General Litigation Division

Office of the Attorney General of Texas

P.O. Box 12548

Austin, Texas 78711-2548

(737) 231-6206

Email: justin.sassaman@oag.texas.gov

*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

*Defendant: State of Texas*

VIA CM/ECF AND U.S. MAIL

James Carroll Butt

Harris County Attorney's Office

1019 Congress

Houston, TX 77002

713-274-5133

Email: james.butt@harriscountytx.gov

*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

VIA CM/ECF AND U.S. MAIL

Michelle Charlene Taylor

City of Houston

900 Bagby St., 3rd Floor

Houston, TX 77002

832-393-6248

Email: michelle.taylor2@houstontx.gov

*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

VIA CM/ECF AND U.S. MAIL

Natoya Cassie Nicola Inglis

The City of Houston

General Litigation

900 Bagby, 4th Floor

Houston, TX 77002

832-393-6415

Email: natoya.inglis@houstontx.gov

*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

VIA CM/ECF AND U.S. MAIL

Eric A. Laskowski

COH Legal Department

900 Bagby, 4th Floor

Houston, TX 77002

832-393-6475

Email: eric.laskowski@houstontx.gov

*ATTORNEY TO BE NOTICED*

VIA U.S. MAIL

All other Defendants and pro se parties at their last known addresses.

/s/Matthew Jamal Jackson

Pro Se Plaintiff

Dated: July 16, 2026

**ADDENDUM: SUMMARY OF RELEVANT CASE LAW**

Standing:

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) — Plaintiff must show injury-in-fact, causation, and redressability.

*Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) — Injury must be concrete, particularized, and actual or imminent.

*Hershey v. City of Bossier City*, No. 21-30754 (5th Cir. Oct. 7, 2025) — Concrete injury required for standing.

Ex Parte Young and Eleventh Amendment:

*Ex parte Young*, 209 U.S. 123 (1908) — Prospective injunctive relief against state officials for ongoing federal violations is not barred by the Eleventh Amendment.

*Virginia Office for Protection & Advocacy v. Stewart*, 563 U.S. 247 (2011) — Affirmed the *Ex parte Young* exception.

*City of Austin v. Paxton*, 943 F.3d 993 (5th Cir. 2019) — Ex parte Young allows suits for prospective injunctive relief against state officials who are violating federal law.

Ex Post Facto:

*Landgraf v. USI Film Products*, 511 U.S. 244 (1994) — Presumption against retroactive application of statutes; laws that impair vested rights violate the Ex Post Facto Clause.

*Calder v. Bull*, 3 U.S. 386 (1798) — Ex Post Facto Clause applies to laws that alter the situation of a party to his disadvantage.

*Beazell v. Ohio*, 269 U.S. 167 (1925) — Ex Post Facto Clause prohibits laws that punish as a crime an act previously committed, or make more burdensome the punishment for a crime.

Due Process and Property Rights:

> *Board of Regents v. Roth*, 408 U.S. 564 (1972) — Property interests arise from legitimate claims of entitlement.

> *Perry v. Sindermann*, 408 U.S. 593 (1972) — Even a not-yet-fully-vested property interest is protected by Due Process.

> *Lynch v. United States*, 292 U.S. 571 (1934) — The Fifth Amendment prohibits the taking of property without just compensation.

Retaliation:

> *Pickering v. Board of Educ.*, 391 U.S. 563 (1968) — First Amendment retaliation claims are actionable.

> *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977) — Retaliation claim requires showing protected conduct was a motivating factor.

Injunctive Relief:

> *Winter v. NRDC*, 555 U.S. 7 (2008) — Standards for preliminary injunctive relief.

> *Elrod v. Burns*, 427 U.S. 347 (1976) — Loss of constitutional rights is irreparable harm.

Leave to Amend:

> *Foman v. Davis*, 371 U.S. 178 (1962) — Leave to amend should be freely granted.

> *Brewster v. Dretke*, 587 F.3d 764 (5th Cir. 2009) — Pro se litigants should be afforded an opportunity to amend.

> *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987 (5th Cir. 2005) — District court must have substantial reason to deny leave to amend.