Carrington Coleman

Emily H. Owen
ATTORNEY
214.855.3033
eowen@ccsb.com

August 14, 2026

***VIA ECF***

Honorable George C. Hanks, Jr.
United States District Judge
Southern District of Texas

Re: *Matthew Jackson v. Mayra Amezquita, et al.*; Cause No. 4:25-cv-04354 – Request for Pre-Motion Conference

Under Section 6.B of the Court's Procedures, Housing Alliance HTX (HAHTX)[1] and Adrian Hudspeth request a pre-motion conference and leave to file a motion to dismiss under Rule 12(b)(6).

**Nature of the Suit**

Plaintiff Matthew Jackson's claims all appear to stem from eviction proceedings initiated against him from properties he alleges he either has established or is attempting to establish adverse possession. He appears to allege violations of the First Amendment, Fourteenth Amendment, Equal Protection Clause, rights to make and enforce contracts under 42 U.S.C. § 1981, equal property rights under 42 U.S.C. § 1982, Fair Housing Act §§ 3604, 3617, and 3613, the Americans with Disabilities Act, the Rehabilitation Act, the Commerce Clause, and the Racketeer Influenced and Corrupt Organizations Act. He further alleges a government conspiracy under 42 U.S.C. § 1985 and intentional infliction of emotional distress.

**Statement of Facts**

The factual allegations against HAHTX and Hudspeth are that (1) HAHTX did not issue a document certifying that Plaintiff attended a landlord orientation; (2) HAHTX made unspecified changes to its online landlord portal; and (3) police officers visited a property that Plaintiff alleges he adversely possessed on the same day that

---

[1] In this litigation, Plaintiff has named Jamie Bryant, President and CEO of HAHTX, as a defendant in his official and individual capacities. Used herein, HAHTX encompasses Jamie Bryant in his official capacity (only). *Bustillos v. El Paso Cnty. Hosp. Dist.*, 226 F. Supp. 3d 778, 789 (W.D. Tex. 2016) (citing *Monell v. Department of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978)) ("A claim against a municipal official in his or her official capacity is tantamount to a suit against the municipal entity."). To HAHTX and Hudspeth's knowledge, Jamie Bryant has not been served with this lawsuit, and they and their counsel do not purport to appear on behalf of Bryant with respect to any claims made against him individually.

he sent Hudspeth an email regarding that property. Based on these allegations, Plaintiff raises the causes of action listed above.

**Basis for the Anticipated Motion**

Plaintiff's live Complaint fails to state a claim upon which relief can be granted. Hudspeth is entitled to qualified immunity for all claims against him. Additionally, the Complaint does not allege sufficient facts to hold HAHTX liable for a § 1983 violation under the standards of *Monell*. Additionally, all state law claims against HAHTX are barred by sovereign immunity, and such allegations do not fall within the limited waiver of immunity found in the Texas Tort Claims Act. Finally, the Complaint does not allege facts sufficient to establish liability of either HAHTX or Hudspeth under any other cause of action it lists. HAHTX and Hudspeth therefore seek to file a motion under Feder Rule of Civil Procedure 12(b)(6).

**Conference with Other Parties**

The undersigned counsel conferred with all parties who have appeared in this lawsuit via email. Counsel for the State of Texas, the City of Houston, the Houston Police Department, and Harris County Constable Precinct 2 stated they are unopposed. Plaintiff stated that he is opposed.

For the reasons stated above, HAHTX and Hudspeth respectfully request a pre-motion conference and leave to file their motion to dismiss.

Sincerely,

Emily Owen

CC: Plaintiff (*via CMRRR, 8230 Glen Valley Dr. Houston, TX 77061*)
All Counsel of Record (*via ECF*)