Fidelity National Law Group
6900 Dallas Parkway, Suite 610
Plano, Texas 75024

August 14, 2026

**VIA ECF Filing**
**VIA E-Mail to Kimberly Picota cm4147@txs.uscourts.gov**

The Honorable George Hanks
United States District Judge
Southern District of Texas
515 Rusk Street, Room 11535
Houston, Texas 77002

RE: Civil Action No. 4:25-cv-4354, *Jackson v. Amezquita, Fidelity National Title Insurance Company, et al.,* in the United States District Court, Southern District of Texas, Houston Division

Dear Judge Hanks:

To comply with the Court's Local Procedure Rule 6(B) which states a per-motion conference must be requested prior to filing a Rule 12 Motion, Fidelity National Title Insurance Company intends to file a Rule 12(b)(6) Motion to Dismiss Plaintiff's putative claims against Fidelity National Title Insurance Company.

**Nature of Suit and Statement of Facts**

Plaintiff, Matthew Jamal Jackson, filed his Original Complaint in this Court on September 12, 2025, naming two defendants – Mayra Amezquita and Rubi Villafana. [Dkt. 1] On December 15, 2025, Plaintiff filed his First Amended Complaint, which for the first time purported to include Fidelity National Title Insurance Company ("FNTIC") as a defendant.[1] [Dkt. 6] Plaintiff filed a Second Amended Complaint on May 21, 2026, where again no specific allegations are asserted against FNTIC.[2] [Dkt 38] On June 4, 2026, Plaintiff filed a "Omnibus Filing (1) Amended Complaint (2) Renewed TRO Application, wherein although FNTIC was no longer included in the case caption nor listed as a "party", Plaintiff's sole reference within the 63-page pleading is that

[1] In the First Amended Complaint, the only reference to FNTIC is in the caption, and listing FNTIC as a "party." Nowhere else in the 42-page First Amended Complaint is any reference to or claim asserted against FNTIC.

[2] Other than including FNTIC in the case caption, the only other reference in the Second Amended Complaint is in Section II, "Parties and Basis For Liability," wherein Plaintiff states – "Fidelity National Title Insurance Company, WHY: Fidelity National Title may have insured title claims requiring resolution. HOW: Sued for: Quiet Title – Insurance interests must be adjudicated, Declaratory Judgment – Declaration of title superior to insured claims. LEGAL BASIS: Title insurer with potential claims; necessary party." Nowhere else in the 20-page Second Amended Complaint is any reference to or claim asserted against FNTIC.

"The necessary parties – JP Morgan Chase, Gibson, Fidelity National Title, estate parties – are required under Federal Rule of Civil Procedure 19 for a complete quiet title judgment." [Dkt. 50]

As FNTIC understands it, Plaintiff appears to make claims of adverse possession of real property located in Harris County, Texas. As well, Plaintiff appears to make claims against several defendants, not FNTIC, regarding eviction proceedings. In particular, Plaintiff asserts that he began adversely possession the property at issue in or about August 22, 2023, and specifically pleads that "Plaintiff is proceeding under the 3-year adverse possession statute (Texas Property Code § 16.025) with color of title and has satisfied over two years of the required three year period, with title vesting on August 22, 2026."

**Basis of Anticipated Motion**

Notwithstanding that Plaintiff unmistakably "pleads himself out" of an adverse possession claim, within the four-corners of his pleadings, by clear admission that the putative statutory period of limitations has yet to run, thereby failing to state any potential title claim based on adverse possession as a matter of law, as to FNTIC directly, since FNTIC is merely the title insurer for the fee title owners, who are the insured under the contract of indemnity title insurance policy, Plaintiff has no standing, and cannot directly sue the title insurer or state any claim against FNTIC for which relief could be granted, such that FNTIC is not a required party, as a matter of law.

Regarding Plaintiff's claims relating to eviction proceedings, Plaintiff makes no claims against FNTIC, and FNTIC does not have anything to do with such claims.

In no less than three amended pleadings, Plaintiff has not demonstrated standing nor stated any claim against FNTIC, and FNTIC does not believe that a pre-motion conference will help resolve any of these issues. If the Court were to allow Plaintiff to file another amended complaint, it would not do anything to cure the deficiencies. FNTIC, however, will of course abide by any decision of the Court regarding a pre-motion conference.

Accordingly, FNTIC requests the Court's permission to file it Rule 12(b)(c) Motion to Dismiss.

Respectfully,

*/S/ Jonathan J. Cunningham*
Jonathan J. Cunningham (Lead Counsel)
State Bar No. 00793574
FIDELITY NATIONAL LAW GROUP
6900 Dallas Parkway, Suite 610
Plano, Texas 75024
(972) 812-6545 direct
(972) 812-9408 fax
jonathan.cunningham@fnf.com
**Counsel for Fidelity National Title Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed via the CM/ECF System for filing and served electronically to the parties/counsel listed in the CM/ECF system on the 14th day of August, 2026.

*//s// Jonathan J. Cunningham*
**JONATHAN J. CUNNINGHAM**
Counsel for Fidelity National Title Insurance Company