United States Courts
Southern District of Texas
FILED

AUG 2 4 2026

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MATTHEW JAMAL JACKSON,
Individually and as Owner of Save A Life Homes, LLC,

Plaintiff,

v.

**CIVIL ACTION NO. 4:25-cv-04354**

MAYRA AMEZQUITA, et al.,

JURY TRIAL DEMANDED

Defendants.

**PLAINTIFF'S OBJECTIONS AND RESPONSE TO DEFENDANT THE STATE OF TEXAS'S MOTION TO DISMISS**

TO THE HONORABLE GEORGE C. HANKS, JR.:

COMES NOW Plaintiff Matthew Jamal Jackson, proceeding pro se, and files this Objection and Response to Defendant The State of Texas's Motion to Dismiss [Dkt. 76] (hereinafter "State's Motion"). Plaintiff respectfully requests that this Court deny the State's Motion in its entirety because: (1) Plaintiff has Article III standing; (2) Plaintiff's claims are not barred by the Eleventh Amendment under the *Ex parte Young* doctrine; and (3) Plaintiff has stated a plausible claim for relief under the Ex Post Facto Clause and Due Process Clause.

## TABLE OF CONTENTS

I. INTRODUCTION

II. ARGUMENT AND AUTHORITIES

A. Plaintiff Has Article III Standing to Sue the State

B. The Eleventh Amendment Does Not Bar Plaintiff's Claims Under Ex Parte Young

C. Plaintiff Has Stated a Plausible Claim for Ex Post Facto Violation

D. Plaintiff Has Stated a Plausible Due Process Claim

E. Plaintiff Has Stated a Plausible Retaliation Claim

III. LEAVE TO AMEND SHOULD BE GRANTED

IV. CONCLUSION

V. CERTIFICATE OF SERVICE

## I. INTRODUCTION

1. The State of Texas moves to dismiss Plaintiff's claims on three grounds: (1) lack of standing; (2) Eleventh Amendment immunity; and (3) failure to state a claim. Each argument fails.

2. The State's Motion mischaracterizes Plaintiff's allegations, ignores the extensive factual record, and misunderstands the *Ex parte Young* doctrine. Plaintiff has properly alleged that the State enacted SB 38 and SB 1333—laws that became effective September 1, 2025—and that these laws were retroactively applied to Plaintiff's pre-existing adverse possession rights on September 15, 2025, only 17 days after they took effect. Plaintiff's adverse possession rights began accruing on August 22, 2023, under Texas Civil Practice & Remedies Code § 16.024, and are scheduled to vest on August 22, 2026. Plaintiff has already satisfied over two-thirds of the required statutory period.

3. Plaintiff does not seek monetary damages from the State. Plaintiff seeks only prospective declaratory and injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908), barring the State from retroactively applying SB 38 and SB 1333 to Plaintiff's pre-existing adverse possession rights. This is precisely the type of relief authorized by *Ex parte Young*.

4. The State's Motion should be denied.

## II. ARGUMENT AND AUTHORITIES

### A. Plaintiff Has Article III Standing to Sue the State

5. Plaintiff's Objection: The State argues that Plaintiff lacks Article III standing because he has not alleged a "concrete and particularized injury" traceable to the State. This argument is factually and legally incorrect.

6. To establish Article III standing, a plaintiff must show: (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992); *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015).

7. Plaintiff has alleged concrete and particularized injuries directly traceable to the State of Texas:

> a. Injury in Fact: The State enacted SB 38 and SB 1333, which became effective September 1, 2025. These laws were specifically applied to Plaintiff's adverse possession proceeding on September 15, 2025—only 17 days after taking effect—to defeat Plaintiff's property rights that had been accruing for over two years [Dkt. 38, pp. 17-18]. The Justice Court discussed applying these "new laws" to Plaintiff's pre-existing adverse possession rights. Plaintiff has already satisfied over two-thirds of the required statutory period under Texas Civil Practice & Remedies Code § 16.024, with title vesting on August 22, 2026. This is a concrete, particularized, and actual injury. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (injury must be "concrete, particularized, and actual or imminent").
>
> b. Causation: The injury is fairly traceable to the State's enactment and enforcement of these statutes. The State argues that "it was not the 'State' or OAG that evicted him from those properties." State's Mot. at 6. However, Plaintiff is not claiming that the State personally evicted him. Plaintiff is claiming that the State enacted laws that were used by local officials to evict him. The causal chain is clear: the State enacted SB 38 and SB 1333 → local officials applied these laws retroactively to Plaintiff's pre-existing rights → Plaintiff suffered injury. Traceability does not require that the defendant be the sole cause of the injury; it requires only that the injury is "fairly traceable" to the defendant's conduct. *Bennett v. Spear*, 520 U.S. 154, 167 (1997).
>
> c. Redressability: A favorable judicial decision—declaring the retroactive application unconstitutional and enjoining enforcement—would redress the injury. *Lujan*, 504 U.S. at 561.

8. The Supreme Court has held that a plaintiff has standing to challenge a statute where the statute has been applied or threatens to be applied to the plaintiff. *Lujan*, 504 U.S. at 560-61. Plaintiff's injury is "actual or imminent, not conjectural or hypothetical." *Id.* at 560.

9. The State's reliance on *English v. United States*, 2024 U.S. Dist. LEXIS 78283 (S.D. Tex. Apr. 30, 2024), is misplaced. In *English*, the plaintiff offered "no more than conclusory statements and vague assertions of various laws." Here, Plaintiff has offered specific factual allegations with dates, court proceedings, and recorded instruments. Plaintiff has alleged that the Justice Court specifically discussed applying SB 38 and SB 1333 to his case on September 15, 2025. This is a concrete injury, not a "vague assertion."

10. Therefore, Plaintiff has standing to sue the State.

**B. The Eleventh Amendment Does Not Bar Plaintiff's Claims Under Ex Parte Young**

11. Plaintiff's Objection: The State argues that the Eleventh Amendment bars Plaintiff's claims. This argument is foreclosed by the Supreme Court's holding in *Ex parte Young*, 209 U.S. 123 (1908).

12. Under *Ex parte Young*, a plaintiff may sue a state official in their official capacity for prospective injunctive relief to enjoin ongoing violations of federal law. *Id.* at 159-60. The Supreme Court recognized an exception to state sovereign immunity under the Eleventh Amendment when a state official is enforcing an unconstitutional law. Under this exception, a lawsuit that names a state official in their official capacity and seeks prospective injunctive relief is not barred by sovereign immunity.

13. Plaintiff Does Not Seek Monetary Damages from the State: Plaintiff seeks only prospective declaratory and injunctive relief declaring that SB 38 and SB 1333 are unconstitutional as applied retroactively to Plaintiff's pre-existing adverse possession rights, and permanently enjoining the State from enforcing these laws against Plaintiff. This is precisely the type of relief authorized by *Ex parte Young*. *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (Ex parte Young applies "where the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective").

14. The State Is a Proper Defendant Under Ex Parte Young: The State argues that the Ex parte Young exception "only applies to state officials who have been sued in their official capacities" and that Plaintiff has named "the State of Texas as a defendant." State's Mot. at 7. This argument elevates form over substance. Plaintiff has named the State of Texas through the Office of the Attorney General—the very office charged with enforcing Texas law. Under *Ex parte Young*, the proper defendant is the state official responsible for enforcing the challenged law. *United States v. Abbott*, 85 F.4th 328, 334 (5th Cir. 2023). The Texas Attorney General is the chief law enforcement officer of the State and is charged with enforcing Texas laws. Plaintiff seeks to enjoin the Attorney General and other state officials from enforcing SB 38 and SB 1333 retroactively. The fact that Plaintiff named "The State of Texas" as the defendant does not defeat the Ex parte Young exception. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) ("a State official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State").

15. The Ongoing Violation Requirement Is Satisfied: Plaintiff has alleged an ongoing violation of federal law—the State is currently enforcing SB 38 and SB 1333 against Plaintiff's pre-existing property rights. The laws are currently in effect, and Plaintiff's rights continue to be threatened. This is an "ongoing violation" sufficient to satisfy *Ex parte Young*. *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254 (2011) ("The Young exception . . . is based on the premise that a federal court, in exercising its equitable powers, may enjoin a state official's future conduct that would violate federal law").

16. The Fifth Circuit Has Consistently Recognized the Ex Parte Young Exception: *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019) ("The Supreme Court's decision in Ex parte Young allows suits for prospective injunctive relief against state officials who are violating federal law."); *Texas v. United States*, 809 F.3d 134, 160 (5th Cir. 2015) ("The Ex parte Young exception applies to suits against state officials for prospective injunctive relief").

17. Therefore, the Eleventh Amendment does not bar Plaintiff's claims.

**C. Plaintiff Has Stated a Plausible Claim for Ex Post Facto Violation**

18. Plaintiff's Objection: The State argues that the Ex Post Facto Clause applies only to "criminal or penal laws" and that SB 38 and SB 1333 are civil in nature. State's Mot. at 8-9. This argument is incorrect.

19. The Ex Post Facto Clause Applies to Laws That Impair Vested Rights: The State correctly cites *Collins v. Youngblood*, 497 U.S. 37, 42-44 (1990), for the proposition that an ex post facto law "punishes as a crime an act previously committed." State's Mot. at 8. However, the State ignores the broader principle established in *Landgraf v. USI Film Products*, 511 U.S. 244, 266 (1994)—that the presumption against retroactive legislation applies to all laws, not just criminal laws. The Supreme Court has held that "[t]he presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic." *Landgraf*, 511 U.S. at 266.

20. The Supreme Court Has Applied the Ex Post Facto Clause to Non-Criminal Laws: In *Landgraf*, the Supreme Court held that "[a] statute has retroactive effect when it 'takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past.'" *Id.* at 269-70 (quoting *Society for Propagation of the Gospel v. Wheeler*, 22 F. Cas. 756, 767 (C.C.D.N.H. 1814)). This principle applies directly to Plaintiff's case.

21. Plaintiff's Adverse Possession Rights Are Vested Rights: Plaintiff's adverse possession rights began accruing on August 22, 2023, under Texas Civil Practice & Remedies Code § 16.024. Plaintiff has already satisfied over two-thirds of the required statutory period. These are vested rights that cannot be retroactively extinguished by legislation enacted after they began accruing. *Lynch v. United States*, 292 U.S. 571, 579 (1934) ("The Fifth Amendment commands that property be not taken without just compensation"). Retroactive application of SB 38 and SB 1333 would effectively take Plaintiff's property rights without just compensation.

22. The Retroactive Application of SB 38 and SB 1333 Impairs Vested Rights: SB 38 and SB 1333 became effective September 1, 2025—more than two years after Plaintiff established adverse possession on August 22, 2023. The Justice Court applied these new laws to Plaintiff's pre-existing rights on September 15, 2025—only 17 days after they took effect. This retroactive application "takes away or impairs vested rights acquired under existing laws." *Landgraf*, 511 U.S. at 269-70.

23. The State's Argument Is Based on a Misreading of Collins v. Youngblood: In *Collins*, the Supreme Court overruled *Kring v. Missouri* and *Thompson v. Utah*, which had expanded the Ex Post Facto Clause to cover procedural changes. However, the Court did not hold that the Ex Post Facto Clause applies only to criminal laws. The Court held that the definition of an ex post facto law includes laws that "punish as a crime an act previously committed, which was innocent when done; [or] make more burdensome the punishment for a crime, after its commission." *Collins*, 497 U.S. at 42-44. Plaintiff is not claiming that SB 38 and SB 1333 are criminal laws. Plaintiff is claiming that their retroactive application to his pre-existing rights impairs vested property rights, which is prohibited by the Due Process Clause and the principles of *Landgraf*. Plaintiff's claim is properly characterized as a Due Process claim as well as an Ex Post Facto claim.

24. Plaintiff Has a Constitutionally Protected Property Interest: Plaintiff has a constitutionally protected property interest in his adverse possession claim. *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972); *Perry v. Sindermann*, 408 U.S. 593, 602 (1972). The retroactive application of SB 38 and SB 1333 deprives Plaintiff of that property interest without due process.

25. Therefore, Plaintiff has stated a plausible claim for violation of the Ex Post Facto Clause and the Due Process Clause.

**D. Plaintiff Has Stated a Plausible Due Process Claim**

26. Plaintiff's Objection: The State fails to address Plaintiff's Due Process claim, which is independently sufficient to defeat the Motion to Dismiss.

27. Plaintiff Has a Protected Property Interest: Plaintiff has been in peaceable, open, notorious, hostile, exclusive, and continuous possession of real property since August 22, 2023, under Texas Civil Practice & Remedies Code § 16.024. This is a "legitimate claim of entitlement" that is constitutionally protected. *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972); *Perry v. Sindermann*, 408 U.S. 593, 602 (1972).

28. The State Deprived Plaintiff of That Interest Without Due Process: The retroactive application of SB 38 and SB 1333 to Plaintiff's pre-existing rights deprives Plaintiff of his property interest without notice or an opportunity to be heard. *Fuentes v. Shevin*, 407 U.S. 67, 81-82 (1972) ("No less than the right of a person to hold a job, the right to possess property is a significant constitutional interest").

29. The Notice Was Inadequate: Plaintiff was not provided proper notice of the eviction proceeding. The eviction notice was placed on Plaintiff's door after the September 15, 2025 court hearing had already taken place. This deprives Plaintiff of any meaningful opportunity to be heard. *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 795 (1983) ("Notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").

30. Therefore, Plaintiff has stated a plausible Due Process claim.

**E. Plaintiff Has Stated a Plausible Retaliation Claim**

31. Plaintiff's Objection: The State does not address Plaintiff's retaliation claim, which is independently sufficient to defeat the Motion to Dismiss.

32. Retaliation for Exercising Constitutional Rights: Plaintiff filed a federal lawsuit and recorded adverse possession claims. Immediately thereafter, the State enacted SB 38 and SB 1333, which were specifically applied to Plaintiff's case. This is evidence of legislative retaliation. *Pickering v. Board of Educ.*, 391 U.S. 563, 568 (1968); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

33. The Timing Is Suspicious: SB 38 and SB 1333 became effective September 1, 2025—immediately after Plaintiff recorded his adverse possession claims and filed his federal lawsuit. The Justice Court applied these new laws to Plaintiff's case on September 15, 2025—only 17 days after they took effect. This timing is sufficient to plead a retaliation claim. *Mt. Healthy*, 429 U.S. at 287 (retaliation claim requires showing protected conduct was a motivating factor).

34. Therefore, Plaintiff has stated a plausible Retaliation claim.

## III. LEAVE TO AMEND SHOULD BE GRANTED

35. Without waiving any argument that Plaintiff's Second Amended Complaint already states valid claims for relief, Plaintiff respectfully requests leave to file a Third Amended Complaint should the Court identify any pleading deficiency.

36. Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely granted when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

37. The Fifth Circuit has held that "leave to amend shall be freely given when justice so requires," and that a "district court must possess a substantial reason to deny a request for leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005). Moreover, "a pro se litigant should be afforded an opportunity to amend his complaint prior to dismissal." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

38. Plaintiff has not been afforded an opportunity to amend his complaint to address the State's specific objections. Plaintiff should be given leave to file a Third Amended Complaint to incorporate additional facts and legal theories that have developed since the filing of the Second Amended Complaint.
39. Therefore, dismissal with prejudice would be improper.

## IV. CONCLUSION

40. Plaintiff has standing to sue the State. Plaintiff has alleged concrete and particularized injuries directly traceable to the State's enactment and retroactive application of SB 38 and SB 1333.

41. The Eleventh Amendment does not bar Plaintiff's claims. Plaintiff seeks only prospective declaratory and injunctive relief under *Ex parte Young*, which is expressly authorized by the Supreme Court.

42. Plaintiff has stated a plausible claim for violation of the Ex Post Facto Clause, the Due Process Clause, and for retaliation.

43. WHEREFORE, Plaintiff respectfully requests that this Court:

a. DENY the State of Texas's Motion to Dismiss in its entirety;
b. DECLARE that Senate Bills 38 and 1333 are unconstitutional as applied retroactively to Plaintiff's pre-existing adverse possession claims;
c. PERMANENTLY ENJOIN the State of Texas from applying SB 38 and SB 1333 to Plaintiff's pre-existing adverse possession claims;
d. GRANT Plaintiff leave to amend his complaint should this Court identify any deficiency; and
e. GRANT such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/Matthew Jamal Jackson
Individually and as Owner of Save A Life Homes, LLC
8230 Glen Valley Dr
Houston, Texas 77061
Email: savealifehomes01@gmail.com/Infosupport@savealifehomes.com
Phone: 646-588-9376/18009859144
Pro Se Plaintiff

## V. CERTIFICATE OF SERVICE

I certify that on this 04 day of August, 2026, a true and correct copy of the foregoing Plaintiff's Objection and Response to Defendant The State of Texas's Motion to Dismiss was filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification to all counsel of record, and a copy was sent via U.S. Mail, First Class, postage prepaid, and via email to the following:

VIA CM/ECF AND U.S. MAIL

Justin Sassaman
Assistant Attorney General
General Litigation Division
Office of the Attorney General of Texas
P.O. Box 12548, MC-019
Austin, Texas 78711-2548
(737) 231-6206
Email: justin.sassaman@oag.texas.gov
*ATTORNEY FOR DEFENDANT THE STATE OF TEXAS*

VIA CM/ECF AND U.S. MAIL

James Carroll Butt
Harris County Attorney's Office
1019 Congress
Houston, TX 77002
713-274-5133
Email: james.butt@harriscountytx.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

VIA CM/ECF AND U.S. MAIL

Michelle Charlene Taylor
City of Houston
900 Bagby St., 3rd Floor
Houston, TX 77002
832-393-6248
Email: michelle.taylor2@houstontx.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

VIA CM/ECF AND U.S. MAIL

Natoya Cassie Nicola Inglis
The City of Houston

General Litigation
900 Bagby, 4th Floor
Houston, TX 77002
832-393-6415
Email: natoya.inglis@houstontx.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

VIA CM/ECF AND U.S. MAIL

Eric A. Laskowski
COH Legal Department
900 Bagby, 4th Floor
Houston, TX 77002
832-393-6475
Email: eric.laskowski@houstontx.gov
*ATTORNEY TO BE NOTICED*

VIA U.S. MAIL

All other Defendants and pro se parties at their last known addresses.

Matthew Jamal Jackson
Pro Se Plaintiff

Dated: August 21, 2026

## ADDENDUM: SUMMARY OF RELEVANT CASE LAW

Standing:

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) — Plaintiff must show injury-in-fact, causation, and redressability.

*Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) — Injury must be concrete, particularized, and actual or imminent.
*Bennett v. Spear*, 520 U.S. 154 (1997) — Causation requires only that injury is "fairly traceable" to defendant's conduct.

Ex Parte Young and Eleventh Amendment:

*Ex parte Young*, 209 U.S. 123 (1908) — Prospective injunctive relief against state officials for ongoing federal violations is not barred by the Eleventh Amendment.

*Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635 (2002) — Ex parte Young applies when complaint alleges ongoing violation and seeks prospective relief.
*Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247 (2011) — Affirmed Ex parte Young exception.
*City of Austin v. Paxton*, 943 F.3d 993 (5th Cir. 2019) — Ex parte Young allows suits for prospective injunctive relief.
*Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989) — State officials sued for injunctive relief are "persons" under § 1983.

Ex Post Facto:

*Landgraf v. USI Film Products*, 511 U.S. 244 (1994) — Presumption against retroactive application of statutes; laws that impair vested rights violate the Ex Post Facto Clause.

*Collins v. Youngblood*, 497 U.S. 37 (1990) — Ex Post Facto Clause applies to laws that punish as a crime or make more burdensome the punishment for a crime.
*Lynch v. United States*, 292 U.S. 571 (1934) — Fifth Amendment prohibits taking property without just compensation.

Due Process:

*Board of Regents v. Roth*, 408 U.S. 564 (1972) — Property interests arise from legitimate claims of entitlement.

*Perry v. Sindermann*, 408 U.S. 593 (1972) — Even a not-yet-fully-vested property interest is protected by Due Process.
*Mennonite Bd. of Missions v. Adams*, 462 U.S. 791 (1983) — Notice must be reasonably calculated to apprise interested parties.
*Fuentes v. Shevin*, 407 U.S. 67 (1972) — Cannot deprive of property without notice and hearing.

Retaliation:

*Pickering v. Board of Educ.*, 391 U.S. 563 (1968) — First Amendment retaliation claims are actionable.

*Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977) — Retaliation claim requires showing protected conduct was a motivating factor.

Adverse Possession:

*Texas Civil Practice & Remedies Code § 16.024* — Three-year adverse possession statute with color of title.
*Doswell v. De La Lanza*, 61 U.S. 29 (1857) — Texas statute of limitations for adverse possession.
*Stanley v. Schwalby*, 147 U.S. 508 (1893) — Adverse possession doctrine recognized.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MATTHEW JAMAL JACKSON,
Individually and as Owner of Save A Life Homes, LLC,

Plaintiff,

v. **CIVIL ACTION NO. 4:25-cv-04354**

MAYRA AMEZQUITA, et al.,

JURY TRIAL DEMANDED

Defendants.

**AFFIDAVIT OF MATTHEW JAMAL JACKSON**

**IN SUPPORT OF PLAINTIFF'S OBJECTIONS AND RESPONSE TO DEFENDANT THE STATE OF TEXAS'S MOTION TO DISMISS**

I, MATTHEW JAMAL JACKSON, being duly sworn and competent to make this affidavit, do hereby declare under penalty of perjury pursuant to 28 U.S.C 1746 that the following statements are true and correct to the best of my personal knowledge

TO THE HONORABLE GEORGE C. HANKS, JR.:

COMES NOW Plaintiff Matthew Jamal Jackson, proceeding pro se, and files this Objection and Response to Defendant The State of Texas's Motion to Dismiss [Dkt. 76] (hereinafter "State's Motion"). Plaintiff respectfully requests that this Court deny the State's Motion in its entirety because: (1) Plaintiff has Article III standing; (2) Plaintiff's claims are not barred by the Eleventh Amendment under the *Ex parte Young* doctrine; and (3) Plaintiff has stated a plausible claim for relief under the Ex Post Facto Clause and Due Process Clause.

## TABLE OF CONTENTS

I. INTRODUCTION

II. ARGUMENT AND AUTHORITIES

A. Plaintiff Has Article III Standing to Sue the State

B. The Eleventh Amendment Does Not Bar Plaintiff's Claims Under Ex Parte Young

C. Plaintiff Has Stated a Plausible Claim for Ex Post Facto Violation

D. Plaintiff Has Stated a Plausible Due Process Claim

E. Plaintiff Has Stated a Plausible Retaliation Claim

III. LEAVE TO AMEND SHOULD BE GRANTED

IV. CONCLUSION

V. CERTIFICATE OF SERVICE

## I. INTRODUCTION

1. The State of Texas moves to dismiss Plaintiff's claims on three grounds: (1) lack of standing; (2) Eleventh Amendment immunity; and (3) failure to state a claim. Each argument fails.

2. The State's Motion mischaracterizes Plaintiff's allegations, ignores the extensive factual record, and misunderstands the *Ex parte Young* doctrine. Plaintiff has properly alleged that the State enacted SB 38 and SB 1333—laws that became effective September 1, 2025—and that these laws were retroactively applied to Plaintiff's pre-existing adverse possession rights on September 15, 2025, only 17 days after they took effect. Plaintiff's adverse possession rights began accruing on August 22, 2023, under Texas Civil Practice & Remedies Code § 16.024, and are scheduled to vest on August 22, 2026. Plaintiff has already satisfied over two-thirds of the required statutory period.

3. Plaintiff does not seek monetary damages from the State. Plaintiff seeks only prospective declaratory and injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908), barring the State from retroactively applying SB 38 and SB 1333 to Plaintiff's pre-existing adverse possession rights. This is precisely the type of relief authorized by *Ex parte Young*.

4. The State's Motion should be denied.

## II. ARGUMENT AND AUTHORITIES

### A. Plaintiff Has Article III Standing to Sue the State

5. Plaintiff's Objection: The State argues that Plaintiff lacks Article III standing because he has not alleged a "concrete and particularized injury" traceable to the State. This argument is factually and legally incorrect.

6. To establish Article III standing, a plaintiff must show: (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992); *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015).

7. Plaintiff has alleged concrete and particularized injuries directly traceable to the State of Texas:

a. Injury in Fact: The State enacted SB 38 and SB 1333, which became effective September 1, 2025. These laws were specifically applied to Plaintiff's adverse possession proceeding on September 15, 2025—only 17 days after taking effect—to defeat Plaintiff's property rights that had been accruing for over two years [Dkt. 38, pp. 17-18]. The Justice Court discussed applying these "new laws" to Plaintiff's pre-existing adverse possession rights. Plaintiff has already satisfied over two-thirds of the required statutory period under Texas Civil Practice & Remedies Code § 16.024, with title vesting on August 22, 2026. This is a concrete, particularized, and actual injury. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (injury must be "concrete, particularized, and actual or imminent").

b. Causation: The injury is fairly traceable to the State's enactment and enforcement of these statutes. The State argues that "it was not the 'State' or OAG that evicted him from those properties." State's Mot. at 6. However, Plaintiff is not claiming that the State personally evicted him. Plaintiff is claiming that the State enacted laws that were used by local officials to evict him. The causal chain is clear: the State enacted SB 38 and SB 1333 → local officials applied these laws retroactively to Plaintiff's pre-existing rights → Plaintiff suffered injury. Traceability does not require that the defendant be the sole cause of the injury; it requires only that the injury is "fairly traceable" to the defendant's conduct. *Bennett v. Spear*, 520 U.S. 154, 167 (1997).

c. Redressability: A favorable judicial decision—declaring the retroactive application unconstitutional and enjoining enforcement—would redress the injury. *Lujan*, 504 U.S. at 561.

8. The Supreme Court has held that a plaintiff has standing to challenge a statute where the statute has been applied or threatens to be applied to the plaintiff. *Lujan*, 504 U.S. at 560-61. Plaintiff's injury is "actual or imminent, not conjectural or hypothetical." *Id.* at 560.

9. The State's reliance on *English v. United States*, 2024 U.S. Dist. LEXIS 78283 (S.D. Tex. Apr. 30, 2024), is misplaced. In *English*, the plaintiff offered "no more than conclusory statements and vague assertions of various laws." Here, Plaintiff has offered specific factual allegations with dates, court proceedings, and recorded instruments. Plaintiff has alleged that the Justice Court specifically discussed applying SB 38 and SB 1333 to his case on September 15, 2025. This is a concrete injury, not a "vague assertion."

10. Therefore, Plaintiff has standing to sue the State.

**B. The Eleventh Amendment Does Not Bar Plaintiff's Claims Under Ex Parte Young**

11. Plaintiff's Objection: The State argues that the Eleventh Amendment bars Plaintiff's claims. This argument is foreclosed by the Supreme Court's holding in *Ex parte Young*, 209 U.S. 123 (1908).

12. Under *Ex parte Young*, a plaintiff may sue a state official in their official capacity for prospective injunctive relief to enjoin ongoing violations of federal law. *Id.* at 159-60. The Supreme Court recognized an exception to state sovereign immunity under the Eleventh Amendment when a state official is enforcing an unconstitutional law. Under this exception, a lawsuit that names a state official in their official capacity and seeks prospective injunctive relief is not barred by sovereign immunity.

13. Plaintiff Does Not Seek Monetary Damages from the State: Plaintiff seeks only prospective declaratory and injunctive relief declaring that SB 38 and SB 1333 are unconstitutional as applied retroactively to Plaintiff's pre-existing adverse possession rights, and permanently enjoining the State from enforcing these laws against Plaintiff. This is precisely the type of relief authorized by *Ex parte Young*. *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (Ex parte Young applies "where the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective").

14. The State Is a Proper Defendant Under Ex Parte Young: The State argues that the Ex parte Young exception "only applies to state officials who have been sued in their official capacities" and that Plaintiff has named "the State of Texas as a defendant." State's Mot. at 7. This argument elevates form over substance. Plaintiff has named the State of Texas through the Office of the Attorney General—the very office charged with enforcing Texas law. Under *Ex parte Young*, the proper defendant is the state official responsible for enforcing the challenged law. *United States v. Abbott*, 85 F.4th 328, 334 (5th Cir. 2023). The Texas Attorney General is the chief law enforcement officer of the State and is charged with enforcing Texas laws. Plaintiff seeks to enjoin the Attorney General and other state officials from enforcing SB 38 and SB 1333 retroactively. The fact that Plaintiff named "The State of Texas" as the defendant does

not defeat the Ex parte Young exception. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) ("a State official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State").

15. The Ongoing Violation Requirement Is Satisfied: Plaintiff has alleged an ongoing violation of federal law—the State is currently enforcing SB 38 and SB 1333 against Plaintiff's pre-existing property rights. The laws are currently in effect, and Plaintiff's rights continue to be threatened. This is an "ongoing violation" sufficient to satisfy *Ex parte Young*. *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254 (2011) ("The Young exception . . . is based on the premise that a federal court, in exercising its equitable powers, may enjoin a state official's future conduct that would violate federal law").

16. The Fifth Circuit Has Consistently Recognized the Ex Parte Young Exception: *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019) ("The Supreme Court's decision in Ex parte Young allows suits for prospective injunctive relief against state officials who are violating federal law."); *Texas v. United States*, 809 F.3d 134, 160 (5th Cir. 2015) ("The Ex parte Young exception applies to suits against state officials for prospective injunctive relief").

17. Therefore, the Eleventh Amendment does not bar Plaintiff's claims.

**C. Plaintiff Has Stated a Plausible Claim for Ex Post Facto Violation**

18. Plaintiff's Objection: The State argues that the Ex Post Facto Clause applies only to "criminal or penal laws" and that SB 38 and SB 1333 are civil in nature. State's Mot. at 8-9. This argument is incorrect.

19. The Ex Post Facto Clause Applies to Laws That Impair Vested Rights: The State correctly cites *Collins v. Youngblood*, 497 U.S. 37, 42-44 (1990), for the proposition that an ex post facto law "punishes as a crime an act previously committed." State's Mot. at 8. However, the State ignores the broader principle established in *Landgraf v. USI Film Products*, 511 U.S. 244, 266 (1994)—that the presumption against retroactive legislation applies to all laws, not just criminal laws. The Supreme Court has held that "[t]he presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic." *Landgraf*, 511 U.S. at 266.

20. The Supreme Court Has Applied the Ex Post Facto Clause to Non-Criminal Laws: In *Landgraf*, the Supreme Court held that "[a] statute has retroactive effect when it 'takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past.'" *Id.* at 269-70 (quoting *Society for Propagation of the Gospel v. Wheeler*, 22 F. Cas. 756, 767 (C.C.D.N.H. 1814)). This principle applies directly to Plaintiff's case.

21. Plaintiff's Adverse Possession Rights Are Vested Rights: Plaintiff's adverse possession rights began accruing on August 22, 2023, under Texas Civil Practice & Remedies Code § 16.024. Plaintiff has already satisfied over two-thirds of the required statutory period. These are

vested rights that cannot be retroactively extinguished by legislation enacted after they began accruing. *Lynch v. United States*, 292 U.S. 571, 579 (1934) ("The Fifth Amendment commands that property be not taken without just compensation"). Retroactive application of SB 38 and SB 1333 would effectively take Plaintiff's property rights without just compensation.

22. The Retroactive Application of SB 38 and SB 1333 Impairs Vested Rights: SB 38 and SB 1333 became effective September 1, 2025—more than two years after Plaintiff established adverse possession on August 22, 2023. The Justice Court applied these new laws to Plaintiff's pre-existing rights on September 15, 2025—only 17 days after they took effect. This retroactive application "takes away or impairs vested rights acquired under existing laws." *Landgraf*, 511 U.S. at 269-70.

23. The State's Argument Is Based on a Misreading of Collins v. Youngblood: In *Collins*, the Supreme Court overruled *Kring v. Missouri* and *Thompson v. Utah*, which had expanded the Ex Post Facto Clause to cover procedural changes. However, the Court did not hold that the Ex Post Facto Clause applies only to criminal laws. The Court held that the definition of an ex post facto law includes laws that "punish as a crime an act previously committed, which was innocent when done; [or] make more burdensome the punishment for a crime, after its commission." *Collins*, 497 U.S. at 42-44. Plaintiff is not claiming that SB 38 and SB 1333 are criminal laws. Plaintiff is claiming that their retroactive application to his pre-existing rights impairs vested property rights, which is prohibited by the Due Process Clause and the principles of *Landgraf*. Plaintiff's claim is properly characterized as a Due Process claim as well as an Ex Post Facto claim.

24. Plaintiff Has a Constitutionally Protected Property Interest: Plaintiff has a constitutionally protected property interest in his adverse possession claim. *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972); *Perry v. Sindermann*, 408 U.S. 593, 602 (1972). The retroactive application of SB 38 and SB 1333 deprives Plaintiff of that property interest without due process.

25. Therefore, Plaintiff has stated a plausible claim for violation of the Ex Post Facto Clause and the Due Process Clause.

**D. Plaintiff Has Stated a Plausible Due Process Claim**

26. Plaintiff's Objection: The State fails to address Plaintiff's Due Process claim, which is independently sufficient to defeat the Motion to Dismiss.

27. Plaintiff Has a Protected Property Interest: Plaintiff has been in peaceable, open, notorious, hostile, exclusive, and continuous possession of real property since August 22, 2023, under Texas Civil Practice & Remedies Code § 16.024. This is a "legitimate claim of entitlement" that is constitutionally protected. *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972); *Perry v. Sindermann*, 408 U.S. 593, 602 (1972).

28. The State Deprived Plaintiff of That Interest Without Due Process: The retroactive application of SB 38 and SB 1333 to Plaintiff's pre-existing rights deprives Plaintiff of his property interest without notice or an opportunity to be heard. *Fuentes v. Shevin*, 407 U.S. 67, 81-82 (1972) ("No less than the right of a person to hold a job, the right to possess property is a significant constitutional interest").

29. The Notice Was Inadequate: Plaintiff was not provided proper notice of the eviction proceeding. The eviction notice was placed on Plaintiff's door after the September 15, 2025 court hearing had already taken place. This deprives Plaintiff of any meaningful opportunity to be heard. *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 795 (1983) ("Notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").

30. Therefore, Plaintiff has stated a plausible Due Process claim.

**E. Plaintiff Has Stated a Plausible Retaliation Claim**

31. Plaintiff's Objection: The State does not address Plaintiff's retaliation claim, which is independently sufficient to defeat the Motion to Dismiss.

32. Retaliation for Exercising Constitutional Rights: Plaintiff filed a federal lawsuit and recorded adverse possession claims. Immediately thereafter, the State enacted SB 38 and SB 1333, which were specifically applied to Plaintiff's case. This is evidence of legislative retaliation. *Pickering v. Board of Educ.*, 391 U.S. 563, 568 (1968); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

33. The Timing Is Suspicious: SB 38 and SB 1333 became effective September 1, 2025—immediately after Plaintiff recorded his adverse possession claims and filed his federal lawsuit. The Justice Court applied these new laws to Plaintiff's case on September 15, 2025—only 17 days after they took effect. This timing is sufficient to plead a retaliation claim. *Mt. Healthy*, 429 U.S. at 287 (retaliation claim requires showing protected conduct was a motivating factor).

34. Therefore, Plaintiff has stated a plausible Retaliation claim.

## III. LEAVE TO AMEND SHOULD BE GRANTED

35. Without waiving any argument that Plaintiff's Second Amended Complaint already states valid claims for relief, Plaintiff respectfully requests leave to file a Third Amended Complaint should the Court identify any pleading deficiency.

36. Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely granted when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

37. The Fifth Circuit has held that "leave to amend shall be freely given when justice so requires," and that a "district court must possess a substantial reason to deny a request for leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005). Moreover, "a pro se litigant should be afforded an opportunity to amend his complaint prior to dismissal." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

38. Plaintiff has not been afforded an opportunity to amend his complaint to address the State's specific objections. Plaintiff should be given leave to file a Third Amended Complaint to incorporate additional facts and legal theories that have developed since the filing of the Second Amended Complaint.

39. Therefore, dismissal with prejudice would be improper.

## IV. CONCLUSION

40. Plaintiff has standing to sue the State. Plaintiff has alleged concrete and particularized injuries directly traceable to the State's enactment and retroactive application of SB 38 and SB 1333.

41. The Eleventh Amendment does not bar Plaintiff's claims. Plaintiff seeks only prospective declaratory and injunctive relief under *Ex parte Young*, which is expressly authorized by the Supreme Court.

42. Plaintiff has stated a plausible claim for violation of the Ex Post Facto Clause, the Due Process Clause, and for retaliation.

43. WHEREFORE, Plaintiff respectfully requests that this Court:

a. DENY the State of Texas's Motion to Dismiss in its entirety;
b. DECLARE that Senate Bills 38 and 1333 are unconstitutional as applied retroactively to Plaintiff's pre-existing adverse possession claims;
c. PERMANENTLY ENJOIN the State of Texas from applying SB 38 and SB 1333 to Plaintiff's pre-existing adverse possession claims;
d. GRANT Plaintiff leave to amend his complaint should this Court identify any deficiency; and
e. GRANT such other and further relief as the Court deems just and proper.

Pursuant to 28 USC 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 24 day of August, 2026

Respectfully submitted,

/s/Matthew Jamal Jackson
Individually and as Owner of Save A Life Homes, LLC
8230 Glen Valley Dr
Houston, Texas 77061
Email: savealifehomes01@gmail.com/Infosupport@savealifehomes.com
Phone: 646-588-9376/18009859144
Pro Se Plaintiff

## V. CERTIFICATE OF SERVICE

I certify that on this 21 day of August, 2026, a true and correct copy of the foregoing Affidavit of Matthew Jamal Jackson In Support of Plaintiff's Objection and Response to Defendant The State of Texas's Motion to Dismiss was filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification to all counsel of record, and a copy was sent via U.S. Mail, First Class, postage prepaid, and via email to the following:

VIA CM/ECF AND U.S. MAIL

Justin Sassaman
Assistant Attorney General
General Litigation Division
Office of the Attorney General of Texas
P.O. Box 12548, MC-019
Austin, Texas 78711-2548
(737) 231-6206
Email: justin.sassaman@oag.texas.gov
*ATTORNEY FOR DEFENDANT THE STATE OF TEXAS*

VIA CM/ECF AND U.S. MAIL

James Carroll Butt
Harris County Attorney's Office
1019 Congress
Houston, TX 77002
713-274-5133
Email: james.butt@harriscountytx.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

VIA CM/ECF AND U.S. MAIL

Michelle Charlene Taylor
City of Houston
900 Bagby St., 3rd Floor
Houston, TX 77002
832-393-6248
Email: michelle.taylor2@houstontx.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

VIA CM/ECF AND U.S. MAIL

Natoya Cassie Nicola Inglis
The City of Houston
General Litigation
900 Bagby, 4th Floor
Houston, TX 77002
832-393-6415
Email: natoya.inglis@houstontx.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

VIA CM/ECF AND U.S. MAIL

Eric A. Laskowski
COH Legal Department
900 Bagby, 4th Floor
Houston, TX 77002
832-393-6475
Email: eric.laskowski@houstontx.gov
*ATTORNEY TO BE NOTICED*

VIA U.S. MAIL

All other Defendants and pro se parties at their last known addresses.

Matthew Jamal Jackson
Pro Se Plaintiff

Dated: August 24, 2026

**ADDENDUM: SUMMARY OF RELEVANT CASE LAW**

Standing:

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) — Plaintiff must show injury-in-fact, causation, and redressability.

*Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) — Injury must be concrete, particularized, and actual or imminent.
*Bennett v. Spear*, 520 U.S. 154 (1997) — Causation requires only that injury is "fairly traceable" to defendant's conduct.

Ex Parte Young and Eleventh Amendment:

*Ex parte Young*, 209 U.S. 123 (1908) — Prospective injunctive relief against state officials for ongoing federal violations is not barred by the Eleventh Amendment.

*Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635 (2002) — Ex parte Young applies when complaint alleges ongoing violation and seeks prospective relief.
*Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247 (2011) — Affirmed Ex parte Young exception.
*City of Austin v. Paxton*, 943 F.3d 993 (5th Cir. 2019) — Ex parte Young allows suits for prospective injunctive relief.
*Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989) — State officials sued for injunctive relief are "persons" under § 1983.

Ex Post Facto:

*Landgraf v. USI Film Products*, 511 U.S. 244 (1994) — Presumption against retroactive application of statutes; laws that impair vested rights violate the Ex Post Facto Clause.

*Collins v. Youngblood*, 497 U.S. 37 (1990) — Ex Post Facto Clause applies to laws that punish as a crime or make more burdensome the punishment for a crime.
*Lynch v. United States*, 292 U.S. 571 (1934) — Fifth Amendment prohibits taking property without just compensation.

Due Process:

*Board of Regents v. Roth*, 408 U.S. 564 (1972) — Property interests arise from legitimate claims of entitlement.

*Perry v. Sindermann*, 408 U.S. 593 (1972) — Even a not-yet-fully-vested property interest is protected by Due Process.
*Mennonite Bd. of Missions v. Adams*, 462 U.S. 791 (1983) — Notice must be reasonably calculated to apprise interested parties.
*Fuentes v. Shevin*, 407 U.S. 67 (1972) — Cannot deprive of property without notice and hearing.

Retaliation:

*Pickering v. Board of Educ.*, 391 U.S. 563 (1968) — First Amendment retaliation claims are actionable.

*Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977) — Retaliation claim requires showing protected conduct was a motivating factor.

Adverse Possession:

*Texas Civil Practice & Remedies Code § 16.024* — Three-year adverse possession statute with color of title.
*Doswell v. De La Lanza*, 61 U.S. 29 (1857) — Texas statute of limitations for adverse possession.
*Stanley v. Schwalby*, 147 U.S. 508 (1893) — Adverse possession doctrine recognized.

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), a plaintiff must establish subject matter jurisdiction by demonstrating standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must construe pro se pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

## III. ANALYSIS

### A. Plaintiff Has Article III Standing

The State argues that Plaintiff lacks Article III standing because he has not alleged a "concrete and particularized injury" traceable to the State. The Court disagrees.

Plaintiff has alleged specific, concrete injuries: (1) the State enacted SB 38 and SB 1333; (2) these laws were applied to his adverse possession proceeding on September 15, 2025; (3) the retroactive application of these laws defeated his property rights that had been accruing for over two years; and (4) Plaintiff's rights under Texas Civil Practice & Remedies Code § 16.024 were scheduled to vest on August 22, 2026. These allegations are sufficient to establish an injury in fact. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

The injury is fairly traceable to the State's enactment and enforcement of SB 38 and SB 1333. While the State argues that "it was not the 'State' or OAG that evicted him," Plaintiff's claim is that the State enacted laws that were used to evict him—a causal chain sufficient to satisfy Article III's traceability requirement. *Bennett v. Spear*, 520 U.S. 154, 167 (1997). A favorable judicial decision declaring the retroactive application unconstitutional and enjoining enforcement would redress the injury.

### B. The Eleventh Amendment Does Not Bar Plaintiff's Claims

The State argues that the Eleventh Amendment bars Plaintiff's claims. The Court finds this argument unpersuasive.

The Supreme Court's decision in *Ex parte Young*, 209 U.S. 123 (1908), provides a well-established exception to state sovereign immunity. Under *Ex parte Young*, a plaintiff may sue a state official in their official capacity for prospective injunctive relief to enjoin ongoing violations of federal law. *Id.* at 159-60; *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002).

Plaintiff seeks only prospective declaratory and injunctive relief—not monetary damages—to enjoin the State from retroactively applying SB 38 and SB 1333 to his pre-existing adverse possession rights. This is precisely the type of relief authorized by *Ex parte Young*. *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019); *Texas v. United States*, 809 F.3d 134, 160 (5th Cir. 2015). Plaintiff has alleged an ongoing violation of federal law, as the laws are currently in effect and Plaintiff's rights continue to be threatened. *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254 (2011).

Although Plaintiff named "The State of Texas" as a defendant rather than a specific state official, the Court finds that this technical deficiency does not defeat the *Ex parte Young* exception. Plaintiff is proceeding pro se, and the substance of his claim seeks to enjoin the enforcement of state laws—a function carried out by state officials such as the Texas Attorney General. The Court will allow Plaintiff an opportunity to amend his complaint to name the appropriate state official(s) if necessary.

C. Plaintiff Has Stated a Plausible Claim for Relief

The State argues that Plaintiff has failed to state a claim upon which relief can be granted. Construing Plaintiff's pro se pleadings liberally, the Court finds that Plaintiff has stated plausible claims for relief.

1. Ex Post Facto and Due Process Claims

Plaintiff alleges that SB 38 and SB 1333 were retroactively applied to his pre-existing adverse possession rights that began accruing on August 22, 2023—over two years before the laws became effective. The Supreme Court has recognized that "[t]he presumption against retroactive legislation is deeply rooted in our jurisprudence" and applies to laws that "take away or impair vested rights acquired under existing laws." *Landgraf v. USI Film Products*, 511 U.S. 244, 266, 269-70 (1994). Plaintiff's adverse possession rights, which had been accruing for over two years, constitute a protected property interest. *See Board of Regents v. Roth*, 408 U.S. 564, 577 (1972).

Plaintiff has sufficiently alleged that the retroactive application of SB 38 and SB 1333 deprives him of that property interest without due process, including inadequate notice of the eviction proceeding. *See Fuentes v. Shevin*, 407 U.S. 67, 81-82 (1972); *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 795 (1983).