United States Courts
Southern District of Texas
FILED
*September 03, 2026*
Nathan Ochsner, Clerk of Court

**Civil Action No. 4:25-cv-04354**

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

MATTHEW JAMAL JACKSON, Individually and as Owner of Save A Life Homes, LLC,

Plaintiff,

V.

MAYRA AMEZQUITA; et al

, Defendants.

**REQUEST FOR PRE-MOTION CONFERENCE FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

TO THE HONORABLE GEORGE C. HANKS, JR.:

Plaintiff Matthew Jamal Jackson, proceeding pro se, respectfully requests a pre-motion conference pursuant to the Court's Procedures, Section 6.B, for leave to file a Fourth Amended Complaint.

## I. INTRODUCTION

Plaintiff Matthew Jamal Jackson, proceeding pro se, respectfully submits this request for a pre-motion conference, pursuant to the Court's Procedures, Section 6.B, and Federal Rule of Civil Procedure 15(a)(2), for leave to file a Fourth Amended Complaint.

The proposed amendment corrects the case caption, adds two defendants whose conduct has come to light since the Third Amended Complaint [Doc. #50], and pleads factual developments through late August 2026. As set forth below, amendment is warranted under the liberal Rule 15(a)(2) standard, and no party will suffer undue prejudice. II. LEGAL STANDARD Federal Rule of Civil Procedure 15(a)(2) directs that courts "should freely give leave [to amend] when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962).

The Fifth Circuit has explained that this standard "evinces a bias in favor of granting leave to amend." Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n, 751 F.3d 368, 378 (5th Cir. 2014). Courts apply this standard "with particular force" where, as here, the movant proceeds pro se. Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

## III. ARGUMENT

A. New Defendants: Attorney Carreon and Constable Rosen. Plaintiff seeks to add Adilia Miranda Carreon (State Bar No. 24118472) and her firm, Miranda Carreon | Law, as defendants. Attorney Carreon filed a fraudulent second eviction proceeding against Plaintiff on August 20, 2026 (Case No. 262100368880), falsely alleging that Plaintiff "forcibly entered" and "broke into" the property—conduct that constitutes fraud upon the court and abuse of process. See In re M.M.S., No. 04-08-00101-CV, 2008 Tex. App. LEXIS 4488 (Tex. App.—San Antonio June 18, 2008, no pet.); Isaac v. Villas Del Zocalo 3, No. 05-16-01338-CV, 2018 WL 567661 (Tex. App.—Dallas Jan. 11, 2018, no pet.).

Plaintiff further seeks to add Alan Rosen, Constable of Harris County Precinct 1, who made defamatory public statements about Plaintiff on July 8, 2026, falsely portraying him as a criminal. See Wisconsin v. Constantineau, 400 U.S. 433 (1971); Paul v. Davis, 424 U.S. 693 (1976).

B. Adverse Possession, Res Judicata, and the Ex Post Facto Clause. Plaintiff's adverse possession title fully vested on August 22, 2026, under Texas Civil Practice and Remedies Code section 16.030(a). See Estes v. Leifeste, No. 03-24-00085-CV, 2025 Tex. App. LEXIS 422, at *9–10 (Tex. App.—Austin Jan. 29, 2025, no pet.). The second eviction proceeding is barred by res judicata and collateral estoppel because the first eviction (Case No. 252100341228) was dismissed for lack of jurisdiction. See Scurlock Oil Co. v. Smithwick, 724 S.W.2d 1, 6 (Tex. 1986). The proceeding also seeks to apply Senate Bills 38 and 1333 retroactively to Plaintiff's pre-existing rights, established August 22, 2023, in violation of the Ex Post Facto Clause. See Landgraf v. USI Film Products, 511 U.S. 244 (1994).

C. Official Oppression and Retaliatory Investigation. Plaintiff asserts claims for official oppression under Texas Penal Code section 39.03 against all government defendants. See Sanchez v. State, 182 S.W.3d 34, 47 (Tex. App.—San Antonio 2005, pet. ref'd).

On August 18, 2026, the City of Houston filed a Supplemental Notice of Parallel Criminal Investigation (Doc. 80-1), confirming that Plaintiff is the subject of an unconstitutional criminal investigation brought in retaliation for filing this lawsuit. See Hartman v. Moore, 547 U.S. 250 (2006); Nieves v. Bartlett, 587 U.S. 391 (2019). D. No Undue Prejudice to Any Party. The proposed amendment will not prejudice any party. The case remains in its early stages, no trial date has been set, and no defendant has filed a dispositive motion on the merits.

## IV. CERTIFICATE OF CONFERENCE

Pursuant to the Court's Procedures, Plaintiff has conferred with counsel for all parties regarding the relief sought herein. All counsel oppose the relief requested. Conferring counsel include: James C. Butt (Harris County Attorney's Office); Natoya Inglis and Eric Laskowski (City of Houston Legal Department); Justin Sassaman (Texas Attorney General's Office); Emily Harding Owen (Houston Housing Authority); Jonathan Cunningham (Fidelity National Title); and Adilia Miranda Carreon (Miranda Carreon | Law). V. CONCLUSION For the foregoing reasons, Plaintiff respectfully requests that the Court (1) grant a pre-motion conference regarding Plaintiff's anticipated motion for leave to file a Fourth Amended Complaint, or, in the alternative, (2) waive the pre-motion conference requirement and grant Plaintiff leave to file the Fourth Amended Complaint.

Respectfully submitted,

/s/ Matthew Jamal Jackson

MATTHEW JAMAL JACKSON

8230 Glen Valley Dr

Houston, Texas 77061 (646) 588-9376 savealifehomes06@gmail.com

infosupport@savealifehomes.com Pro Se Plaintiff Dated: September 1, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of September, 2026, a true and correct copy of the foregoing was served upon all counsel of record via email.

/s/ Matthew Jamal Jackson

JAMAL JACKSON