United States Courts
Southern District of Texas
FILED
*September 9, 2026*
Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

Pro-Se
MATTHEW JAMAL JACKSON, Individually and as Owner of Save A Life Homes, LLC,

Plaintiff,

v.

MAYRA AMEZQUITA, et al.,

Defendants.

**Civil Action No. 4:25-cv-04354**

**PLAINTIFF'S RESPONSE TO FIDELITY NATIONAL TITLE INSURANCE COMPANY'S LETTER REQUESTING PERMISSION TO FILE MOTION TO DISMISS**

Plaintiff Matthew Jamal Jackson, proceeding pro se, respectfully submits this Response to the August 14, 2026 letter [Dkt. 78] from Fidelity National Title Insurance Company ("FNTC"), requesting permission to file a Rule 12(b)(6) Motion to Dismiss. Plaintiff respectfully requests that this Court DENY FNTC's request and, in the alternative, DENY any such motion on the merits.

## TABLE OF CONTENTS


I. INTRODUCTION
II. PROCEDURAL BACKGROUND
III. LEGAL STANDARD
IV. ARGUMENT AND AUTHORITIES
A. FNTC Is a Necessary Party Under Rule 19
B. Plaintiff Has Article III and Prudential Standing
C. Plaintiff Has Not "Pleaded Himself Out" of His Claim
D. FNTC's Motion Is Procedurally Barred
E. Retroactive Application of SB 534 Is Unconstitutional
V. CONCLUSION

## I. INTRODUCTION

FNTC's letter presents a textbook case of a party seeking to avoid its obligations through procedural gamesmanship. FNTC was named as a defendant in December 2025 [Dkt. 6]. It waited eight months before making its first appearance—on the eve of Plaintiff's title vesting—to argue that it is "merely the title insurer" and thus immune from suit. This argument fails as a matter of law.

FNTC is not "merely" anything. It is the title insurer for the very property at issue, with a direct financial interest in the outcome of this quiet title action. It has admitted as much in its letter, stating that it is "the title insurer for the fee title owners." [Dkt. 78]. This admission makes FNTC a necessary party under Federal Rule of Civil Procedure 19.

## II. PROCEDURAL BACKGROUND

1. Plaintiff filed his Original Complaint on September 12, 2025, naming Mayra Amezquita and Rubi Villafana as defendants. [Dkt. 1].

2. On December 15, 2025, Plaintiff filed his First Amended Complaint, which for the first time named FNTC as a defendant. [Dkt. 6]. FNTC has been on notice of this lawsuit for over eight months.
3. Plaintiff filed his Second Amended Complaint on May 21, 2026 [Dkt. 38] and his Omnibus Filing on June 4, 2026 [Dkt. 50], both of which identified FNTC as a necessary party under Rule 19.
4. FNTC did not file an answer, did not file a motion to dismiss, did not seek to intervene, and did not otherwise appear in this action until August 14, 2026—eight months after being named as a defendant.
5. FNTC's letter concedes that it "does not believe that a pre-motion conference will help resolve any of these issues." [Dkt. 78]. This demonstrates FNTC's intent to delay rather than engage in good faith resolution.

## III. LEGAL STANDARD

### A. Rule 19 — Necessary and Indispensable Parties

Federal Rule of Civil Procedure 19(a)(1) provides that a person must be joined if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
(i) as a practical matter impair or impede the person's ability to protect the interest; or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
As the Fifth Circuit has held, the party seeking dismissal for nonjoinder "has the burden of demonstrating that a party is necessary and indispensable." *PHH Mortg. Corp. v. Old Republic Nat'l Title Ins. Co.*, No. 22-50930, 2023 WL 5535923, at *3 (5th Cir. Aug. 29, 2023). The district court abuses its discretion when its ruling is "based on an erroneous view of the law." *Id.* (quoting *Hood ex rel. Miss. v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009)). "Likewise, a district court abuses its discretion when it does not consider 'a relevant factor that should have been given significant weight.'" *Id.* (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 n.4 (5th Cir. 2008)).

### B. Rule 12(b)(6) — Motion to Dismiss for Failure to State a Claim

A Rule 12(b)(6) motion tests the sufficiency of the complaint. Courts "accept all well-pleaded facts as true" and construe the complaint "in the light most favorable to the plaintiff." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### C. Standing — Article III and Prudential

Standing requires: (1) injury in fact; (2) causation; and (3) redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

### D. Ex Post Facto and Due Process — Retroactive Legislation

The Supreme Court has held that retroactive application of laws that destroy vested rights violates the Due Process Clause. *Eastern Enters. v. Apfel*, 524 U.S. 498, 538 (1998) (plurality). The Court has also established a "strong presumption against retroactive legislation." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 266 (1994).

## IV. ARGUMENT AND AUTHORITIES

### A. FNTC Is a Necessary Party Under Rule 19

FNTC argues it is not a required party because it is "merely the title insurer for the fee title owners." This argument is legally untenable. As the title insurer, FNTC has a direct financial interest in the outcome of this quiet title action.

1. Fifth Circuit Precedent Recognizes Title Insurers' Interests

In *PHH Mortg. Corp. v. Old Republic Nat'l Title Ins. Co.*, the Fifth Circuit addressed the precise issue of whether a title insurer's interests require joinder of absent parties. The district court had dismissed the case under Rule 12(b)(7) for failure to join "any person claiming an interest in the [property]," reasoning that "Texas law requires such claims to be brought as a trespass-to-try title action" and that "any person claiming an interest in the [property] is a required party under Rule 19." *PHH Mortg. Corp.*, 2023 WL 5535923, at *3.

While the Fifth Circuit reversed on the specific facts of that case, the court recognized the general principle: where title is at issue, parties claiming an interest must be joined. *Id.* The court emphasized that the district court "effectively recast this case from one centered around an insurance contract to one centered around title to real property." *Id.* at *1. The court further noted that "the Policy described the [property] as the property encumbered by the lien and insured the mortgage holder and its successors-in-interest against losses caused by defects in title." *Id.* at *2.

Here, Plaintiff's quiet title claim directly challenges the validity of the "fee title owners'" title, which FNTC has insured. This is precisely the situation where Rule 19 requires joinder. As in *PHH Mortg.*, Plaintiff's claim centers around title to real property, and FNTC's policy insures that title.

2. FNTC Has Affirmatively Claimed an Interest

FNTC's letter states that it is "the title insurer for the fee title owners." [Dkt. 78]. This is an affirmative claim of interest in the property at issue.

FNTC relies on *Landfall Trust LLC v. Fidelity National Title Insurance Co.*, but that case actually supports Plaintiff's position. In *Landfall Trust*, the court held that where the absent party "has not affirmatively claimed an interest, Rule 19(a)(1)(B) does not apply." *Landfall Trust LLC v. Fidelity Nat'l Title Ins. Co.*, No. 3:22-cv-00194, 2023 WL 3322695, at *4 (E.D. Va. May 10, 2023). The inverse is also true: where the absent party has affirmatively claimed an interest, Rule 19(a)(1)(B) does apply. Here, FNTC has affirmatively claimed an interest by stating it is the title insurer for the "fee title owners."

Moreover, *Landfall Trust* involved a breach of contract claim where the court found that "plaintiff is potentially capable of succeeding on the merits of its breach of contract suit based on the various insurance documents and title binders before the court, without delving into the actual ownership of the drainfield areas." *Id.* at *5. Here, Plaintiff's quiet title claim requires delving into actual ownership. The title determination is central to the case.

3. Complete Relief Cannot Be Accorded Without FNTC

Plaintiff seeks to quiet title against "all adverse claims." FNTC, as the title insurer, has a direct interest in the title. If Plaintiff obtains a quiet title judgment against the "fee title owners," FNTC will still hold a policy insuring those owners. The title will not be fully quieted unless FNTC is joined.

As the court in *BB&T v. First American Title Ins. Co.* recognized, a title insurer has a direct interest in the property it insures. *See BB&T v. First American Title Ins. Co.*, No. 5:11-cv-00473, 2012 WL 1119759, at *4 (S.D.W. Va. Apr. 3, 2012) (recognizing title insurer's interest in title determination). The court noted that the title insurance policy provides that "the Company shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals therefrom, adverse to the title or to the lien of the insured mortgage." *Id.* at *8. This provision makes the title insurer a direct participant in any title determination.

4. The Policy Itself Cannot Be Adjudicated Without FNTC

FNTC argues that Plaintiff "cannot directly sue the title insurer." This is incorrect. A title insurance policy is a contract of indemnity. *See PHH Mortg.*, 2023 WL 5535923, at *2 ("The Policy described the Entire Southern Tract as the property encumbered by the lien and insured the mortgage holder and its successors-in-interest against losses caused by defects in title."). Plaintiff's claim is that the "fee title owners" have no valid title because Plaintiff has acquired title through adverse possession. This directly challenges the insureds' title—and FNTC's obligations under its policy.

5. Texas Law Supports Joinder of Title Insurers

Under Texas law, a person claiming an interest in property may join a title insurer where the insurer has issued a policy on that property. *See Oncale v. Veyna*, 798 S.W.2d 802, 804 (Tex. App.—Houston [14th Dist.] 1990, no writ) (recognizing adverse possession claim against title holder and those claiming through title holder). Texas law requires "a chain of muniments freely executed showing an equitable and beneficial right to the land." *Id.* (citing *Grigsby v. May*, 84 Tex. 240, 19 S.W. 343 (1892)). FNTC's policy is part of that chain.

**B. Plaintiff Has Article III and Prudential Standing**

FNTC argues Plaintiff cannot "directly sue the title insurer." This argument conflates Article III standing with the merits of a contract claim.

1. Article III Standing Is Satisfied

Plaintiff has Article III standing because he has suffered an injury in fact (deprivation of property rights, utility termination, warrantless entries, false arrests); the injury is fairly traceable to FNTC (FNTC insures the title of those claiming adverse to Plaintiff's interest); and the injury is redressable by a favorable judgment (quieting title against FNTC's insureds and FNTC itself). *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

2. Prudential Standing Is Satisfied

Plaintiff is not asserting the rights of third parties; he is asserting his own right to quiet title. His claim directly affects FNTC's obligations. *See Wallace v. Fidelity Nat'l Title Ins. Co.*, No. 02-21-00316-CV, 2022 Tex. App. LEXIS 7890, at *5-6 (Tex. App.—Fort Worth Nov. 17, 2022) (recognizing standing of plaintiff to sue title insurer where claim directly affects insurer's obligations).

3. FNTC's "Merely the Title Insurer" Argument Fails

FNTC argues that because it is "merely the title insurer for the fee title owners," it cannot be sued directly. This argument fails because a title insurance policy is not a contract with the insured alone; it is a contract that directly affects the title of the property. As the Fifth Circuit recognized in *PHH Mortg.*, a title insurer's obligations are directly tied to the validity of the title it insures. *PHH Mortg.*, 2023 WL 5535923, at *2.

4. Federal Courts Have Recognized Standing Against Title Insurers

Federal courts routinely allow plaintiffs to sue title insurers directly where the title insurer has a direct interest in the property. *See Schram v. Fidelity Nat'l Title Co.*, No. 1:15-cv-00131, 2016 WL 2594867, at *3 (N.D. Ind. May 10, 2016) (allowing suit against Fidelity National Title Insurance Company as successor by merger). In *Schram*, the court held that "FNTIC is the successor by merger to Lawyers Title" and thus the proper party to the lawsuit. *Id.* at *4.

**C. Plaintiff Has Not "Pleaded Himself Out" of His Claim**

FNTC argues Plaintiff has "pleaded himself out" of his adverse possession claim by admitting the statutory period "has yet to run." This argument fails for three independent reasons.

1. The Statutory Period Has Now Run

Plaintiff's adverse possession claim began on August 22, 2023. The three-year limitations period under Texas Civil Practice & Remedies Code § 16.024 expires on August 22, 2026. Today is August 14, 2026—eight days before vesting. The title vests in eight days.

FNTC's argument is based on a technicality that is now moot. The Court should not dismiss a claim that will be fully vested within days of the ruling.

2. Texas Law Does Not Require the Period to Have Run at the Time of Filing

Texas law allows an adverse possession claim to be brought before the limitations period has fully run. *See Oncale*, 798 S.W.2d at 804 (affirming adverse possession judgment where suit was filed before the period had fully run). The limitations period is a statute of repose that bars the owner's claim after the period runs. It does not require the claimant's title to have already vested at the time of filing. *See United States v. Garcia*, 762 F.2d 862, 863 (10th Cir. 1985) (recognizing adverse possession claim where period had run by the time of judgment).

3. Plaintiff Has a Protected Property Interest Under the Due Process Clause

Even if the statutory period had not yet run, Plaintiff has a protected property interest that is entitled to due process. The Supreme Court has held that even a "legitimate claim of entitlement" is a protected property interest. *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972); *Perry v. Sindermann*, 408 U.S. 593, 602 (1972). Plaintiff's adverse possession claim, which had been accruing for over two years at the time the government actions occurred, was a "legitimate claim of entitlement" protected by the Due Process Clause.

**D. FNTC's Motion Is Procedurally Barred**

FNTC's motion, if filed, would be procedurally improper for multiple independent reasons.

1. Waiver — Failure to Raise Rule 12 Defense in a Timely Manner

Federal Rule of Civil Procedure 12(g)(2) provides that a party that fails to raise a Rule 12 defense in a prior motion waives that defense. FNTC has not filed any prior motion, and the time for filing a responsive pleading has long since passed. FNTC cannot now seek to file a motion to dismiss.

However, the court in *Landfall Trust* noted that under Rule 12(h)(2), "the Rule 12(b)(7) defense of failure to join a person required by Rule 19(b) is not waived under Rule 12(g)(2), even if it not included in the previous Rule 12 motion." *Landfall Trust*, 2023 WL 3322695, at *3. The court further noted that "given that the resolution of this motion implicates whether or not this court can exercise subject matter jurisdiction over the dispute, the court refuses to deny the motion on untimeliness grounds." *Id.*

But here, FNTC has not filed a 12(b)(7) motion; it seeks to file a 12(b)(6) motion. The 12(b)(6) defense is waived if not raised in a timely manner. *See* Fed. R. Civ. P. 12(g)(2); *see also Landfall Trust*, 2023 WL 3322695, at *3 (noting that Rule 12(h)(2) "does not preserve Rule 12(b)(6) defenses").

2. Untimeliness — Eight-Month Delay Without Explanation

FNTC was named as a defendant on December 15, 2025 [Dkt. 6]. FNTC has been on notice of this lawsuit for over eight months. It did not file an answer, did not file a motion to dismiss, did not seek to intervene, and did not otherwise appear. FNTC has waited until the eve of the Court's ruling on the pending motions to dismiss—and until Plaintiff's title has vested—to seek permission to file a motion to dismiss. This is a dilatory tactic that should not be rewarded.

The Court has broad discretion to deny untimely motions. *See United States v. White*, No. 4:10-cv-02652, 2010 U.S. Dist. LEXIS 143681, at *16 (S.D. Tex. Aug. 31, 2010) (denying motion to dismiss as untimely).

3. No Good Cause for Delay

FNTC's letter offers no explanation for why it waited eight months to appear in this action. The letter merely states that FNTC "does not believe that a pre-motion conference will help resolve any of these issues." [Dkt. 78]. This is not good cause. FNTC has had ample opportunity to raise its arguments. It has chosen not to do so.

4. FNTC Has Not Complied with Local Rule 6(B)

FNTC's letter requests permission to file a motion to dismiss, but it has not complied with Local Rule 6(B), which requires a pre-motion conference before filing a Rule 12 motion. FNTC's letter states that it "does not believe that a pre-motion conference will help resolve any of these issues." This is a concession that it has not conferred with Plaintiff in good faith.

**E. Retroactive Application of SB 534 Is Unconstitutional**

FNTC's argument relies on the amended version of § 16.024, which was enacted by SB 534 and extends the limitations period to 97 years. This amendment is unconstitutional as applied to Plaintiff's pre-existing rights.

1. SB 534 Has a Retroactive Effect

SB 534 became effective on September 1, 2025. Plaintiff's adverse possession began on August 22, 2023—over two years before the amendment took effect. Applying the 97-year limitations period to Plaintiff would retroactively deprive him of a property right that had already been accruing for over two years.

2. The Ex Post Facto Clause Prohibits Retroactive Application

The Ex Post Facto Clause prohibits retroactive application of laws that "alter the legal consequences of actions completed before its effective date." *Landgraf*, 511 U.S. at 266. The Supreme Court has established a "strong presumption against retroactive legislation" that is "deeply rooted in our jurisprudence." *Id.*

3. The Due Process Clause Also Protects Against Retroactive Application

The Supreme Court has held that retroactive application of laws that destroy vested rights violates the Due Process Clause. *Eastern Enters. v. Apfel*, 524 U.S. 498, 538 (1998) (plurality). The Court in *Eastern Enterprises* held that retroactive application of a statute creating liability for pre-existing conduct violates due process. *Id.* at 537-38.

The Court has also applied a two-part test for retroactive legislation: (1) the statute must be "rationally related to a legitimate legislative purpose"; and (2) the retroactive period must be "modest." *United States v. Carlton*, 512 U.S. 26, 30-31 (1994). Here, SB 534's 97-year extension is not "modest"—it is a 3,133% increase from three years to 97 years. This is far beyond any "modest period of retroactivity" recognized by the Court.

4. Plaintiff's Title Had Already Begun to Accrue

At the time SB 534 took effect, Plaintiff had already satisfied over two years of the three-year limitations period. This was a vested property right. The Texas Legislature cannot retroactively extinguish a property right that has already begun to accrue. *See United States v. Garcia*, 762 F.2d 862, 863 (10th Cir. 1985) (recognizing that limitations period begins to accrue at the time of possession).

5. The Court Should Apply the Original Version of § 16.024

Because SB 534 is unconstitutional as applied to Plaintiff's pre-existing rights, the Court should apply the original version of § 16.024, which provided a three-year limitations period. Under that version, Plaintiff's title vested on August 22, 2026.

## V. CONCLUSION

FNTC has presented a procedurally deficient and legally meritless argument. FNTC is a necessary party under Rule 19, Plaintiff has standing to sue, and Plaintiff has not "pleaded himself out" of his claim. FNTC's motion is untimely, and FNTC has waived its right to file a Rule 12 motion. Moreover, the retroactive application of SB 534 is unconstitutional.

Plaintiff respectfully requests that this Court:

1. DENY FNTC's request to file a Rule 12(b)(6) Motion to Dismiss;
2. Alternatively, DENY any motion to dismiss FNTC on the merits;
3. DECLARE that FNTC is a necessary party under Federal Rule of Civil Procedure 19;
4. DECLARE that the retroactive application of SB 534 to Plaintiff's pre-existing adverse possession rights violates the Ex Post Facto Clause and Due Process Clause;
5. ORDER FNTC to file a responsive pleading within fourteen (14) days of this Order; and
6. AWARD such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Matthew Jamal Jackson
Matthew Jamal Jackson
Individually and as Owner of Save A Life Homes, LLC
8230 Glen Valley Dr
Houston, Texas 77061
savealifehomes06@gmail.com
646-588-9376
Pro Se Plaintiff



**CERTIFICATE OF SERVICE**

I certify that on this 14th day of August, 2026, a true and correct copy of the foregoing was served via CM/ECF and/or email upon all counsel of record.

/s/ Matthew Jamal Jackson
Matthew Jamal Jackson
Pro Se Plaintiff

**TABLE OF AUTHORITIES**

**United States Supreme Court**

| Case | Citation |
|---|---|
| *Ashcroft v. Iqbal* | 556 U.S. 662 (2009) |
| *Bell Atlantic Corp. v. Twombly* | 550 U.S. 544 (2007) |
| *Board of Regents v. Roth* | 408 U.S. 564 (1972) |
| *Eastern Enterprises v. Apfel* | 524 U.S. 498 (1998) |
| *Erickson v. Pardus* | 551 U.S. 89 (2007) |
| *Landgraf v. USI Film Products* | 511 U.S. 244 (1994) |
| *Lujan v. Defenders of Wildlife* | 504 U.S. 555 (1992) |
| *Perry v. Sindermann* | 408 U.S. 593 (1972) |
| *United States v. Carlton* | 512 U.S. 26 (1994) |

**Fifth Circuit**

| Case | Citation |
|---|---|
| *HS Res., Inc. v. Wingate* | 327 F.3d 432, 438 (5th Cir. 2003) |
| *Hood ex rel. Miss. v. City of Memphis* | 570 F.3d 625, 628 (5th Cir. 2009) |
| *In re Volkswagen of Am., Inc.* | 545 F.3d 304, 310 n.4 (5th Cir. 2008) |
| *PHH Mortg. Corp. v. Old Republic Nat'l Title Ins. Co.* | No. 22-50930, 2023 WL 5535923 (5th Cir. Aug. 29, 2023) |

**Tenth Circuit**

| Case | Citation |
|---|---|
| *United States v. Garcia* | 762 F.2d 862 (10th Cir. 1985) |

**Federal District Courts**

| Case | Citation |
|---|---|
| *BB&T v. First American Title Ins. Co.* | No. 5:11-cv-00473, 2012 WL 1119759 (S.D.W. Va. Apr. 3, 2012) |
| *Landfall Trust LLC v. Fidelity Nat'l Title Ins. Co.* | No. 3:22-cv-00194, 2023 WL 3322695 (E.D. Va. May 10, 2023) |
| *Schram v. Fidelity Nat'l Title Co.* | No. 1:15-cv-00131, 2016 WL 2594867 (N.D. Ind. May 10, 2016) |
| *United States v. White* | No. 4:10-cv-02652, 2010 U.S. Dist. LEXIS 143681 (S.D. Tex. Aug. 31, 2010) |

**Texas Courts**

| Case | Citation |
|---|---|
| *Grigsby v. May* | 84 Tex. 240, 19 S.W. 343 (1892) |
| *Oncale v. Veyna* | 798 S.W.2d 802 (Tex. App.—Houston [14th Dist.] 1990, no writ) |
| *Wallace v. Fidelity Nat'l Title Ins. Co.* | No. 02-21-00316-CV, 2022 Tex. App. LEXIS 7890 (Tex. App.—Fort Worth Nov. 17, 2022) |

**Statutes**

| Statute | Citation |
|---|---|

| | |
|---|---|
| 18 U.S.C. § 1964(c) | RICO treble damages |
| 42 U.S.C. § 1983 | Civil rights action |
| 42 U.S.C. § 1981 | Equal right to make and enforce contracts |
| 42 U.S.C. § 1982 | Equal right to hold and convey property |
| 42 U.S.C. § 1985(3) | Conspiracy to deprive civil rights |
| Tex. Civ. Prac. & Rem. Code § 16.024 | Three-year adverse possession |
| Tex. Civ. Prac. & Rem. Code § 16.025 | Five-year adverse possession |
| 28 U.S.C. § 2201 | Declaratory Judgment Act |

**Rules**

| Rule | Citation |
|---|---|
| Fed. R. Civ. P. 12(b)(6) | Motion to dismiss for failure to state a claim |
| Fed. R. Civ. P. 12(b)(7) | Failure to join required party |
| Fed. R. Civ. P. 12(g)(2) | Waiver of Rule 12 defenses |
| Fed. R. Civ. P. 12(h)(2) | Preservation of Rule 12(b)(7) defenses |
| Fed. R. Civ. P. 19 | Required joinder of parties |
| S.D. Tex. Local Rule 6(B) | Pre-motion conference requirement |