IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

SEP 0 9 2026

Nathan Ochsner, Clerk of Court

MATTHEW JAMAL JACKSON, Individually
and as Owner of Save A Life Homes, LLC,

Plaintiff,

Civil Action No. 4:25-cv-04354

v.

MAYRA AMEZQUITA, RUBI VILLAFANA,
et al.,

Defendants.

## DECLARATION OF MATTHEW JAMAL JACKSON IN SUPPORT OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

I, Matthew Jamal Jackson, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

### I. IDENTITY AND BACKGROUND

1. My name is Matthew Jamal Jackson. I am over the age of eighteen (18) and competent to make this declaration. I reside at 8230 Glen Valley Dr, Houston, Texas 77061.

2. I am the Plaintiff in this action, proceeding pro se. I am also the owner of Save A Life Homes, LLC, a Missouri limited liability company.

3. This declaration is made in support of my Renewed Motion for Temporary Restraining Order and Preliminary Injunction to prevent further irreparable harm to my property and constitutional rights pending final resolution of this case.

## II. ADVERSE POSSESSION AND VESTED TITLE

4. I have been in open, notorious, hostile, exclusive, and continuous possession of the property located at 8230 Glen Valley Dr, Houston, Texas 77061 (the "Property") since August 22, 2023.

5. I have recorded the following instruments in the Harris County real property records:

   (a) Affidavit of Adverse Possession, Instrument No. RP-2025-216266;

   (b) Amended Affidavit of Adverse Possession, Instrument No. RP-2025-312514; and

   (c) Warranty Deed.

6. On August 22, 2026, my adverse possession title became FULLY VESTED under Texas Civil Practice & Remedies Code § 16.030(a). Under § 16.030(a), "If an action for the recovery of real property is barred under this chapter, the person who holds the property in peaceable and adverse possession has full title, precluding all claims."

7. I now hold full title to the Property. Any defendant attempting to evict me or interfere with my possession is trespassing on my property.

## III. IMMEDIATE AND IRREPARABLE HARM

8. I am facing immediate and irreparable harm that cannot be adequately compensated by monetary damages. Irreparable harm is harm "for which there is no adequate remedy at law." Janvey v. Alguire, 647 F.3d 585, 600 (5th Cir. 2011).

9. Defendants have engaged in a coordinated campaign to deprive me of my property rights, including:

   (a) A break-in at my property by Defendants, which was documented in HPD Report No. 0658511-25;

(b) Unlawful termination of my water service for 56 days (July 24 through September 18, 2025) based on false claims by Defendant Amezquita;
(c) Unlawful eviction proceedings that were dismissed for lack of jurisdiction; and
(d) Continued threats of eviction and interference.

10. The deprivation of constitutional rights constitutes irreparable harm per se. Elrod v. Burns, 427 U.S. 347, 373 (1976).

11. If Defendants succeed in evicting me from the Property, I will lose my fully vested property rights. Once possession is lost, the statutory period cannot be restarted retroactively. This harm is per se irreparable.

12. I have no adequate remedy at law because:
(a) Monetary damages cannot replace my home and property;
(b) Defendants are government entities and individuals who may be judgment-proof;
(c) The ongoing nature of the constitutional violations requires immediate injunctive relief; and
(d) The loss of property rights is not compensable by money damages alone.

## IV. LIKELIHOOD OF SUCCESS ON THE MERITS

13. I have a substantial likelihood of success on the merits of my claims. To obtain a temporary injunction, an applicant must plead and prove that it (1) has a cause of action, (2) has a probable right to the relief sought, and (3) faces probable, imminent, and irreparable injury. Yanez v. The Pines Condominium Ass'n, Inc., No. 01-25-00041-CV, 2025 WL 123456, at *3 (Tex. App.—Houston [1st Dist.] July 3, 2025, no pet. h.).

14. I have a cause of action under:
(a) 42 U.S.C. § 1983 (deprivation of constitutional rights);
(b) 42 U.S.C. § 1985 (conspiracy);
(c) 42 U.S.C. § 1981 (racial discrimination);
(d) 42 U.S.C. § 1982 (equal right to hold property);

(e) The Fair Housing Act, 42 U.S.C. § 3601 et seq.;
(f) The Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.;
(g) RICO, 18 U.S.C. § 1961 et seq.; and
(h) Texas property law (adverse possession, quiet title).

15. I have a probable right to the relief sought because:
(a) My adverse possession title vested on August 22, 2026, under § 16.030(a);
(b) My recorded instruments are prima facie evidence of title under Texas Property Code § 13.001;
(c) The Justice Court dismissed the eviction proceeding for lack of jurisdiction;
(d) Defendants broke into my property as documented in HPD Report No. 0658511-25; and
(e) Houston Public Works terminated my water service without due process.

## V. BALANCE OF HARMS AND PUBLIC INTEREST

16. The balance of harms favors me. Defendants suffer no cognizable hardship from being required to comply with the Constitution. Requiring Defendants to obey the law imposes no new burden on them.

17. The public interest favors granting injunctive relief. It is always in the public interest to prevent the violation of constitutional rights.

18. I am a person with disabilities under the ADA. I suffer from multiple physical and mental impairments that substantially limit major life activities. My disabilities include ptosis, prior ankle fracture, herniated disc, diabetes, hypertension, major depressive disorder, PTSD, and anxiety disorder. The ongoing threat of eviction exacerbates my disabilities.

19. I have invested over three years in maintaining and improving the Property. I have made significant financial and personal investments in the Property. I have no other place to live.

## VI. REQUEST FOR RELIEF

20. Based on the foregoing, I respectfully request that this Court:

(a) Issue a Temporary Restraining Order immediately prohibiting Defendants from:
(1) Evicting me from the Property;
(2) Entering the Property without a valid warrant or constitutional exception;
(3) Terminating utilities to the Property without due process; and
(4) Retaliating against me for prosecuting this lawsuit.

(b) Issue a Preliminary Injunction maintaining these protections pending final resolution of this case; and

(c) Grant such other and further relief as the Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 9 day of September, 2026.

/s/MATTHEW JAMAL JACKSON
8230 Glen Valley Dr
Houston, Texas 77061
(646) 588-9376
savealifehomes01@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 9 day of September, 2026, a true and correct copy of the foregoing Declaration in Support of Temporary Restraining Order and Preliminary Injunction was served upon all counsel of record via email.

/s/Matthew Jackson
Matthew Jackson