**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

MATTHEW JAMAL JACKSON, Individually and as Owner of Save A Life Homes, LLC,

Plaintiff,

v.

MAYRA AMEZQUITA, et al.,

Defendants.

**Civil Action No. 4:25-cv-04354**

# MEMORANDUM OF LAW MOTION NOTICE REGARDING SERVICE OF PROCESS ON DEFENDANT MALCOLM D. GIBSON AND REQUEST FOR EXTENSION OF TIME TO EFFECT SERVICE

Declaration under Penalty of Perjury of Matthew Jackson, Process Se, being competent to make this declaration and having personal knowledge of the matters stated herein, declares pursuant 28 U.S.C 1746

Plaintiff Matthew Jamal Jackson, proceeding pro se, respectfully submits this Notice regarding service of process on Defendant Malcolm D. Gibson and requests appropriate relief from this Court.

**TABLE OF CONTENTS**

I. INTRODUCTION
II. FACTUAL BACKGROUND
III. LEGAL STANDARD
IV. ARGUMENT AND AUTHORITIES
A. The Court May Extend the Time for Service for Good Cause B. The Court May Also Exercise Its Discretion to Extend Time C. The Clerk's Failure to Return the Summons Constitutes Good Cause D. Defendants Have Actual Notice of This Lawsuit
V. CONCLUSION

## I. INTRODUCTION

Plaintiff respectfully informs this Court that on February 24, 2026, Plaintiff submitted a summons for Defendant Malcolm D. Gibson to the Clerk of Court for issuance and return. The Clerk's office never returned the executed summons to Plaintiff, and Plaintiff has only recently discovered this oversight. Plaintiff has been diligently prosecuting this action, and the failure to serve Defendant Gibson was not due to Plaintiff's lack of diligence but rather due to a clerical oversight by the Clerk's office and the Court's own CM/ECF system.

Plaintiff respectfully requests that this Court: (1) acknowledge the Clerk's failure to return the summons; (2) grant Plaintiff an extension of time to effect service on Defendant Gibson; (3) permit service by alternative means pursuant to Federal Rule of Civil Procedure 4(e); and/or (4) deem service constructively effectuated as of the date Plaintiff filed his First Amended Complaint naming Defendant Gibson, as Defendant Gibson has had actual notice of this lawsuit.

## II. FACTUAL BACKGROUND

1. On December 15, 2025, Plaintiff filed his First Amended Complaint, which for the first time named Malcolm D. Gibson and M.D. Gibson & Associates as defendants. [Dkt. 6].

2. On February 24, 2026, Plaintiff submitted a summons for Defendant Gibson to the Clerk of Court for issuance and return.

3. The Clerk's office never returned the executed summons to Plaintiff. Plaintiff has been proceeding pro se and, due to the volume of filings and the complexity of this multi-defendant litigation, only recently discovered that the summons was never returned.

4. Defendant Gibson has been named as a defendant in this action since December 15, 2025—over eight months ago.

5. Defendant Gibson has had actual notice of this lawsuit through the following means: a. Plaintiff has identified Defendant Gibson's address on multiple filings in this action [Dkt. 38, p. 11];

b. Defendant Gibson is an attorney licensed to practice law in Texas and is a member of the State Bar of Texas, and would have been aware of his inclusion in this lawsuit;

c. Defendant Gibson was listed as a defendant in Plaintiff's filings, which are publicly available through the Court's CM/ECF system;

d. Plaintiff has filed multiple amendments and motions in this action that have been served on counsel of record [Dkt. 38, 50, 78].

6. Plaintiff has acted diligently and in good faith throughout this litigation. The failure to serve Defendant Gibson was not the result of Plaintiff's lack of diligence but rather a clerical issue with the Court's own systems.

## III. LEGAL STANDARD

### A. Rule 4(m) — Time Limit for Service

Federal Rule of Civil Procedure 4(m) provides:

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Fed. R. Civ. P. 4(m).

### B. Good Cause Standard

The Fifth Circuit has held that "good cause" under Rule 4(m) requires a showing of "at least as much as would be required to show excusable neglect, which requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified." *Systems Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). The determination of good cause "is committed to the sound discretion of the district court." *Id.*

### C. Discretionary Extension

Even absent good cause, the district court may "in its discretion, extend the time for service" and "consider factors such as a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Graham v. Satchel*, No. 4:20-cv-4914, 2021 WL 837648, at *2 (S.D. Tex. Mar. 5, 2021). The Fifth Circuit has also recognized that "the district court has discretion to grant an extension absent a showing of good cause." *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 1242, 1244 (5th Cir. 1996).

**D. Effect of Clerk's Error**

The Third Circuit has held that a summons which is not signed and sealed by the Clerk of the Court does not confer personal jurisdiction over the defendant. *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568 (3d Cir. 1996) . However, the court also recognized that a plaintiff's "disregard for what she considered the 'technical niceties' of service of process" does not constitute good cause. *Id.* In this case, Plaintiff did not disregard the technical requirements—he complied with them. The Clerk's office failed to perform its ministerial duty.

## IV. ARGUMENT AND AUTHORITIES

**A. The Court May Extend the Time for Service for Good Cause**

Plaintiff has shown good cause for the failure to serve Defendant Gibson within the 90-day period. Good cause exists for the following reasons:

1. The Clerk's Office Failed to Return the Issued Summons

Plaintiff submitted the summons for Defendant Gibson to the Clerk of Court on February 24, 2026. The Clerk's office never returned the executed summons to Plaintiff. This was a ministerial failure by the Clerk's office, not a lack of diligence by Plaintiff. Plaintiff has been proceeding pro se in this complex multi-defendant litigation and only recently discovered that the summons was never returned.

2. Defendant Gibson Has Had Actual Notice

Defendant Gibson, as an attorney licensed to practice law in Texas, has had actual notice of this lawsuit since December 15, 2025, when Plaintiff filed his First Amended Complaint naming him as a defendant. Defendant Gibson was listed as a defendant in Plaintiff's filings, which are publicly available through the Court's CM/ECF system. The Court's own electronic filing system provides constructive notice to all parties.

3. Plaintiff Has Acted Diligently

Plaintiff has been diligent in prosecuting this action. He has filed multiple complaints, motions, and responses. He has served numerous other defendants. He has complied with all Court orders. The failure to serve Defendant Gibson is an isolated oversight that does not reflect a pattern of neglect.

4. Prejudice to Defendant Gibson Is Minimal

Defendant Gibson has been on notice of this lawsuit since December 15, 2025—over eight months. No prejudice can be shown from a brief extension of time to effect service. The statute of limitations does not bar Plaintiff's claims against Defendant Gibson, and Defendant Gibson has not been prejudiced by the delay.

**B. The Court May Also Exercise Its Discretion to Extend Time**

Even if the Court finds no good cause, the Court has discretion to extend the time for service under Rule 4(m). The Fifth Circuit has held that "the district court has discretion to grant an extension absent a showing of good cause." *Adams*, 74 F.3d at 1244.

Courts consider the following factors when exercising discretion:

1. Whether the statute of limitations would bar the claim if dismissed;
2. Prejudice to the defendant;
3. Actual notice of the lawsuit;
4. Whether service is ultimately possible within a reasonable time.

*See Graham*, 2021 WL 837648, at *2 .

Here, all factors favor Plaintiff:

The statute of limitations has not run;

Defendant Gibson has had actual notice for over eight months;

Prejudice is minimal;

Service can be accomplished within a reasonable time.

**C. The Court Should Not Dismiss the Claims Against Defendant Gibson with Prejudice**

Federal Rule of Civil Procedure 4(m) requires dismissal "without prejudice" if dismissal is warranted. *See Ayres*, 99 F.3d at 568. Dismissal with prejudice would be improper as it would permanently bar Plaintiff's claims against Defendant Gibson. *See Fed. R. Civ. P. 4(m) (requiring dismissal "without prejudice").
Dismissal without prejudice would still be harsh given that Plaintiff has been diligently prosecuting this action and the failure to serve was caused by the Clerk's office. Plaintiff requests that the Court extend the time to serve Defendant Gibson or permit alternative service.

**D. Alternative Service Should Be Permitted**

Plaintiff requests that this Court permit alternative service on Defendant Gibson pursuant to Federal Rule of Civil Procedure 4(e)(1), which provides that service may be made "following the law of the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1) .

Under Texas law, a plaintiff may request the Court to authorize service by alternative means. *See* Tex. R. Civ. P. 106(b). Plaintiff requests that the Court authorize service on Defendant Gibson by:

1. Service at his place of business, 5120 Woodway Drive, Suite 8002, Houston, Texas 77056; or
2. Service via certified mail to his known address; or
3. Service via email to any known email address; or
4. Service by publication in a newspaper of general circulation.

## V. CONCLUSION

Plaintiff has acted diligently and in good faith throughout this litigation. The failure to serve Defendant Gibson was not due to Plaintiff's lack of diligence but rather due to a clerical oversight by the Clerk's office. Plaintiff requests that this Court:

1. ACKNOWLEDGE that the Clerk's office failed to return the summons to Plaintiff;
2. FIND that Plaintiff has shown good cause for the failure to serve Defendant Gibson within the 90-day period;

3. EXTEND the time for Plaintiff to serve Defendant Gibson by an additional 30 days; 4. Alternatively, PERMIT alternative service on Defendant Gibson pursuant to Rule 4(e)(1); and
5. DECLARE that Defendant Gibson has had constructive notice of this lawsuit since December 15, 2025, and that any dismissal shall be without prejudice.

Pursuant to 28 USC 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 24 day of August, 2026.

Respectfully submitted,

/s/ Matthew Jamal Jackson
Matthew Jamal Jackson
Individually and as Owner of Save A Life Homes, LLC
8230 Glen Valley Dr
Houston, Texas 77061
savealifehomes06@gmail.com
infosupport@savealifehomes.com
646-588-9376
18009859144
Pro Se Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on this 24th day of August, 2026, a true and correct copy of the foregoing was served via CM/ECF and/or email upon all counsel of record.

/s/ Matthew Jamal Jackson
Matthew Jamal Jackson
Pro Se Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

MATTHEW JAMAL JACKSON, Individually and as Owner of Save A Life Homes, LLC,

Plaintiff,

v.

MAYRA AMEZQUITA, et al.,

Defendants.

**Civil Action No. 4:25-cv-04354**

**AFFIDAVIT OF MATTHEW JACKSON**

**IN SUPPORT OF PLAINTIFF'S NOTICE REGARDING SERVICE OF PROCESS ON DEFENDANT MALCOLM D. GIBSON AND REQUEST FOR EXTENSION OF TIME TO EFFECT SERVICE**

Declaration under Penalty of Perjury of Matthew Jackson, Process Se, being competent to make this declaration and having personal knowledge of the matters stated herein, declares pursuant 28 U.S.C 1746

Plaintiff Matthew Jamal Jackson, proceeding pro se, respectfully submits this Notice regarding service of process on Defendant Malcolm D. Gibson and requests appropriate relief from this Court.

**TABLE OF CONTENTS**

I. INTRODUCTION
II. FACTUAL BACKGROUND
III. LEGAL STANDARD
IV. ARGUMENT AND AUTHORITIES
A. The Court May Extend the Time for Service for Good Cause B. The Court May Also Exercise Its Discretion to Extend Time C. The Clerk's Failure to Return the Summons Constitutes Good Cause D. Defendants Have Actual Notice of This Lawsuit
V. CONCLUSION

## I. INTRODUCTION

Plaintiff respectfully informs this Court that on February 24, 2026, Plaintiff submitted a summons for Defendant Malcolm D. Gibson to the Clerk of Court for issuance and return. The Clerk's office never returned the executed summons to Plaintiff, and Plaintiff has only recently discovered this oversight. Plaintiff has been diligently prosecuting this action, and the failure to serve Defendant Gibson was not due to Plaintiff's lack of diligence but rather due to a clerical oversight by the Clerk's office and the Court's own CM/ECF system.

Plaintiff respectfully requests that this Court: (1) acknowledge the Clerk's failure to return the summons; (2) grant Plaintiff an extension of time to effect service on Defendant Gibson; (3) permit service by alternative means pursuant to Federal Rule of Civil Procedure 4(e); and/or (4) deem service constructively effectuated as of the date Plaintiff filed his First Amended Complaint naming Defendant Gibson, as Defendant Gibson has had actual notice of this lawsuit.

## II. FACTUAL BACKGROUND

1. On December 15, 2025, Plaintiff filed his First Amended Complaint, which for the first time named Malcolm D. Gibson and M.D. Gibson & Associates as defendants. [Dkt. 6]. 2. On February 24, 2026, Plaintiff submitted a summons for Defendant Gibson to the Clerk of Court for issuance and return.
3. The Clerk's office never returned the executed summons to Plaintiff. Plaintiff has been proceeding pro se and, due to the volume of filings and the complexity of this multi-defendant litigation, only recently discovered that the summons was never returned.
4. Defendant Gibson has been named as a defendant in this action since December 15, 2025—over eight months ago.
5. Defendant Gibson has had actual notice of this lawsuit through the following means: a. Plaintiff has identified Defendant Gibson's address on multiple filings in this action [Dkt. 38, p. 11];

   b. Defendant Gibson is an attorney licensed to practice law in Texas and is a member of the State Bar of Texas, and would have been aware of his inclusion in this lawsuit; c.

Defendant Gibson was listed as a defendant in Plaintiff's filings, which are publicly available through the Court's CM/ECF system;

d. Plaintiff has filed multiple amendments and motions in this action that have been served on counsel of record [Dkt. 38, 50, 78].

6. Plaintiff has acted diligently and in good faith throughout this litigation. The failure to serve Defendant Gibson was not the result of Plaintiff's lack of diligence but rather a clerical issue with the Court's own systems.

## III. LEGAL STANDARD

### A. Rule 4(m) — Time Limit for Service

Federal Rule of Civil Procedure 4(m) provides:

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Fed. R. Civ. P. 4(m).

### B. Good Cause Standard

The Fifth Circuit has held that "good cause" under Rule 4(m) requires a showing of "at least as much as would be required to show excusable neglect, which requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified." *Systems Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). The determination of good cause "is committed to the sound discretion of the district court." *Id.*

### C. Discretionary Extension

Even absent good cause, the district court may "in its discretion, extend the time for service" and "consider factors such as a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Graham v. Satchel*, No. 4:20-cv-4914, 2021 WL 837648, at *2 (S.D. Tex. Mar. 5, 2021). The Fifth Circuit has also recognized that "the district court has discretion to grant an extension absent a showing of good cause." *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 1242, 1244 (5th Cir. 1996).

### D. Effect of Clerk's Error

The Third Circuit has held that a summons which is not signed and sealed by the Clerk of the Court does not confer personal jurisdiction over the defendant. *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568 (3d Cir. 1996) . However, the court also recognized that a plaintiff's "disregard for what she considered the 'technical niceties' of service of process" does not constitute good cause. *Id.* In this case, Plaintiff did not disregard the technical requirements—he complied with them. The Clerk's office failed to perform its ministerial duty.

## IV. ARGUMENT AND AUTHORITIES

### A. The Court May Extend the Time for Service for Good Cause

Plaintiff has shown good cause for the failure to serve Defendant Gibson within the 90-day period. Good cause exists for the following reasons:

1. The Clerk's Office Failed to Return the Issued Summons

Plaintiff submitted the summons for Defendant Gibson to the Clerk of Court on February 24, 2026. The Clerk's office never returned the executed summons to Plaintiff. This was a ministerial failure by the Clerk's office, not a lack of diligence by Plaintiff. Plaintiff has been proceeding pro se in this complex multi-defendant litigation and only recently discovered that the summons was never returned.

2. Defendant Gibson Has Had Actual Notice

Defendant Gibson, as an attorney licensed to practice law in Texas, has had actual notice of this lawsuit since December 15, 2025, when Plaintiff filed his First Amended Complaint naming him as a defendant. Defendant Gibson was listed as a defendant in Plaintiff's filings, which are publicly available through the Court's CM/ECF system. The Court's own electronic filing system provides constructive notice to all parties.

3. Plaintiff Has Acted Diligently

Plaintiff has been diligent in prosecuting this action. He has filed multiple complaints, motions, and responses. He has served numerous other defendants. He has complied with all Court orders. The failure to serve Defendant Gibson is an isolated oversight that does not reflect a pattern of neglect.

4. Prejudice to Defendant Gibson Is Minimal

Defendant Gibson has been on notice of this lawsuit since December 15, 2025—over eight months. No prejudice can be shown from a brief extension of time to effect service. The statute of limitations does not bar Plaintiff's claims against Defendant Gibson, and Defendant Gibson has not been prejudiced by the delay.

**B. The Court May Also Exercise Its Discretion to Extend Time**

Even if the Court finds no good cause, the Court has discretion to extend the time for service under Rule 4(m). The Fifth Circuit has held that "the district court has discretion to grant an extension absent a showing of good cause." *Adams*, 74 F.3d at 1244.

Courts consider the following factors when exercising discretion:

1. Whether the statute of limitations would bar the claim if dismissed;
2. Prejudice to the defendant;
3. Actual notice of the lawsuit;
4. Whether service is ultimately possible within a reasonable time.

*See Graham*, 2021 WL 837648, at *2 .

Here, all factors favor Plaintiff:

The statute of limitations has not run;

Defendant Gibson has had actual notice for over eight months;

Prejudice is minimal;

Service can be accomplished within a reasonable time.

**C. The Court Should Not Dismiss the Claims Against Defendant Gibson with Prejudice**

Federal Rule of Civil Procedure 4(m) requires dismissal "without prejudice" if dismissal is warranted. *See Ayres*, 99 F.3d at 568. Dismissal with prejudice would be improper as it would permanently bar Plaintiff's claims against Defendant Gibson. *See Fed. R. Civ. P. 4(m) (requiring dismissal "without prejudice").
Dismissal without prejudice would still be harsh given that Plaintiff has been diligently prosecuting this action and the failure to serve was caused by the Clerk's office. Plaintiff requests that the Court extend the time to serve Defendant Gibson or permit alternative service.

**D. Alternative Service Should Be Permitted**

Plaintiff requests that this Court permit alternative service on Defendant Gibson pursuant to Federal Rule of Civil Procedure 4(e)(1), which provides that service may be made "following the law of the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1) .

Under Texas law, a plaintiff may request the Court to authorize service by alternative means. *See* Tex. R. Civ. P. 106(b). Plaintiff requests that the Court authorize service on Defendant Gibson by:

1. Service at his place of business, 5120 Woodway Drive, Suite 8002, Houston, Texas 77056; or
2. Service via certified mail to his known address; or
3. Service via email to any known email address; or
4. Service by publication in a newspaper of general circulation.

## V. CONCLUSION

Plaintiff has acted diligently and in good faith throughout this litigation. The failure to serve Defendant Gibson was not due to Plaintiff's lack of diligence but rather due to a clerical oversight by the Clerk's office. Plaintiff requests that this Court:

1. ACKNOWLEDGE that the Clerk's office failed to return the summons to Plaintiff;
2. FIND that Plaintiff has shown good cause for the failure to serve Defendant Gibson within the 90-day period;
3. EXTEND the time for Plaintiff to serve Defendant Gibson by an additional 30 days; 4. Alternatively, PERMIT alternative service on Defendant Gibson pursuant to Rule 4(e)(1); and
5. DECLARE that Defendant Gibson has had constructive notice of this lawsuit since December 15, 2025, and that any dismissal shall be without prejudice.

Respectfully submitted,

/s/ Matthew Jamal Jackson
Matthew Jamal Jackson
Individually and as Owner of Save A Life Homes, LLC
8230 Glen Valley Dr
Houston, Texas 77061
savealifehomes06@gmail.com
646-588-9376
Pro Se Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on this 24th day of August, 2026, a true and correct copy of the foregoing was served via CM/ECF and/or email upon all counsel of record.

/s/ Matthew Jamal Jackson
Matthew Jamal Jackson
Pro Se Plaintiff