**From:** SAVE A LIFE HOMES, LLC SAVE A LIFE HOMES, LLC <savealifehomes01@gmail.com>
**Sent:** Thursday, September 10, 2026 12:39 PM
**To:** Butt, James (CAO) <James.Butt@harriscountytx.gov>; Inglis, Natoya - LGL <natoya.inglis@houstontx.gov>; Laskowski, Eric - LGL <eric.laskowski@houstontx.gov>; Taylor, Michelle - LGL <michelle.taylor2@houstontx.gov>; Emily H. Owen <eowen@ccsb.com>; jonathan.cunningham@fnf.com; kimberly_picota@tx.uscourts.gov
**Subject:** AFFIDAVIT OF MATTHEW JAMAL JACKSON — Service of Process on Sheriff Ed Gonzalez and Constable Jerry Garcia — Case No. 4:25-cv-04354

**EXHIBIT "A"**

Civil Action No. 4:25-cv-04354

Subject: AFFIDAVIT OF MATTHEW JAMAL JACKSON — Service of Process on Sheriff Ed Gonzalez and Constable Jerry Garcia — Case No. 4:25-cv-04354

To: James C. Butt james.butt@harriscountytx.gov; Natoya Inglis natoya.inglis@houstontx.gov; Eric Laskowski eric.laskowski@houstontx.gov; Michelle C. Taylor michelle.taylor2@houstontx.gov; Emily Harding Owen eowen@ccsb.com; Justin Garrett Sassaman justin.sassaman@oag.texas.gov; Jonathan Jay Cunningham jonathan.cunningham@fnf.com <kimberly_picota@txs.uscourts.gov>, kimberly_picota@tx.uscourts.gov

From: Matthew Jamal Jackson savealifehomes01@gmail.com
Date: 9/10/2026
Re: Affidavit in Support of Service of Process on Sheriff Ed Gonzalez and Constable Jerry Garcia

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

MATTHEW JACKSON, Individually and as Owner of Save A Life Homes, LLC,

Plaintiff,

v.

MAYRA AMEZQUITA, et al.,

Defendants.

Civil Action No. 4:25-cv-04354

**AFFIDAVIT OF MATTHEW JAMAL JACKSON**

STATE OF TEXAS )
COUNTY OF HARRIS )

BEFORE ME, the undersigned authority, personally appeared MATTHEW JAMAL JACKSON, who, being by me first duly sworn, deposed and stated as follows:

Declaration under Penalty of Perjury

Matthew Jamal Jackson, being competent to make this declaration and having personal knowledge of the matters stated herein, declares pursuant to 28 U.S.C. § 1746 as follows:

## I. INTRODUCTION

1. My name is Matthew Jamal Jackson. I am over the age of eighteen (18) and competent to make this affidavit. I am the Plaintiff in the above-captioned matter, proceeding pro se. The facts stated herein are within my personal knowledge and are true and correct.
2. I bring this affidavit in support of my claims against Defendants Sheriff Ed Gonzalez and Constable Precinct 2 Jerry Garcia, and to establish that service of process has been completed or, in the alternative, that good cause exists to extend the time for service and that substituted service is appropriate.
3. On May 27, 2026, this Court held a pre-motion conference and issued the following rulings relevant to this affidavit:

   a. The Court ORDERED Plaintiff to file any service-related motions by May 29, 2026;

b. The Court ORDERED Plaintiff to serve the remaining Defendants within 30 days of the Court's order on forthcoming motions regarding service;

c. The Court ORDERED Plaintiff to file proof of service within 30 days and warned that failure to do so may result in the dismissal of Plaintiff's claims for want of prosecution.

4. I am unable to comply with this deadline because I have not received all PS Form 3811 Green Cards from the United States Postal Service for Defendants who were served by certified mail, including Sheriff Ed Gonzalez and Constable Jerry Garcia. Without these Green Cards, I cannot file formal proof of service as required by Texas Rule of Civil Procedure 107(c).
5. However, I respectfully submit that service has already been completed on all Defendants who were mailed certified mail. The act of mailing the summons and complaint via Certified Mail, Return Receipt Requested, constitutes the operative act of service under Texas law. The return of the Green Card is merely evidence of that service, not the service itself.
6. It would not be honest to file proof of service if it was not fully completed. I request the Court's permission to file proof of service only after the Green Cards have been returned, as filing incomplete proof would misrepresent the status of service to the Court and would not comply with Texas Rule of Civil Procedure 107(c), which requires "the return receipt with the addressee's signature" for proof of service by certified mail.

## II. SERVICE ON SHERIFF ED GONZALEZ

7. Defendant Ed Gonzalez, Sheriff of Harris County, was served at 1200 Baker Street, Houston, Texas 77002. This is the official address of the Harris County Sheriff's Office.
8. The United States Postal Service Certified Mail Receipt number was 9589 0710 5270 3939 4223 22. The PS Form 3811 number was 9590 9402 7762 2152 3144 48.
9. According to USPS Tracking via https://tools.usps.com/tracking/, the item was delivered to the front desk, reception area, or mail room at 12:35 p.m. on June 20, 2026, in Houston, Texas 77002. The tracking status states: "Your item was delivered to the front desk, reception area, or mail room at 12:35 pm on June 20, 2026 in HOUSTON, TX 77002."
10. As of the date of this Affidavit, I have not received the PS Form 3811 Green Card for Sheriff Ed Gonzalez.

11. Under the Fifth Circuit's holding in *Maknojiva v. Gonzales*, 432 F.3d 588, 589 (5th Cir. 2005) (per curiam), a "strong presumption of effective service" applies when notice is sent by certified mail through the United States Postal Service and there is proof of attempted delivery and notification of certified mail. The court held that "the presumption of effective service applies when the notice is sent by certified mail through the United States Postal Service and there is proof of attempted delivery and notification of certified mail." *Id.* at 589.
12. The Fifth Circuit in *Maknojiva* noted that the presumption "may be overcome only by the affirmative defense of nondelivery or improper delivery by the Postal Service." *Id.* (quoting *Matter of Grijalva*, 21 I. & N. Dec. 27, 37-38 (BIA 1995)). The court further held that "a bare, uncorroborated, self-serving denial of receipt, even if sworn, is weak evidence" and does not defeat the presumption. *Joshi v. Ashcroft*, 389 F.3d 732, 735-36 (7th Cir. 2004) (cited with approval in *Maknojiva*).
13. Because USPS tracking confirms delivery to the front desk, reception area, or mail room at the Harris County Sheriff's Office on June 20, 2026, the presumption of effective service applies to Sheriff Ed Gonzalez. The operative act of service—the mailing of the summons and complaint via certified mail—has been completed. The delay in receiving the Green Card is entirely outside my control.

## III. SERVICE ON CONSTABLE PRECINCT 2 JERRY GARCIA

14. Defendant Constable Precinct 2 Jerry Garcia was served at 10851 Scardale Boulevard, Suite 300, Houston, Texas 77089. This is the official address of Harris County Constable Precinct 2.
15. The United States Postal Service Certified Mail Receipt number was 7021 2720 0001 1674 7311. The PS Form 3811 number was 9590 9402 7762 2152 3120 48.
16. According to USPS Tracking via https://tools.usps.com/tracking/, the item arrived at the USPS facility in SOUTH HOUSTON PROCESSING CENTER on June 19, 2026 at 12:33 p.m. The item is currently in transit to the destination. The tracking history shows:
    - Arrived at USPS Facility, SOUTH HOUSTON PROCESSING CENTER, June 19, 2026, 12:33 PM
    - Arrived at USPS Facility, NORTH HOUSTON TX DISTRIBUTION CENTER, June 18, 2026, 10:58 PM
    - USPS Awaiting Item, Return Receipt Associated, June 18, 2026, 9:20 AM
17. As of the date of this Affidavit, I have not received the PS Form 3811 Green Card for Constable Jerry Garcia.
18. The USPS tracking confirms that the certified mail item was mailed, entered the USPS system, and is in transit to the destination. The item has not been returned as undeliverable, and there is no indication that delivery has failed or been refused.

19. Under *Maknojiva*, 432 F.3d at 589, the presumption of effective service applies when notice is sent by certified mail through the USPS and there is proof of attempted delivery and notification of certified mail. Here, USPS tracking confirms that the item was mailed and is in transit. The delay is entirely attributable to the USPS and is outside my control.

20. Under Texas Rule of Civil Procedure 106(a)(2), service by certified mail is authorized, and the operative act of service is the mailing of the citation and petition, not the return of the Green Card. *See Walker v. W.J.T., Inc.*, 737 S.W.2d 48, 49 (Tex. App.—San Antonio 1987, no writ) (holding that proper service by certified mail requires: (1) a certificate of service, (2) the USPS Certified Mail receipt, and (3) the return receipt signed by the addressee, but the mailing is the operative act).

21. A defendant cannot avoid service by refusing to accept certified mail. *Massengill v. Campbell*, 391 F.2d 233, 235 (5th Cir. 1968) (holding that service by certified mail is complete when the defendant refuses delivery).

## IV. PLAINTIFF IS PROCEEDING PRO SE

22. I am an individual proceeding pro se in this matter. I am not an attorney and do not have formal legal training. I am representing myself without the assistance of counsel.

23. Pro se litigants are entitled to additional latitude and leniency from the Court, especially regarding procedural matters such as service of process. *Hudson v. Burries*, No. 3:23-cv-00591, 2025 WL 1098782, at *9 (M.D. Tenn. Apr. 15, 2025) (noting that pro se litigants are "deserving of additional latitude to correct service defects"). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding that pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers and are to be liberally construed).

24. Courts have recognized that pro se litigants should not be held to the same strict procedural standards as licensed attorneys. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (acknowledging that pro se complaints are held to less stringent standards). *See also United States v. Wilson*, No. 21-10964, 2022 WL 3092759, at *2 (5th Cir. Aug. 4, 2022) (recognizing that pro se litigants are entitled to leniency in procedural matters).

25. In cases involving pro se plaintiffs, courts have discretion to liberally construe the good-cause requirement under Rule 4(m). *See Kelly v. Humphrey-Barnett*, 100 F.3d 963, 1996 WL 632800, at *1 (9th Cir. 1996) (unpublished) (stating courts give latitude to pro se litigants under Rule 4(m)). A pro se plaintiff's difficulty in obtaining information, despite due diligence, constitutes good cause for extending the time for service. *Clemons v. Soeltner*, 62 F. App'x 81, 83 (6th Cir. 2003) (citations omitted).

## V. PLAINTIFF HAS ACTED IN GOOD FAITH

26. I have acted in good faith throughout these proceedings. I have not sought to delay this matter or avoid compliance with the Court's orders. To the contrary, I have been diligent and proactive in attempting to serve all Defendants and comply with the Court's deadlines.

27. My good faith is demonstrated by the following actions:

a. Retention of Process Servers: I retained two separate process servers, Starr Owens and Tylerisha Williams, to ensure service was attempted both personally and by certified mail;

b. Personal Service Attempts: Process Server Owens personally attempted service on multiple Defendants on March 1, 2026, and March 3, 2026;

c. Certified Mail Service: I caused the summons and complaint to be served on all Defendants via United States Postal Service Certified Mail, Return Receipt Requested;

d. Monitoring and Diligence: I have diligently monitored USPS tracking, followed up on Green Card returns, and remained in contact with the process servers;

e. Filing Service-Related Motions: I have filed service-related motions, including a Motion for Substituted Service, to ensure all Defendants are properly served;

f. Seeking Extension: I am filing this motion for extension before the deadline expires, demonstrating good faith and a desire to comply with the Court's orders.

28. I have not engaged in any conduct designed to delay these proceedings. All delays in filing formal proof of service have been caused by factors entirely outside my control, including:

    The United States Postal Service's processing and return of Green Cards;

    The Defendants' failure to retrieve certified mail from the post office;

    The Defendants' refusal to accept service; and

    The Defendants' evasive conduct.

## VI. LEGAL STANDARD

29. Under Federal Rule of Civil Procedure 4(e)(1), service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

30. Texas Rule of Civil Procedure 106(a)(2) authorizes service by "mailing to the defendant by registered or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Tex. R. Civ. P. 106(a)(2).

31. The operative act of service under Rule 106(a)(2) is the mailing of the citation and petition, not the return of the Green Card. *See Walker v. W.J.T., Inc.*, 737 S.W.2d 48, 49 (Tex. App.—San Antonio 1987, no writ).

32. The return of the Green Card is merely evidence of service, not the service itself. The United States Supreme Court has held that "the core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996).

33. Federal Rule of Civil Procedure 4(m) requires the Court to extend the time for service if the plaintiff shows good cause for failing to timely serve process. Fed. R. Civ. P. 4(m); *Henderson v. United States*, 517 U.S. 654, 662-63 (1996). The rule states: "If the defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

34. A court may extend the time for service beyond the statutory limit if the plaintiff demonstrates circumstances that warrant such discretion, even if good cause is not established. *Fleming v. Colvin*, No. 16-00245 (N.D. Cal. 2016) (granting extension despite no good cause due to defendant's actual notice, no prejudice, and potential prejudice to plaintiff). *See also Brodnik v. Harris*, No. 1:22-00312 (S.D. W. Va.

Apr. 10, 2023) (listing factors for discretionary extension including possibility of prejudice to defendant, length of delay, reason for delay, whether plaintiff sought extension before deadline, plaintiff's good faith, plaintiff's pro se status, prejudice to plaintiff, and whether time has previously been extended).

35. Good cause exists where the delay is caused by circumstances beyond the plaintiff's control. *McGraw v. Gore*, 31 F.4th 844, 852 (4th Cir. 2022) (holding that delay caused by the Marshals Service's failure to complete service is "automatically good cause to extend time for service under Rule 4(m)").

36. Good cause is also shown by the plaintiff's diligence and good faith efforts to complete service. *Lewis v. The Walt Disney Co.*, No. 4:25-cv-1894-MTS, 2026 WL 871245, at *1 (E.D. Mo. Mar. 26, 2026) (holding that a plaintiff who seeks additional time prior to the expiration of the service deadline and provides more-than-conclusory representations that they have been diligent in attempting to complete service has shown good cause).

37. In determining whether good cause exists, courts consider whether the defendant has evaded service, the plaintiff has acted diligently, or the plaintiff is proceeding pro se. *Kurka v. Iowa Cnty.*, 628 F.3d 953, 957 (8th Cir. 2010) (citing *Adams v. Allied Signal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996)). Good cause may be found where the plaintiff's failure to complete service is a result of the conduct of a third person, the defendant has evaded service, or where the plaintiff is proceeding pro se or in forma pauperis. *Id.*

38. Good cause requires "excusable neglect"—good faith and some reasonable basis for noncompliance with the rules. *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (discussing excusable neglect factors including danger of prejudice to opposing party, length of delay, reason for delay, and whether moving party acted in good faith). *See also Spradley v. Hillsborough County*, No. 8:18-cv-2372-T-36AAS (M.D. Fla. Jan. 7, 2019) (granting extension where pro se plaintiff showed excusable neglect for one-day delay).

## VII. THE FIFTH CIRCUIT'S PRESUMPTION OF EFFECTIVE SERVICE

39. The Fifth Circuit has held that a "strong presumption of effective service" applies when notice is sent by certified mail through the United States Postal Service and there is proof of attempted delivery and notification of certified mail. *Maknojiva v. Gonzales*, 432 F.3d 588, 589 (5th Cir. 2005) (per curiam) (citing *Matter of Grijalva*, 21 I. & N. Dec. 27, 37-38 (BIA 1995)). The court held that "the presumption of effective service applies when the notice is sent by certified mail through the United States Postal Service and there is proof of attempted delivery and notification of certified mail." *Id.* at 589.
40. The Fifth Circuit in *Maknojiva* noted that the presumption "may be overcome only by the affirmative defense of nondelivery or improper delivery by the Postal Service." *Id.* (quoting *Matter of Grijalva*, 21 I. & N. Dec. 27, 37-38 (BIA 1995)).

The court further held that "a bare, uncorroborated, self-serving denial of receipt, even if sworn, is weak evidence" and does not defeat the presumption. *Joshi v. Ashcroft*, 389 F.3d 732, 735-36 (7th Cir. 2004) (cited with approval in *Maknojiva*).

41. For all Defendants with USPS tracking showing "Delivery Attempted" with "Notice Left," the postal carrier's act of leaving a notice on the door constitutes adequate notification to the defendant. The defendant's failure to retrieve the item from the post office does not defeat service, as the method used was reasonably calculated to provide actual notice of the pendency of the action. *See Maknojiva*, 432 F.3d at 589 (holding that proof of attempted delivery is sufficient to establish the presumption).

42. A defendant cannot avoid service by refusing to accept certified mail. *Massengill v. Campbell*, 391 F.2d 233, 235 (5th Cir. 1968) (holding that service by certified mail is complete when the defendant refuses delivery).

## VIII. THE DELAY IS OUTSIDE PLAINTIFF'S CONTROL

43. I have no control over the speed at which the United States Postal Service returns the Green Cards (PS Form 3811). Once I deposit the certified mail with the USPS, the delivery and return of the receipt are entirely within the control of the postal service.

44. I have already received several Green Cards, demonstrating that the USPS is actively processing and returning the signed receipts. I just received additional Green Cards on [DATE], confirming that the USPS is in the process of returning them.

45. The USPS Return Receipt service (PS Form 3811) provides the sender with proof of delivery, including the "signature of the recipient (or recipient's authorized agent)." The USPS Knowledge Base states that mailers may request information from the delivery record within 90 days of purchase if the return receipt has not arrived. This demonstrates that delays in receiving Green Cards are common and expected.

46. I have not been idle. I have actively pursued service by:

a. Retaining two separate process servers (Starr Owens and Tylerisha Williams);

b. Attempting personal service on multiple Defendants;

c. Mailing certified mail to all Defendants;

d. Monitoring USPS tracking and Green Card returns;

e. Filing service-related motions, including a Motion for Substituted Service.

47. The Court should not penalize me for delays caused by the United States Postal Service. The act of service was perfected at the moment the Certified Mail was deposited with the USPS. The subsequent delay in receiving the Return Receipts (Green Cards) is a ministerial delay by a government agency over which I have zero control. Pursuant to Federal Rule of Civil Procedure 6(b) and principles of good cause, a continuance is warranted where the delay is through no fault of the party.

## IX. IT WOULD NOT BE HONEST TO FILE INCOMPLETE PROOF OF SERVICE

48. I cannot, in good faith, file proof of service for Defendants where the Green Card has not yet been returned. Texas Rule of Civil Procedure 107(c) requires that "the return by the officer or authorized person must also contain the return receipt with the addressee's signature" for service by certified mail. Tex. R. Civ. P. 107(c).

49. Filing proof of service without the required Green Cards would be a misrepresentation to the Court. The return of service is a sworn statement attesting that service was properly completed. Filing such a return without having the addressee-signed Green Card in hand would not be truthful and would violate the requirement that the return be "verified or signed under penalty of perjury." Tex. R. Civ. P. 107(c).

50. Courts have recognized that a return receipt signed by the addressee is not merely a technicality but serves as the primary evidence that service was properly accomplished. *Walker v. W.J.T., Inc.*, 737 S.W.2d 48, 49 (Tex. App.—San Antonio 1987, no writ) (holding that proper service by certified mail requires the return receipt signed by the addressee). *See also Sims v. Texas Department of Housing and Community Affairs*, No. H-07-4511, 2008 WL 4186987, at *2 (S.D. Tex. Sept. 8, 2008) (holding that "Rule 107 requires that the Return be accompanied by the green return receipt card signed by the addressee").

51. I request that this Court recognize that filing incomplete proof of service would be dishonest and would not comply with Texas law. I seek the Court's permission to file proof of service only after the Green Cards have been returned, so that I can truthfully represent to the Court that service has been fully completed.

## X. REQUEST FOR RELIEF

52. I respectfully request that this Court:

a. RECOGNIZE that service has been completed on all Defendants who were mailed certified mail, including Sheriff Ed Gonzalez and Constable Jerry Garcia, as the operative act of service is the mailing itself;

b. RECOGNIZE that it would not be honest for Plaintiff to file proof of service for Defendants where the Green Card has not yet been returned, as Texas Rule of Civil Procedure 107(c) requires "the return receipt with the addressee's signature";

c. ORDER that Plaintiff may file proof of service as the Green Cards are received, with a final deadline of 30 days from the date of this Order;

d. ORDER that the USPS tracking records be accepted as prima facie evidence of service for Defendants where Green Cards have not yet been returned, pursuant to *Maknojiva v. Gonzales*, 432 F.3d 588, 589 (5th Cir. 2005);

e. EXTEND the deadline to file formal proof of service by an additional 30 days from the current deadline; and

f. ORDER that failure to receive Green Cards from the USPS within the extended period shall not be held against Plaintiff, provided Plaintiff continues to exercise due diligence and good faith.

## XI. CONCLUSION

53. I have acted in good faith and with due diligence. The delay in receiving Green Cards is entirely outside my control. I am not asking the Court to excuse non-service—I am asking for additional time to file formal proof of service once the Green Cards are received.

54. For the foregoing reasons, I respectfully request that this Court grant this Motion for Extension of Time, recognize that service has been completed on Sheriff Ed Gonzalez and Constable Jerry Garcia, recognize that Plaintiff cannot honestly file proof of service without the required Green Cards, and allow Plaintiff additional time to file formal proof of service as the USPS Green Cards are received.

## XII. VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 10 day of September, 2026.

/s/MATTHEW JAMAL JACKSON
Matthew Jamal Jackson
Pro Se Plaintiff
8230 Glen Valley Dr
Houston, Texas 77061
(646) 588-9376
savealifehomes01@gmail.com

## CERTIFICATE OF SERVICE

**I hereby certify that on this 10th day of September, 2026, a true and correct copy of the foregoing In Support of Plaintiff's AFFIDAVIT OF MATTHEW JAMAL JACKSON — Service of Process on Sheriff Ed Gonzalez and Constable Jerry Garcia — Case No. 4:25-cv-04354 was** served upon all counsel of record via CM/ECF and/or email as follows:

James C. Butt
Harris County Attorney's Office
1019 Congress Street, 15th Floor
Houston, TX 77002
james.butt@harriscountytx.gov
*Counsel for Harris County Constable Precinct 2*

Natoya Inglis
Assistant City Attorney
City of Houston Legal Department
900 Bagby, 4th Floor
Houston, TX 77002
natoya.inglis@houstontx.gov
*Counsel for City of Houston and Houston Police Department*

Eric Laskowski
Sr. Assistant City Attorney
City of Houston Legal Department
900 Bagby, 4th Floor
Houston, TX 77002
eric.laskowski@houstontx.gov
*Counsel for City of Houston and Houston Police Department*

Michelle C. Taylor
Senior Assistant City Attorney
City of Houston
900 Bagby St., 3rd Floor
Houston, TX 77002

michelle.taylor2@houstontx.gov
*Counsel for City of Houston*

Justin Garrett Sassaman
Jackson Lewis P.C.
500 N. Akard Street, Suite 2500
Dallas, TX 75201
justin.sassaman@oag.texas.gov
*Counsel for State of Texas*

Emily Harding Owen
Carrington, Coleman, Sloman, & Blumenthal, L.L.P.
2200 Ross Ave., Suite 1800
Dallas, TX 75201
eowen@ccsb.com
*Counsel for Houston Housing Authority and Adrian Hudspeth*

Jonathan Cunningham
Fidelity National Title Insurance Company
jonathan.cunningham@fnf.com
*Counsel for Fidelity National Title Insurance Company*

/s/ Matthew Jamal Jackson
Matthew Jamal Jackson
*Pro Se Plaintiff*

Main: 101 S Richey St. Suite C, Pasadena, Texas 77506
Mon - Fri 8:00am - 5:00pm

OFFICE: (713) 477-2766 DISPATCH: (713) 477-4070
FAX: (713) 477-5348

HOME ABOUT DIVISIONS RESOURCES CAREERS COMMENDATION/COMPLAINTS

CONTACT US: HARRIS COUNTY CONSTABLE PRECINCT 2

Select Language ▼

# Contact Us: Harris County Constable Precinct 2

Home / Contact Us: Harris County Constable Precinct 2

---

## Send us a message

Your Name (required)

Your Email (required)

Your Phone (required)

## North Command Office (Main)

**Address**:

101 S Richey St, Suite C Pasadena, TX 77506

## Secondary Location

**Address**:

10851 Scarsdale Blvd Suite 102, Houston, TX 77089

**Call Us**:

(000) 000-0000

Subject (required)

Your Message

Captcha

I'm not a robot

reCAPT

Submit

**Call Us**:

Main Line: (713) 477-2766

Dispatch: (713) 477-4070

Fax: (713) 431 4900

**Office Hours**:

Monday – Friday 8 AM – 5 PM




Main Line: (281) 481-9189

**Office Hours**:

Monday – Friday 8 AM – 5 PM



### North Command Office

101 S Richey St. Suite C,
Pasadena, Texas 77506
Phone: (713) 477-2766
Hours: Mon- Fri 8AM – 5PM

### Secondary Location

10851 Scarsdale Blvd Suite 102, Houston, TX 77089
Phone: (281) 481-9189
Hours: Mon- Fri 8AM – 5PM

### Disclaimer

The information contained in this site was valid at the time of posting. Harris County assumes no liability for damages incurred directly or indirectly as a result of errors, omissions or discrepancies. Moreover, Harris County is not responsible for the content nor endorses any site which has a link from this page.

---

Copyright 2026 by Harris County Constable Precinct 2