**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MATTHEW JAMAL JACKSON,** | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 4:25-cv-04354** |
| **v.** | § | |
| | § | |
| **MAYRA AMEZQUITA, et al.,** | § | |
| **Defendants.** | § | |

**DEFENDANT FIDELITY NATIONAL TITLE COMPANY'S**
**RULE 12(b)(6) MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Fidelity National Title Insurance Company ("FNTIC"), named in this action solely as the title insurer for the property owners relating to the property located at 8230 Glen Valley Drive, Houston, Texas 77061, and files this, its Rule 12(b)(6) Motion to Dismiss, regarding Plaintiff Matthew Jamal Jackson's[1] [Third] Amended Complaint (Doc. 50), filed June 4, 2026. As established herein, Plaintiff's [Third] Amended Complaint fails to state a claim upon which relief could be granted relating to FNTIC, and which applicable precedent establish that FNTIC is not a proper or necessary party to Plaintiffs' putative suit, as a matter of law.

## I. Motion To Dismiss

A. Legal Standard.

[1] Insofar as Plaintiff's pleadings attempt to style himself *pro se* as "Individually and as Owner of Save a Life Homes, LLC", it is necessary to note that a limited liability company is not allowed to proceed pro se or through a non-attorney, but must be represented by an attorney in litigation in federal court. *Pharma Funding LLC v. Verde Pharmacy & Medical Supply LLC*, 2024 WL 758932 at *1 (N.D. Tex. 2024); *Joe Hand Promotions, Inc. v. Cigar Palace and Bar, et al.*, 2023 WL 12263133 at *3 (E.D. Tex. 2023) ("The Court reminds the parties that, while individuals may represent themselves pro se, corporations and artificial entities, such as limited liability companies, must be represented by counsel."). Similarly, several of Plaintiff's purported relied-upon exhibits refer to "Save A Life Homes, Inc." as a separate and different entity claiming adverse possession of the property; thus, such prohibition of pro se representation would equally apply.

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009) (citing *Twombly,* 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S.. at 679 (quoting FED. R. CIV. P. 8(a)).

The court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal,* 556 U.S. at 678-79; *see also R2 Invs. LDC v. Phillips,* 401 F.3d 638, 642 (5th Cir. 2005) ("[W]e will not strain to find inferences favorable to the plaintiffs and we will not accept conclusory allegations, unwarranted deductions, or legal conclusions.") (internal quotation marks and citation omitted). In *Iqbal,* the Supreme Court established a two-step process for determining whether a complaint raises a right to relief above the speculative level. First, a court must identify any conclusory allegations, as they are "not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 678. Second, the court must consider if the assumption of truth attributed to the non-conclusory factual allegations plausibly suggests an entitlement to relief. *Id.*

"Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius,* 635 F.3d 757, 763 (5th Cir. 2011) (citations and internal quotation marks omitted). Further, when a plaintiff expressly relies on the terms of a written document in a complaint, a defendant may proffer that

document for use in a 12(b)(6) motion. *Kopp v. Klein*, 722 F.3d 327, 333 (5th Cir. 2013). Doing so does not convert the motion into one under Rule 56. *Id.*; *see also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) ("The court's review [on a motion to dismiss] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.").

B. Plaintiff Fails To State A Claim Against FNTIC.

Plaintiff, Matthew Jamal Jackson, filed his Original Complaint in this Court on September 12, 2025, naming two defendants – Mayra Amezquita and Rubi Villafana. (Dkt. 1)

Plaintiff first named FNTIC in his putative First Amended Complaint (Doc. 6), filed on December 15, 2025. In such complaint, Plaintiff putatively asserts adverse possession (*i.e.*, title) claims regarding several properties, one of which is the 8230 Glen Valley Drive property, and which Plaintiff, in the four corners of the complaint, admits that he had (at the time of filing) occupied for only two years, well short of the statutory period required to establish adverse possession.[2] Although Plaintiff also attempts to assert numerous claims against governmental defendants, nowhere in Plaintiff's 42-page First Amended Complaint does any factual recitation or cause of action even mention FNTIC. In fact, FNTIC was *only* listed as a named party. (*See* Doc. 6 at p. 4). Not a single count identifies or alleges any act, any omission, any statement, or any conduct attributable to FNTIC.

---

[2] Plaintiff also erroneously asserts, in the four-corners of his Complaints, that the "color of title" he relies upon are recorded affidavits of adverse possession and deeds not of colorable title being conveyed *into* him but instead he *himself* (or his entities) purporting to convey title to *themselves* (based upon assertion of right to do so through adverse possession). Further Plaintiff also admits, in the four-corners of his Complaints, that the title record fee owner *did* institute eviction proceedings prior to the running of any statute of limitations, as well as the uncontrovertible fact that Plaintiff *himself* brought suit regarding true ownership/possession rights against the title record fee owner *prior* to the running of any adverse possession statute of limitations, thus destroying the very limitations bar putatively relied upon by Plaintiff for his title action since Plaintiff himself instituted the required title action *before* the expiration of the limitations period. As a result, as a matter of law, on the four corners of his Complaints, Plaintiff fails to state a claim for title by adverse possession, requiring dismissal.

On May 21, 2026, Plaintiff filed a 29-page Second Amended Complaint (Doc. 38).[3] Other than including FNTIC in the case caption listing of the multitude of "Parties", Plaintiff's only other reference to FNTIC is in Section II which lists "Fidelity National Title Insurance Company" and further, cryptically includes "WHY: Fidelity National Title may have insured title claims requiring resolution. HOW: Sued for: Quiet Title-Insurance interests must be adjudicated Declaratory Judgment: Declaration of title superior to insured claims LEGAL BASIS: Title insurer with potential claims, necessary party" (Doc. 38, p. 13 ¶23) Again, although Plaintiff also attempts to assert numerous claims against governmental defendants, nowhere in any factual recitation or cause of action does Plaintiff even mention FNTIC. (*See* Doc. 38). Not a single count identifies or alleges any act, any omission, any statement, or any conduct attributable to FNTIC.

Then, on June 4, 2026, Plaintiff filed a purported "omnibus" filing that included his third "Amended Complaint", which this Court has ruled is the cases' operative pleading. (Doc. 50) This time, in his 63-page pleading, Plaintiff does not mention, identify, or refer to FNTIC in the pleading, not even in the case caption, and FNTIC can only imagine it *may* be included as a party only through Plaintiff's use of "et al." in the style of the case. (Doc. 50, p.1) Although FNTIC was no longer included in the case caption nor listed as a "party", Plaintiff's sole reference within the 63-page pleading is that "The necessary parties – JP Morgan Chase, Gibson, Fidelity National Title, estate parties – are required under Federal Rule of Civil Procedure 19 for a complete quiet title judgment." (Dkt. 50, p7)] Otherwise, FNTIC is entirely omitted from this operative [Third] Amended Complaint, as nowhere in any factual recitation or cause of action

[3] FNTIC was first served with summons and Plaintiff's Second Amended Complaint on June 11, 2026.

does Plaintiff even mention FNTIC, and not a single count identifies or alleges any act, any omission, any statement, or any conduct attributable to FNTIC.

In his filed Response to FNTIC's Request for Permission To File Motion to Dismiss, Plaintiff admits that no claims are asserted against FNTIC and that FNTIC is named solely on the basis that FNTIC is a title insurer for previous owners, and erroneously asserts that, as such, FNTIC has a "financial interest" in the property, wrongly arguing that FNTIC is a necessary party for a complete quiet title adjudication. (Doc. 89)

FNTIC is merely the title insurer for the fee title owners, who are the insured under the contract of indemnity title insurance policy, Plaintiff has no standing, and cannot directly sue the title insurer or state any claim against FNTIC for which relief could be granted, such that FNTIC is not a required party, as a matter of law. Texas law is clear that title insurance policies are contracts of indemnity. *Chicago Title Ins. Co. v. McDaniel*, 875 S.W.2d 310, 311 (Tex. 1994). The title insurer has no vested or ownership interest in the property, as the only duty imposed on a title insurer is the duty to indemnify its insured against losses caused by defects in title. *Martinka v. Commonwealth Land Title Ins. Co.*, 836 S.W.2d 773, 777 (Tex.App.—Houston [1st Dist.] 1992, writ denied).[4] And, since Plaintiff is not an insured pursuant to the insurance contract, Plaintiff has no standing nor basis for a direct action against FNTIC, as the title insurance, regarding potential "insurance title claims" or resolution of such claims between the insured and insurer.

---

[4] Seemingly erroneously procured through AI, Plaintiff's assertions and reliance in his Response (Doc. 88 and 89) upon the case of *Oncale v. Veyna*, 798 S.W.2d 802, 804 (Tex.App.—Houston [14th Dist.] 1990, no writ) for the proposition that "a person claiming an interest in property may join a title insurer where the insurer has issued a policy on that property" and the proposition that "Texas law allows an adverse possession claim to be brought before the limitations period has fully run," are completely AI hallucinations, as nowhere in *Oncale* does the court say anything of the kind, nor did the *Oncale* case involve a suit against a title insurer or a claim brought prior to the expiration of limitations.

Accordingly, notwithstanding that Plaintiff unmistakably "pleads himself out" of an adverse possession claim on the whole, within the four-corners of his pleadings, and thereby failing to state any potential title claim based on adverse possession as a matter of law, as to FNTIC directly, since FNTIC is merely the title insurer for the fee title owners, who are the insured under the contract of indemnity title insurance policy, Plaintiff has no standing, and cannot directly sue the title insurer or state any claim against FNTIC for which relief could be granted, such that FNTIC is not a required party, as a matter of law.[5]

In no less than three amended pleadings, Plaintiff has not demonstrated standing nor stated any claim against FNTIC, and the Court has ruled that Plaintiff is not entitled to further amendments. As a result, any deficiencies cannot be cured by amendment, and it is appropriate to grant dismissal of FNTIC.

Accordingly, Defendant Fidelity National Title Insurance Company respectfully requests the Court dismiss pursuant to Rule 12(b)(6). Defendant Fidelity National Title Insurance Company additionally prays for such other relief, at law or in equity, to which it may be entitled.

Respectfully submitted,

By: *_/s/ Jonathan J. Cunningham_*
Jonathan J. Cunningham
Texas Bar No. 00793574
jonathan.cunningham@fnf.com
**FIDELITY NATIONAL LAW GROUP**
6900 Dallas Parkway, Suite 610
Plano, Texas 75024
972-812-6545 (direct)
972-812-9408 (facsimile)
**Counsel for Defendant**
**Fidelity National Title Insurance Company**

[5] Regarding Plaintiff's claims against governmental actors or others, relating to eviction proceedings, Plaintiff makes no claims against FNTIC, and FNTIC does not have anything to do with such claims.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed via the CM/ECF System for filing and served electronically to the parties/counsel listed in the CM/ECF system on the 24th day of September, 2026.

*/s/ Jonathan J. Cunningham*
Jonathan J. Cunningham