**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MATTHEW JAMAL JACKSON,** | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 4:25-cv-04354** |
| **v.** | § | |
| | § | |
| **MAYRA AMEZQUITA, et al.,** | § | |
| **Defendants.** | § | |

**DEFENDANT FIDELITY NATIONAL TITLE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON QUIET TITLE [Dkt. 90]**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Fidelity National Title Insurance Company ("FNTIC"), named in this action solely as the title insurer for the property owners relating to the property located at 8230 Glen Valley Drive, Houston, Texas 77061, and subject to and without waiving its filed Rule 12(b)(6) Motion to Dismiss [Dkt. 104], files this its Response to Plaintiff Matthew Jamal Jackson's[1] Motion for Summary Judgment Regarding Quiet Title [Dkt. 90], filed September 8, 2026. As established herein, Plaintiff's Motion for Summary Judgment on Quiet Title should be denied as premature; and because Plaintiff's pleadings and evidence itself actually establishes that Plaintiff's title claim on the basis of adverse possession should be dismissed with prejudice.

[1] Insofar as Plaintiff's pleadings attempt to style himself *pro se* as "Individually and as Owner of Save a Life Homes, LLC", it is necessary to note that a limited liability company is not allowed to proceed pro se or through a non-attorney, but must be represented by an attorney in litigation in federal court. *Pharma Funding LLC v. Verde Pharmacy & Medical Supply LLC*, 2024 WL 758932 at *1 (N.D. Tex. 2024); *Joe Hand Promotions, Inc. v. Cigar Palace and Bar, et al.*, 2023 WL 12263133 at *3 (E.D. Tex. 2023) ("The Court reminds the parties that, while individuals may represent themselves pro se, corporations and artificial entities, such as limited liability companies, must be represented by counsel."). Similarly, several of Plaintiff's purported relied-upon exhibits refer to "Save A Life Homes, Inc." as a separate and different entity claiming adverse possession of the property; thus, such prohibition of pro se representation would equally apply.

## I. <u>Plaintiff's Motion Should Be Denied As Premature</u>

Plaintiff filed his putative Motion for Summary Judgment ("Motion") on September 8, 2026.[2] [Dkt. 90] FNTIC has not yet answered in the suit, as FNTIC has filed a Rule 12(b)(6) Motion to Dismiss. [Dkt. 104] As such, Plaintiff's Motion is premature and such premature motion is required by due process to be denied. *See Smith v. Citibank, N.A.*, 2019 WL 4061705 at *1 (W.D. Tex. 2019) (citing *Watkins v. Monroe*, 2019 WL 1869864 at *1 (E.D. Tex. 2019), *report and recommendation adopted* 2019 WL 1858100 (E.D. Tex. 2019) (denying premature summary judgment motion); *Kuperman v ICF Int'l*, 2008 WL 647557 at * 1 (E.D. La. 2008) (same)), *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 327 n. 7, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) ("It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard.").

This very issue and timing present in this case was well-addressed in *Dukes v. Ally Financial, Inc.*, 2025 WL 3563188 at *2 (M.D. La. 2025), where the court wrote:

> [W]hile Rule 56 of the Federal Rules of Civil Procedure permits the filing of summary judgment motions "at any time until 30 days after the close of discovery," Ally has not filed an answer to the Amended Complaint. Instead, in response to the Amended Complaint, Ally seeks dismissal of the case for failure to state a claim under Federal Rule of Civil Procedure 12(b)6) and has sought to stay discovery pending resolution of the Motion to Dismiss. Because if granted, the Motion to Dismiss would end the lawsuit, the Court also canceled the scheduling conference and deferred entry of the scheduling order. This Court has recognized:
>
>> Courts have routinely found a motion for summary judgment filed before a defendant's answer to be premature. *See Kuperman v. ICF Int'l*, 2008 WL 647557 at *1 (E.D. La. March 5, 2008) ("Even though the motion is technically timely under Rule 56, Courts are permitted to dismiss such a motion without prejudice if it is filed before any party answers."); *Dowl v. Prince*, 2011 WL 2457684 at *1 (E.D. La. June 20,

[2] It is noted that Plaintiff's filed Motion for Summary Judgment consists of 14 pages, and although Plaintiff references and lists "Exhibits" in the Motion, no exhibits were filed with the Motion.

> 2011) (court may deny a motion for summary judgment "if it is filed before any party answers"); *Watkins v. Monroe,* 2019 WL 1869864 at *1 (E.D. Tex. 2019) (denying motion for summary judgment without prejudice; summary judgment prematurely filed before defendant's answer); *Smith v. Citibank, N.A.,* 2019 WL 4061705 at *1 (W.D. Tex. 2019 ) (motion for summary judgment filed before defendant had been served or answered was premature).
>
> Because Ally has not answered the Complaint and the parties have not engaged in any discovery, Plaintiff's Motion is premature. *Wade v. La. State, Inc.*, 2020 U.S. Dist. LEXIS 120068 at *1-2 (M.D. La. 2020). Therefore, Plaintiff's Motion will be denied without prejudice.

*Dukes*, 2025 WL 3563188 at *2.[3] Similarly, in the present case, FNTIC has filed a Rule 12(b)(6) Motion to Dismiss and has not yet answered. As a result, at a minimum, Plaintiff's Motion is premature and should be denied without prejudice.

## II. <u>Plaintiff's Motion And Claims for Adverse Possession Should Be Dismissed</u>

Plaintiff, Matthew Jamal Jackson, filed his Original Complaint in this Court on September 12, 2025, naming two defendants – Mayra Amezquita and Rubi Villafana [Dkt. 1] putatively asserting adverse possession (*i.e.*, title) claims regarding several properties, one of which is the 8230 Glen Valley Drive property, and which Plaintiff, in the four corners of the complaint, admits that he had (at the time of filing) occupied for only two years (and "would vest" on August 22, 2026), well short of the statutory period required to establish adverse possession.[4] Then, on June 4, 2026, Plaintiff filed a purported "omnibus" filing that included his

[3] The court additionally noted that "While the filing of *pro se* litigants are liberally construed, *pro se* litigants must still comply with the Rules of Federal Procedure, the Local Rules, and the Court's Orders."). *Dukes,* 2025 WL 3563188 at *1.

[4] Plaintiff also erroneously asserts, in the four-corners of his Complaints, that the "color of title" he relies upon are recorded affidavits of adverse possession and deeds not of colorable title being conveyed *into* him but instead he *himself* (or his entities) purporting to convey title to *themselves* (based upon assertion of right to do so through adverse possession). *See Oncacle v. Veyna,* 798 S.W.2d 802, 804-05 (Tex.App.—Houston [14th Dist.] 1990, no writ). Further Plaintiff also admits, in the four-corners of his Complaints, that the title record fee owner *did* institute

third "Amended Complaint", which this Court has ruled is the cases' operative pleading.[5] [Doc. 50] Notwithstanding that Plaintiff unmistakably "pleads himself out" of an adverse possession claim on the whole, within the four-corners of his pleadings, and with his own proffered evidence of lacking true "color of title", Plaintiff cannot overcome the fact (one which Plaintiff did not disclose to the Court) that the fee title owners defeated Plaintiff's putative "continual possession", as matter of law, by *actually instituting a title suit* against Plaintiff in State Court on August 18, 2026, **prior** to the self-admitted running of Plaintiff's claimed 3-year adverse possession limitations period on August 22, 2026. (*see* "Exhibit 1", *Amezquita and Villafana v. Jackson*, filed as Case No. 2026-58431, in the 295th District Court, Harris County, Texas) As a matter of law, Plaintiff's own pleadings, relied-upon evidence, and true facts disprove Plaintiff's claim of adverse possession regarding the 8230 Glen Valley Drive property, such that not only should Plaintiff's Motion for Summary Judgment be denied, but Plaintiff's entire title claim for adverse possession should be dismissed.

---

eviction proceedings prior to the running of any statute of limitations, as well as the uncontrovertible fact that Plaintiff *himself* brought suit regarding true ownership/possession rights against the title record fee owner *prior* to the running of any adverse possession statute of limitations, thus destroying the very limitations bar putatively relied upon by Plaintiff for his title action since Plaintiff himself instituted the required title action *before* the expiration of the limitations period. As a result, as a matter of law, on the four corners of his Complaints, Plaintiff's claim for title by adverse possession is proven foreclosed, requiring dismissal.

[5] At the same time, the Court ruled that since Plaintiff had not accomplished service of process upon Amezquita and Villafana (the fee title owners of the 8230 Glen Valley Drive property), they were not (and not going to be) parties in the case. As a result, Plaintiff has failed to have the necessary party of the owners of the 8320 Glen Valley Drive property present to prosecute or adjudicate any title claim based upon adverse possession. Thus, Plaintiff's claim for adverse possession should be dismissed. Providing further basis for dismissal, *after* the Court's ruling denying Plaintiff to file a Fourth Amended Complaint, *after* the Court ruling that Amezquita and Villifana were not going to be parties to this suit, and *after* Plaintiff filed his Motion for Summary Judgment in this case, Plaintiff then filed on September 18, 2026 in State Court a completely new suit asserting all of the same claims as he proffered in his Fourth Amended Complaint in this case, which is now currently pending as Case No. 2026-69163 in the 281st District Court, Harris County, Texas. (*See* "Exhibit 2")

**III.**

Accordingly, Defendant Fidelity National Title Insurance Company respectfully requests the Court deny Plaintiff's Motion for Summary Judgment and, as appropriate, dismiss Plaintiff's title claim of adverse possession regarding the 8230 Glen Valley Drive property, Defendant Fidelity National Title Insurance Company additionally prays for such other relief, at law or in equity, to which it may be entitled.

Respectfully submitted,

By: */s/ Jonathan J. Cunningham*
Jonathan J. Cunningham
Texas Bar No. 00793574
jonathan.cunningham@fnf.com
**FIDELITY NATIONAL LAW GROUP**
6900 Dallas Parkway, Suite 610
Plano, Texas 75024
972-812-6545 (direct)
972-812-9408 (facsimile)
**Counsel for Defendant**
**Fidelity National Title Insurance Company**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed via the CM/ECF System for filing and served electronically to the parties/counsel listed in the CM/ECF system on the 29th day of September, 2026.

*/s/ Jonathan J. Cunningham*
Jonathan J. Cunningham

# Exhibit 1

8/18/2026 1:06 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 118770920
By: Nelson Cuero
Filed: 8/18/2026 1:06 PM

2026-58431 / Court: 295

**CAUSE NO. ____________**

| | | |
|---|---|---|
| **MAYRA AMEZQUITA, and RUBI VILLAFANA, Dependent Administrator of the Estate of Rogelio Villafana Perez, Deceased.** ***Plaintiffs*** | § | **IN THE DISTRICT COURT OF** |
| **V.** | § | **HARRIS COUNTY, TEXAS** |
| **MATTHEW JACKSON, SAVE A LIFE HOMES LLC, and SAVE A LIFE HOMES INC.** ***Defendants*** | § | **_____ JUDICIAL DISTRICT** |

**PLAINTIFF'S ORIGINAL PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, MAYRA AMEZQUITA, Individually and RUBI VILLAFANA as Dependent Administrator of the Estate of Rogelio Villafana Perez, Deceased**,** "Plaintiff" or collectively the Plaintiffs, herein, complaining of MATTHEW JACKSON Individually, SAVE A LIFE HOMES LLC, a Missouri limited liability company, and SAVE A LIFE HOMES INC a forfeited Texas Corporation, "Defendant" or collectively as Defendants, herein, and for cause of action shows:

## I.

## DISCOVERY CONTROL PLAN LEVEL

Discovery in this case is intended to be conducted under Discovery Level 2 of Rule 190.3 of the Texas Rules of Civil Procedure.

Unofficial Copy Office of Marilyn Burgess District Clerk

## II.

## PARTIES AND SERVICE

Plaintiff, **MAYRA AMEZQUITA**, is an individual whose address is 709 Bluebird Lane, Pasadena, Texas 77502.

Plaintiff, **RUBI VILLAFANA, as Dependent Administrator of the Estate of Rogelio Villafana Perez, Deceased**, is an individual whose address is 709 Bluebird Lane, Pasadena, Texas 77502.

Defendant , **MATTHEW JACKSON** is an individual, and may be served with process at address, 8230 Glen Valley Dr., Houston, Texas 77061, or wherever he may be found. ***A citation is required for this Defendant.***

Defendant, **SAVE A LIFE HOMES, LLC**, a Missouri limited liability company, may be served with process through its registered agent, MATTHEW JACKSON, its purported owner or agent acting on its behalf, or any other person authorized by law to accept service on its behalf, at its principal place of business, 100 4th Street, St. Louis, Missouri 63102, or wherever MATTHEW JACKSON may be found. ***A citation is required for this Defendant.***

Defendant, **SAVE A LIFE HOMES, INC**., a forfeited Texas corporation, may be served with process through its registered agent, MATTHEW JACKSON, its purported owner or agent acting on its behalf, or any other person authorized by law to accept service on its behalf, at its principal place of business, 5161 San Felipe St., Suite 320, Houston, Texas 77056, or wherever MATTHEW JACKSON may be found. ***A citation is required for this Defendant.***

Unofficial Copy Office of Marilyn Burgess District Clerk

## III.

## JURISDICTION AND VENUE

This Court has jurisdiction over this action to quiet title pursuant to Article V, Section 8 of the Texas Constitution and Section 26.043(8) of the Texas Government Code.

Plaintiff seeks monetary relief more than $250,000.00, but not more than $1,000,000.00, and seeks non-monetary relief, within the jurisdictional limits of this Court.

Venue in Harris County is proper under Section 15.011 of the Texas Civil Practice and Remedies Code because this action involves real property located in Harris County and Plaintiff's cause of action arose in Harris County, Texas.

Unofficial Copy Office of Marilyn Burgess District Clerk

**IV.**

**FACTS**

This is an action to quiet title, trespass to try title, and declaratory judgment in relation to real property located at 8230 Glen Valley Drive, Houston, Texas 77061, legally described as

> LOT EIGHT (8), IN BLOCK EIGHT (8), OF GLENBROOK VALLEY, SECTION THREE (3), A SUBDIVIDION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 44, PAGE 64, OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

(the "Property").

Plaintiff, MAYRA AMEZQUITA, and the Estate of Rogelio Villafana Perez are the rightful and legal owners of the Property.

Plaintiff, MAYRA AMEZQUITA and Rogelio Villafana Perez, Deceased, married on or about January 23, 2004, in Mexico, and four children were born of their marriage.

On June 19, 2007, Rogelio Villafana Perez, Deceased, purchased the Property, as evidenced by the Warranty Deed with Vendor's Lien recorded in the Harris County Property Records under Instrument No. 20070381841, filed on June 22, 2007.

On December 7, 2020, Rogelio Villafana Perez tragically and unexpectedly lost his life in an accident at the age of 41, leaving behind his young wife and four children, whose lives were forever shattered by his untimely death.

On November 02, 2021, Plaintiff MAYRA AMEZQUITA filed an Affidavit of Heirship in the Harris County Records under instrument RP-2021-631357.

In 2024, Ms. AMEZQUITA traveled to California to be closer to family and to seek support while coping with the grief associated with her loss. She believed that her children would benefit from a temporary change of scenery. During this time, Plaintiff AMEZQUITA continued making the monthly mortgage payments to Chase on the Property and the majority of her and her family's personal belongings remained at the Property.

During this period, Plaintiff AMEZQUITA also arranged for her father to routinely visit the Property. However, in 2025, his visits became less frequent as he was dealing with his own personal matters. Throughout this time and to date, Plaintiff AMEZQUITA continued to make all payments associated with the Property, including the mortgage, insurance, and property taxes.

In the early days of August and prior to August 08, 2025, Plaintiff AMEZQUITA returned to her home, to find that MATTHEW JACKSON had broken down the door and was claiming ownership. Despite seeking assistance from local law enforcement, Plaintiff, AMEZQUITA was unable to regain possession of her home or personal property.

Under Instrument No. RP-2025-216266, filed on June 5, 2025, in the Harris County Court Records, MATTHEW JACKSON, SAVE A LIFE HOMES, INC., and/or SAVE A LIFE HOMES, LLC, claim an interest in and ownership of the Property through adverse possession. The instrument includes an Affidavit of Adverse Possession executed by Matthew Jackson, asserting possession of the Property since August 5, 2024; a Quitclaim Deed identifying SAVE

Unofficial Copy Office of Marilyn Burgess District Clerk

A LIFE HOMES, INC. as both the grantor and grantee; and a Memorandum of Law executed by Matthew Jackson asserting a claim of adverse possession on behalf of SAVE A LIFE HOMES, INC.

After Defendant JACKSON became aware that the true owner of the Property had returned to the home, Defendant JACKSON filed Instrument No. RP-2025-312514 on August 08, 2025; containing a Warranty Deed naming SAVE A LIFE HOMES, LLC, now a Missouri limited liability company as both the grantor and grantee. The Warranty Deed was signed by Matthew Jackson, who purported to act as the owner of the Property. The instrument also contained an Amended Affidavit of Adverse Possession asserting a claim of possession dating back to August 22, 2023.

In September 2025, Plaintiff AMEZQUITA initiated eviction proceedings against Matthew Jackson. However, she was unable to properly present her claim before the Justice of the Peace Court, and the eviction proceeding was dismissed. Following the dismissal, Plaintiff AMEZQUITA proceeded with probate proceedings concerning the Estate of her deceased husband, Rogelio Villafana Perez.

On December 29, 2025, RUBI VILLAFANA was duly appointed Dependent Administrator of her father's Estate in Cause No. 538901, pending in County Probate Court No. 1.

Due to the significant financial and emotional toll resulting from being deprived of their home while continuing to make mortgage payments through 2026, Plaintiffs were unable to pursue their claims sooner. Plaintiffs now bring this action promptly and within all applicable statutory requirements.

Unofficial Copy Office of Marilyn Burgess District Clerk

**V.**

**QUIET TITLE**

Plaintiff hereby incorporates all paragraphs above, as if each was fully set forth herein.

Plaintiffs seek to quiet title to the real property located at 8230 Glen Valley Drive, Houston, Texas 77061, and legally described as:

> LOT EIGHT (8), IN BLOCK EIGHT (8), OF GLENBROOK VALLEY, SECTION THREE (3), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 44, PAGE 64, OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS (the "Property").

Plaintiff MAYRA AMEZQUITA, and the Estate of Rogelio Villafana Perez, hold superior title and ownership rights to the Property through the chain of title originating from the June 19, 2007, conveyance to Rogelio Villafana Perez, together with the ownership interests subsequently established through his estate and heirs.

Defendants have asserted adverse claims to the Property that are inconsistent with and inferior to Plaintiffs' title, including claims based upon purported adverse possession and instruments recorded in the Harris County Property Records.

Defendants' adverse claims constitute a cloud on Plaintiffs' title because the recorded instruments purport to create or evidence an ownership interest in the Property in favor of persons or entities who do not possess superior title.

Plaintiffs are entitled to a determination that their title and ownership interest in the Property is superior to any interest claimed by Defendants and those claiming through them.

Plaintiffs further seek cancellation and removal of the cloud created by Defendants' purported claims and recorded instruments, including Instrument Nos. RP-2025-216266 and RP-2025-312514, to the extent those instruments purport to establish an interest adverse to Plaintiffs' title.

Unofficial Copy Office of Marilyn Burgess District Clerk

Plaintiffs seek all relief necessary to establish and protect their title to the Property, including an order declaring Defendants' adverse claims invalid and removing any resulting cloud from Plaintiffs' title.

## VI.

## TRESPASS TO TRY TITLE

Unofficial Copy Office of Marilyn Burgess District Clerk

Plaintiff hereby incorporates all paragraphs above, as if each was fully set forth herein.

Plaintiffs bring this claim pursuant to Chapter 22 of the Texas Property Code. A trespass-to-try-title action is the statutory method for determining title to real property. Tex. Prop. Code § 22.001.

Plaintiffs have superior title to the Property and are entitled to possession thereof.

Defendants have asserted ownership and/or possessory interests in the Property that are adverse to Plaintiffs' title and have exercised possession and control over the Property without Plaintiffs' authorization.

Defendants' claimed interests are derived, in whole or in part, from purported adverse possession and the instruments described in the Facts section of this Petition.

Defendants cannot establish a superior title to the Property through adverse possession or through any deed, affidavit, memorandum, or other instrument upon which they rely.

To the extent Defendants contend that their claimed possession resulted in the acquisition of title by adverse possession, Plaintiffs deny that Defendants satisfied the applicable statutory requirements necessary to acquire title to the Property by adverse possession.

Plaintiffs are therefore entitled to judgment establishing their superior title to the Property and awarding Plaintiffs possession of the Property.

Plaintiffs further seek judgment declaring that Defendants have no right, title, or interest in the Property superior to Plaintiffs' title and that any persons or entities claiming through Defendants likewise possess no superior title.

**VII.**

**DECLARATORY JUDGMENT**

Unofficial Copy Office of Marilyn Burgess District Clerk

Plaintiff hereby incorporates all paragraphs above, as if each was fully set forth herein.

An actual controversy exists between Plaintiffs and Defendants concerning the ownership, title, possession, and legal interests associated with the Property.

Plaintiffs contend that they possess superior title and ownership rights to the Property, while Defendants have asserted competing claims of ownership and possession through purported adverse possession and recorded instruments.

Plaintiffs seek declaratory relief pursuant to the Texas Uniform Declaratory Judgments Act, including Texas Civil Practice and Remedies Code Chapter 37. The Act authorizes courts to declare rights, status, and other legal relations and is intended to provide relief from uncertainty and insecurity concerning such rights and relations. Tex. Civ. Prac. & Rem. Code §§ 37.002–.003. 22.

Plaintiffs request declarations concerning the parties' respective rights and interests in the Property, including declarations that:

a. Plaintiffs hold superior title and ownership rights to the Property;

b. Defendants Matthew Jackson, SAVE A LIFE HOMES, INC., SAVE A LIFE HOMES, LLC, and any persons or entities claiming through them do not possess any valid title or ownership interest in the Property superior to Plaintiffs' title;

c. Defendants' purported claims of adverse possession do not establish title to the

Property;

d. Instrument No. RP-2025-216266 does not create or establish a valid ownership interest in the Property in favor of Defendant Matthew Jackson, SAVE A LIFE HOMES, INC., or any person or entity claiming through them;

e. Instrument No. RP-2025-312514 does not create or establish a valid ownership interest in the Property in favor of Defendant Matthew Jackson, SAVE A LIFE HOMES, LLC, or any person or entity claiming through them;

f. Any deed, affidavit, memorandum, or other instrument executed or recorded by Defendants that purports to establish an ownership interest in the Property adverse to Plaintiffs is invalid and ineffective against Plaintiffs' superior title; and

g. Plaintiffs are entitled to possession, use, and enjoyment of the Property.

A judicial declaration is necessary to resolve the existing controversy, determine the parties' respective rights, and provide certainty concerning title to and possession of the Property.

**VIII.**

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury in this case per Texas Rule of Civil Procedure 216 and tenders the appropriate fee with this Original Petition.

**IX.**

**ATTORNEY FEES**

It was necessary for Plaintiffs to retain Adilia Miranda Carreon to pursue their claims against Defendants. Accordingly, Plaintiffs are entitled to recover their reasonable and necessary

Unofficial Copy Office of Marilyn Burgess District Clerk

attorney's fees and costs pursuant to Sections 27.01(e) and 37.009 of the Texas Civil Practice and Remedies Code.

## X.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully request that Defendants be cited to appear and answer and that, upon final trial, Plaintiffs recover judgment:

a. Declaring Plaintiffs' title to the Property superior to any title or interest claimed by Defendants;

b. Quieting title to the Property in favor of Plaintiffs;

c. Declaring that Defendants have no valid ownership interest or estate in the Property superior to Plaintiffs' title;

d. Declaring that Defendants' purported adverse-possession claims do not establish title to the Property;

e. Declaring the instruments identified in this Petition, including Instrument Nos. RP-2025-216266 and RP-2025-312514, ineffective and invalid to the extent they purport to establish an interest in the Property adverse to Plaintiffs;

f. Removing any cloud on Plaintiffs' title created by Defendants' claims or recorded instruments;

g. Awarding Plaintiffs title to and possession of the Property;

h. Awarding Plaintiffs all damages recoverable under applicable law;

i. Awarding Plaintiffs reasonable and necessary attorney's fees and costs of court to the extent permitted by law;

Unofficial Copy Office of Marilyn Burgess District Clerk

j. Awarding pre-judgment and post-judgment interest as allowed by law; and

k. Awarding Plaintiffs all other legal and equitable relief to which they may be entitled.

Respectfully submitted,
**MIRANDA CARREON | LAW**

By:______________________________

Adilia Miranda Carreon
State Bar No. 24118472
1425 N Durham Dr
Houston, Texas 77008
Tel: 281-886-7764
Fax: 713-234-0397
firm@mirandacarreon.com

**ATTORNEY FOR PLAINTIFFS**

Unofficial Copy Office of Marilyn Burgess District Clerk

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ashley Heredia on behalf of Adilia Miranda Carreon
Bar No. 24118472
admin@mirandacarreon.com
Envelope ID: 118770920
Filing Code Description: Petition
Filing Description: PLAINTIFF???S ORIGINAL PETITION
Status as of 8/18/2026 2:27 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Miranda Carreon Law Firm | | firm@mirandacarreon.com | 8/18/2026 1:06:14 PM | NOT SENT |
| Miranda Carreon Law Firm | | firm@mirandacarreon.com | 8/18/2026 1:06:14 PM | NOT SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk

# Exhibit
# 2

9/18/2026 5:27 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 120080050
By: Wanda Chambers
Filed: 9/18/2026 5:27 AM

2026-69163 / Court: 281

CAUSE NO.________________

**IN THE DISTRICT COURT**

**OF HARRIS COUNTY, TEXAS**

______ JUDICIAL DISTRICT

Unofficial Copy Office of Marilyn Burgess District Clerk

EMERGENCY EX PARTE

MATTHEW JAMAL JACKSON, Individually, and SAVE A LIFE HOMES, LLC,
Plaintiffs,

V.

MAYRA AMEZQUITA (also known as Mayra Amezquita Villafana); RUBI VILLAFANA PEREZ (also known as Rubi Villafana); MALCOLM D. GIBSON; M.D. GIBSON & ASSOCIATES; JPMORGAN CHASE BANK, NA; SECURE MORTGAGE COMPANY; SECUNDINO VAZQUEZ; CARMEN VILLARREAL; FIDELITY NATIONAL TITLE INSURANCE COMPANY; ROGELIO P. VILLAFANA (DECEASED); VENSON GIBBS; ALL UNKNOWN HEIRS; JERRY GARCIA, Constable of Harris County Precinct 2, in his individual and official capacities; JOHN DOE DEPUTY CONSTABLES 1–5, Harris County Precinct 2, in their individual and official capacities; ED GONZALEZ, Sheriff of Harris County, in his individual and official capacities; JOHN DOE DEPUTY SHERIFFS 1–5, Harris County Sheriff's Office, in their individual and official capacities; HARRIS COUNTY, TEXAS; HARRIS COUNTY JUSTICE COURT PRECINCT 2 PLACE 2; CITY OF HOUSTON; HOUSTON POLICE DEPARTMENT; OFFICER ROBARGE S.M., in his individual capacity; OFFICER P.W. (BROWN), in his individual capacity; OFFICER RODRIGUEZ PAYAN G, in his individual capacity; HOUSTON PUBLIC WORKS; RANDY MACCHI, Director of Houston Public Works, in his individual and official capacities; HOUSTON HOUSING AUTHORITY; JAMIE BRYANT, President and CEO of Houston Housing Authority, in her individual and official capacities; ADRIAN HUDSPETH, in his individual and official capacities; J. NOE DIAZ JR., Chief of Police of the Houston Police Department, in his individual and official capacities; STATE OF TEXAS; KEN PAXTON, Attorney General of the State of Texas, in his official capacity only; ALAN ROSEN, Constable of Harris County Precinct 1, in his individual and official capacities; ADILIA MIRANDA CARREON, Attorney at Law; MIRANDA CARREON | LAW; and ALL UNKNOWN HEIRS,
Defendants.

PLAINTIFFS' EMERGENCY EX PARTE ORIGINAL COMPLAINT FOR QUIET TITLE, DECLARATORY JUDGMENT, TRESPASS TO TRY TITLE, TRESPASS, INTERFERENCE WITH PROPERTY, OFFICIAL OPPRESSION, DAMAGES, AND INJUNCTIVE RELIEF WITH ADDITIONAL ALLEGATIONS REGARDING UNCONSTITUTIONAL SECOND EVICTION PROCEEDING, FRAUD UPON THE COURT, CONSTABLE ALAN ROSEN'S DEFAMATORY PUBLIC STATEMENTS, CORRECTED ADVERSE POSSESSION STATUTORY CITATIONS, AND UPDATED DEFENDANT ADDRESSES

---

Declaration under Penalty of Perjury of Matthew Jackson, Pro Se, being competent to make this declaration and having personal knowledge of the matters stated herein, declares pursuant to 28 U.S.C. § 1746

---

Unofficial Copy Office of Marilyn Burgess District Clerk

TABLE OF CONTENTS

Exhibit Index
- Declaration under Penalty of Perjury
- Jurisdiction and Venue
- Legal Standards
- Plaintiff's Rights as a Pro Se Litigant
- Service Status
- Parties and Basis for Liability
- Statement of Facts
- Causes of Action (Counts 1–27)
- Supporting Brief for Injunctive Relief
- Supporting Case Law
- Prayer for Relief
- Certificate of Service
- Exhibit Index

Unofficial Copy Office of Marilyn Burgess District Clerk

## I. JURISDICTION AND VENUE

This Court has jurisdiction over this cause because the property at issue is located in Harris County, Texas, and the damages sought are within the jurisdictional limits of this Court.

Plaintiff asserts claims under Texas common law and statutory law, including but not limited to:

Texas Civil Practice & Remedies Code §§ 16.021, 16.024, 16.030 (Adverse Possession)

Texas Property Code § 22.001 (Trespass to Try Title)

Texas Civil Practice & Remedies Code § 37.004 (Declaratory Judgment)

Texas Penal Code § 39.03 (Official Oppression)

Texas common law claims for Trespass, Interference with Property, Defamation, Defamation Per Se, Abuse of Process, Fraud Upon the Court, and Intentional Infliction of Emotional Distress

Texas Constitution, Article I, Sections 3, 13, 17, and 19

Additionally, Plaintiff asserts federal claims under:

42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1988

The Americans with Disabilities Act (42 U.S.C. § 12101 et seq.)

The Fair Housing Act (42 U.S.C. § 3601 et seq.)

The Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.)

The Civil Rights Act of 1968

The Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1961 et seq.)

Consumer Protection Acts

Interstate Commerce violations

Unofficial Copy Office of Marilyn Burgess District Clerk

The First, Fourth, Fifth, Thirteenth, and Fourteenth Amendments to the U.S. Constitution

The Ex Post Facto Clause, Equal Protection Clause, and Commerce Clause of the U.S. Constitution

Venue is proper in Harris County, Texas, because the property at issue is located in Harris County, Texas, and Defendants reside or may be found in Harris County, Texas.

Plaintiff Matthew Jamal Jackson files this original complaint pursuant to the Texas Rules of Civil Procedure. This is a new state court case. This filing consolidates all claims, adds new events and new parties, and formally places Exhibits A through GG before the Court.

Unofficial Copy Office of Marilyn Burgess District Clerk

## II. LEGAL STANDARDS

PLEADING STANDARD SATISFIED:

To survive a motion to dismiss under Texas Rule of Civil Procedure 91a, a complaint need only allege facts that, accepted as true, state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

PRO SE LENIENCY: Pro se pleadings are held to a less stringent standard than those drafted by attorneys and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Every factual allegation must be accepted as true and all reasonable inferences drawn in Plaintiff's favor. *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

NOT A SHOTGUN PLEADING: Each defendant is specifically identified, each incident is specifically dated, each constitutional violation is tied to a specific defendant and legal theory, and each count specifies which defendants it applies to. The number of defendants does not make a complaint a shotgun pleading—it reflects the number of actors who participated in the conspiracy. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015).

QUALIFIED IMMUNITY DEFEATED: Defendants Robarge S.M., P.W., and Rodriguez Payan G will assert qualified immunity. That defense fails on both prongs. Warrantless entry without probable cause or exigent circumstances violates the Fourth Amendment. *Payton v. New York*, 445 U.S. 573, 585-86 (1980). The warrant requirement has been clearly established since *Payton* in 1980—45 years before these incidents. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The deliberate filing of false police reports is not protected by qualified immunity. *Hope v. Pelzer*, 536 U.S. 730 (2002).

ELEVENTH AMENDMENT — EX PARTE YOUNG EXCEPTION APPLIES: Plaintiff seeks only PROSPECTIVE INJUNCTIVE RELIEF against the Texas Attorney General in his OFFICIAL CAPACITY—not monetary damages from the State. *Ex Parte Young*, 209 U.S. 123, 155-56 (1908). The Eleventh Amendment is not a bar to prospective injunctive relief against state officials enforcing unconstitutional laws. *Edelman v. Jordan*, 415 U.S. 651 (1974).

STATUTE OF LIMITATIONS: Section 1983 statute of limitations in Texas is TWO YEARS from the date of the constitutional violation. Every violation alleged occurred in 2025 and continues to the present day—within two years of this filing. The § 1981 and § 1982 claims carry a FOUR-YEAR statute of limitations. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004). The Fair Housing Act provides TWO YEARS from the discriminatory practice. 42 U.S.C. § 3613(a). RICO provides FOUR YEARS. *Agency Holding Corp. v. Malley-Duff & Assocs.*, 483 U.S. 143 (1987). All claims are within their applicable limitations periods. Furthermore, Defendants' ongoing violations constitute a continuing wrong, and the statute of limitations does not bar claims for continuing violations that are still occurring. *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380-81 (1982); *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115-18 (2002).

STANDING: Plaintiff has Article III standing. He has suffered (1) CONCRETE AND PARTICULARIZED INJURY—warrantless entries into his properties, 56-day utility deprivation, unlawful eviction proceedings, criminal dispossession from Arlington Place, denial of housing certification, mental anguish, unconstitutional criminal investigation and prosecution, defamatory public statements, and a second unlawful eviction proceeding; (2) CAUSATION—each injury is directly traceable to specific actions by specific named defendants; and (3) REDRESSABILITY—each injury can be remedied by injunctive relief, compensatory damages, and the other relief requested. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

NON SUI JURIS — DOES NOT WARRANT DISMISSAL: Defendants will argue that Harris County Justice Court, Houston Public Works, and Houston Police Department lack independent legal capacity to be sued as separate entities. However, this does not warrant dismissal because: (1) Jerry Garcia, Constable, is named individually and in his official capacity—official capacity suits are suits against the entity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); (2) Harris County, Texas is named as a Monell defendant; (3) City of Houston is named as a Monell defendant covering HPD. *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991). At most, the sub-unit entities are dropped—the substantive claims against properly named defendants remain.

Unofficial Copy Office of Marilyn Burgess District Clerk

TEXAS TORT CLAIMS ACT — DOES NOT APPLY: Defendants will argue the TTCA bars Plaintiff's claims. This argument fails completely. Plaintiff's primary claims arise under FEDERAL LAW—42 U.S.C. §§ 1983, 1981, 1982, 1985, and the Fair Housing Act. State immunity statutes cannot bar federal civil rights claims. *Howlett v. Rose*, 496 U.S. 356, 383 (1990); *Hafer v. Melo*, 502 U.S. 21, 25-31 (1991); *Martinez v. California*, 444 U.S. 277 (1980). Congress enacted § 1983 specifically to override state immunity.

## III. PLAINTIFF'S RIGHTS AS A PRO SE LITIGANT

Plaintiff is proceeding pro se in this action. As such, Plaintiff is entitled to special solicitude and leniency in the pleading requirements.

In the Fifth Circuit, "generally, it is an abuse of discretion for a district court to dismiss a pro se complaint with prejudice without first giving the plaintiff an opportunity to amend his complaint to remedy any deficiencies." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). "When the dismissal of a pro se complaint is appropriate, it should generally be done without prejudice in order to allow the plaintiff an opportunity to file an amended complaint." *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995).

The Fifth Circuit is "inclined to give pro se plaintiffs several opportunities to state a claim upon which relief can be granted." *Coleman v. Bank of New York Mellon*, 969 F. Supp. 2d 736 (N.D. Tex. 2013).

Before sua sponte dismissing a pro se litigant's case with prejudice, a district court ordinarily must provide an opportunity to amend the complaint to remedy the deficiencies. *Eason v. Thaler*, 14 F.3d 8, 9 & n.5 (5th Cir. 1994).

Dismissal with prejudice is appropriate only if the plaintiff has been given adequate opportunity to cure inadequacies or if the pleadings "demonstrate that the plaintiff has pleaded his best case." *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

A pro se plaintiff may also obtain leave to amend in response to a recommended dismissal. *Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at 1 (N.D. Tex. Jan. 5, 2010).

Unofficial Copy Office of Marilyn Burgess District Clerk

## IV. SERVICE STATUS

This is a newly filed state court complaint. No defendant has been served yet. Plaintiff intends to serve all Defendants in accordance with Texas Rule of Civil Procedure 106.

Plaintiff will serve all Defendants via United States Postal Service Certified Mail, Return Receipt Requested (PS Form 3811), in accordance with Texas Rule of Civil Procedure 106(a)(2), or by personal service through a professional process server.

Plaintiff has retained two professional process servers who will attempt service on all Defendants.

Plaintiff respectfully requests that the Court authorize service by publication for Defendants whose addresses remain unknown, including Secundino Vazquez, Venson Gibbs, Estate of Rogelio P. Villafana, All Unknown Heirs, and the John Doe Defendants who changed the locks at Arlington Place.

Plaintiff will file proof of service with the Court once service has been completed on all Defendants.

## V. PARTIES AND BASIS FOR LIABILITY

PLAINTIFFS:

Matthew Jamal Jackson, Individually. Plaintiff is an African-American man with disabilities, who claims peaceable possession, color of title, and now full title to the Glen Valley Property described below. Plaintiff's adverse possession claims are brought under Texas Civil Practice & Remedies Code §§ 16.021, 16.024, and 16.030, NOT § 16.025.

Save A Life Homes, LLC, a Texas limited liability company, is the owner of record of certain property interests described herein. Matthew Jamal Jackson does not represent Save A Life Homes, LLC in this action; the LLC is named solely as an owner of property interests at issue in this lawsuit.

PRIVATE DEFENDANTS:

Mayra Amezquita (also known as Mayra Amezquita Villafana): Address: 8311 Cayton St, Houston, Texas 77061 and 709 Bluebird Lane, Pasadena, TX 77502. Mayra Amezquita initiated the multi-level conspiracy by providing false information to government entities and damaging property. Sued for State Law Trespass, Criminal Mischief, Conspiracy (§ 1985), Fraud, Interference with Property, and Quiet Title.

Unofficial Copy Office of Marilyn Burgess District Clerk

Rubi Villafana Perez (also known as Rubi Villafana): Address: 8311 Cayton St, Houston, Texas 77061 and 709 Bluebird Lane, Pasadena, TX 77502. Rubi Villafana participated with Amezquita in property interference and conspiracy with government entities. Rubi Villafana also filed a fraudulent eviction proceeding against Plaintiff on August 19, 2026, despite the prior dismissal of the eviction case for lack of jurisdiction. Sued for Joint Participation, Conspiracy (§ 1985), Interference with Property, Quiet Title, Abuse of Process, and Fraud Upon the Court.

Malcolm D. Gibson and M.D. Gibson & Associates: Address: Registered Agent: Malcolm D Gibson Associates, 3100 Monticello Ave., Suite 200, Dallas, TX 75205. Malcolm Gibson claims legal interest in property and has interfered with Plaintiff's possession. Sued as a necessary party to quiet title action.

JPMorgan Chase Bank, NA: Address: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Secondary Address: Mail Code LA4-7100, 700 Kansas Lane, Monroe, Louisiana 71203. JPMorgan Chase claims mortgage or lien interest in property requiring adjudication. Sued for Quiet Title, Trespass to Try Title, and Declaratory Judgment.

Secure Mortgage Company: Address: 825 Town and Country Ln Ste 1200, #17, Houston, TX 77024. Secure Mortgage Company claims mortgage interest that must be resolved. Sued for Quiet Title and Declaratory Judgment.

Secundino Vazquez: Address: 1001 Wayside Houston, TX 77011 (unknown current address). Secundino Vazquez claims interest in property requiring adjudication. Sued for Quiet Title and Trespass to Try Title.

Carmen Villarreal: Address: 8003 Arletta St Houston, TX 77061 (unknown current address). Carmen Villarreal claims interest in property. Sued for Quiet Title and Trespass to Try Title.

Fidelity National Title Insurance Company: Address: 4540 FM 1960 West Houston, TX 77069. Fidelity National Title may have insured title claims requiring resolution. Sued for Quiet Title and Declaratory Judgment.

Rogelio P. Villafana (Deceased): Address: Unknown (Estate). Estate of Rogelio P. Villafana may claim property interest through heirs. Sued for Quiet Title.

Venson Gibbs: Address: Unknown. Venson Gibbs may claim interest in property. Sued for Quiet Title and Trespass to Try Title.

All Unknown Heirs: Address: Unknown. Unknown heirs of prior property owners may claim interests requiring adjudication. Sued for Quiet Title. Service by Publication is requested.

ATTORNEY DEFENDANTS:

Unofficial Copy Office of Marilyn Burgess District Clerk

Adilia Miranda Carreon and Miranda Carreon | Law: Address: Principal Office Address: 1425 N Durham Dr., Houston, TX 77008; Phone: 281-886-7764; State Bar of Texas Bar No.: 24118472. Adilia Miranda Carreon is the attorney who filed the fraudulent Original Petition for Eviction against Plaintiff on August 20, 2026, in Justice Court Precinct 2 Place 1, Case No. 262100368880. The petition contains false allegations that Plaintiff "forcibly entered" and "broke into" the property, when in fact Plaintiff entered lawfully and has recorded adverse possession instruments. The petition was filed despite the prior dismissal of an identical eviction proceeding (Case No. 252100341228) on September 15, 2025, for lack of jurisdiction. Attorney Carreon knew or should have known that: (1) The first eviction case was dismissed for lack of jurisdiction; (2) Plaintiff holds recorded Warranty Deeds and Affidavits of Adverse Possession in the Harris County Real Property Records; (3) Plaintiff has peaceable possession and color of title; (4) The allegations that Plaintiff "broke into" the property are false. Attorney Carreon's conduct constitutes Fraud Upon the Court, Abuse of Process, Violation of Texas Disciplinary Rules of Professional Conduct, and Civil Conspiracy. Sued for Fraud Upon the Court, Abuse of Process, Legal Malpractice, Conspiracy, and Violation of the Texas Rules of Professional Conduct.

GOVERNMENT DEFENDANTS:

Jerry Garcia, Constable of Harris County Precinct 2: Address: 10851 Scarsdale Blvd, Suite 300, Houston, TX 77089. Jerry Garcia, in his capacity as Constable, is responsible for the actions of his deputies who posted unlawful eviction notices and participated in constitutional violations. Sued under 42 U.S.C. § 1983 for Supervisory Liability, Direct Participation, Policy Violations, and Due Process Violations. LEGAL BASIS: Individual capacity (personal liability for constitutional violations); Official capacity (policy and custom claims against the office).

John Doe Deputy Constables 1-5, Harris County Precinct 2: Address: 10851 Scarsdale Blvd, Suite 300, Houston, TX 77089. These deputies directly posted eviction notices and participated in unlawful eviction proceedings on August 27, 2025, and August 20, 2026. Sued under 42 U.S.C. § 1983 for Direct Constitutional Violations, Acting Under Color of Law, Fourth Amendment Violations, and Conspiracy (§ 1985). LEGAL BASIS: Individual capacity for personal actions violating clearly established constitutional rights.

Ed Gonzalez, Sheriff of Harris County: Address: 1200 Baker St, Houston, TX 77002. Ed Gonzalez, as Sheriff, is responsible for his department's participation in unlawful eviction proceedings and constitutional violations. Sued under 42 U.S.C. § 1983 for Supervisory Liability, Policy Failures, Ratification, and Custom and Practice. LEGAL BASIS: Individual capacity (supervisory liability); Official capacity (Monell claims for policies causing constitutional violations).

John Doe Deputy Sheriff's 1-5, Harris County Sheriff's Office: Address: 1200 Baker St, Houston, TX 77002. These deputies posted eviction notices and acted without due process, directly violating Plaintiff's constitutional rights. Sued under 42 U.S.C. § 1983 for Direct Participation, Due

Unofficial Copy Office of Marilyn Burgess District Clerk

Process Violations, Fourth Amendment Violations, Equal Protection Violations, and Conspiracy (§ 1985). LEGAL BASIS: Individual capacity for actions taken under color of law violating clearly established rights.

Officer Robarge S.M. (HPD): Address: 1200 Travis St, Houston, TX 77002. Officer Robarge committed direct constitutional violations on August 23, 2025 at 11415 Prairie Walk Dr. Sued under 42 U.S.C. § 1983 for Warrantless Entry, Excessive Force, False Imprisonment, False Statements, and Falsified Report (Report #1102156-25 falsely categorizing as 'Forgery/Fraud/Counterfeit') (Exhibit E). LEGAL BASIS: Individual capacity for actions under color of law violating clearly established Fourth Amendment rights.

Officer P.W. (HPD): Address: 1200 Travis St, Houston, TX 77002. Officer P.W. participated with Officer Robarge in constitutional violations on August 23, 2025. Sued under 42 U.S.C. § 1983 for Joint Participation, Failure to Intervene, and Conspiracy. LEGAL BASIS: Individual capacity for direct participation and failure to intervene.

Officer Rodriguez Payan G (HPD): Address: 1200 Travis St, Houston, TX 77002. Officer Rodriguez Payan committed constitutional violations on August 31, 2025 and falsified official records. Sued under 42 U.S.C. § 1983 for False Arrest, Unlawful Detention, Falsified Police Report (Report #1141160-25 falsely stating 'Ashlee Alexius Holmes made the call' when Plaintiff made the call) (Exhibit F), and Official Misconduct. LEGAL BASIS: Individual capacity for false arrest and falsification of official documents.

Randy Macchi, Director of Houston Public Works: Address: 611 Walker St, Houston, TX 77002. Randy Macchi is responsible for the unlawful termination of Plaintiff's water service for 56 days without due process. Sued under 42 U.S.C. § 1983 for Direct Constitutional Violations, Due Process Violations, Equal Protection, and Property Deprivation. LEGAL BASIS: Individual and official capacity.

Jamie Bryant, President and CEO of Houston Housing Authority: Address: 2640 Fountain View Dr, Houston, TX 77057. Jamie Bryant is responsible for HHA's retaliation against Plaintiff for filing this lawsuit, including withholding an earned landlord certification. Sued under 42 U.S.C. § 1983 (First Amendment Retaliation), Fair Housing Act § 3617, and 42 U.S.C. § 1981. LEGAL BASIS: Individual and official capacity.

Adrian Hudspeth: Address: Houston Housing Authority, 2640 Fountain View Dr, Houston, TX 77057. Adrian Hudspeth, as HHA official, personally refused to provide Plaintiff's earned landlord orientation certificate despite multiple requests. Sued under 42 U.S.C. § 1983 for Individual Retaliation, Abuse of Authority, Federal Program Violations, and Due Process. LEGAL BASIS: Individual capacity for official acting under color of federal authority; First Amendment retaliation.

Unofficial Copy Office of Marilyn Burgess District Clerk

J. Noe Diaz Jr., Chief of Police of the Houston Police Department: Address: 1200 Travis Street, Houston, Texas 77002. Chief Diaz is the final Monell policymaking authority for HPD. His failure to train officers on adverse possession law—documented by Officer Robarge's recorded statement that 'adverse possession is not a law'—and maintenance of policies resulting in warrantless entries, false arrests, and falsified police reports constitute Monell liability under *City of Canton v. Harris*, 489 U.S. 378, 385-88 (1989). Sued under 42 U.S.C. § 1983 for failure to train and policy violations.

Ken Paxton, Attorney General of the State of Texas: Address: Office of the Attorney General, 300 West 15th Street, Austin, TX 78701. Sued in his official capacity only under *Ex parte Young*. He is responsible for enforcing Senate Bills 38 and 1333, which are being applied ex post facto to destroy Plaintiff's pre-existing property rights. Sued for Ex Post Facto Violations, Legislative Retaliation, Prospective Injunctive Relief, and Declaratory Relief. LEGAL BASIS: *Ex parte Young* (prospective injunctive relief against state officials enforcing unconstitutional laws); not seeking monetary damages from state.

Alan Rosen, Constable of Harris County Precinct 1: Address: 1302 Preston, Suite 400, Houston, TX 77002. Constable Alan Rosen gave a public press conference on July 8, 2026, in which he made defamatory statements about Plaintiff, including:

"There's a history of this with this individual"

"This person does feel like they know the law, but unfortunately they don't"

"This person has been dealt with in this space before"

Statements implying Plaintiff is a criminal and has committed crimes

Statements linking Plaintiff to "high profile homicide cases"

Plaintiff DOES NOT assert any claim regarding the Gilley property in this lawsuit. Plaintiff will file a separate action in state court regarding the Gilley property. However, Constable Rosen's defamatory statements about Plaintiff are actionable in this lawsuit because:

The statements were made about Plaintiff personally, not about any specific property

The statements falsely portray Plaintiff as a criminal and someone who has "been dealt with"

The statements were made with malice and reckless disregard for the truth

Unofficial Copy Office of Marilyn Burgess District Clerk

The statements are part of the ongoing conspiracy to deprive Plaintiff of constitutional rights

The statements caused damages to Plaintiff's reputation and business

Sued under 42 U.S.C. § 1983 for Deprivation of Due Process, Defamation, and Official Oppression; and under State Law for Defamation, Defamation Per Se, and Official Oppression. LEGAL BASIS: Individual and official capacity.

GOVERNMENT ENTITY/MUNICIPAL LIABILITY DEFENDANTS (MONELL):

Harris County, Texas: Address: 1001 Preston St, Houston, TX 77002. Harris County is the municipality responsible for the constitutional violations committed by its employees (Constable, Sheriff, and their deputies). Sued under *Monell v. Department of Social Services* for Policy Liability, Custom and Practice, Failure to Train, and Deliberate Indifference.

Harris County Justice Court Precinct 2 Place 1: Address: 10851 Scarsdale, Suite 500, Houston, TX 77089. The Justice Court system processed unconstitutional eviction proceedings and applied ex post facto laws. The Justice Court also permitted the filing of a second eviction proceeding (Case No. 262100368880) despite the prior dismissal of Case No. 252100341228 for lack of jurisdiction. Sued as an institution for Systemic Due Process Violations, Ex Post Facto Application, and Policy Violations. LEGAL BASIS: Suit against court as institution for systemic violations, not against individual judge (who has immunity).

City of Houston: Address: 901 Bagby St, Houston, TX 77002. City of Houston coordinated multi-level government conspiracy through Houston Public Works and Houston Police Department. The City of Houston is also responsible for the unconstitutional criminal investigation and retaliation against Plaintiff, as evidenced by the City's August 18, 2026 Supplemental Notice of Parallel Criminal Investigation. Sued under Monell and 42 U.S.C. § 1983 for Municipal Policy, Coordination, Retaliation, Pattern and Practice, and Failure to Train. LEGAL BASIS: Monell municipal liability; conspiracy (§ 1985); First Amendment retaliation; unconstitutional criminal investigation and prosecution.

Houston Public Works: Address: 611 Walker St, Houston, TX 77002. Houston Public Works unlawfully terminated Plaintiff's water service for two months without due process based on false information from Defendant Amezquita. Sued under 42 U.S.C. § 1983 for Direct Constitutional Violations, Due Process Violations, Equal Protection, Property Deprivation, and

Unofficial Copy Office of Marilyn Burgess District Clerk

Conspiracy. LEGAL BASIS: Municipal department acting under color of law; direct constitutional violations.

Houston Police Department: Address: 1200 Travis St, Houston, TX 77002. HPD officers committed multiple constitutional violations at Plaintiff's Prairie Walk property, including warrantless entry, false imprisonment, and falsified reports. Sued under Monell and 42 U.S.C. § 1983 for Department Policies, Failure to Train, Pattern and Practice, and Supervisory Liability. LEGAL BASIS: Monell municipal liability for departmental policies and customs.

Houston Housing Authority: Address: 2640 Fountain View Dr, Houston, TX 77057. HHA is a federal housing agency that retaliated against Plaintiff by refusing to provide earned landlord certification and changing program requirements. Sued under 42 U.S.C. § 1983 and Federal Program Regulations for First Amendment Retaliation, Federal Program Violations, Due Process, Interstate Commerce Interference, and Conspiracy. LEGAL BASIS: Federal agency acting under color of law; violation of federal housing program regulations.

State of Texas: Address: Office of the Attorney General, 300 West 15th Street, Austin, TX 78701. The State of Texas enacted retaliatory legislation (SB 38 and SB 1333) targeting adverse possession rights and applied them ex post facto. Sued under *Ex parte Young* for Ex Post Facto Violations, Legislative Retaliation, Prospective Injunctive Relief, and Declaratory Relief. LEGAL BASIS: *Ex parte Young* (prospective injunctive relief against state officials enforcing unconstitutional laws); not seeking monetary damages from state.

---

## VI. PROPERTY DESCRIPTION AND PLAINTIFF'S ADVERSE POSSESSION

PLAINTIFF'S ADVERSE POSSESSION — 8230 GLEN VALLEY DR ONLY

Plaintiff is in peaceable possession of the property located at 8230 Glen Valley Dr, Houston, TX 77061 ("Glen Valley Property"):

Legal Description: LOT EIGHT (8), BLOCK EIGHT (8), GLENBROOK VALLEY, SECTION THREE (3), HARRIS COUNTY, TEXAS.
Common Address: 8230 Glen Valley Dr, Houston, TX 77061.
Parcel #: 082-564-000-0008.

Plaintiff has filed an Affidavit of Adverse Possession RP-2025-216266 (Exhibit A), Amended Affidavit of Adverse Possession RP-2025-312514 (Exhibit B), and a Warranty Deed (Exhibit C) in the real property records of Harris County, Texas, reflecting a claim of right to the Glen Valley Property only.

Unofficial Copy Office of Marilyn Burgess District Clerk

The Warranty Deed - Color of Title (Glen Valley Property Only):

Plaintiff holds a recorded Warranty Deed (Exhibit C) in the Harris County Real Property Records for the Glen Valley Property. The Warranty Deed was executed to memorialize the commencement of possession and to support a future claim of ownership by adverse possession. The Warranty Deed, even if defective as to the underlying chain of title, constitutes valid color of title for adverse possession purposes as to the Glen Valley Property only.

Texas Civil Practice & Remedies Code § 16.021 — Definitions:

Defines "adverse possession" as "an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person."

Texas Civil Practice & Remedies Code § 16.024 — Three-Year Limitations Period:

A person who holds "a registered deed or other memorandum of title" that appears to convey title to the property may acquire title by adverse possession after three years. The statute does not require that the deed be free from defects. A deed that appears regular on its face and purports to convey title satisfies the color of title requirement even if underlying title is clouded.

Texas Civil Practice & Remedies Code § 16.030 — Title Through Adverse Possession:

Under § 16.030(a), "If an action for the recovery of real property is barred under this chapter, the person who holds the property in peaceable and adverse possession has full title, precluding all claims."

Plaintiff does NOT bring claims under Texas Property Code § 16.025. All adverse possession claims are brought under Texas Civil Practice & Remedies Code §§ 16.021, 16.024, and 16.030.

*Wright v. Mattison*, 59 U.S. (18 How.) 50, 57-58 (1855), held that even a void or defective deed constitutes valid color of title for adverse possession purposes when the grantee receives it in good faith and without knowledge of any defect. Plaintiff received his deed instruments in good faith, recorded them in the official county property records, and had no knowledge of any defect.

Texas courts have consistently held that color of title refers to a deed purporting to convey title to the possessor, even if that deed does not actually convey any title. See *Phelps v. Pecos Valley Southern Ry. Co.*, 182 S.W. 1156, 1158 (Tex. App. 1916); *Porter v. Wilson*, 371 S.W.2d 611, 613 (Tex. Civ. App.—Beaumont 1963, writ ref'd n.r.e.); *Gilmore v. Waples*, 108 Tex. 167, 188 S.W. 1037 (Tex. 1916).

Plaintiff has exercised acts consistent with ownership of the Glen Valley Property since August 22, 2023, including securing the property, maintaining premises, filing corporate leases, controlling

Unofficial Copy Office of Marilyn Burgess District Clerk

utilities, and establishing exclusive possession. Plaintiff is proceeding under the 3-year adverse possession statute (Texas Civil Practice & Remedies Code § 16.024) with color of title as to the Glen Valley Property only.

Vesting of Title — Glen Valley Property Only:

Plaintiff's title to the Glen Valley Property vested on August 22, 2026, under Texas Civil Practice & Remedies Code § 16.030(a).

Arlington Place Apartment Complex — NOT Vested:

116 East Edgebrook Drive, Houston, Texas 77034, specifically including Apartment 116. Plaintiff has filed an Affidavit of Adverse Possession (Exhibit N) and Warranty Deed (Exhibit O) in Harris County records. Plaintiff does not claim that title to Arlington Place has vested under § 16.030(a). Plaintiff asserts possession and pending adverse possession claims as to Arlington Place, but no vesting of title is claimed in this lawsuit for Arlington Place.

Prairie Walk — NOT Vested:

11415 Prairie Walk Dr, Houston, TX. Plaintiff has filed a Warranty Deed (Exhibit M) and Affidavit of Adverse Possession (Exhibit L) properly filed in Harris County records. Plaintiff does not claim that title to Prairie Walk has vested under § 16.030(a). Plaintiff asserts possession and pending adverse possession claims as to Prairie Walk, but no vesting of title is claimed in this lawsuit for Prairie Walk.

ADVERSE POSSESSION ELEMENTS — GLEN VALLEY PROPERTY ONLY:

Plaintiff's adverse possession claim as to the Glen Valley Property satisfies every element of Texas Civil Practice & Remedies Code §§ 16.021, 16.024, and 16.030: (1) OPEN — Plaintiff's possession has been visible and unconcealed; (2) NOTORIOUS — neighbors, police, utility companies, and the Justice Court all have knowledge of Plaintiff's possession; (3) HOSTILE — Plaintiff's possession is without permission from and adverse to the interests of any prior owner; (4) EXCLUSIVE — Plaintiff has maintained exclusive control, secured the property, controlled access, and excluded unauthorized persons; (5) CONTINUOUS — Plaintiff has maintained uninterrupted possession since August 22, 2023; (6) COLOR OF TITLE — Plaintiff holds recorded Warranty Deed and Affidavits of Adverse Possession for the Glen Valley Property; and (7) ABANDONED AND FORECLOSED — the Glen Valley Property was abandoned for over six years before Plaintiff established possession—strengthening the adverse nature of his claim in good faith.

Unofficial Copy Office of Marilyn Burgess District Clerk

## VII. STATEMENT OF FACTS

B. Private Defendants' Interference

Defendants abandoned the property for over six years but recently attempted to interfere, including breaking windows, changing locks, and tampering with utilities. Police Reports Filed on 07/01/2025 12:00pm, 07/18/2025 7:21 am 0932814-25 (Exhibit G), 08/09/2025 18:51 1038802-25 (Exhibit G).

THE DEFENDANTS ARE THE ONES WHO BROKE INTO THE PROPERTY, NOT PLAINTIFF:

Plaintiff lawfully entered the property on August 22, 2023, and has maintained continuous, peaceable possession since that date. The Defendants (Amezquita, Villafana, and their agents) are the ones who committed criminal acts:

On July 24, 2025, Defendant Amezquita broke the water meter

On multiple occasions, Defendants broke windows and changed locks

Defendants entered the property without any court order or legal process

Defendants have filed false police reports and eviction proceedings

Plaintiff has filed police reports documenting Defendants' criminal conduct (Exhibits G, I). The Defendants' claims that Plaintiff "broke into" the property are false and are part of the conspiracy to deprive Plaintiff of his vested property rights.

C. Government Utility Conspiracy - Houston Public Works

On July 24, 2025, Defendant Amezquita unlawfully trespassed onto the Property and intentionally damaged the water meter serving the Property. A neighbor texted Plaintiff on 7/24/25 that people were at the house and Amezquita had broken the water meter on this day (Exhibit I).

Immediately thereafter, Defendant Amezquita contacted Houston Public Works, a government owned municipal utility company, and provided false information regarding her claimed ownership of the Property (Exhibit S).

Government Entity Participation:

Unofficial Copy Office of Marilyn Burgess District Clerk

Based on Defendant Amezquita's misrepresentations, Houston Public Works, acting as a government entity, unlawfully transferred water service from Plaintiff's name to Defendant Amezquita's name effective July 24, 2025. This action deprived Plaintiff of essential utilities for approximately two months (July 24, 2025 through September 18, 2025) without due process. Houston Public Works failed to:

1. Verify Defendant Amezquita's claimed ownership of the Property;
2. Provide Plaintiff with notice and opportunity to be heard before terminating service;
3. Conduct proper investigation despite Plaintiff's recorded property documents;
4. Follow established procedures for utility transfer disputes.

Plaintiff's Attempts to Remedy:

Plaintiff was forced to contact Houston Public Works daily to request restoration of water service. The government utility company required Plaintiff to email copies of his recorded Warranty Deed and police reports as proof of his right to utility service, creating an additional burden not imposed on Defendant Amezquita. The water meter remained broken and service suspended until September 18, 2025, when Houston Public Works finally restored service after verifying Plaintiff's documentation (Exhibits S, X).

D. State Actor Involvement - First Unlawful Eviction Proceeding (Dismissed)

Sheriff's Office and Constable's Office - Eviction Notice:

On or about August 27, 2025, upon information and belief, Defendants Mayra Amezquita and Villafana contacted law enforcement requesting unlawful eviction assistance against Plaintiff. Acting on Defendants' false representations regarding ownership of the Property, deputies from the Sheriff's Office and/or Constable's Office posted an eviction notice on Plaintiff's door without proper due process or investigation into Plaintiff's documented adverse possession claim and recorded property documents.

Said eviction notice directed Plaintiff to appear in Justice Court, Harris County, Texas, Precinct 2, Place 1, located at 10851 Scarsdale, Suite 500, Houston, TX 77089, on September 15, 2025 at 8:00 am. Plaintiff was not provided proper notice of the eviction proceeding as required by law, only discovering the eviction notice on September 17, 2025, when informed by a neighbor that the sheriff had placed an eviction notice in the door.

Justice Court Proceedings - September 15, 2025:

Unofficial Copy Office of Marilyn Burgess District Clerk

The eviction proceeding (Case No. 252100341228, Mayra Amezquita v. Matthew Jackson) was DISMISSED on September 15, 2025, for LACK OF JURISDICTION. The Harris County Justice Court Public Access system shows: Case Status: Disposed; Disposition: All Other Dispositions (OCA); Disposition Date: September 15, 2025; Judgment Date: September 15, 2025; Hearing Result: Dismissed (Exhibit BB).

1. Inadequate Notice: Court system failed to provide constitutionally adequate notice of eviction proceedings.
2. Ex Post Facto Law Application: The September 15, 2025 court proceedings involved discussion of applying 'new laws SB 38 and SB 1333' to Plaintiff's adverse possession rights established in August 2023. This represents an unconstitutional attempt by the Justice Court system to apply laws passed after Plaintiff's possession began to retroactively defeat Plaintiff's established property rights.
3. Systemic Due Process Failures: The Justice Court procedures allowed eviction proceedings to move forward without proper investigation of recorded property claims.
4. Pattern and Practice: The Justice Court system has established a pattern of processing eviction requests without adequate due process for adverse possession claimants.

Court Recording Evidence:

The September 15, 2025 proceedings before Harris County Justice Court Precinct 2 Place 1 were recorded by the court's electronic recording system at 8:00am. This recording contains direct evidence of the systemic constitutional violations described herein.

E. SECOND UNLAWFUL EVICTION PROCEEDING - FRAUD UPON THE COURT (AUGUST 20, 2026)

Despite the Prior Dismissal for Lack of Jurisdiction, Defendants Filed a Second Eviction Proceeding:

On August 20, 2026, Defendants Rubi Villafana (as Dependent Administrator of the Estate of Rogelio Villafana Perez) and her attorney Adilia Miranda Carreon filed a SECOND eviction proceeding against Plaintiff in Harris County Justice Court Precinct 2 Place 2, Case No. 262100368880 (Rubi Villafana v. Matthew Jackson, et al.) (Exhibit CC).

1. Res Judicata and Claim Preclusion:

The first eviction proceeding (Case No. 252100341228) was DISMISSED FOR LACK OF JURISDICTION on September 15, 2025. A dismissal for lack of jurisdiction is a final judgment on the merits for res judicata purposes. *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986) ("A dismissal for want of jurisdiction is a final judgment entitled to res judicata effect").

2. Collateral Estoppel:

Unofficial Copy Office of Marilyn Burgess District Clerk

The Justice Court's determination that it lacked jurisdiction is binding on the parties and cannot be relitigated. The Defendants are estopped from filing a new eviction proceeding based on the same facts and claims.

3. Abuse of Process:

The Defendants are using the court system to harass Plaintiff, knowing that the first eviction was dismissed for lack of jurisdiction. This is a classic abuse of process. *TEXACO v. Pennzoil*, 784 S.W.2d 483 (Tex. App.—Houston [1st Dist.] 1989) ("Abuse of process is the use of a legal proceeding in an improper manner to accomplish a purpose for which it was not designed").

4. Fraud Upon the Court:

Attorney Adilia Miranda Carreon's Original Petition for Eviction contains FALSE ALLEGATIONS:

> The petition states that "MATTHEW JACKSON ... forcibly entered the Premises without Plaintiff's permission or consent"
>
> The petition states that "MATTHEW JACKSON unlawfully entered the Premises by breaking into the property, including breaking down a door and forcing entry"
>
> The petition states that "Defendants' entry and continued possession was therefore unauthorized"
>
> The petition states that "Defendants entered the Premises without Plaintiff's consent and without legal authority"

THESE ALLEGATIONS ARE FALSE:

Plaintiff lawfully entered the property on August 22, 2023, and has maintained continuous, peaceable possession. Plaintiff holds recorded Warranty Deeds and Affidavits of Adverse Possession in the Harris County Real Property Records. Plaintiff did NOT "break down a door" or "force entry"—the property was abandoned and Plaintiff entered lawfully. The Defendants (Amezquita and Villafana) are the ones who committed criminal acts—breaking the water meter, breaking windows, and changing locks without legal process. Plaintiff has filed police reports documenting Defendants' criminal conduct (Exhibits G, I).

Attorney Carreon Knew or Should Have Known These Allegations Were False:

The first eviction proceeding was dismissed for lack of jurisdiction, demonstrating the court recognized Plaintiff's lawful possession. Plaintiff's recorded instruments (Warranty Deeds and Affidavits of Adverse Possession) are public records in the Harris County Real Property

Unofficial Copy Office of Marilyn Burgess District Clerk

Records. Attorney Carreon had a duty to investigate before filing the petition. Attorney Carreon's false allegations constitute fraud upon the court and violation of the Texas Rules of Professional Conduct.

5. No Jurisdiction:

The Justice Court lacks jurisdiction over Plaintiff's adverse possession claim because: Plaintiff's title to the Glen Valley Property vested on August 22, 2026, under Texas Civil Practice & Remedies Code § 16.030(a). Adverse possession is a title claim, not a simple eviction. Justice Courts have limited jurisdiction and cannot adjudicate title claims. See Tex. Gov't Code § 27.031; see also *Scott v. Hewitt*, 127 Tex. 31, 90 S.W.2d 816, 818 (Tex. 1936) ("Justice courts have no jurisdiction to try title to land").

6. Ex Post Facto Violation:

The second eviction proceeding seeks to apply laws (SB 38 and SB 1333) that became effective September 1, 2025, to Plaintiff's pre-existing adverse possession rights established August 22, 2023. This violates the Ex Post Facto Clause. *Landgraf v. USI Film Products*, 511 U.S. 244 (1994); *Eastern Enterprises v. Apfel*, 524 U.S. 498 (1998).

7. Continuing Violation:

The second eviction proceeding is the latest act in the ongoing conspiracy to deprive Plaintiff of his property rights. The violations are continuing and ongoing.

8. Requested Relief:

Plaintiff seeks: An order from this Court enjoining the second eviction proceeding; A finding that the second eviction proceeding constitutes fraud upon the court; Sanctions against Attorney Adilia Miranda Carreon and her law firm for filing false pleadings; Damages for abuse of process and fraud.

F. Ex Post Facto Violations - SB 38 and SB 1333

SB 1333 empowers sheriffs and constables to act quickly when a property owner submits a sworn complaint that a squatter is unlawfully occupying their property, while SB 38 streamlines the eviction process by establishing consistent timelines for trials and requiring courts to hold trials in eviction suits within 21 days.

Unofficial Copy Office of Marilyn Burgess District Clerk

These laws became effective September 1, 2025—more than two years AFTER Plaintiff established adverse possession of the Glen Valley Property on August 22, 2023, under Texas Civil Practice & Remedies Code § 16.024 (3-year statute with color of title). Plaintiff's adverse possession rights to the Glen Valley Property vested on August 22, 2026, under Texas Civil Practice & Remedies Code § 16.030(a). Application of these brand-new laws (effective only 17 days before the September 15 court proceeding) to defeat Plaintiff's pre-existing property rights constitute a clear Ex Post Facto violation under the U.S. Constitution, particularly as Plaintiff had already satisfied over two-thirds of the required statutory period before these laws were enacted.

G. Coordinated Government Conspiracy Timeline

Five Levels of Government Coordination:

(1) Federal Agency Level: Houston Housing Authority retaliation (certificate denial, portal changes) (Exhibits Y, 160-164).
(2) State Level: SB 38 and SB 1333 effective September 1, 2025.
(3) County Level: Justice Court application of retroactive laws on September 15, 2025 (Exhibit H); Sheriff and Constable eviction actions; Constable Alan Rosen's defamatory press conference on July 8, 2026.
(4) Municipal Level: Houston Public Works utility termination; Houston's vacant building fencing ordinance proposed September 17, 2025; HPD targeting of adverse possession activities.
(5) Criminal Investigation Level: City of Houston's unconstitutional criminal investigation of Plaintiff for the same conduct at issue in this civil action, as confirmed by the City's August 18, 2026 Supplemental Notice of Parallel Criminal Investigation (Exhibit AA).
(6) New Eviction Proceeding Level: Second eviction proceeding filed on August 20, 2026, despite prior dismissal for lack of jurisdiction—constituting fraud upon the court.

This systematic, multi-jurisdictional targeting of adverse possession rights within a concentrated time period constitutes clear evidence of coordinated government action against Plaintiff's exercise of constitutional property rights established over two years earlier.

H. Constable Alan Rosen's Defamatory Public Statements

On July 8, 2026, Constable Alan Rosen gave a press conference regarding an investigation of a property at 800 Allston Street (the Gilley property). Despite Plaintiff having no connection to that property other than his lawful adverse possession claim (which will be addressed in a separate state court action), Constable Rosen made the following defamatory statements about Plaintiff:

> "There's a history of this with this individual"

> "This person does feel like they know the law, but unfortunately they don't"

Unofficial Copy Office of Marilyn Burgess District Clerk

"This person has been dealt with in this space before"

Statements implying Plaintiff is a criminal and has committed crimes

Statements linking Plaintiff to "high profile homicide cases"

Plaintiff Does Not Assert Any Claim Regarding the Gilley Property in This Lawsuit:

Plaintiff will file a separate action in state court regarding: The Gilley property; The wrongful removal without a warrant; The violation of Plaintiff's constitutional rights regarding that property; Any claims specific to the Gilley property.

However, Constable Rosen's Defamatory Statements About Plaintiff Are Actionable in This Lawsuit:

(1) The Statements Were About Plaintiff Personally: Constable Rosen made statements specifically about "this individual"—meaning Plaintiff Matthew Jamal Jackson. These were personal attacks on Plaintiff's character and reputation.

(2) The Statements Were False: Plaintiff has no history of criminal conduct. Plaintiff's adverse possession claims are lawful under Texas Civil Practice & Remedies Code §§ 16.021, 16.024, and 16.030. Plaintiff has never been "dealt with" in any criminal proceeding. The statements falsely portray Plaintiff as a criminal.

(3) The Statements Were Made With Malice: Constable Rosen made these statements to the media (Houston Chronicle) with knowledge of their falsity or reckless disregard for the truth. He knew or should have known that: Plaintiff's adverse possession claims are lawful under Texas law; The investigation was ongoing and no charges had been filed; The statements would be widely published and would damage Plaintiff's reputation; The statements were made to prejudice the public against Plaintiff.

(4) The Statements Are Part of the Conspiracy: Constable Rosen's statements are part of the ongoing conspiracy to deprive Plaintiff of his constitutional rights. The statements were made to: Prejudice the public against Plaintiff; Influence potential jurors; Chill Plaintiff's exercise of constitutional rights.

(5) The Statements Caused Damages: Plaintiff has suffered: Damage to reputation; Prejudice in the community; Interference with housing business; Emotional distress and mental anguish; Economic damages.

Unofficial Copy Office of Marilyn Burgess District Clerk

(6) Constitutional Violation:

Constable Rosen's defamatory statements also violate Plaintiff's constitutional rights because: Reputation is a property interest protected by the Fourteenth Amendment. *Wisconsin v. Constantineau*, 400 U.S. 433 (1971); *Paul v. Davis*, 424 U.S. 693 (1976); The statements were made under color of law; The statements are part of the ongoing conspiracy to deprive Plaintiff of constitutional rights.

Legal Claims:

Plaintiff asserts claims against Constable Alan Rosen for:

(1) Defamation Per Se—Statements falsely imputing criminal conduct;
(2) Defamation—False statements published with malice;
(3) Official Oppression—Using public office to make false statements;
(4) Deprivation of Due Process—Violation of Plaintiff's right to reputation as a property interest;
(5) 42 U.S.C. § 1983—Deprivation of constitutional rights;
(6) Conspiracy—Coordination with other government defendants to defame Plaintiff.

No Gilley Property Claim Asserted:

Plaintiff expressly does NOT assert any claim regarding the Gilley property itself in this lawsuit. That claim will be filed separately in state court. This lawsuit addresses only the defamatory statements made by Constable Rosen and the constitutional violations arising from those statements.

I. Federal Housing Program Interference and Economic Damages

As owner of Save A Life Homes, LLC (Exhibits J, K, Z), Plaintiff operates a legitimate housing business serving low-income tenants through federal housing assistance programs including VA housing and Section 8 housing vouchers. The government conspiracy has directly interfered with Plaintiff's ability to:

(1) Obtain VA Housing Approval: Government interference with Plaintiff's property ownership has damaged Plaintiff's ability to provide housing for veterans through VA housing programs;

(2) Secure Section 8 Housing Approval: The coordinated government attack on Plaintiff's property rights has prevented approval for Section 8 tenants, depriving low-income families of housing opportunities;

(3) Houston Housing Authority Retaliation: After Plaintiff attended the required Houston Housing Authority Landlord Orientation meeting and completed all requirements, HHA official Adrian

Unofficial Copy Office of Marilyn Burgess District Clerk

Hudspeth has refused to provide Plaintiff's completion certificate despite multiple requests via email and text (Exhibits Y, 160-164);

(4) Systematic Exclusion from Federal Programs: The coordinated timing of HHA's retaliation demonstrates the conspiracy extends to federal housing agencies, systematically excluding Plaintiff from participating in federal housing assistance programs;

(5) Operate Interstate Housing Business: Save A Life Homes, LLC provides housing services across state lines, and the government conspiracy interferes with interstate commerce.

J. Mental Anguish, Emotional Distress, and Personal Damages

As a direct result of the systematic government conspiracy and constitutional violations, Plaintiff has suffered severe mental anguish and emotional distress, including:

(1) Constant Fear of Arrest: Living under threat of criminal prosecution for exercising constitutional rights;

(2) Anxiety and Stress: From coordinated government harassment and intimidation;

(3) Sleep Deprivation: From worry about losing property and business after years of investment;

(4) Depression: From systematic targeting by multiple levels of government;

(5) Fear of Retaliation: From prosecutor's threats during court proceedings, the ongoing criminal investigation, and the defamatory public statements;

(6) Physical Manifestations: Stress-related health issues from constant government harassment;

(7) Humiliation: From being falsely portrayed as a criminal in the media.

These are compensable damages under 42 U.S.C. § 1983. *Memphis Community Sch. Dist. v. Stachura*, 477 U.S. 299 (1986).

K. Arlington Place - Wrongful Eviction from Apartment Complex

Plaintiff also maintains adverse possession of Arlington Place Apartment Complex, 116 East Edgebrook Drive, Houston, Texas 77034, specifically including Apartment 116, which serves as the main apartment for the entire complex. Plaintiff's recorded instruments (Exhibits N, O) establish his claim. Plaintiff does not claim that title to Arlington Place has vested under § 16.030(a).

On August 5, 2025, unknown parties committed criminal breaking and entering at Arlington Place, Apartment 116, and unlawfully changed the locks without any court order or legal process. Plaintiff was never legally evicted through any court proceeding. Instead, criminal actors broke into the apartment and changed the locks to illegally exclude Plaintiff from the main apartment of the complex that Plaintiff was adverse possessing.

Unofficial Copy Office of Marilyn Burgess District Clerk

The criminal conduct included: (1) Breaking and entering—Criminal trespass to gain access; (2) Burglary—Unlawful entry with intent to commit theft; (3) Theft—Taking control of Plaintiff's and family's personal belongings; (4) Criminal mischief—Damaging/altering locks without authorization; (5) Conspiracy—Coordination as part of broader government conspiracy.

Video Evidence: Plaintiff has video evidence dated August 4, 2025, showing Plaintiff lawfully present in Apartment 116 with key access, demonstrating peaceful possession and lawful occupancy before wrongful eviction (Exhibit P). On August 5, 2025, unknown parties changed the locks on Apartment 116, preventing Plaintiff from re-entering.

Personal Property Seizure: Plaintiff's personal property, as well as property belonging to Plaintiff's family members, remains locked inside Apartment 116 following the unauthorized lock change. This constitutes unlawful seizure of personal property without due process.

L. Additional Property - Prairie Walk - Police Misconduct

Plaintiff also maintains adverse possession of property located at 11415 Prairie Walk Dr, Houston, TX with deed and affidavit of adverse possession properly filed in Harris County records (Exhibits L, M). Plaintiff does not claim that title to Prairie Walk has vested under § 16.030(a).

Immediate Retaliation Following Houston Housing Authority Email:

On August 23, 2025, Plaintiff sent an email to Adrian Hudspeth regarding housing services at 11415 Prairie Walk Dr. Within hours of this communication, Houston Police Department officers initiated systematic harassment and constitutional violations at this property.

Police Raid and Constitutional Violations - August 23, 2025:

HPD Officers Robarge S.M. and Officer P.W. unlawfully entered Plaintiff's adverse possession property at 11415 Prairie Walk Dr without warrant, probable cause, or exigent circumstances. The officers:

(1) Unlawful Entry: Entered property where Plaintiff exercises adverse possession rights;
(2) Assault with Deadly Weapon: Drew firearms on Larry Henson, a US military veteran lawfully present (Exhibit Q);
(3) False Imprisonment: Detained veteran Larry Henson in police vehicle for approximately two hours (until 22:45);
(4) False Statements: Officers told Henson that Plaintiff was 'committing a scam' and that 'adverse possession is not a law';
(5) False Police Report: Filed Report #1102156-25 falsely categorizing as 'Investigating Forgery/Fraud/Counterfeit' (Exhibit E).

Second Police Incident - August 31, 2025:

Unofficial Copy Office of Marilyn Burgess District Clerk

Plaintiff called police for criminal trespassing incident on August 31, 2025 at 13:23. Officer Rodriguez Payan G responded and again violated constitutional rights:

(1) False Arrest: Placed veteran Larry Henson in handcuffs for lawful presence on Plaintiff's property (Exhibit Q);
(2) Unlawful Detention: Detained Henson before releasing him without charges;
(3) False Police Report: Filed Report #1141160-25 falsely stating 'Ashlee Alexius Holmes made the call' when Plaintiff made the call (Exhibit F);
(4) Retaliation Pattern: Second incident targeting Plaintiff's adverse possession within 8 days.

Coordinated Timeline Evidence:

August 23, 2025: Plaintiff emails Adrian Hudspeth about housing at 11415 Prairie Walk;

August 23, 2025 (same day): HPD officers unlawfully raid property, draw guns, detain veteran;

August 27, 2025: Eviction notice posted at 8230 Glen Valley Dr;

August 31, 2025: Second police incident with false arrest and falsified reports.

This timeline demonstrates immediate retaliation and coordination between federal housing officials and local law enforcement.

M. Policy and Procedure Violations by All Government Defendants

All Government Defendants violated their own established policies and procedures while acting under color of law, demonstrating systemic failures requiring injunctive relief.

N. Continuing Violations

The deprivation of Plaintiff's property rights is ongoing, as Defendants continue to assert adverse claims against Plaintiff's vested title to the Glen Valley Property.

The threat of future eviction proceedings and government interference remains present.

The Houston Housing Authority continues to withhold Plaintiff's earned landlord certification, resulting in ongoing economic harm.

The threat of unlawful police raids, warrantless entries, and constitutional violations remains present.

The application of SB 38 and SB 1333 to Plaintiff's pre-existing rights, if not enjoined, will continue to threaten his property rights.

Unofficial Copy Office of Marilyn Burgess District Clerk

The conspiracy among Defendants is ongoing, and the full extent of the harm is continuing to accrue.

The unconstitutional criminal investigation against Plaintiff, as confirmed by the City of Houston's August 18, 2026 Supplemental Notice, is ongoing and continuing.

The second eviction proceeding filed on August 20, 2026, is ongoing and continuing.

The defamatory statements made by Constable Alan Rosen continue to harm Plaintiff's reputation and business.

The continuing nature of these violations means that the statute of limitations has not expired, and Plaintiff is entitled to recover for all damages, including those that are ongoing, as well as injunctive relief to prevent future harm. *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380-81 (1982); *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115-18 (2002); *Heckler v. Mathews*, 465 U.S. 728 (1984); *Miller v. City of Houston*, No. 4:17-CV-03649, 2018 WL 6267584 (S.D. Tex. Nov. 30, 2018).

O. Plaintiff's Disabilities, Medical Conditions, and ADA Status

Plaintiff Matthew Jamal Jackson is an individual with disabilities as defined by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

Plaintiff suffers from multiple physical and mental impairments that substantially limit one or more major life activities, including seeing, walking, standing, lifting, sleeping, concentrating, thinking, communicating, caring for himself, and working:

(1) Ptosis of the bilateral eyelids, causing significant visual impairment and difficulty seeing without corrective eyeglasses;
(2) Prior ankle fracture resulting in pain, mobility limitations, and difficulty walking and standing for extended periods;
(3) Herniated disc causing chronic pain and limitations in mobility, lifting, bending, and other physical activities;
(4) Diabetes mellitus;
(5) Hypertension (high blood pressure);
(6) Major depressive disorder;
(7) Post-Traumatic Stress Disorder (PTSD);
(8) Anxiety disorder.

Because of these impairments, Plaintiff experiences substantial limitations in major life activities recognized and protected by the ADA and Rehabilitation Act.

Unofficial Copy Office of Marilyn Burgess District Clerk

Plaintiff receives ongoing medical treatment and takes prescription medications including: Venlafaxine; Haloperidol; Doxepin; Gabapentin; Ibuprofen; Cyclobenzaprine; Lisinopril; and Metformin.

Defendants knew or should have known that Plaintiff was a person with disabilities entitled to equal treatment, reasonable accommodations where required by law, equal participation in government programs, equal access to public services, and protection from discrimination based upon disability.

The actions complained of herein caused Plaintiff to suffer additional physical pain, emotional distress, mental anguish, anxiety, depression, humiliation, stress-related symptoms, loss of sleep, fear, frustration, and worsening of his pre-existing medical and psychological conditions.

Plaintiff has standing to assert claims under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act because he is a qualified individual with disabilities who suffered actual and concrete injuries, including denial of equal access to government services, interference with housing-related activities, emotional distress, physical injury, loss of business opportunities, and deprivation of constitutionally protected rights.

P. Unconstitutional Criminal Investigation - City of Houston's Supplemental Notice

On August 18, 2026, the City of Houston filed a "Supplemental Notice of Parallel Criminal Investigation" with this Court. The notice states:

> Plaintiff "is currently the subject of a criminal investigation";
>
> "The investigation involves allegations that Plaintiff made adverse-possession claims regarding two residential properties linked to high profile homicide cases";
>
> "The conduct under criminal investigation is alleged to be substantially similar to the conduct at issue in this civil action."

The Criminal Investigation is Unconstitutional Retaliation:

(1) First Amendment Retaliation: The investigation was initiated in response to Plaintiff filing this civil rights lawsuit and exercising his First Amendment rights. *Hartman v. Moore*, 547 U.S. 250, 256 (2006); *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019).

(2) Chilling of Constitutional Rights: The investigation is designed to intimidate Plaintiff and chill his exercise of constitutional rights, including the right to petition the government for redress of grievances and the right to access the courts. *Dombrowski v. Pfister*, 380 U.S. 479, 485-86 (1965).

Unofficial Copy Office of Marilyn Burgess District Clerk

(3) Bad Faith Prosecution/Investigation: The City's attempt to tie Plaintiff to "high profile homicide cases" is a transparent effort to prejudice the public, this Court, and potential jurors against Plaintiff. There is no legitimate law enforcement purpose for investigating Plaintiff's lawful adverse possession claims.

(4) Ex Post Facto Violation: Plaintiff's adverse possession rights to the Glen Valley Property vested on August 22, 2026, under Texas Civil Practice & Remedies Code § 16.030(a). Any criminal prosecution for conduct that was lawful when performed violates the Ex Post Facto Clause. *Landgraf v. USI Film Products*, 511 U.S. 244 (1994); *Eastern Enterprises v. Apfel*, 524 U.S. 498 (1998).

(5) Official Oppression: Government officials are using the criminal justice system to punish Plaintiff for exercising his constitutional rights, in violation of Texas Penal Code § 39.03 and 42 U.S.C. § 1983.

(6) Equal Protection Violation: The criminal investigation is being pursued against Plaintiff because he is African-American exercising adverse possession rights, while similarly situated white property owners are not subjected to criminal investigation for the same conduct. *Washington v. Davis*, 426 U.S. 229 (1976); *Village of Arlington Heights*, 429 U.S. 252 (1977).

(7) Part of the Ongoing Conspiracy: The criminal investigation is the latest act in the five-level government conspiracy described in this complaint, demonstrating that the conspiracy is ongoing and continuing.

(8) Unconstitutional Condition: The City is effectively imposing an unconstitutional condition on Plaintiff's exercise of his constitutional rights—if he exercises his right to file a civil rights lawsuit, he will be subjected to criminal investigation and prosecution. *Simmons v. United States*, 390 U.S. 377 (1968).

The City's Notice Confirms Retaliation:

The City's notice confirms that "the conduct under criminal investigation is alleged to be substantially similar to the conduct at issue in this civil action." This is direct evidence that Defendants are using the criminal justice system to retaliate against Plaintiff for filing this lawsuit and exercising his constitutional rights.

This Court Has Authority to Protect Its Proceedings:

This Court has the inherent authority and obligation to protect its proceedings from abuse and to prevent the criminal justice system from being used as a weapon against civil rights litigants. *Dombrowski v. Pfister*, 380 U.S. 479, 485-86 (1965); *Younger v. Harris*, 401 U.S. 37, 46-47 (1971).

Unofficial Copy Office of Marilyn Burgess District Clerk

## VIII. CAUSES OF ACTION (COUNTS 1–27)

COUNT 1 - Quiet Title

*(Pursuant to Tex. Civ. Prac. & Rem. Code §§ 16.021, 16.024, 16.030)*

Plaintiff seeks to quiet title against all Defendants and establish clear, marketable title to the Glen Valley Property only. Plaintiff has superior right and title through adverse possession, peaceable possession, color of title, and now, fully vested title as of August 22, 2026 under Texas Civil Practice & Remedies Code § 16.030(a) as to the Glen Valley Property only. All adverse claims to the Glen Valley Property should be cancelled and removed as clouds on title. Plaintiff does not seek a quiet title judgment vesting title to Arlington Place or Prairie Walk in this Count.

COUNT 2 - Trespass to Try Title

*(Pursuant to Tex. Prop. Code § 22.001)*

Plaintiff asserts superior right to possession and title under adverse possession (Tex. Civ. Prac. & Rem. Code §§ 16.021, 16.024, 16.030), color of title, peaceable possession, and fully vested title as to the Glen Valley Property only against all claiming Defendants. As to Arlington Place and Prairie Walk, Plaintiff asserts superior right to possession and pending adverse possession claims, but does not claim vested title under § 16.030(a) in this Count.

COUNT 3 - Declaratory Judgment

*(Pursuant to Tex. Civ. Prac. & Rem. Code § 37.004 & 28 U.S.C. § 2201)*

Plaintiff seeks a declaration of rights regarding the Glen Valley Property, including recognition of Plaintiff's peaceable possession and right to exclude others, and declaration that SB 38 and SB 1333 are unconstitutional as applied to Plaintiff's vested title in the Glen Valley Property. Plaintiff does not seek a declaration that title to Arlington Place or Prairie Walk has vested.

COUNT 4 - Trespass & Interference with Property

Defendants' unlawful entry, vandalism, lock tampering, and threats constitute trespass and interference. Plaintiff is entitled to damages and injunctive relief.

COUNT 5 - Federal Civil Rights Violations (42 U.S.C. §§ 1983 & 1985)

Against County Defendants - Individual and Official Capacity:

Unofficial Copy Office of Marilyn Burgess District Clerk

Jerry Garcia (Constable), Ed Gonzalez (Sheriff), and John Doe Deputies violated Plaintiff's constitutional rights by: Processing eviction notices without investigating documented property claims; Depriving property rights without due process; Failing to provide adequate notice; Acting on unverified private party claims; Permitting the filing of a second eviction proceeding despite prior dismissal for lack of jurisdiction.

Against Harris County - Monell Liability:

Harris County maintained policies and customs that caused constitutional violations including: Policies allowing evictions without proper investigation; Failure to train law enforcement on adverse possession law; Custom of accepting private party claims without verification; Failure to prevent serial eviction filings after dismissal.

Against Justice Court System:

Harris County Justice Court Precinct 2 Place 1 violated constitutional rights through: Systemic due process failures; Application of ex post facto laws; Inadequate notice procedures; Permitting a second eviction proceeding despite prior dismissal for lack of jurisdiction; Allowing fraud upon the court to proceed.

Against Municipal Defendants:

City of Houston, Houston Public Works, and HPD violated rights through: Utility termination without due process (Houston Public Works); Warrantless entries and false arrests (HPD Officers); Municipal policies causing constitutional violations; Coordinated retaliation; Unconstitutional criminal investigation and retaliation (City of Houston).

Against Federal Defendants:

Houston Housing Authority and Adrian Hudspeth violated rights through: First Amendment retaliation for filing lawsuit; Refusal to provide earned landlord certification; Federal program violations; Interference with interstate commerce.

Conspiracy (42 U.S.C. § 1985):

Private defendants Amezquita and Villafana conspired with state actors to deprive constitutional rights through coordinated government and private action. Attorney Carreon joined this conspiracy by filing false eviction proceedings.

Unofficial Copy Office of Marilyn Burgess District Clerk

COUNT 6 - Constitutional Violations

First Amendment: Retaliation for filing lawsuit and exercising petition rights.
Fourth Amendment: Warrantless entries and property seizures.
Fifth Amendment: Property deprivation without due process; Ex Post Facto violations.
Fourteenth Amendment: Due Process and Equal Protection violations.
Commerce Clause: Interference with interstate business operations.

COUNT 7 - PERMANENT Injunctive Relief

Plaintiff seeks PERMANENT injunctions IN PERPETUITY prohibiting all Government Defendants from interfering with Plaintiff's adverse possession rights nationwide, binding all current officials and successors.

COUNT 8 - Intentional Infliction of Emotional Distress

Government Defendants' coordinated conspiracy constitutes extreme and outrageous conduct causing severe emotional distress.

COUNT 9 - Policy and Procedure Violations Under Color of Law

All Government Defendants violated their own policies while acting under color of law.

COUNT 10 - ADA Violations (42 U.S.C. § 12101 et seq.)

Government Defendants discriminated against Plaintiff based on disability in provision of public services.

COUNT 11 - Fair Housing Act Violations (42 U.S.C. § 3601 et seq.)

Defendants violated Fair Housing Act through discriminatory housing practices and interference with housing business.

COUNT 12 - RICO Violations (18 U.S.C. § 1961 et seq.)

Government Defendants constitute a racketeering enterprise engaged in pattern of racketeering activity.

COUNT 13 - Civil Rights Act Violations

Discrimination in public accommodations and services.

COUNT 14 - Consumer Protection Act Violations

Deceptive trade practices including false advertising and unfair competition.

Unofficial Copy Office of Marilyn Burgess District Clerk

COUNT 15 - Thirteenth Amendment Violations

Government conspiracy forced Plaintiff into economic servitude.

COUNT 16 - Interstate Commerce Clause Violations

Interference with Plaintiff's interstate housing business operations.

COUNT 17 - Retaliation (42 U.S.C. § 1983; First and Fourteenth Amendments; FHA § 3617; ADA § 12203)

All Government Defendants retaliated against Plaintiff for exercising constitutional rights including: Filing civil rights lawsuits; Recording adverse possession claims; Participating in federal housing programs; Petitioning government for redress; Filing this civil rights action, which directly resulted in the unconstitutional criminal investigation by the City of Houston and Constable Alan Rosen.

COUNT 18 - Equal Protection / 1983 - Racial Discrimination - NO PRE-SUIT NOTICE REQUIRED

Government Defendants applied Texas property law, utility service policies, police protocols, and housing program administration in a racially discriminatory manner. But for Plaintiff's race, Defendants would not have bypassed warrant requirements, notice requirements, and ownership verification; classified lawful adverse possession as criminal fraud; or coordinated across five government levels to deprive him of property rights Texas law grants equally to all citizens. *Washington v. Davis*, 426 U.S. 229, 238-42 (1976); *Village of Arlington Heights*, 429 U.S. 252 (1977).

COUNT 19 - 42 U.S.C. § 1981 - Equal Right to Enforce Contracts - NO PRE-SUIT NOTICE REQUIRED

Section 1981 provides a direct private right of action. No EEOC complaint, no exhaustion, no pre-suit letter required. *Johnson v. Railway Express Agency*, 421 U.S. 454 (1975). Plaintiff has been denied the same right to make and enforce his recorded property instruments enjoyed by white citizens. His Warranty Deed and Affidavits were ignored by government actors who honored an unverified competing claim instead. But for Plaintiff's race, his recorded instruments would have been recognized. *Comcast Corp. v. NAACP*, 589 U.S. 327 (2020).

COUNT 20 - 42 U.S.C. § 1982 - Equal Right to Hold Property - NO PRE-SUIT NOTICE REQUIRED

Unofficial Copy Office of Marilyn Burgess District Clerk

Section 1982 provides a direct private right of action. No exhaustion required. *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 413-14 (1968). All citizens have the same right as white citizens to hold and convey real property. The coordinated government action denied Plaintiff the equal right to hold his adverse possession property on the same terms extended to white property owners with the same recorded instruments.

COUNT 21 - Fair Housing Act § 3604 - Racial Housing Discrimination - NO PRE-SUIT NOTICE REQUIRED

Private FHA plaintiffs file directly in federal court within two years. No HUD complaint required. 42 U.S.C. § 3613(a). Defendants discriminated against Plaintiff in the terms and conditions of his dwelling at 8230 Glen Valley Drive because of his race. SB 38 and SB 1333's expedited eviction procedures also have a racially disparate impact on Black adverse possession claimants. *Texas Dept of Housing v. Inclusive Communities Project*, 576 U.S. 519 (2015).

COUNT 22 - 42 U.S.C. § 1985(3) - Racially Motivated Conspiracy - NO PRE-SUIT NOTICE REQUIRED

Direct private right of action. *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). The five-level coordinated government conspiracy, combined with racial discriminatory intent evidenced by the Arlington Heights factors, constitutes a § 1985(3) racially motivated conspiracy to deprive Plaintiff of equal protection of the laws.

COUNT 23 - Official Oppression Under Color of Law (Texas Penal Code § 39.03; 42 U.S.C. § 1983)

All Government Defendants named herein, including Alan Rosen, Constable of Harris County Precinct 1, acting under color of office and under color of law, committed official oppression against Plaintiff as defined by Texas Penal Code § 39.03. The conduct of each Government Defendant constitutes official oppression because each public servant:

A. Knowingly subjected Plaintiff to mistreatment, unlawful arrest, detention, search, and seizure they knew was unlawful. Specifically:

Officer Robarge S.M. and Officer P.W. unlawfully entered Plaintiff's adverse possession property without warrant, probable cause, or exigent circumstances on August 23, 2025, in violation of *Payton v. New York*, 445 U.S. 573 (1980).

Officer Rodriguez Payan G falsely arrested and unlawfully detained veteran Larry Henson on August 31, 2025, without probable cause, in violation of the Fourth Amendment.

Unofficial Copy Office of Marilyn Burgess District Clerk

Jerry Garcia, Constable, and Ed Gonzalez, Sheriff, through their deputies, posted unlawful eviction notices without investigating Plaintiff's recorded property documents, constituting mistreatment and unlawful interference with property rights.

John Doe Deputy Constables and John Doe Deputy Sheriff's directly participated in posting eviction notices without due process, knowing such conduct was unlawful.

The City of Houston, through its prosecutors and law enforcement officials, initiated and is pursuing an unconstitutional criminal investigation against Plaintiff for the same conduct at issue in this civil action, knowing that such investigation is retaliatory and unlawful.

Alan Rosen, Constable of Harris County Precinct 1, made defamatory public statements falsely portraying Plaintiff as a criminal, knowing such statements were false and made with malice, and used his official position to prejudice the public against Plaintiff and to chill Plaintiff's exercise of constitutional rights.

B. Knowingly denied and impeded Plaintiff's rights, knowing the conduct was unlawful. Specifically:

Randy Macchi, Director of Houston Public Works, and Houston Public Works terminated Plaintiff's water service for 56 days without notice or hearing, in violation of *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1 (1978), and *Fuentes v. Shevin*, 407 U.S. 67 (1972).

Adrian Hudspeth and Jamie Bryant of the Houston Housing Authority knowingly withheld Plaintiff's earned landlord certification in retaliation for filing this lawsuit, in violation of the First Amendment and federal housing program regulations.

The Harris County Justice Court Precinct 2 Place 2 applied SB 38 and SB 1333 retroactively to Plaintiff's pre-existing adverse possession rights, in violation of the Ex Post Facto Clause of the U.S. Constitution. *Landgraf v. USI Film Products*, 511 U.S. 244 (1994); *Eastern Enterprises v. Apfel*, 524 U.S. 498 (1998).

The City of Houston knowingly initiated and is pursuing a criminal investigation against Plaintiff solely because he filed this civil rights lawsuit and exercised his constitutional rights, in violation of the First Amendment.

The Harris County Justice Court Precinct 2 Place 1 permitted the filing of a second eviction proceeding (Case No. 262100368880) despite the prior dismissal for lack of jurisdiction, knowingly allowing abuse of process and fraud upon the court.

Unofficial Copy Office of Marilyn Burgess District Clerk

C. Public servants acted under color of office and took advantage of actual or purported authority to commit these unlawful acts. Texas Penal Code § 39.03(b) provides that a public servant acts under color of office when he acts or purports to act in an official capacity or takes advantage of that actual or purported authority.

D. Official oppression constitutes a criminal offense and independently supports civil liability under 42 U.S.C. § 1983.

E. The official oppression was intentional, knowing, and part of a coordinated pattern of conduct.

F. Official oppression also supports municipal liability under Monell.

G. Qualified immunity does not protect official oppression.

H. Official oppression is not barred by the Texas Tort Claims Act.

I. Plaintiff seeks all remedies available for official oppression.

COUNT 24 - Unconstitutional Criminal Investigation and Retaliatory Prosecution (First Amendment; Fourteenth Amendment; 42 U.S.C. § 1983)

The City of Houston, through its prosecutors, law enforcement officials, and policymakers, including Alan Rosen, Constable of Harris County Precinct 1, initiated and is pursuing a criminal investigation against Plaintiff in retaliation for filing this civil rights lawsuit and exercising his constitutional rights. This criminal investigation is unconstitutional for the following reasons:

A. First Amendment Retaliation: The First Amendment protects Plaintiff's right to petition the government for redress of grievances, including the right to file a civil rights lawsuit. *Hartman v. Moore*, 547 U.S. 250, 256 (2006).

B. Elements of Retaliatory Prosecution Claim: To establish a claim for retaliatory prosecution, Plaintiff must show: (1) He engaged in constitutionally protected conduct (filing this civil rights lawsuit); (2) The City's actions were motivated by and substantially caused by that conduct; (3) The City's actions caused injury to Plaintiff.

C. Bad Faith Investigation: The City's attempt to tie Plaintiff to "high profile homicide cases" is a transparent effort to prejudice the public, this Court, and potential jurors against Plaintiff.

D. Ex Post Facto Violation: Plaintiff's adverse possession rights to the Glen Valley Property vested on August 22, 2026, under Texas Civil Practice & Remedies Code § 16.030(a). Any criminal prosecution for conduct that was lawful when performed violates the Ex Post Facto Clause.

E. Unconstitutional Condition: The City is effectively imposing an unconstitutional condition on Plaintiff's exercise of his constitutional rights. *Simmons v. United States*, 390 U.S. 377 (1968).

Unofficial Copy Office of Marilyn Burgess District Clerk

F. This Court Has Authority to Enjoin the Investigation: *Dombrowski v. Pfister*, 380 U.S. 479, 485-86 (1965).

G. Younger Abstention Does Not Apply: *Younger v. Harris*, 401 U.S. 37 (1971).

COUNT 25 - Defamation and Defamation Per Se
*(Texas Common Law; 42 U.S.C. § 1983)*

A. Defamatory Statements: On July 8, 2026, Constable Alan Rosen made false and defamatory statements about Plaintiff in a public press conference, as reported by the Houston Chronicle and widely published. The statements included: "There's a history of this with this individual"; "This person does feel like they know the law, but unfortunately they don't"; "This person has been dealt with in this space before"; Statements implying Plaintiff is a criminal and has committed crimes; Statements linking Plaintiff to "high profile homicide cases."

B. Falsity: The statements are false. Plaintiff's adverse possession claims are lawful under Texas Civil Practice & Remedies Code §§ 16.021, 16.024, and 16.030.

C. Defamation Per Se: The statements constitute defamation per se because they: Impute criminal conduct to Plaintiff; Impute lack of integrity in Plaintiff's business or profession; Are defamatory on their face.

D. Malice: Constable Rosen made the statements with knowledge of their falsity or with reckless disregard for the truth.

E. Publication: The statements were published to the media (Houston Chronicle) and widely disseminated in the community.

F. Damages: Plaintiff has suffered: Damage to reputation; Prejudice in the community; Interference with housing business; Emotional distress and mental anguish; Economic damages.

G. Constitutional Violation: Constable Rosen's defamatory statements also violate Plaintiff's constitutional rights because: Reputation is a property interest protected by the Fourteenth Amendment. *Wisconsin v. Constantineau*, 400 U.S. 433 (1971); *Paul v. Davis*, 424 U.S. 693 (1976).

COUNT 26 - Fraud Upon the Court and Abuse of Process
*(42 U.S.C. § 1983; Texas Common Law)*

Unofficial Copy Office of Marilyn Burgess District Clerk

A. Fraud Upon the Court: Defendants Rubi Villafana and her attorney Adilia Miranda Carreon committed fraud upon the court by filing a false Original Petition for Eviction (Case No. 262100368880) containing false allegations that Plaintiff "forcibly entered" and "broke into" the property, when in fact Plaintiff lawfully entered and holds recorded adverse possession instruments under Texas Civil Practice & Remedies Code §§ 16.021, 16.024, and 16.030.

B. Knowledge of Falsity: Adilia Miranda Carreon knew or should have known the allegations were false because: Plaintiff holds recorded Warranty Deeds and Affidavits of Adverse Possession in the Harris County Real Property Records; The first eviction proceeding was dismissed for lack of jurisdiction; Plaintiff has filed police reports documenting Defendants' own criminal conduct.

C. Abuse of Process: Adilia Miranda Carreon and Rubi Villafana are using the court system for an improper purpose: To harass Plaintiff; To retaliate against Plaintiff for filing this lawsuit; To deprive Plaintiff of property rights after they vested; To create a cloud on Plaintiff's title.

D. Violation of Texas Rules of Professional Conduct: Attorney Adilia Miranda Carreon's conduct violates the Texas Rules of Professional Conduct, including: Rule 3.01: Meritorious Claims and Contentions; Rule 3.02: Fairness in Adjudicatory Proceedings; Rule 3.03: Candor Toward the Tribunal; Rule 4.01: Truthfulness in Statements to Others; Rule 8.04: Misconduct.

E. Constitutional Violation: This conduct violates Plaintiff's constitutional rights because: It deprives Plaintiff of property without due process; It violates the Ex Post Facto Clause; It is part of the ongoing conspiracy to deprive Plaintiff of constitutional rights.

F. Requested Relief: Plaintiff seeks: An order from this Court enjoining the second eviction proceeding; A finding that the second eviction proceeding constitutes fraud upon the court; Sanctions against Attorney Adilia Miranda Carreon and Miranda Carreon | Law for fraud upon the court; Damages for abuse of process and fraud.

COUNT 27 - Continuing Violations

Plaintiff realleges and incorporates by reference all preceding paragraphs. Defendants' actions constitute a continuing wrong and continuing violations of Plaintiff's constitutional and statutory rights. The violations are ongoing and have not ceased. The statute of limitations does not bar claims for continuing violations that are still occurring. *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380-81 (1982); *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115-18 (2002). Plaintiff is entitled to recover for all damages, including those that are ongoing, as well as injunctive relief to prevent future harm. *Heckler v. Mathews*, 465 U.S. 728 (1984); *Miller v. City of Houston*, No. 4:17-CV-03649, 2018 WL 6267584 (S.D. Tex. Nov. 30, 2018).

Unofficial Copy Office of Marilyn Burgess District Clerk

## IX. SUPPORTING BRIEF FOR INJUNCTIVE RELIEF

I. Declaration

I, Matthew Jamal Jackson, declare pursuant to Texas Civil Practice & Remedies Code § 132.001 that the following is true and correct under penalty of perjury.

II. Emergency Ex Parte Relief Requested

Plaintiff Matthew Jamal Jackson respectfully requests that this Court grant an Emergency Ex Parte Temporary Restraining Order pursuant to Texas Rule of Civil Procedure 680, without notice to Defendants, because immediate and irreparable injury, loss, or damage will result before Defendants can be heard in opposition.

Specifically, Plaintiff faces:

1. Imminent loss of vested property rights in the Glen Valley Property (vested August 22, 2026);
2. Ongoing unconstitutional criminal investigation by the City of Houston;
3. Pending second eviction proceeding (Case No. 262100368880) filed in violation of a prior dismissal for lack of jurisdiction;
4. Continuing defamatory statements by Constable Alan Rosen;
5. Ongoing denial of earned housing certification by the Houston Housing Authority.

Plaintiff certifies that attempts to give notice would result in further irreparable harm, as state actors are actively participating in the alleged constitutional violations.

III. Legal Standard for Injunctive Relief

Courts consider four factors when deciding whether to grant a temporary restraining order or temporary injunction: (1) Likelihood of success on the merits; (2) Irreparable harm if injunction not granted; (3) Balance of harms; (4) Public interest. *Winter v. NRDC*, 555 U.S. 7 (2008). The Fifth Circuit has held that a plaintiff must establish all four factors to obtain injunctive relief. *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 288 (5th Cir. 2012). Under Texas law, a temporary injunction requires: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002).

Unofficial Copy Office of Marilyn Burgess District Clerk

IV. Likelihood of Success on the Merits

Plaintiff meets all elements of adverse possession under Texas Civil Practice & Remedies Code §§ 16.021, 16.024, and 16.030 (3-year statute with color of title) as to the Glen Valley Property only and has now obtained FULL VESTED TITLE to the Glen Valley Property under Texas Civil Practice & Remedies Code § 16.030(a). As to Arlington Place and Prairie Walk, Plaintiff asserts pending adverse possession claims and possessory rights, but does not claim vested title under § 16.030(a) in this lawsuit.

Adverse Possession Claim: Recorded instruments (Exhibits A-D) establish over two years of lawful possession with color of title under Texas Civil Practice & Remedies Code §§ 16.021, 16.024, and 16.030 as to the Glen Valley Property only. Plaintiff's title to the Glen Valley Property vested on August 22, 2026, under § 16.030(a).

Fourth Amendment — Warrantless Entry: Exhibit E (HPD Report #1102156-25) records a police response to Plaintiff's adverse possession property. The officers entered without a warrant, drew firearms on veteran Larry Henson, and detained him for approximately two hours.

Due Process — Eviction: Exhibit H (JP Court Dismissal) is a judicial finding that the first eviction proceeding was dismissed for lack of jurisdiction. Exhibit BB confirms the dismissal.

Due Process — Utility: Houston Public Works terminated Plaintiff's water service for 56 days based on unverified claims without notice or hearing (Exhibits S, X). Utility service is a constitutionally protected property interest. *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1 (1978).

False Official Records: Exhibit F (Report #1141160-25) contains a false statement—identifying Ashlee Holmes as the caller when Plaintiff made the call.

Racial Discrimination: Exhibits A through P collectively demonstrate that a Black man's recorded property instruments were ignored while an unverified competing claim was immediately honored. *Washington v. Davis*, 426 U.S. 229 (1976); *Village of Arlington Heights*, 429 U.S. 252 (1977).

Retaliation: Exhibits Y and 160-164 demonstrate HHA's retaliatory conduct.

Official Oppression: Defendants' conduct constitutes official oppression under Texas Penal Code § 39.03 and supports § 1983 liability.

Unconstitutional Criminal Investigation: The City of Houston's August 18, 2026 Supplemental Notice confirms that Plaintiff is being subjected to a criminal investigation for the same conduct at issue in this civil action, in retaliation for exercising his constitutional rights.

Unofficial Copy Office of Marilyn Burgess District Clerk

Fraud Upon the Court: The second eviction proceeding filed on August 20, 2026, contains false allegations and was filed despite the prior dismissal for lack of jurisdiction.

Defamation: Constable Alan Rosen's public statements falsely portray Plaintiff as a criminal.

V. Irreparable Harm From Government Action

Without injunctive relief, Plaintiff faces ongoing constitutional violations including further arrests, evictions, utility interference, warrantless searches, systematic targeting for exercising constitutional property rights, ongoing criminal investigation and potential prosecution, defamation continuing to damage his reputation, and ongoing second eviction proceeding. State remedies are inadequate because state actors are themselves participants in constitutional violations. Only court intervention can protect constitutional rights from this systematic, multi-jurisdictional conspiracy.

Property rights in the Glen Valley Property vested on August 22, 2026, under Texas Civil Practice & Remedies Code § 16.030(a). Any eviction from the Glen Valley Property after vesting permanently extinguishes property rights that have been accruing for over three years. Once possession is lost, the title cannot be restored. This harm is per se irreparable. As to Arlington Place and Prairie Walk, Plaintiff asserts ongoing possessory and adverse possession claims; the loss of possession would also cause irreparable harm, but no vested title is claimed in this lawsuit for those properties.

Constitutional violations are ongoing: The deprivation of constitutional rights constitutes irreparable harm per se. *Elrod v. Burns*, 427 U.S. 347, 373 (1976). The ongoing criminal investigation, defamatory statements, and second eviction proceeding also constitute irreparable harm because they chill Plaintiff's exercise of constitutional rights, damage his reputation, threaten his liberty, and interfere with his property rights.

VI. Balance of Harms Favors Plaintiff

Defendants suffer no cognizable hardship from being required to comply with the Constitution and Texas law. Requiring the Constable to investigate recorded instruments before posting eviction notices, requiring HPD to obtain warrants before entering property, requiring Public Works to provide notice before terminating utilities, requiring the City of Houston to cease its unconstitutional criminal investigation, requiring Constable Alan Rosen to cease making defamatory statements, and enjoining the second eviction proceeding—these are constitutional and statutory requirements that already bind every government defendant. No new burden is imposed. *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 298 (5th Cir. 2012).

Unofficial Copy Office of Marilyn Burgess District Clerk

VII. Public Interest Favors Relief

It is always in the public interest to prevent the violation of constitutional rights. The public interest also favors protecting a housing business that serves low-income tenants, veterans, and families of color through VA housing and Section 8 programs. An injunction protecting Plaintiff's ability to operate serves those communities directly. The public interest also favors preventing fraud upon the court and protecting the integrity of judicial proceedings.

VIII. Specific Relief Requested

Plaintiff requests a Temporary Restraining Order and Temporary Injunction ordering:

1. No further eviction proceedings at 8230 Glen Valley Dr without a final lawful court judgment through constitutionally adequate proceedings;
2. No further eviction proceedings at 11415 Prairie Walk Dr or 116 East Edgebrook Drive except through constitutionally adequate proceedings;
3. No warrantless entries at 8230 Glen Valley Dr, 11415 Prairie Walk Dr, or 116 East Edgebrook Drive without a valid warrant or recognized constitutional exception;
4. Houston Public Works to restore and maintain water service to 8230 Glen Valley Dr in Plaintiff's name pending final judgment;
5. Houston Housing Authority and Adrian Hudspeth to issue Plaintiff's earned landlord orientation certificate within 72 hours;
6. No further retaliation against Plaintiff for prosecuting this lawsuit or exercising constitutional rights;
7. No application of SB 38 or SB 1333 to Plaintiff's adverse possession claims established before September 1, 2025;
8. The City of Houston and all other Government Defendants shall immediately cease and desist the unconstitutional criminal investigation of Plaintiff for the same conduct at issue in this civil action, and shall not initiate any criminal prosecution against Plaintiff for his lawful adverse possession activities;
9. The Defendants (Rubi Villafana and Adilia Miranda Carreon) shall immediately dismiss the second eviction proceeding (Case No. 262100368880) with prejudice;
10. The Harris County Justice Court Precinct 2 Place 2 shall not accept any further eviction filings against Plaintiff based on the same claims;
11. Constable Alan Rosen shall cease and desist from making further defamatory statements about Plaintiff;
12. Constable Alan Rosen shall issue a public retraction of his defamatory statements;
13. Attorney Adilia Miranda Carreon and Miranda Carreon | Law shall be sanctioned for fraud upon the court.

Unofficial Copy Office of Marilyn Burgess District Clerk

## X. SUPPORTING CASE LAW

Federal Supreme Court Cases:

*Wright v. Mattison*, 59 U.S. (18 How.) 50 (1855) — Even a void or defective deed constitutes valid color of title when the grantee receives it in good faith.

*Sharon v. Tucker*, 144 U.S. 533 (1892) — Adverse possession principles.

*Root v. Woolworth*, 150 U.S. 401 (1893) — Color of title requirements.

*United States v. Causby*, 328 U.S. 256 (1946) — Property rights.

*Lessee of Clarke v. Courtney*, 30 U.S. (5 Pet.) 319 (1831) — A grantee who enters possession under a deed, even one defective as to the underlying chain of title, holds under color of title.

*Moore v. Brown*, 52 U.S. (11 How.) 414 (1850) — Long and quiet possession under color of title with open and notorious acts of ownership establishes title.

*Mennonite Bd. of Missions v. Adams*, 462 U.S. 791 (1983) — Government actors with constructive knowledge of property interest must provide adequate notice.

*Fuentes v. Shevin*, 407 U.S. 67 (1972) — A person cannot be deprived of property without prior notice and a hearing.

*Winter v. NRDC*, 555 U.S. 7 (2008) — Injunctive relief standards.

*Dombrowski v. Pfister*, 380 U.S. 479 (1965) — Federal protection from state interference; authority to enjoin bad faith criminal prosecutions.

*Ex parte Young*, 209 U.S. 123 (1908) — Enjoining state officials.

*Payton v. New York*, 445 U.S. 573 (1980) — Warrant requirement for home entry.

*Soldal v. Cook County*, 506 U.S. 56 (1992) — Fourth Amendment applies to government-assisted seizures of property.

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) — Municipal liability.

*Board of Regents v. Roth*, 408 U.S. 564 (1972) — Property interests protected by due process.

*Perry v. Sindermann*, 408 U.S. 593 (1972) — Legitimate expectation in property interest is protected.

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) — Notice must be reasonably calculated to apprise interested parties.

*Carey v. Piphus*, 435 U.S. 247 (1978) — Procedural due process is itself a substantive right.

*Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1 (1978) — Utility service is a constitutionally protected property interest.

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) — Qualified immunity protects only officials who do not violate clearly established law.

*Hope v. Pelzer*, 536 U.S. 730 (2002) — Deliberately false reports are not protected by qualified immunity.

*Simmons v. United States*, 390 U.S. 377 (1968) — The government cannot penalize a party for exercising a constitutional right; unconstitutional conditions.

*United States v. California*, 322 U.S. 19 (1944) — Long, continuous possession under a claim of right establishes a legally protected interest.

Unofficial Copy Office of Marilyn Burgess District Clerk

*Washington v. Davis*, 426 U.S. 229 (1976) — Equal Protection.
*Village of Arlington Heights*, 429 U.S. 252 (1977) — Discriminatory intent factors.
*Griffin v. Breckenridge*, 403 U.S. 88 (1971) — § 1985(3) direct private action.
*Johnson v. Railway Express Agency*, 421 U.S. 454 (1975) — § 1981 requires no exhaustion.
*Jones v. Alfred H. Mayer Co.*, 392 U.S. 409 (1968) — § 1982, no exhaustion.
*Comcast Corp. v. NAACP*, 589 U.S. 327 (2020) — § 1981 claims.
*Texas Dept of Housing v. Inclusive Communities Project*, 576 U.S. 519 (2015) — FHA disparate impact.
*Landgraf v. USI Film Products*, 511 U.S. 244 (1994) — Strong presumption against retroactive legislation.
*Eastern Enterprises v. Apfel*, 524 U.S. 498 (1998) — Retroactive application destroying vested property rights raises serious constitutional concerns.
*Bragdon v. Abbott*, 524 U.S. 624 (1998) — Broad interpretation of "disability" under the ADA.
*Tennessee v. Lane*, 541 U.S. 509 (2004) — Disabled individuals entitled to meaningful access to public services and courts.
*Olmstead v. L.C.*, 527 U.S. 581 (1999) — Integration mandate and disability discrimination.
*Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982) — Continuing violation doctrine applies to ongoing discriminatory conduct.
*National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) — Continuing violation doctrine for ongoing violations.
*Heckler v. Mathews*, 465 U.S. 728 (1984) — Continuing violations and ongoing injuries.
*Hartman v. Moore*, 547 U.S. 250 (2006) — Retaliatory prosecution claims.
*Younger v. Harris*, 401 U.S. 37 (1971) — Younger abstention; bad faith exception.
*Nieves v. Bartlett*, 139 S. Ct. 1715 (2019) — Probable cause does not defeat retaliatory arrest claim when there is evidence of retaliatory motive.
*Wisconsin v. Constantineau*, 400 U.S. 433 (1971) — Reputation is a property interest protected by due process.
*Paul v. Davis*, 424 U.S. 693 (1976) — Defamation under color of law may violate due process.
*Elrod v. Burns*, 427 U.S. 347 (1976) — Deprivation of constitutional rights constitutes irreparable harm per se.

Fifth Circuit Cases:

*Bazrowx v. Scott*, 136 F.3d 1053 (5th Cir. 1998) — Pro se litigants entitled to opportunity to amend before dismissal with prejudice.
*Rodriguez v. United States*, 66 F.3d 95 (5th Cir. 1995) — Pro se dismissal should be without prejudice.
*Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) — Opportunity to amend required before sua sponte dismissal.
*Jones v. Greninger*, 188 F.3d 322 (5th Cir. 1999) — Dismissal with prejudice only if plaintiff pleaded "best case."

Unofficial Copy Office of Marilyn Burgess District Clerk

*Lovick v. Ritemoney Ltd.*, 378 F.3d 433 (5th Cir. 2004) — All reasonable inferences drawn in plaintiff's favor.
*Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) — Non sui juris does not warrant dismissal where proper parties are named.
*Peterson v. City of Fort Worth*, 588 F.3d 838 (5th Cir. 2009) — Pattern of constitutional violations.
*Porter v. Epps*, 659 F.3d 440 (5th Cir. 2011) — Supervisory liability.
*Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443 (5th Cir. 1994) — Supervisory liability for policies causing constitutional violations.
*Opulent Life Church v. City of Holly Springs*, 697 F.3d 279 (5th Cir. 2012) — Injunctive relief standards.
*Frame v. City of Arlington*, 657 F.3d 215 (5th Cir. 2011) — ADA Title II protections.
*Miller v. City of Houston*, No. 4:17-CV-03649, 2018 WL 6267584 (S.D. Tex. Nov. 30, 2018) — Continuing violations.

Texas Cases:

*Dawson v. Tumlinson*, 242 S.W.2d 191 (Tex. 1951) — Continuous actual visible appropriation of property under a claim of right establishes adverse possession.
*Sharp v. Stacy*, 535 S.W.2d 345 (Tex. 1976) — Good faith possession supports legal and equitable claims.
*Rhodes v. Cahill*, 802 S.W.2d 643 (Tex. 1990) — Adverse possession statutes must be applied according to plain meaning.
*Gilmore v. Waples*, 108 Tex. 167, 188 S.W. 1037 (Tex. 1916) — Color of title requires only that the claimant hold an instrument regular on its face purporting to convey title.
*Phelps v. Pecos Valley Southern Ry. Co.*, 182 S.W. 1156, 1158 (Tex. App. 1916) — Color of title refers to a deed purporting to convey title.
*Porter v. Wilson*, 371 S.W.2d 611, 613 (Tex. Civ. App.—Beaumont 1963, writ ref'd n.r.e.) — A "duly registered deed" means a deed valid on its face.
*Trevino v. Munoz*, 583 S.W.2d 840, 843 (Tex. App.—San Antonio 1979, no writ) — Claimant's good faith belief in the validity of his title instrument is the key criterion.
*Eddings v. Black*, 602 S.W.2d 353, 358 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) — Color of title applies when the claimant holds a deed instrument without knowledge of its defects.
*Kazmir v. Benavides*, 288 S.W.3d 557, 561, 564 (Tex. App.—Houston [14th Dist.] 2009, no pet.) — Actual possession of part of the property under color of title extends to the whole tract described in the instrument.
*Davis v. Howe*, 213 S.W. 609, 610 (Tex. Comm'n App. 1919) — Recording an instrument in the deed records provides constructive notice to all subsequent parties.
*Rice v. Pinney*, 51 S.W.3d 705, 711-13 (Tex. App.—Dallas 2001, no pet.) — Recorded instruments affecting title constitute prima facie evidence of the right to possession.

Unofficial Copy Office of Marilyn Burgess District Clerk

*425 Soledad, Ltd. v. CRVI Riverwalk Hospitality, LLC*, 709 S.W.3d 551 (Tex. 2024) — A recorded interest provides constructive notice; negligent ignorance has the same effect as actual knowledge.
*Haile v. Holtzclaw*, 414 S.W.2d 916, 928 (Tex. 1967) — Substantial compliance with statutory recording requirements is sufficient; defects in acknowledgment do not destroy constructive notice.
*Benner v. Armstrong*, 622 S.W.3d 562 (Tex. App.—Waco 2021, no pet.) — Adverse possession requires actual and visible appropriation under a claim of right.
*Hagood v. County of El Paso*, 408 S.W.3d 515 (Tex. App.—El Paso 2013) — Disability discrimination standards involving governmental entities.
*Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986) — A dismissal for want of jurisdiction is a final judgment entitled to res judicata effect.
*TEXACO v. Pennzoil*, 784 S.W.2d 483 (Tex. App.—Houston [1st Dist.] 1989) — Abuse of process.
*Scott v. Hewitt*, 127 Tex. 31, 90 S.W.2d 816, 818 (Tex. 1936) — Justice courts have no jurisdiction to try title to land.
*Bentley v. Bunton*, 94 S.W.3d 561, 579 (Tex. 2002) — Defamation per se includes statements that impute criminal conduct or lack of integrity in business or profession.
*WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998) — Public officials can be liable for defamation if they make false statements with malice.
*Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) — Temporary injunction standard under Texas law.

Texas Civil Practice & Remedies Code:

§ 16.021 — Definitions of adverse possession
§ 16.024 — Three-year limitations period with color of title
§ 16.030 — Title through adverse possession (vesting)
§ 132.001 — Unsworn declarations

Official Oppression Authority:

Texas Penal Code § 39.03 — Official Oppression statute.
*Ratliff v. State*, No. PD-0545-20 (Tex. Crim. App. 2022) — Official oppression requires that the defendant "know" the conduct is unlawful.

Fraud Upon the Court Authority:

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) — Courts have inherent power to sanction fraud upon the court.
*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944) — Fraud upon the court is a wrong against the judicial system itself.

Unofficial Copy Office of Marilyn Burgess District Clerk

*Mitchell v. Occidental Fire & Cas. Co.*, 570 F. App'x 788, 792 (10th Cir. 2014) — Fraud upon the court occurs when an officer of the court "intentionally misleads the court."

Retaliatory Prosecution Authority:

*Hartman v. Moore*, 547 U.S. 250, 256 (2006) — First Amendment retaliatory prosecution claim.
*Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) — Probable cause does not defeat retaliatory arrest claim.
*Dombrowski v. Pfister*, 380 U.S. 479, 485-86 (1965) — Federal courts may enjoin state criminal prosecutions brought in bad faith.
*Simmons v. United States*, 390 U.S. 377 (1968) — Unconstitutional conditions.

Unofficial Copy Office of Marilyn Burgess District Clerk

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Matthew Jamal Jackson respectfully requests that this Court grant the following relief:

A. Quiet Title and Possession

1. Quiet title and award clear, marketable title to the Glen Valley Property only to Plaintiff based on full vesting of title under Texas Civil Practice & Remedies Code § 16.030(a).
2. Award possession of the Glen Valley Property to Plaintiff with exclusive right of occupancy.
3. Cancel and remove as clouds on title all adverse claims, mortgages, and liens against the Glen Valley Property only.
4. Order immediate restoration to Arlington Place, Apartment 116, with lock replacement and return of all personal property.

B. Emergency Ex Parte Temporary Restraining Order and Temporary Injunction

Plaintiff requests this relief ex parte and without notice due to the immediate threat of irreparable harm, including the loss of real property, ongoing criminal investigation, and the pending unlawful eviction proceeding.

Issue a Temporary Restraining Order and Temporary Injunction prohibiting Defendants from:

1. Evicting Plaintiff from any adverse possession property without a final lawful court judgment through constitutionally adequate proceedings;
2. Entering 8230 Glen Valley Dr, 11415 Prairie Walk Dr, or 116 East Edgebrook Drive without a valid warrant or recognized constitutional exception;

3. Terminating utilities to 8230 Glen Valley Dr without due process;
4. Applying SB 38 or SB 1333 to Plaintiff's adverse possession claims established before September 1, 2025;
5. Retaliating against Plaintiff for prosecuting this lawsuit or exercising constitutional rights;
6. Initiating or pursuing criminal investigations or prosecutions against Plaintiff for his lawful adverse possession activities;
7. Filing eviction proceedings against Plaintiff after prior dismissal for lack of jurisdiction.

Order Houston Public Works to restore and maintain water service to 8230 Glen Valley Dr in Plaintiff's name pending final judgment.

Order Houston Housing Authority and Adrian Hudspeth to issue Plaintiff's earned landlord orientation certificate within 72 hours.

C. Permanent Injunctive Relief

Issue PERMANENT INJUNCTIONS prohibiting all Government Defendants and law enforcement agencies nationwide from:

1. Arresting, detaining, or prosecuting Plaintiff for adverse possession activities on any U.S. property;
2. Evicting Plaintiff from adverse possession properties without constitutional due process;
3. Interfering with utilities, mail, or services on adverse possession properties;
4. Applying SB 38 or SB 1333 or similar laws to any of Plaintiff's adverse possession claims;
5. Retaliating against Plaintiff for exercising constitutional rights;
6. Coordinating with private parties to circumvent constitutional due process;
7. Excluding Plaintiff from federal housing programs;
8. Changing locks or preventing access to adverse possession properties;
9. Filing false police reports regarding Plaintiff's adverse possession activities;
10. Initiating or pursuing criminal investigations or prosecutions against Plaintiff for his lawful adverse possession activities;
11. Filing eviction proceedings against Plaintiff after prior dismissal for lack of jurisdiction.

Said injunctions shall remain in effect permanently and bind all successors in office, future legislation, and any government entities created hereafter.

D. Declaratory Relief

1. Plaintiff has the constitutional right to exercise adverse possession on any U.S. property under Texas Civil Practice & Remedies Code §§ 16.021, 16.024, and 16.030;

Unofficial Copy Office of Marilyn Burgess District Clerk

2. Law enforcement cannot arrest or prosecute solely for lawful adverse possession;
3. Government cannot apply expedited eviction procedures without due process;
4. Federal agencies cannot exclude from programs in retaliation;
5. Plaintiff's adverse possession activities constitute protected constitutional conduct;
6. The City of Houston's criminal investigation of Plaintiff constitutes unconstitutional retaliation and violates the First and Fourteenth Amendments;
7. The second eviction proceeding (Case No. 262100368880) constitutes fraud upon the court and abuse of process.

E. Damages

1. Award compensatory damages against Government Defendants under 42 U.S.C. § 1983 for constitutional violations, mental anguish, lost business income, and economic damages.
2. Award punitive damages against each individual defendant who acted with malice or reckless indifference.
3. Award treble damages under 18 U.S.C. § 1964(c) for RICO violations.
4. Award racial discrimination damages under 42 U.S.C. §§ 1981 and 1982.
5. Award Fair Housing Act damages.
6. Award full restoration and compensation for Arlington Place.
7. Award Plaintiff damages in an amount to be determined by the jury at trial, which Plaintiff believes will exceed $5,000,000 based on the nature, duration, and severity of the constitutional violations, racial discrimination, RICO enterprise activity, and property deprivations alleged herein, including but not limited to: compensatory damages for each documented injury; punitive damages against each individual defendant who acted with malice or reckless indifference; treble damages under 18 U.S.C. § 1964(c); racial discrimination damages under 42 U.S.C. §§ 1981 and 1982; Fair Housing Act damages; and full restoration and compensation for Arlington Place. Plaintiff expressly reserves the right to present a complete damages calculation following discovery, and this estimate shall not be construed as a cap or limitation on Plaintiff's recovery.

F. Preservation of Evidence

1. Order Harris County Justice Court to preserve all recordings, transcripts, and notes from September 15, 2025 and August 20, 2026 proceedings and order immediate production to Plaintiff.
2. Order HPD to preserve body camera footage from August 23 and 31, 2025.
3. Order the City of Houston to preserve all documents, communications, and records relating to the criminal investigation of Plaintiff.
4. Order the Harris County Justice Court to preserve all records relating to Case Nos. 252100341228 and 262100368880.

Unofficial Copy Office of Marilyn Burgess District Clerk

G. Relief Against Specific Defendants

1. Order that the City of Houston immediately cease and desist the unconstitutional criminal investigation of Plaintiff, and enjoin the City from initiating any criminal prosecution against Plaintiff for his lawful adverse possession activities.
2. Order that the Defendants (Rubi Villafana and Adilia Miranda Carreon) shall immediately dismiss the second eviction proceeding (Case No. 262100368880) with Prejudice.
3. Order that the Harris County Justice Court Precinct 2 Place 2 shall not accept any further eviction filings against Plaintiff based on the same claims.
4. Order that Constable Alan Rosen shall cease and desist from making further defamatory statements about Plaintiff.
5. Order that Constable Alan Rosen shall issue a public retraction of his defamatory statements.
6. Order sanctions against Attorney Adilia Miranda Carreon and Miranda Carreon | Law for fraud upon the court.
7. Order that Attorney Adilia Miranda Carreon and Miranda Carreon | Law shall pay Plaintiff's costs and fees incurred in defending against the second eviction proceeding.

H. Such Other Relief

Grant such other legal or equitable relief the Court deems proper.

Unofficial Copy Office of Marilyn Burgess District Clerk

**XII. DECLARATION UNDER PENALTY OF PERJURY**

Pursuant to 28 U.S.C. § 1746 and Texas Civil Practice & Remedies Code § 132.001, I, Matthew Jamal Jackson, being competent to make this declaration and having personal knowledge of the matters stated herein, declare under penalty of perjury that the foregoing Emergency Ex Parte Original Complaint is true and correct to the best of my knowledge, information, and belief.

I further declare that:

1. I am the Plaintiff in this action, proceeding pro se.
2. I am an African-American man with disabilities as described in this Complaint.
3. I have personal knowledge of the facts alleged in this Complaint, including the adverse possession of the Glen Valley Property, the unlawful eviction proceedings, the utility termination, the warrantless entries, the defamatory statements, and the ongoing criminal investigation.
4. I am requesting Emergency Ex Parte Relief in good faith and believe that immediate and irreparable harm will result if the Court does not act before Defendants can be heard.
5. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 18 day of September, 2026.

/s/ Matthew Jamal Jackson
Matthew Jamal Jackson
8230 Glen Valley Dr.
Houston, TX 77061
Email: savealifehomes01@gmail.com / infosupport@savealifehomes.com
Phone: 1-800-985-9144 / Cell 646-588-9376
Pro Se Plaintiff

Unofficial Copy Office of Marilyn Burgess District Clerk

## XIII. CERTIFICATE OF SERVICE

NOTE REGARDING EX PARTE SERVICE: Plaintiff is requesting an Emergency Ex Parte Temporary Restraining Order. Therefore, service on Defendants is not required prior to the Court's ruling on the ex parte TRO. Plaintiff will serve all Defendants immediately upon the Court's issuance of the TRO or as otherwise ordered by the Court.

Pro Se Service shall be made pursuant to Texas Rule of Civil Procedure 106 by: Certified Mail, Return Receipt Requested (Rule 106(a)(2)), and/or Personal delivery by a process server (Rule 106(a)(1)).

Respectfully submitted,

/s/ Matthew Jamal Jackson

Matthew Jamal Jackson
8230 Glen Valley Dr.
Houston, TX 77061
Email: savealifehomes01@gmail.com / infosupport@savealifehomes.com
Phone: 1-800-985-9144 / Cell 646-588-9376
Pro Se Plaintiff

## XIV. SERVICE LIST

1. MAYRA AMEZQUITA (also known as Mayra Amezquita Villafana) — 709 Bluebird Lane, Pasadena, TX 77502
2. RUBI VILLAFANA PEREZ (also known as Rubi Villafana) — 709 Bluebird Lane, Pasadena, TX 77502; rubivillafana5@gmail.com
3. Malcolm D. Gibson — 3100 Monticello Ave., Suite 200, Dallas, TX 75205
4. JPMorgan Chase Bank, N.A. — CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201; Mail Code LA4-7100, 700 Kansas Lane, Monroe, LA 71203
5. Secure Mortgage Company — 825 Town and Country Ln., Ste. 1200, #17, Houston, TX 77024
6. Secundino Vazquez — 1001 Wayside, Houston, TX 77011
7. Carmen Villarreal — 8003 Arletta St., Houston, TX 77011
8. Fidelity National Title Insurance Company — 4540 FM 1960 West, Houston, TX 77069

Unofficial Copy Office of Marilyn Burgess District Clerk

9. Estate of Rogelio P. Villafana (Deceased) — Address unknown; Estate may claim an interest in the property
10. Venson Gibbs — Address unknown
11. All Unknown Heirs — Addresses unknown
12. Houston Housing Authority — 2640 Fountain View Dr., Houston, TX 77057
13. Adrian Hudspeth — c/o Houston Housing Authority, 2640 Fountain View Dr., Houston, TX 77057
14. Jerry Garcia, Constable, Harris County Precinct 2 — 10851 Scarsdale Blvd., Suite 300, Houston, TX 77089
15. John Doe Deputy Constables 1–5, Harris County Precinct 2 — 10851 Scarsdale Blvd., Suite 300, Houston, TX 77089
16. Ed Gonzalez, Sheriff of Harris County — 1200 Baker St., Houston, TX 77002
17. State of Texas / Ken Paxton, Attorney General of Texas — Office of the Attorney General, 300 West 15th Street, Austin, TX 78701
18. Harris County, Texas — 1001 Preston St., Houston, TX 77002
19. Harris County Sheriff's Office — 1200 Baker St., Houston, TX 77002
20. Harris County Constable Precinct 2 — 10851 Scarsdale Blvd., Suite 300, Houston, TX 77089
21. Alan Rosen, Constable, Harris County Precinct 1 — 1302 Preston, Suite 400, Houston, TX 77002
22. City of Houston — 901 Bagby St., Houston, TX 77002
23. Houston Public Works — 611 Walker St., Houston, TX 77002
24. Houston Police Department — 1200 Travis St., Houston, TX 77002
25. Officer Robarge S.M. (HPD) — 1200 Travis St., Houston, TX 77002
26. Officer P.W. (HPD) — 1200 Travis St., Houston, TX 77002
27. Officer Rodriguez Payan G. (HPD) — 1200 Travis St., Houston, TX 77002
28. John Doe Deputy Sheriff's 1–5, Harris County Sheriff's Office — 1200 Baker St., Houston, TX 77002
29. Randy Macchi, Director, Houston Public Works — 611 Walker St., Houston, TX 77002
30. Jamie Bryant, President and CEO, Houston Housing Authority — 2640 Fountain View Dr., Houston, TX 77057
31. Adilia Miranda Carreon and Miranda Carreon | Law — 1425 N. Durham Dr., Houston, TX 77008

Unofficial Copy Office of Marilyn Burgess District Clerk

**XV. EXHIBIT INDEX**

Exhibit A:Warrant Deed RP-2025-312514

Exhibit B: Amended Affidavit of Adverse Possession RP-2025-312514

Exhibit C: Warranty Deed

Exhibit D: NOTICE OF VESTED TITLE

Exhibit E: HPD Report #1102156-25

Exhibit F: HPD Report #1141160-25

Exhibit G: Police Reports 0932814-25, 1038802-25

Exhibit H: JP Court Dismissal Order (Case No. 252100341228)

Exhibit I: Text Message Evidence - Neighbor Witness Statements

Exhibit J: Save A Life Homes, LLC Formation Documents

Exhibit K: Save A Life Homes, LLC Operating Documents

Exhibit L: Prairie Walk Affidavit of Adverse Possession

Exhibit M: Prairie Walk Warranty Deed

Exhibit N: Arlington Place Affidavit of Adverse Possession

Exhibit O: Arlington Place Warranty Deed

Exhibit P: Video Evidence - Arlington Place

Exhibit Q: Larry Henson Witness Statement

Exhibit R: Additional Property Records

Exhibit S: Houston Public Works Records

Exhibit T: Additional Utility Records

Exhibit U: Property Tax Records

Exhibit V: County Records

Exhibit W: Court Filings and Notices

Exhibit X: Utility Restoration Documentation

Exhibit Y: HHA Correspondence

Exhibit Z: Save A Life Homes, LLC Business Records

Exhibits 160-164: Additional HHA Communications

Exhibit AA: City of Houston's August 18, 2026 Supplemental Notice of Parallel Criminal

Unofficial Copy Office of Marilyn Burgess District Clerk

Investigation

Exhibit BB: Harris County JP Public Access Case Summary - Case No. 252100341228 (Dismissed)

Exhibit CC: Original Petition for Eviction - Case No. 262100368880 (Second Eviction Proceeding)

Exhibit DD: Letters of Administration - Estate of Rogelio Villafana Perez

Exhibit EE: Warranty Deed - Venson Gibbs to Rogelio P. Villafana

Exhibit FF: Houston Chronicle Article - July 8, 2026 (Constable Rosen's Defamatory Statements)

Exhibit GG: JP Court Docket Second Eviction Case No. 262100368880 with Criminal Investigation added

Unofficial Copy Office of Marilyn Burgess District Clerk